# NOS. 21-4231(L); 21-4300; 21-4334; 21-4349; 21-4355; 21-4358; 21-4509

In The

# United States Court Of Appeals For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## MARTIN L. HUNT, a/k/a O.G. Martin; DESHAUN RICHARDSON, a/k/a Day Day; ERIC NIXON, a/k/a Young Nix, a/k/a Lil Nix; XAVIER GREENE, a/k/a BJ; RAYMOND PALMER, a/k/a Ray Dog; RYAN TAYBRON, a/k/a 22, a/k/a Ryan Savage; GEOVANNI DOUGLAS, a/k/a Geo, a/k/a Twin,

*Defendants – Appellants.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AT NEWPORT NEWS

———————————

### JOINT APPENDIX
### Volume I of XLVII
### (Pages 1 - 456)

———————————

Lawrence H. Woodward, Jr.
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
(757) 671-6047

*Counsel for Appellant*
  *Martin L. Hunt*

Rhonda E. Quagliana
MICHIEHAMLETT, PLLC
310 4th Street, NE
2nd Floor
Charlottesville, VA 22902
(434) 951-7225

*Counsel for Appellant*
  *Deshaun Richardson*

Nicholas R. Hobbs
SCHEMPF & WARE, PLLC
4000 George Washington
Memorial Parkway
Yorktown, VA 23692
(757) 240-4000

*Counsel for Appellant*
  *Eric Nixon*

Gerald T. Zerkin
ATTORNEY AT LAW
P. O. Box 5665
Richmond, VA 23220
(804) 921-4885

*Counsel for Appellant*
  *Xavier Greene*

Jamison P. Rasberry
RASBERRY LAW, P.C.
1023 Laskin Road
Suite 101
Virginia Beach, VA 23451
(757) 301-1821

*Counsel for Appellant*
  *Raymond Palmer*

Daymen W. X. Robinson
LAW OFFICE OF
  DAYMEN W. X. ROBINSON, PC
5900 East Virginia Beach Street
Suite 601
Norfolk, VA 23502
(757) 200-0578

*Counsel for Appellant*
  *Geovanni Douglas*

Brendan S. Leary
OFFICE OF THE
  FEDERAL PUBLIC DEFENDER
1125 Chapline Street
Room 208
Wheeling, WV 26003
(304) 233-1217

*Counsel for Appellant*
  *Ryan Taybron*

Jenny R. Thoma
OFFICE OF THE
  FEDERAL PUBLIC DEFENDER
230 West Pike Street
Suite 360
Clarksburg, WV 26301
(304) 622-3823

*Counsel for Appellant*
  *Ryan Taybron*

Brian J. Samuels
OFFICE OF THE
  UNITED STATES ATTORNEY
Fountain Plaza 3
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000

*Counsel for Appellee*

# TABLE OF CONTENTS
## Volume I of XLVII

**Page:**

Docket Entries. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA1**

**Superceding Indictment**
　　　filed April 26, 2018 [DE90]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA113**

**Initial Appearance Minutes [Douglas]**
　　　filed May 17, 2018 [DE141]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA164**

**Order [Douglas]**
　　　filed May 29, 2018 [DE165]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA165**

**Defendant's *pro se* Motion to Appoint New Counsel [Douglas]**
　　　filed November 19, 2018 [DE218]. . . . . . . . . . . . . . . . . . . . . . . . . .  **JA170**

**Defendant's Unopposed Motion to Withdraw as Counsel [Douglas]**
　　　filed November 27, 2018 [DE219]. . . . . . . . . . . . . . . . . . . . . . . . . .  **JA173**

**Defendant's *pro se* Motion Letter [Douglas]**
　　　filed February 21, 2019 [DE230]. . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA177**

**Transcript of Proceedings Before**
**The Honorable Robert J. Krask [Douglas]**
　　　on April 3, 2019 [DE238]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA179**

**Order [Douglas]**
　　　filed April 3, 2019 [DE239]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA197**

**Defendant's *pro se* Letter to Terminate Counsel [Douglas],**
**With Attached Letter,**
> filed May 3, 2019 [DE240]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA198**

**Defendant's Motion to Dismiss [Hunt]**
> filed May 10, 2019 [DE248]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA201**

**Defendant's Memorandum in Support of Motion to Dismiss [Hunt]**
> filed May 10, 2019 [DE249]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA203**

**Defendant's Motion to Exclude [Hunt]**
> filed May 10, 2019 [DE250]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA222**

**Defendant's Memorandum in Support of Motion to Exclude [Hunt]**
> filed May 10, 2019 [DE251]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA224**

**Defendant's Motion to Adopt Motion to Dismiss [Nixon]**
> filed May 10, 2019 [DE252]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA240**

**Defendant's Motion to Adopt Motion to Exclude [Nixon]**
> filed May 10, 2019 [DE253]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA243**

**Defendant's Motion to Adopt Motion to Dismiss [Palmer]**
> filed May 10, 2019 [DE264]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA246**

**Defendant's Motion to Adopt Motion to Exclude [Palmer]**
> filed May 10, 2019 [DE268]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA248**

**Defendant's Motion to Adopt Motion to Dismiss [Douglas]**
> filed May 10, 2019 [DE275]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA250**

**Defendant's Motion to Adopt Motion to Exclude [Douglas]**
  **filed May 10, 2019 [DE276].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA253**

**Defendant's Motion to Adopt Motion to Sever [Douglas]**
  **filed May 10, 2019 [DE277].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA256**

**Defendant's Motion to Adopt Motion in**
*Limine* **to Bar Symbols [Douglas]**
  **filed May 10, 2019 [DE278].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA259**

**Defendant's Motion to Adopt Motion to Compel**
**Disclosure of Statements [Douglas]**
  **filed May 10, 2019 [DE279].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA262**

**Defendant's Motion to Adopt Motion for**
**Additional Peremptory Strikes [Douglas]**
  **filed May 10, 2019 [DE280].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA265**

**Defendant's Motion for Early** *Jencks* **Material and**
**Memorandum of Law in Support Thereof [Douglas]**
  **filed May 10, 2019 [DE281].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA268**

**Defendant's Motion to Dismiss Due to**
**Defect in Superseding Indictment [Douglas]**
  **filed May 10, 2019 [DE283].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA276**

**Defendant's Motion to Dismiss Due to Violation of Speedy**
**Trial Act and Memorandum of Law in Support Thereof  [Douglas]**
  **filed May 10, 2019 [DE285].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA279**

**Government's Response to Defendants' Pretrial Motions**
  **filed June 7, 2019 [DE295].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA285**

**Second Superseding Indictment**
      filed June 12, 2019 [DE296]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA380

**Defendant's Response to Government's**
**Response to Motion to Dismiss [Douglas]**
      filed June 20, 2019 [DE316]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA435

**Arraignment/Detention Minutes [Douglas]**
      filed June 27, 2019 [DE324]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA439

**Defendant's Motion and Memorandum to**
**Include Counts 30-33 [Hunt]**
      filed July 1, 2019 [DE332]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA440

**Defendant's Second Motion to Dismiss [Douglas]**
      filed July 8, 2019 [DE335]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA447

# TABLE OF CONTENTS
## Volume II of XLVII

Page:

**Government's Response to Defendant's
Second Motion to Dismiss [Douglas]**
        filed July 22, 2019 [DE340]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA457**

**Order**
        filed July 22, 2019 [DE341]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA469**

**Government's Supplemental Response to
Defendant's Motion for Early *Jencks* [Douglas]**
        filed July 26, 2019 [DE344]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA471**

**Transcript of Motion Proceedings Before
The Honorable Mark S. Davis [Douglas]**
        on July 30, 2019 [DE345]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA481**

**Government's Briefing Regarding Defendant's
Motion for Self-Representation [Douglas]**
        filed August 6, 2019 [DE346]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA541**

**Memorandum Order**
        filed August 8, 2019 [DE348]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA549**

**Memorandum Order [Douglas]**
        filed August 8, 2019 [DE349]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **JA570**

**Transcript of Motion Proceedings Before**
**The Honorable Mark S. Davis [Douglas]**
     **on August 19, 2019 [DE350]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA582**

**Order [Taybron]**
     **filed August 21, 2019 [DE351]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA605**

**Joint Motion for Additional Peremptory Challenges**
     **filed September 13, 2019 [DE363]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA612**

**Defendant's Motion to Proceed** *pro se* **[Douglas]**
     **filed September 19, 2019 [DE369]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA622**

**Defendant's Motion to Exclude Hearsay Statements [Richardson]**
     **filed September 23, 2019 [DE372]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA626**

**Defendant's Memorandum in Support of**
**Motion to Exclude Hearsay Statements [Richardson]**
     **filed September 23, 2019 [DE373]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA629**

**Defendant's Motion to Adopt Motion to Exclude [Hunt]**
     **filed September 25, 2019 [DE383]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA642**

**Order [Douglas],**
**With Attached Orders,**
     **filed September 25, 2019 [DE385]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA645**

**Government's Response to Defendants'**
**Joint Motion for Additional Peremptory Strikes**
     **filed September 26, 2019 [DE386]**. . . . . . . . . . . . . . . . . . . . . . . . . **JA659**

**Defendants' Reply to Government's Response to**
**Joint Motion for Additional Peremptory Strikes**
     filed September 26, 2019 [DE389]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA665

**Defendant's Motion to Exclude Government's Evidence [Hunt]**
     filed September 26, 2019 [DE390]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA673

**Defendant's Memorandum in Support of**
**Motion to Exclude Government's Evidence [Hunt]**
     filed September 26, 2019 [DE391]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA677

**Order [Hunt]**
     filed September 26, 2019 [DE392]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA682

**Defendant's *pro se* Notice of Alibi [Douglas]**
     filed September 26, 2019 [DE393]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA683

**Defendant's *pro se* Motion to Dismiss and Memorandum [Douglas]**
     filed September 30, 2019 [DE402]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA685

**Government's Response to Defendants'**
**Motion to Exclude Hearsay [Richardson, Hunt, Greene]**
     filed October 3, 2019 [DE415]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA701

**Defendant's *pro se* Motion to Dismiss Indictment [Douglas]**
     filed October 2, 2019 [DE416]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA717

**Defendant's *pro se* Motion to Dismiss Memorandum [Douglas]**
     filed October 2, 2019 [DE417]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA727

**Order [Douglas]**
     filed October 3, 2019 [DE420]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA735

**Government's Response to Defendants'**
**Motion to Exclude Evidence [Richardson, Hunt, Greene],**
**With Attached Notice,**
     filed October 3, 2019 [DE421]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA737**

**Defendant's *pro se* Motion to Adopt Joint Motion for**
**Additional Peremptory Challenges [Douglas]**
     filed October 3, 2019 [DE422]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA758**

**Defendant's *pro se* Motion to Exclude Evidence [Douglas]**
     filed October 3, 2019 [DE423]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA760**

**Defendant's *pro se* Memorandum in Support of**
**Motion to Exclude Evidence [Douglas]**
     filed October 3, 2019 [DE424]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA762**

**Defendant's *pro se* Motion to Dismiss Counts [Douglas]**
     filed October 3, 2019 [DE425]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA767**

**Order**
     filed October 4, 2019 [DE428]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA772**

**Order [Douglas]**
     filed October 4, 2019 [DE429]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA774**

**Order [Douglas]**
     filed October 4, 2019 [DE430]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA778**

**Order [Douglas]**
     filed October 4, 2019 [DE431]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA780**

Government's Response to Defendants' Motion to Suppress [Douglas]
filed October 7, 2019 [DE433]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA784

Defendant's *pro se* Motion to Dismiss All Counts [Douglas]
filed October 4, 2019 [DE440]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA789

Defendant's *pro se* Memorandum in Support of
Motion to Dismiss All Counts [Douglas]
filed October 8, 2019 [DE442]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA799

Defendant's *pro se* Motion to Object to
Grand Jury Proceedings [Douglas]
filed October 8, 2019 [DE444]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA803

Order [Douglas]
filed October 9, 2019 [DE451]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA805

Government's Response to Defendant's Motion to Compel [Douglas]
filed October 9, 2019 [DE456]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA807

Order [Douglas]
filed October 9, 2019 [DE457]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA813

Order [Douglas]
filed October 10, 2019 [DE459]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA818

Order [Douglas]
filed October 11, 2019 [DE460]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA819

Defendant's Motion to Restrict Use of
Alias and Brief in Support [Taybron]
filed October 11, 2019 [DE463]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA825

Defendant's Motion to Exclude Evidence [Taybron]
        filed October 11, 2019 [DE465]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA831

Government's Response to Defendant's
Motion to Exclude Aliases [Taybron],
With Exhibits,
        filed October 13, 2019 [DE468]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA842

        Exhibits:

        1.      Facebook Business Record
                  dated August 5, 2004 - August 3, 2015. . . . . . . . . . . . . . JA849

        2.      Facebook Account Photo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA857

Government's Response to Defendant's
Motion to Exclude Evidence [Taybron],
With Attached Notice/Letter,
        filed October 13, 2019 [DE469]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA858

Defendant's Motion to Adopt Motion to Exclude Evidence [Nixon]
        filed October 14, 2019 [DE471]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA877

Order [Taybron]
        filed October 16, 2019 [DE481]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA883

Defendant's *pro se* Motion to Exclude Court Statements [Douglas]
        filed October 11, 2019 [DE482]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA885

Defendant's *pro se* Motion to Withdraw Notice of
Alibi Defense and Exclude Evidence [Douglas]
        filed October 11, 2019 [DE483]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA887

# TABLE OF CONTENTS
## Volume III of XLVII

Page:

**Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 1]
on October 16, 2019 [DE489]**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   JA889

**Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 2]
on October 17, 2019 [DE494]**.. . . . . . . . . . . . . . . . . . . . . . . . . . . .   JA1061

# TABLE OF CONTENTS
## Volume IV of XLVII

Page:

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 3]**
     **on October 18, 2019 [DE496]**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1228**

**Defendant's Response Brief to Government's**
**Response on Use of Evidence [Taybron]**
     **filed October 18, 2019 [DE497]**. . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1382**

**Defendant's *pro se* Motion to Appoint Counsel [Douglas]**
     **filed October 20, 2019 [DE498]**. . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1398**

**Memorandum Order**
     **filed October 21, 2019 [DE499]**. . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1400**

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 4]**
     **on October 21, 2019 [DE500]**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1415**

**Amended Memorandum Order**
     **filed October 22, 2019 [DE502]**. . . . . . . . . . . . . . . . . . . . . . . . . . . **JA1568**

# TABLE OF CONTENTS
## Volume V of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 5]
on October 22, 2019 [DE504].................................. JA1584

Testimony of David Ngbea:

Direct Examination by Mr. Samuels........................ JA1597
Cross Examination by Mr. Woodward...................... JA1699
Cross Examination by Ms. Quagliana. ..................... JA1756
Cross Examination by Mr. Protogyrou..................... JA1759
Cross Examination by Mr. Hobbs........................... JA1781
Cross Examination by Mr. Good............................ JA1782
Cross Examination by Mr. Rasberry........................ JA1785
Cross Examination by Mr. Douglas. ....................... JA1786
Cross Examination by Ms. Quagliana. ..................... JA1788
Redirect Examination by Mr. Samuels..................... JA1789
Recross Examination by Mr. Woodward.................... JA1796
Recross Examination by Mr. Protogyrou................... JA1799
Recross Examination by Mr. Good.......................... JA1804
Recross Examination by Ms. Quagliana.................... JA1805

Order [Douglas]
filed October 23, 2019 [DE505]............................. JA1809

-xiii-

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 6]
on October 23, 2019 [DE506]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA1810

Testimony of <u>Akeem Robinson</u>:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . . . JA1817
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . . JA1859
Cross Examination by Ms. Austin. . . . . . . . . . . . . . . . . . . . . . . . . . JA1881
Cross Examination by Mr. Hobbs.. . . . . . . . . . . . . . . . . . . . . . . . . . JA1892
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . . . . JA1899
Redirect Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . JA1914

Testimony of <u>Michelle Dadzie</u>:

Direct Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . . . . . JA1921
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . . JA1944
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . . . . JA1946

Testimony of <u>David Vogel</u>:

Direct Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . . . . . JA1948
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . . . . JA1959

Testimony of <u>Matthew Valdez</u>:

Direct Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . . . . . JA1967
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . . . . JA1977
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA1991
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA1993

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 6]
        on October 23, 2019 [DE506], Continued:

Testimony of <u>Timothy Steele</u>:

**Direct Examination by Mr. McHenry**. . . . . . . . . . . . . . . . . . . . . . JA1994
**Cross Examination by Mr. Woodward**. . . . . . . . . . . . . . . . . . . . . . JA2003

Testimony of <u>James Higgins</u>:

**Direct Examination by Mr. McHenry**. . . . . . . . . . . . . . . . . . . . . . JA2009
**Cross Examination by Mr. Woodward**. . . . . . . . . . . . . . . . . . . . . . JA2012

Testimony of <u>Jessamine Swett</u>:

**Direct Examination by Ms. Cross**. . . . . . . . . . . . . . . . . . . . . . . . JA2015
**Cross Examination by Mr. Woodward**. . . . . . . . . . . . . . . . . . . . . . JA2043
**Cross Examination by Mr. Hobbs**. . . . . . . . . . . . . . . . . . . . . . . . JA2047
**Cross Examination by Mr. Protogyrou**. . . . . . . . . . . . . . . . . . . . JA2048
**Cross Examination by Ms. Quagliana**. . . . . . . . . . . . . . . . . . . . . JA2053

# TABLE OF CONTENTS
## Volume VI of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 7]
on October 24, 2019 [DE507]............................. JA2069

Testimony of <u>Brandi Johnson</u>:

Direct Examination by Mr. Samuels......................... JA2079
Cross Examination by Mr. Woodward...................... JA2101
Cross Examination by Mr. Protogyrou.................... JA2109
Redirect Examination by Mr. Samuels..................... JA2116

Testimony of <u>Helen Lake</u>:

Direct Examination by Mr. McHenry........................ JA2117
Cross Examination by Mr. Woodward...................... JA2143
Redirect Examination by Mr. McHenry..................... JA2159

Testimony of <u>Elizabeth Kinnison</u>:

Direct Examination by Mr. McHenry........................ JA2170
Cross Examination by Ms. Munn............................. JA2196
Cross Examination by Ms. Austin............................ JA2199

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 7]**
 **on October 24, 2019 [DE507], Continued:**

**Testimony of <u>Endiya Aigne Washington</u>:**

**Direct Examination by Ms. Cross.** . . . . . . . . . . . . . . . . . . . . . . . . . JA2200
**Examination by Mr. Protogyrou.** . . . . . . . . . . . . . . . . . . . . . . . . . JA2260
**Direct Examination by Ms. Cross.** . . . . . . . . . . . . . . . . . . . . . . . JA2274

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 8]**
**on October 28, 2019 [DE510]..** . . . . . . . . . . . . . . . . . . . . . . . . . . . JA2284

**Testimony of <u>Endiya Aigne Washington</u>:**

**Cross Examination by Mr. Good.** . . . . . . . . . . . . . . . . . . . . . . . . . JA2290
**Cross Examination by Mr. Douglas.** . . . . . . . . . . . . . . . . . . . . . . JA2294
**Redirect Examination by Ms. Cross.** . . . . . . . . . . . . . . . . . . . . . JA2304

**Testimony of <u>Matthew Forni</u>:**

**Direct Examination by Zlotnick.** . . . . . . . . . . . . . . . . . . . . . . . . . JA2311
**Cross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . . JA2318
**Cross Examination by Mr. Klein.** . . . . . . . . . . . . . . . . . . . . . . . . . JA2323
**Redirect Examination by Mr. Zlotnick.** . . . . . . . . . . . . . . . . . . . JA2328

**Testimony of <u>Brendan Walzak</u>:**

**Direct Examination by Mr. Zlotnick.** . . . . . . . . . . . . . . . . . . . . . . JA2330
**Cross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . . JA2360
**Cross Examination by Mr. Rasberry.** . . . . . . . . . . . . . . . . . . . . . . JA2384

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 7]
     on October 24, 2019 [DE507], Continued:

Testimony of <u>Brett Cline</u>:

Direct Examination by Mr. McHenry........................ JA2387
Cross Examination by Mr. Woodward..................... JA2395
Cross Examination by Ms. Austin.......................... JA2397
Redirect Examination by Mr. McHenry.................... JA2402
Recross Examination by Mr. Woodward.................. JA2404

Testimony of <u>Alexis Ortiz</u>:

Direct Examination by Mr. McHenry........................ JA2407
Cross Examination by Ms. Austin.......................... JA2416

Testimony of <u>Jessica Belt</u>:

Direct Examination by Ms. Cross........................... JA2418
Cross Examination by Mr. Woodward..................... JA2439
Cross Examination by Mr. Douglas. ....................... JA2441

Testimony of <u>Jasmine Person</u>:

Direct Examination by Mr. Zlotnick........................ JA2443
Cross Examination by Mr. Douglas. ....................... JA2457

Testimony of <u>Kierra Mitchell</u>:

Direct Examination by Ms. Cross. .......................... JA2459
Cross Examination by Ms. Austin.......................... JA2465

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 7]
        on October 24, 2019 [DE507], Continued:

**Testimony of <u>Jeff Bosch</u>:**

**Direct Examination by Mr. McHenry**........................ JA2473
**Cross Examination by Mr. Woodward**....................... JA2490
**Cross Examination by Ms. Austin**.......................... JA2492

# TABLE OF CONTENTS
## Volume VII of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 9]
      on October 29, 2019 [DE513].. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA2496

Testimony of <u>Walter Clarke</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . . JA2500
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA2527

Testimony of <u>Kevin Bradford</u>:

Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . . JA2531
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . . . JA2539
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . . JA2546
Redirect Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . JA2549

Testimony of <u>David Stone</u>:

Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . . JA2551
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . . . JA2561
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA2567
Redirect Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . JA2568

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 9]
       on October 29, 2019 [DE513], Continued:

Testimony of <u>Arnold Esposito</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA2571
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA2602
Redirect Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . JA2615
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . JA2618

Testimony of <u>Deshawn Shields</u>:

Direct Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . . . JA2620
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA2668
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA2695
Cross Examination by Mr. Douglas. . . . . . . . . . . . . . . . . . . . . . . JA2696
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . JA2700
Cross Examination by Mr. Douglas. . . . . . . . . . . . . . . . . . . . . . . JA2704
Redirect Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . JA2705

Testimony of <u>Maynard Charles Griffin, Jr.</u>:

Direct Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA2708
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA2710

## TABLE OF CONTENTS
### Volume VIII of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 10]
    on October 30, 2019 [DE515]... . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA2716

Testimony of Angela Sue Moore:

Direct Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA2726
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA2757
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . JA2766
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . JA2778
Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . JA2789

Testimony of Lizbeth Cuevas:

Direct Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . . . JA2800
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . JA2816
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA2824
Redirect Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . JA2825

Testimony of Yan Byalik:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA2826
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA2834
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . JA2846
Redirect Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . JA2847
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . JA2850

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 10]**
       **on October 30, 2019 [DE515], Continued:**

**Testimony of <u>Jarell Atkins</u>:**

**Direct Examination by Mr. Zlotnick**........................ JA2854
**Cross Examination by Mr. Hobbs**.......................... JA2952
**Cross Examination by Mr. Rasberry**....................... JA2962
**Cross Examination by Mr. Protogyrou**...................... JA2980

**TABLE OF CONTENTS**
**Volume IX of XLVII**

**Page:**

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 11]**
     on October 31, 2019 [DE516]... . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3007

**Testimony of <u>Jarell Atkins (Cont'd.)</u>:**

Cross Examination by Mr. Klein. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3011
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA3030
Cross Examination by Ms. Austin... . . . . . . . . . . . . . . . . . . . . . . . . JA3039
Redirect Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . . . JA3048
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . JA3061

**Testimony of <u>Jacqueline Howser</u>:**

Direct Examination by Mr. Mchenry. . . . . . . . . . . . . . . . . . . . . . . JA3065
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA3070
Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . JA3075

**Testimony of <u>Ramon Quinones</u>:**

Direct Examination by Mr. Samuels... . . . . . . . . . . . . . . . . . . . . . . JA3079
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA3091
Cross Examination by Ms. Austin... . . . . . . . . . . . . . . . . . . . . . . . . JA3100
Redirect Examination by Mr. Samuel.. . . . . . . . . . . . . . . . . . . . . . JA3103
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . JA3108

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 11]
    on October 31, 2019 [DE516], Continued:

Testimony of <u>Bryan Hubbard</u>:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . JA3110
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA3116
Redirect Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . JA3119

Testimony of <u>Andrew Zysk</u>:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . JA3120
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA3126

Testimony of <u>Alison Fox</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA3133
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA3227

# TABLE OF CONTENTS
## Volume X of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 12]
    on November 4, 2019 [DE517]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3250

Testimony of Alison Fox (Cont'd.):

Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA3278
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA3304
Cross Examination by Mr. Good. . . . . . . . . . . . . . . . . . . . . . . . . . . JA3306
Cross Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . . JA3308
Cross Examination by Mr. Douglas. . . . . . . . . . . . . . . . . . . . . . . . JA3311
Redirect Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . JA3313
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . JA3326

Testimony of Lanautica Howard:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . . JA3330
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . JA3351
Cross Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . . JA3364
Redirect Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . JA3371

Testimony of Timothy Smith:

Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3375
Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3378
Examination by Ms. Austin. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3380

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 12]
      on November 4, 2019 [DE517], Continued:

**Testimony of <u>Armani Branch</u>:**

**Direct Examination by Ms. Cross.** . . . . . . . . . . . . . . . . . . . . . . . . . JA3411
**Cross Examination by Mr. Klein.** . . . . . . . . . . . . . . . . . . . . . . . . . JA3453
**Cross Examination by Mr. Good.** . . . . . . . . . . . . . . . . . . . . . . . . . JA3458
**Cross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . . . JA3462
**Cross Examination by Mr. Hobbs.** . . . . . . . . . . . . . . . . . . . . . . . . JA3488
**Redirect Examination by Ms. Cross.** . . . . . . . . . . . . . . . . . . . . . . . JA3492
**Recross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . JA3497

**Testimony of <u>Eric Edmunds</u>:**

**Direct Examination by Mr. McHenry.** . . . . . . . . . . . . . . . . . . . . . . JA3501
**Cross Examination by Mr. Protogyrou.** . . . . . . . . . . . . . . . . . . . . . JA3538

## TABLE OF CONTENTS
### Volume XI of XLVII

Page:

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 13]**
    **on November 5, 2019 [DE518].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA3548**

**Testimony of <u>Eric Edmunds (Cont'd.)</u>:**

**Direct Examination by Ms. Austin.** . . . . . . . . . . . . . . . . . . . . . . . . **JA3551**
**Cross Examination by Ms. Munn.** . . . . . . . . . . . . . . . . . . . . . . . . . **JA3553**
**Redirect Examination by Mr. McHenry.** . . . . . . . . . . . . . . . . . . . **JA3572**
**Recross Examination by Ms. Munn.** . . . . . . . . . . . . . . . . . . . . . . **JA3578**
**Recross Examination by Mr. Protogyrou.** . . . . . . . . . . . . . . . . . . **JA3580**
**Recross Examination by Mr. Klein.** . . . . . . . . . . . . . . . . . . . . . . . **JA3584**
**Redirect Examination by Mr. McHenry.** . . . . . . . . . . . . . . . . . . . **JA3586**

**Testimony of <u>Taniya Stallings</u>:**

**Direct Examination by Mr. McHenry.** . . . . . . . . . . . . . . . . . . . . . **JA3587**
**Cross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . . **JA3601**
**Cross Examination by Mr. Good.** . . . . . . . . . . . . . . . . . . . . . . . . . **JA3610**
**Cross Examination by Ms. Quagliana.** . . . . . . . . . . . . . . . . . . . . **JA3612**
**Cross Examination by Mr. Woodward.** . . . . . . . . . . . . . . . . . . . . **JA3614**
**Redirect Examination by Mr. McHenry.** . . . . . . . . . . . . . . . . . . . **JA3616**

**Testimony of <u>Corey Sweetenburg</u>:**

**Direct Examination by Mr. Samuels.** . . . . . . . . . . . . . . . . . . . . . . **JA3618**
**Cross Examination by Ms. Quagliana.** . . . . . . . . . . . . . . . . . . . . **JA3804**

# TABLE OF CONTENTS
## Volume XII of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 14]
on November 6, 2019 [DE519]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3831

Testimony of Corey Sweetenburg (Cont'd.):

Cross Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . . JA3835
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . . JA3860
Cross Examination by Mr. Rasberry.. . . . . . . . . . . . . . . . . . . . . . . JA3881
Cross Examination by Mr. Hobbs.. . . . . . . . . . . . . . . . . . . . . . . . . JA3901
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . . . JA3908
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . . . JA3932
Cross Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . . JA3968
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . JA3971
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . JA3974
Further Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . JA3976

Testimony of Jamaree Green:

Direct Examination by Mr. Zlotnick.. . . . . . . . . . . . . . . . . . . . . . . JA3977
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . JA4053
Cross Examination by Mr. Klein.. . . . . . . . . . . . . . . . . . . . . . . . . . JA4101
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . . JA4111

# TABLE OF CONTENTS
## Volume XIII of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 15]
     on November 7, 2019 [DE520]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA4147

Testimony of <u>Jamaree Green (Cont'd.):</u>

Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA4151
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . JA4165
Cross Examination by Mr. Rasberry. . . . . . . . . . . . . . . . . . . . . . JA4175
Redirect Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . JA4187
Recross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . JA4198
Recross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . JA4202
Further Redirect Examination by Mr. Zlotnick. . . . . . . . . . . . . . . JA4204

Testimony of <u>Catherine Clark:</u>

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . JA4206
Cross Examination by Mr. Klein. . . . . . . . . . . . . . . . . . . . . . . . JA4237
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . JA4240
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . JA4241
Cross Examination by Mr. Rasberry. . . . . . . . . . . . . . . . . . . . . . JA4241

Testimony of <u>Bernice Smith:</u>

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . JA4243
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4249

-xxx-

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 15]**
     on November 7, 2019 [DE520], Continued:

**Testimony of <u>Allison Sprinkle</u>:**

Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . .  JA4250
Cross Examination by Mr. Hobbs.. . . . . . . . . . . . . . . . . . . . . . . .  JA4256
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . .  JA4261
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . .  JA4273
Cross Examination by Mr. Hobbs.. . . . . . . . . . . . . . . . . . . . . . . .  JA4275
Redirect Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . .  JA4276
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . .  JA4278
Recross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . .  JA4278

**Testimony of <u>Curt Whittlesey</u>:**

Direct Examination by Mr. Zlotnick.. . . . . . . . . . . . . . . . . . . . . .  JA4279
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . .  JA4281

**Testimony of <u>Raquille Jackson</u>:**

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . .  JA4288
Cross Examination by Mr. Good.. . . . . . . . . . . . . . . . . . . . . . . . .  JA4357
Cross Examination by Mr. Protogyrou.. . . . . . . . . . . . . . . . . . . .  JA4373
Cross Examination by Mr. Woodward.. . . . . . . . . . . . . . . . . . . . .  JA4391
Cross Examination by Mr. Klein.. . . . . . . . . . . . . . . . . . . . . . . . .  JA4422
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . .  JA4428

# TABLE OF CONTENTS
## Volume XIV of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 16]
    on November 12, 2019 [DE521]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA4439

Testimony of <u>Johnell Stepney</u>:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . JA4443
Cross Examination by Mr. Good. . . . . . . . . . . . . . . . . . . . . . . . . . JA4456
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4466
Redirect Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . JA4478
Recross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . JA4480
Recross Examination by Mr. Good. . . . . . . . . . . . . . . . . . . . . . . . JA4481

Testimony of <u>Shaquone Mercer</u>:

Direct Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . . . JA4486

Testimony of <u>Shaquone Ford</u>:

Direct Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . . . . JA4499
Cross Examination by Mr. Klein. . . . . . . . . . . . . . . . . . . . . . . . . . JA4610
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA4629
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . JA4665

## TABLE OF CONTENTS
### Volume XV of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 17]
    on November 13, 2019 [DE526]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA4689

Testimony of <u>Shaquone Ford (Cont'd.)</u>:

Cross Examination by Mr. Rasberry. . . . . . . . . . . . . . . . . . . . . . . JA4699
Cross Examination by Mr. Douglas. . . . . . . . . . . . . . . . . . . . . . . JA4718
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . JA4719
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . JA4736
Redirect Examination by Ms. Cross. . . . . . . . . . . . . . . . . . . . . . JA4774
Recross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . JA4790
Recross Examination by Mr. Klein. . . . . . . . . . . . . . . . . . . . . . . JA4793
Recross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . JA4795
Recross Examination by Mr. Rasberry. . . . . . . . . . . . . . . . . . . . JA4799
Recross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . JA4800
Recross Examination by Ms. Austin. . . . . . . . . . . . . . . . . . . . . . JA4808

Testimony of <u>Shawniqua Williams</u>:

Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . JA4811
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . JA4817
Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . JA4818

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 17]
      on November 13, 2019 [DE526], Continued:

Testimony of <u>Shaquon Mercer</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA4819
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4846
Cross Examination by Mr. Hobbs.. . . . . . . . . . . . . . . . . . . . . . . . JA4850
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . JA4855

Testimony of <u>James Booth</u>:

Direct Examination by Mr. Zlotnick.. . . . . . . . . . . . . . . . . . . . . . JA4875
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4885
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA4887

Testimony of <u>Christopher Fundak</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . JA4891
Cross Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . JA4903
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . JA4912

Testimony of <u>Jerrod Pemberton</u>:

Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . JA4913
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4917
Direct Examination by Mr. McHenry.. . . . . . . . . . . . . . . . . . . . . JA4926
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA4960
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA4974

# TABLE OF CONTENTS
## Volume XVI of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 18]
    on November 14, 2019 [DE529]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5011

Testimony of <u>Jerrod Pemberton (Cont'd.)</u>:

Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . JA5016

Testimony of <u>Brittany Lewis</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . . JA5017
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA5029
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . JA5033

Testimony of <u>Steven Lamont Cooke</u>:

Direct Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . . JA5037
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA5050
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . JA5052
Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . JA5059

Testimony of <u>Niko Delillye</u>:

Direct Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . . . JA5062
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA5068
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . JA5070
Redirect Examination by Mr. Samuels.. . . . . . . . . . . . . . . . . . . . . JA5072

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 18]**
         **on November 14, 2019 [DE529], Continued:**

**Testimony of <u>Peggy Whitfield</u>:**

**Direct Examination by Mr. McHenry**..................... JA5073
**Cross Examination by Mr. Rasberry**..................... JA5077
**Redirect Examination by Mr McHenry**. ................... JA5080
**Recross Examination by Mr. Rasberry**..................... JA5082

**Testimony of <u>Alison Milam</u>:**

**Direct Examination by Mr. Samuels**...................... JA5083
**Cross Examination by Mr. Woodward**..................... JA5117
**Redirect Examination by Mr. Samuels**..................... JA5130
**Recross Examination by Mr. Woodward**. ................... JA5133

**Testimony of <u>Julianna Red Leaf</u>:**

**Direct Examination by Mr. Samuels**...................... JA5136
**Voir Dire Examination by Mr. Woodward**. ................. JA5148
**Direct Examination by Mr. Samuels**...................... JA5150
**Cross Examination by Mr. Woodward**..................... JA5226
**Cross Examination by Mr. Hobbs**......................... JA5249
**Cross Examination by Mr. Rasberry**..................... JA5250
**Cross Examination by Ms. Austin**....................... JA5253
**Redirect Examination by Mr. Samuels**..................... JA5255

**Government's Motion in Limine to Exclude Evidence**
         **filed November 17, 2019 [DE530]**. ......................... JA5268

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 19]
     on November 18, 2019 [DE532]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA5277


Testimony of <u>David Ngbea</u>:


**Direct Examination by Mr. Samuels.** . . . . . . . . . . . . . . . . . . . . . . JA5281
**Cross Examination by Mr. Klein.**. . . . . . . . . . . . . . . . . . . . . . . . . JA5348
**Cross Examination by Mr. Protogryou.**. . . . . . . . . . . . . . . . . . . . JA5354
**Cross Examination by Mr. Hobbs.**. . . . . . . . . . . . . . . . . . . . . . . . JA5363
**Cross Examination by Ms. Austin.** . . . . . . . . . . . . . . . . . . . . . . . JA5368
**Cross Examination by Mr. Woodward.**. . . . . . . . . . . . . . . . . . . . JA5400
**Redirect Examination by Mr. Samuels.** . . . . . . . . . . . . . . . . . . . JA5436
**Recross Examination Mr. Woodward.**. . . . . . . . . . . . . . . . . . . . . JA5449
**Recross Examination Ms. Austin.** . . . . . . . . . . . . . . . . . . . . . . . JA5450
**Recross Examination by Mr. Klein.**. . . . . . . . . . . . . . . . . . . . . . . JA5455
**Further Redirect Examination by Mr. Samuels.** . . . . . . . . . . . . . JA5458

## TABLE OF CONTENTS
### Volume XVII of XLVII

Page:

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 20]
    on November 19, 2019 [DE533]. ............................ JA5489

Testimony of <u>Anthony Holland</u>:

Direct Examination by Ms. Austin. ......................... JA5529
Examination by Ms. Munn. ............................... JA5535
Examination by Mr. Protogyrou. .......................... JA5538

Testimony of <u>Jessica Posto</u>:

Direct Examination by Mr. Woodward. .................... JA5583
Cross Examination by Mr. Samuels. ....................... JA5611
Redirect Examination by Mr. Woodward. .................. JA5628

Testimony of <u>Michael McCoy</u>:

Examination by Ms. Quagliana. ........................... JA5641
Examination by Ms. Munn. ............................... JA5644
Examination by Mr. Protogyrou. .......................... JA5645
Examination by Mr. Hobbs. .............................. JA5646
Examination by Ms. Austin. .............................. JA5647

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 21]
      on November 20, 2019 [DE536]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5676

Testimony of <u>Darrell Pittman</u>:

Direct Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . . JA5695
Cross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . . . JA5699
Redirect Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . JA5709
Recross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA5713

Testimony of <u>Judy Anderson</u>:

Direct Examination by Ms. Quagliana.. . . . . . . . . . . . . . . . . . . . . . JA5717
Cross Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . . . . . JA5723

Testimony of <u>Jason Moyer (Voir Dire)</u>:

Direct Examination by Ms. Quagliana.. . . . . . . . . . . . . . . . . . . . . . JA5731
Cross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . . . JA5735
Examination by the Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5737

Testimony of <u>Destiny Green</u>:

Direct Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . JA5750
Cross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . . . JA5759

Testimony of <u>Geoff Childs</u>:

Direct Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . . JA5763
Cross Examination by Mr. Zlotnick. . . . . . . . . . . . . . . . . . . . . . . . . JA5766
Redirect Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . JA5767

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 21]
      on November 20, 2019 [DE536], Continued:

Testimony of <u>Daniel Beasley</u>:

Direct Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA5770
Cross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA5774
Redirect Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . JA5780
Examination by Ms. Austin. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5782

Testimony of <u>Jason Moyer</u>:

Direct Examination by Ms. Quagliana. . . . . . . . . . . . . . . . . . . . . JA5788
Direct Examination by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . JA5794
Cross Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA5797

Testimony of <u>Timothy Smith (Grand Jury Testimony)</u>:

By Mr. Klein.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5800

Testimony of <u>Anthony Holland (Grand Jury Testimony)</u>:

By Ms. Austin. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5803

Transcript of Jury Trial Before
The Honorable Mark S. Davis [Vol. 21]
    on November 20, 2019 [DE536], Continued:

<u>Voir Dire of Defendants:</u>

Martin L. Hunt by Ms. Munn. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5815
Ryan Taybron by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . . . . . JA5817
Eric Nixon by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5819
Raymond Palmer by Mr. Rasberry. . . . . . . . . . . . . . . . . . . . . . . . JA5821
Xavier Greene by Ms. Austin. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA5823
Deshaun Richardson by Ms. Quagliana. . . . . . . . . . . . . . . . . . . JA5825
Geovanni Douglas by the Court. . . . . . . . . . . . . . . . . . . . . . . . . . JA5827

Testimony of <u>Erick Nunez</u>:

Direct Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . . . JA5832
Cross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . . . JA5841
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA5843
Cross Examination by Mr. Protogyrou. . . . . . . . . . . . . . . . . . . . . JA5846
Redirect Examination by Mr. McHenry. . . . . . . . . . . . . . . . . . . . JA5850
Recross Examination by Mr. Hobbs. . . . . . . . . . . . . . . . . . . . . . . JA5851

Testimony of <u>David Ngbea</u>:

Direct Examination by Ms. Samuels. . . . . . . . . . . . . . . . . . . . . . JA5853
Cross Examination by Ms. Austin.. . . . . . . . . . . . . . . . . . . . . . . . JA5857
Cross Examination by Mr. Woodward. . . . . . . . . . . . . . . . . . . . . JA5860
Redirect Examination by Mr. Samuels. . . . . . . . . . . . . . . . . . . . . JA5860

# TABLE OF CONTENTS
## Volume XVIII of XLVII

**Page:**

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 22]**
    **on November 21, 2019 [DE540].** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA5876**

**Jury Instructions [Taybron]**
    **filed November 22, 2019 [DE541].** . . . . . . . . . . . . . . . . . . . . . . . **JA6030**

**Jury Instructions [Taybron]**
    **filed November 26, 2019 [DE548].** . . . . . . . . . . . . . . . . . . . . . . . **JA6031**

**Defendant's Brief in Support of Jury Instructions [Taybron]**
    **filed November 27, 2019 [DE554].** . . . . . . . . . . . . . . . . . . . . . . . **JA6032**

**Memorandum Order**
    **filed November 27, 2019 [DE555].** . . . . . . . . . . . . . . . . . . . . . . . **JA6037**

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 23]**
    **on December 2, 2019 [DE564].** . . . . . . . . . . . . . . . . . . . . . . . . . . **JA6049**

# TABLE OF CONTENTS
## Volume XIX of XLVII

**Page:**

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 24]**
> on December 3, 2019 [DE566].. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6238

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 25]**
> on December 4, 2019 [DE567].. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6431

**Transcript of Jury Trial Before**
**The Honorable Mark S. Davis [Vol. 26]**
> on December 5, 6, 9, 10, 2019 [DE568]. . . . . . . . . . . . . . . . . . . . . . JA6622

**Exhibit Lists**
> filed December 10, 2019 [DE575].. . . . . . . . . . . . . . . . . . . . . . . . . JA6676

# TABLE OF CONTENTS
## Volume XX of XLVII

**Page:**

**Special Verdict Form [Taybron]**
        filed December 10, 2019 [DE579]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6717

**Sentencing Procedures Order [Taybron]**
        filed December 10, 2019 [DE581]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6719

**Special Verdict Form [Nixon]**
        filed December 10, 2019 [DE582]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6723

**Special Verdict Form [Richardson]**
        filed December 10, 2019 [DE585]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6725

**Special Verdict Form [Douglas]**
        filed December 10, 2019 [DE588]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6728

**Sentencing Procedures Order [Douglas]**
        filed December 10, 2019 [DE590]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6730

**Special Verdict Form [Greene]**
        filed December 10, 2019 [DE591]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6735

**Special Verdict Form [Palmer]**
        filed December 10, 2019 [DE594]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6739

**Defendant's Motion for Judgment of Acquittal [Richardson]**
        filed December 30, 2019 [DE598]. . . . . . . . . . . . . . . . . . . . . . . . .   JA6741

**Defendant's Supplemental Memorandum in Support of**
**Motion for Judgment of Acquittal [Richardson]**
    filed December 30, 2019 [DE599]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6743

**Defendant's Motion for Judgment of Acquittal [Hunt]**
    filed December 30, 2019 [DE600]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6762

**Defendant's Brief in Support of**
**Motion for Judgment of Acquittal [Hunt]**
    filed December 30, 2019 [DE601]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6765

**Defendant's Motion for Judgment of Acquittal [Nixon]**
    filed December 30, 2019 [DE602]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6773

**Defendant's Supplemental Memorandum in Support of**
**Motion for Judgment of Acquittal [Nixon]**
    filed December 30, 2019 [DE603]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6775

**Defendant's Motion for Judgment of Acquittal [Palmer]**
    filed December 30, 2019 [DE604]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6782

**Defendant's Supplemental Memorandum in Support of**
**Motion for Judgment of Acquittal [Palmer]**
    filed December 30, 2019 [DE605]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6785

**Defendant's *pro se* Motion for Judgment of Acquittal [Douglas]**
    filed December 30, 2019 [DE606]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6795

**Defendant's Motion and Brief in Support of**
**Judgment of Acquittal [Taybron]**
    filed December 30, 2019 [DE609]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6801

**Defendant's Motion and Brief in Support of**
**Judgment of Acquittal [Taybron]**
     filed December 31, 2019 [DE612]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6813

**Order [Douglas]**
     filed January 16, 2020 [DE613]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6825

**Defendant's *pro se* Motion to Adopt Memorandum to**
**Motions for Judgment of Acquittal [Douglas]**
     filed January 28, 2020 [DE619]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6833

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Taybron]**
     filed February 3, 2020 [DE621]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6835

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Nixon]**
     filed February 3, 2020 [DE622]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6855

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Douglas]**
     filed February 3, 2020 [DE623]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6879

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Hunt]**
     filed February 3, 2020 [DE624]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6900

**Defendant's *pro se* Supplemental Memorandum of Law in**
**Support of Motion for Judgment of Acquittal [Douglas]**
     filed February 3, 2020 [DE625]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6919

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Palmer]**
     filed February 3, 2020 [DE626]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6931

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Richardson]**
     filed February 3, 2020 [DE627]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6945

**Defendant's Reply to Government's Response to**
**Motion for Judgment of Acquittal [Richardson]**
     filed February 10, 2020 [DE628]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA6962

**Defendant's *pro se* Motion for Extension to Reply to Government's**
**Response to Motion for Judgment of Acquittal [Douglas]**
     filed March 1, 2020 [DE633]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6969

**Government's Response to Defendant's**
**Motion for Judgment of Acquittal [Douglas]**
     filed March 4, 2020 [DE638]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6971

**Order [Douglas]**
     filed Mach 5, 2020 [DE639]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6977

**Defendant's *pro se* Reply to Government's**
**Response to Motion for Judgment of Acquittal [Douglas]**
     filed March 12, 2020 [DE650]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6981

**Government's Motion to Strike Defendant's Reply [Douglas]**
     filed March 20, 2020 [DE652]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6995

**Defendant's *pro se* Declaration [Greene]**
     filed April 27, 2020 [DE660]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6998

**Defendant's *pro se* Motion for New Trial [Douglas],**
**With Attachment,**
> filed June 15, 2020 [DE681]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7013

> <u>Attachment</u>:

> **Declaration of Xavier Greene**
> > sworn on April 12, 2020 [DE681-1]. . . . . . . . . . . . . . . . . . . . . JA7019

**Government's Response in Opposition to**
**Defendant's Motion for a New Trial [Douglas]**
> filed June 24, 2020 [DE682]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7032

**Defendant's Sentencing Position [Hunt]**
> filed August 14, 2020 [DE696]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7041

**Government's Sentencing Position [Hunt]**
> filed August 27, 2020 [DE710]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7045

**Memorandum Order [Hunt]**
> filed August 31, 2020 [DE711]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7055

**Memorandum Order [Richardson]**
> filed August 31, 2020 [DE713]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7075

**Memorandum Order [Nixon]**
> filed August 31, 2020 [DE714]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7093

**Memorandum Order [Douglas]**
    **filed August 31, 2020 [DE715].** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA7111**

**Memorandum Order [Palmer]**
    **filed August 31, 2020 [DE716].** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA7135**

## TABLE OF CONTENTS
## Volume XXI of XLVII

Page:

Memorandum Order [Taybron]
　　　filed August 31, 2020 [DE717]. . . . . . . . . . . . . . . . . . . . . . . . . . . .   JA7157

Defendants' Motion for New Trial and Brief in Support,
With Exhibits,
　　　filed September 30, 2020 [DE734]. . . . . . . . . . . . . . . . . . . . . . . . .   JA7178

　　　Exhibits:

　　　A.　　Affidavit of Quantavius Durham
　　　　　　　sworn on August 19, 2020 [DE734-1]. . . . . . . . . . . .   JA7196

　　　B.　　Declaration of Jamar-Dominic Green
　　　　　　　sworn on August 14, 2020 [DE734-2]. . . . . . . . . . . .   JA7198

Defendant's Motion for New Trial [Richardson]
　　　filed September 30, 2020 [DE735]. . . . . . . . . . . . . . . . . . . . . . . . .   JA7203

Defendant's Memorandum in Support of
Motion for New Trial [Richardson],
With Exhibits,
  filed September 30, 2020 [DE736]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA7205

  Exhibits:

  A.    Affidavit of Jamar-Dominic Green
          sworn on August 14, 2020 [DE736-1]. . . . . . . . . . . . . JA7213

  B.    Affidavit of Quantavius Durham
          sworn on August 19, 2020 [DE736-2]. . . . . . . . . . . . . JA7216

Defendant's Motion to Adopt Motion for New Trial [Hunt]
  filed September 30, 2020 [DE739]. . . . . . . . . . . . . . . . . . . . . . . . . . JA7218

Defendant's Motion to Adopt Motion for New Trial [Nixon]
  filed September 30, 2020 [DE740]. . . . . . . . . . . . . . . . . . . . . . . . . . JA7221

Defendant's Motion to Adopt Motion for New Trial [Palmer]
  filed September 30, 2020 [DE741]. . . . . . . . . . . . . . . . . . . . . . . . . . JA7224

Defendant's *pro se* Motion to Set Aside Verdict [Douglas]
  filed October 9, 2020 [DE743]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7226

Defendant's *pro se* Motion to Adopt Motion for New Trial [Douglas]
  filed October 9, 2020 [DE744]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7248

Defendant's *pro se* Motion to Set Aside Verdict [Douglas]
  filed October 9, 2020 [DE745]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7250

**Government's Unopposed Motion to Extend**
**Response to New Trial Motions**
     filed October 12, 2020 [DE746]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA7269


**Order**
     filed October 14, 2020 [DE747]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA7275


**Defendant's** *pro se* **Objection to Government's Extension [Douglas]**
     filed October 28, 2020 [DE749]. . . . . . . . . . . . . . . . . . . . . . . . . . . JA7276


**Government's Response to Defendants' Motions for New Trial**
     filed November 6, 2020 [DE750]. . . . . . . . . . . . . . . . . . . . . . . . . . JA7282


**Defendant's Reply to Government's Opposition to**
**Defendants' Motions for New Trial [Richardson]**
     filed November 11, 2020 [DE751]. . . . . . . . . . . . . . . . . . . . . . . . . JA7316


**Defendant's** *pro se* **Reply Government's Opposition to**
**Defendants' Motions for New Trial [Douglas]**
     filed November 20, 2020 [DE752]. . . . . . . . . . . . . . . . . . . . . . . . . JA7320


**Opinion and Order**
     filed December 22, 2020 [DE754]. . . . . . . . . . . . . . . . . . . . . . . . . JA7326


**Memorandum Order [Douglas]**
     filed January 6, 2021 [DE758]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7352


**Defendant's** *pro se* **Motion to Appoint Counsel [Douglas]**
     filed March 5, 2021 [DE767]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7369


**Order [Douglas]**
     filed March 31, 2021 [DE768]. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7371

**Defendant's *pro se* Motion to Substitute Counsel [Douglas]**
 filed April 15, 2021 [DE770]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7373

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Hunt]**
 on May 6, 2021 [DE771]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7377

**Judgment in a Criminal Case [Hunt]**
 filed May 7, 2021 [DE777]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7419

**Defendant's Notice of Appeal [Hunt]**
 filed May 10, 2021 [DE779]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7426

**Defendant's Motion to Seal [Richardson]**
 filed May 18, 2021 [DE783]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7428

**Defendant's Counsel's Motion to Withdraw [Douglas]**
 filed May 21, 2021 [DE785]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7430

**Government's Response in Opposition to**
**Counsel's Motion to Withdraw [Douglas]**
 filed May 28, 2021 [DE791]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7432

**Order to Seal Defendant's Position [Richardson]**
 filed June 2, 2021 [DE792]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7444

**Order [Richardson]**
 filed June 3, 2021 [DE793]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7446

**Government's Sentencing Position [Richardson]**
 filed June 3, 2021 [DE794]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7448

**Defendant's Supplemental Motion to Seal Position [Richardson]**
> filed June 4, 2021 [DE795]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7462

**Defendant's Sentencing Position of Parties [Richardson],**
**With Exhibits,**
> filed June 4, 2021 [DE796]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7466

> <u>Exhibits:</u>

> **A.    Character Letter**
> > dated June 4, 2020 [DE796-1]. . . . . . . . . . . . . . . . . . . . . JA7486

> **B.    Character Letter**
> > dated June 4, 2020 [DE796-2]. . . . . . . . . . . . . . . . . . . . . JA7487

**Government's Sentencing Position [Greene]**
> filed June 7, 2021 [DE797]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7488

**Defendant's Sentencing Position [Greene]**
> filed June 7, 2021 [DE798]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7499

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Richardson]**
> on June 10, 2021 [DE802]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7514

# TABLE OF CONTENTS
## Volume XXII of XLVII

Page:

**Judgment in a Criminal Case [Richardson]**
   filed June 14, 2021 [DE803]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7620

**Defendant's Notice of Appeal [Richardson]**
   filed June 15, 2021 [DE806]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7626

**Government's Sentencing Position [Nixon]**
   filed June 21, 2021 [DE820]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7628

**Defendant's Sentencing Position [Nixon]**
   filed June 21, 2021 [DE822]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7638

**Defendant's Sentencing Position [Taybron]**
   filed June 28, 2021 [DE826]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7644

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Nixon]**
   on June 28, 2021 [DE827]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7656

**Defendant's Notice of Appeal [Nixon]**
   filed June 29, 2021 [DE829]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7727

**Judgment in a Criminal Case [Nixon]**
   filed June 29, 2021 [DE830]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7729

**Judgment in a Criminal Case [Greene]**
   filed July 2, 2021 [DE834]. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA7735

**Government's Sentencing Position [Taybron]**
    filed July 2, 2021 [DE839]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7741

**Defendant's Notice of Appeal [Greene]**
    filed July 5, 2021 [DE840]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7756

**Character Letters [Taybron]**
    filed July 8, 2021 [DE844]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7758

**Government's Sentencing Position [Palmer]**
    filed July 8, 2021 [DE845]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7764

**Defendant's Sentencing Position [Palmer]**
    filed July 8, 2021 [DE846]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7775

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Taybron]**
    on July 9, 2021 [DE850]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7785

**Judgment in a Criminal Case [Taybron]**
    filed July 12, 2021 [DE853]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7867

**Defendant's Character Letters [Palmer]**
    filed July 13, 2021 [DE855]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7873

    1.    **Kayretha Starks - Sister**
        dated April 24, 2020 [DE855-1]. . . . . . . . . . . . . . . . . JA7876

    2.    **Courtney Robinson – Friend**
        dated May 13, 2020 [DE855-2]. . . . . . . . . . . . . . . . . JA7877

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Palmer]**
　　　on July 15, 2021 [DE858]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7878

**Defendant's Notice of Appeal [Palmer]**
　　　filed July 15, 2021 [DE859]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7933

**Judgment in a Criminal Case [Palmer]**
　　　filed July 16, 2021 [DE863]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7935

**Defendant's Notice of Appeal [Taybron]**
　　　filed July 19, 2021 [DE868]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7941

**Defendant's Notice of Appeal [Taybron]**
　　　filed July 20, 2021 [DE874-1]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7944

**Order**
　　　filed July 20, 2021 [DE878]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7947

**Government's Sentencing Position [Douglas]**
　　　filed September 3, 2021 [DE916]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7951

**Defendant's Sentencing Position [Douglas]**
　　　filed September 3, 2021 [DE917]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7972

**Defendant's Addendum to Sentencing Position [Douglas]**
　　　filed September 7, 2021 [DE920]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7976

**Government's Supplemental Sentencing Position [Douglas]**
　　　filed September 9, 2021 [DE923]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7979

**Transcript of Sentencing Before**
**The Honorable Mark S. Davis [Douglas]**
      on September 10, 2021 [DE924]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA7985

**Judgment in a Criminal Case [Douglas]**
      filed September 14, 2021 [DE925]. . . . . . . . . . . . . . . . . . . . . . . . . . JA8079

**Defendant's Notice of Appeal [Douglas]**
      filed September 21, 2021 [DE928]. . . . . . . . . . . . . . . . . . . . . . . . . . JA8085

**Defendant's *pro se* Notice of Appeal [Douglas]**
      filed September 22, 2021 [DE929]. . . . . . . . . . . . . . . . . . . . . . . . . . JA8087

# TABLE OF CONTENTS
## Volume XXIII of XLVII - Exhibits

Page:

## DWAYNE PARKER HOMICIDE

A-1.        NNPD Vicinity Map - 919 Ivy Ave.. . . . . . . . . . . . . . . . . . .    JA8090

A-2a.       Area Map.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    JA8091

A-2b.       Satellite view of area. . . . . . . . . . . . . . . . . . . . . . . . . .    JA8092

A-3a.       Photograph - 9th Street sign. . . . . . . . . . . . . . . . . . . . .    JA8093

A-3b.       Photograph- Bowie Market- 9th & Ivy.. . . . . . . . . . . . . .    JA8094

A-3c.       Photograph of canopy - 9th & Ivy/Bowie Market.. . . . . . .    JA8095

A-3e.       Photograph - close-up of canopy - 12th & Ivy.. . . . . . . . .    JA8096

A-4a.       Photograph - victim's body draped under canopy. . . . . . .    JA8097

A-4b.       Photograph - victim's body uncovered.. . . . . . . . . . . . . .    JA8098

A-4d.       Photograph - victim's face. . . . . . . . . . . . . . . . . . . . . . .    JA8099

A-4e.       Photograph - back of victim's head. . . . . . . . . . . . . . . . .    JA8100

A-5a.       Photograph - street sign 12th & Ivy. . . . . . . . . . . . . . . . .    JA8101

A-5b.       Photograph - 957 Ivy Ave./Comer of 12th &Ivy. . . . . . . . .    JA8102

A-5e.        Photograph - market on comer of
             12th & Ivy taken from 957 Ivy Ave.................... JA8103

A-5k.        Photograph - cartridge casing (Item 1)................ JA8104

A-5l.        Photograph - cartridge casing (Item 2)................ JA8105

A-5m.        Photograph - cartridge casing (Item 3)................ JA8106

A-5n.        Photograph - cartridge casing (Item 4)................ JA8107

A-5o.        Photograph - cartridge casing (Item 5)................ JA8108

A-5p.        Photograph - cartridge casing (Item 6)................ JA8109

A-5q.        Photograph - cartridge casing (Item 7)................ JA8110

A-5r.        Photograph - cartridge casing (Item 8)................ JA8111

A-5s.        Photograph - cartridge casing (Item 9)................ JA8112

A-5t.        Photograph - cartridge casing (Item 10)............... JA8113

A-5u.        Photograph - cartridge casing (Item 11)............... JA8114

A-5v.        Photograph - cartridge casing (Item 12)............... JA8115

A6-a.        Physical Evidence - cartridge casing (Item 1). ........... JA8116

A6-b.        Physical Evidence - cartridge casing (Item 2). ........... JA8117

A6-c.        Physical Evidence - cartridge casing (Item 3). ........... JA8118

A6-d.      **Physical Evidence - cartridge casing (Item 4).** . . . . . . . . . . . **JA8119**

A6-e.      **Physical Evidence - cartridge casing (Item 5).** . . . . . . . . . . . **JA8120**

A6-f.      **Physical Evidence - cartridge casing (Item 6).** . . . . . . . . . . . **JA8121**

A6-g.      **Physical Evidence - cartridge casing (Item 7).** . . . . . . . . . . . **JA8122**

A6-h.      **Physical Evidence - cartridge casing (Item 8).** . . . . . . . . . . . **JA8123**

A6-i.      **Physical Evidence - cartridge casing (Item 9).** . . . . . . . . . . . **JA8124**

A6-j.      **Physical Evidence - cartridge casing (Item 10).** . . . . . . . . . . **JA8125**

A6-k.      **Physical Evidence - cartridge casing (Item 11).** . . . . . . . . . . **JA8126**

A6-l.      **Physical Evidence - cartridge casing (Item 12).** . . . . . . . . . . **JA8127**

A-7a.      **Photograph - driveway of**
           **919 Ivy Ave. - cartridge casings - (Items 22-26).** . . . . . . . . . . **JA8128**

A-7b.      **Photograph - driveway of**
           **9l9 Ivy Ave. - cartridge casings - (Items 22-26).** . . . . . . . . . . **JA8129**

A-7d.      **Photograph - cartridge casings (Item 22).** . . . . . . . . . . . . . . **JA8130**

A-7e.      **Photograph - cartridge casings (Item 23).** . . . . . . . . . . . . . . **JA8131**

A-7f.      **Photograph - cartridge casings (Item 24).** . . . . . . . . . . . . . . **JA8132**

A-7g.      **Photograph - cartridge casings (Item 25).** . . . . . . . . . . . . . . **JA8133**

A-7h.        **Photograph - cartridge casings (Item 26)**. . . . . . . . . . . . . . . **JA8134**

A8-a.        **Physical Evidence - cartridge casing (Item 22)**. . . . . . . . . . **JA8135**

A8-b.        **Physical Evidence - cartridge casing (Item 23)**. . . . . . . . . . **JA8136**

A8-c.        **Physical Evidence - cartridge casing (Item 24)**. . . . . . . . . . **JA8137**

A8-d.        **Physical Evidence - cartridge casing (Item 25)**. . . . . . . . . . **JA8138**

A8-e.        **Physical Evidence - cartridge casing (Item 26)**. . . . . . . . . . **JA8139**

A-9.        **Dr. Kinnison Autopsy Report -Dwayne Parker**. . . . . . . . . **JA8140**

A-10g.        **Photograph - bullet
recovered from autopsy (Item 109)**. . . . . . . . . . . . . . . . . . . **JA8146**

A-10o.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8147**

A-10p.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8148**

A-10q.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8149**

A-10r.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8150**

A-10s.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8151**

A-10t.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8152**

A-10u.        **Photograph - autopsy**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8153**

A11.        Physical Evidence - bullet
            recovered during autopsy (Item 109). . . . . . . . . . . . . . . . . . JA8154

A-12        Certificate of Analysis dated 3-27-15
            Two sets of cartridge casings and bullets. . . . . . . . . . . . . . JA8155

A-24.       Photograph - Dwayne Parker. . . . . . . . . . . . . . . . . . . . . . . JA8157

A-26.       Certificate of Analysis 9-10-19. . . . . . . . . . . . . . . . . . . . . JA8158

A-27.       Certificate of Analysis - Supp. Report 9-10-19. . . . . . . . . . JA8160

## <u>DREW JONES SHOOTING</u>

B-1a.       NNPD Vicinity Map -
            recovery of cartridge cases. . . . . . . . . . . . . . . . . . . . . . . . . . JA8162

B-1b.       NNPD Vicinity Map -
            intersection of 22nd St. and Wickham Ave.. . . . . . . . . . . . . JA8163

B-2a.       Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA8164

B-2b.       Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA8165

B-3.        Google Map - Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA8166

B-4a.       Photograph - 22nd & Wickham Street Sign. . . . . . . . . . . . . JA8167

B-4b.       Photograph - corner of 22nd and Wickham. . . . . . . . . . . . . JA8168

B-4c.       Photograph - 22nd & Wickham. . . . . . . . . . . . . . . . . . . . . . JA8169

B-4d.     Photograph - 22nd & Wickham. . . . . . . . . . . . . . . . . . . . . . JA8170

B-4e.     Photograph - Wickham & 22nd. . . . . . . . . . . . . . . . . . . . . JA8171

B-4f.     Photograph - Wickham & 22nd - showing
          cartridge casings (marked items 1 thru 12). . . . . . . . . . . . . JA8172

B-4g.     Photograph -
          cartridge casings (marked items 2, 3, 4 and 8).. . . . . . . . . . . JA8173

B-4h.     Photograph - close-up of items l, 5 and 6. . . . . . . . . . . . . . JA8174

B-4i.     Photograph - close-up of items 1, 6-12. . . . . . . . . . . . . . . . JA8175

B-4j.     Photograph - clothing (Items 13-1 7 and 18-1 2). . . . . . . . . . JA8176

B-4k.     Photograph - close up of clothing.. . . . . . . . . . . . . . . . . . . JA8177

B-4l.     Photograph - clothing (Items 15-17). . . . . . . . . . . . . . . . . . JA8178

B-4m.     Photograph - clothing
          and bullet (Items 15-17 and 25).. . . . . . . . . . . . . . . . . . . . . JA8179

B-4n.     Photograph - clothing (Items 18-21). . . . . . . . . . . . . . . . . . JA8180

B-5a.     Photograph - cartridge casing (Item l). . . . . . . . . . . . . . . . JA8181

B-5b.     Photograph - cartridge casing (Item 2). . . . . . . . . . . . . . . . JA8182

B-5c.     Photograph - cartridge casing (Item 3). . . . . . . . . . . . . . . . JA8183

B-5d.     Photograph - cartridge casing (Item 4). . . . . . . . . . . . . . . . JA8184

B-5e.      Photograph - cartridge casing (Item 5). . . . . . . . . . . . . . . . . JA8185

B-5f.       Photograph - cartridge casing (Item 6). . . . . . . . . . . . . . . . . JA8186

B-5g.      Photograph - cartridge casing (Item 7). . . . . . . . . . . . . . . . . JA8187

B-5h.      Photograph - cartridge casing (Item 8). . . . . . . . . . . . . . . . . JA8188

B-5i.       Photograph - cartridge casing (Item 9). . . . . . . . . . . . . . . . . JA8189

B-5j.       Photograph - cartridge casing (Item 10). . . . . . . . . . . . . . . JA8190

B-5k.      Photograph - cartridge casing (Item 11). . . . . . . . . . . . . . . JA8191

B-5l.       Photograph - cartridge casing (Item 12). . . . . . . . . . . . . . . JA8192

B6-a.      Physical Evidence - cartridge casing (Item l).  . . . . . . . . . . JA8193

B6-b.      Physical Evidence - cartridge casing (Item 2). . . . . . . . . . . JA8194

B6-c.      Physical Evidence - cartridge casing (Item 3). . . . . . . . . . . JA8195

B6-d.      Physical Evidence - cartridge casing (Item 4). . . . . . . . . . . JA8196

B6-e.      Physical Evidence - cartridge casing(Item 5). . . . . . . . . . . . JA8197

B6-f.       Physical Evidence - cartridge casing (Item 6). . . . . . . . . . . JA8198

B6-g.      Physical Evidence - cartridge casing (Item 7). . . . . . . . . . . JA8199

B6-h.      Physical Evidence - cartridge casing (Item 8). . . . . . . . . . . JA8200

B6-i.    Physical Evidence - cartridge casing (Item 9). . . . . . . . . . . JA8201

B6-j.    Physical Evidence - cartridge casing (Item 10). . . . . . . . . . JA8202

B6-k.    Physical Evidence - cartridge casing (Item 11). . . . . . . . . . JA8203

B6-l.    Physical Evidence - cartridge casing (Item 12). . . . . . . . . . JA8204

B-7a.    Photograph - sneakers (Item 13). . . . . . . . . . . . . . . . . . . . . JA8205

B-7b.    Photograph - jeans (Item 14). . . . . . . . . . . . . . . . . . . . . . . JA8206

B-7c.    Photograph - grey shorts (Item 15). . . . . . . . . . . . . . . . . . JA8207

B-7d.    Photograph - red jacket (Item 16). . . . . . . . . . . . . . . . . . . JA8208

B-7e.    Photograph - red cap (Item 17). . . . . . . . . . . . . . . . . . . . . JA8209

B-7f.    Photograph - red cap and bullet (Items 17 and 25). . . . . . JA8210

B-7g.    Photograph - bullet (Item 25). . . . . . . . . . . . . . . . . . . . . . JA8211

B-7h.    Photograph - lighter (Item 18). . . . . . . . . . . . . . . . . . . . . JA8212

B-7i.    Photograph - red ball cap (Item 19). . . . . . . . . . . . . . . . . JA8213

B-7j.    Photograph - blue shirt (Item 20). . . . . . . . . . . . . . . . . . . JA8214

B-7k.    Photograph - grey sweatshirt (Item 21). . . . . . . . . . . . . . . JA8215

B-7l.    Photograph - grey shorts (Item 15/tag A). . . . . . . . . . . . . . JA8216

**B-7m.**    **Photograph - jeans (Item 14/ tag A).** . . . . . . . . . . . . . . . . . . **JA8217**

**B-7n.**    **Photograph - jeans (Item 14/tag B).** . . . . . . . . . . . . . . . . . . . **JA8218**

**B-7o.**    **Photograph - red jacket (Item 16).** . . . . . . . . . . . . . . . . . . . . **JA8219**

**B-7p.**    **Photograph - red jacket.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8220**

**B-7q.**    **Photograph - grey shirt (Item 16b).** . . . . . . . . . . . . . . . . . . . **JA8221**

**B-7r.**    **Photograph - grey shirt.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8222**

**B-7s.**    **Photograph - blue shirt (Item 20).** . . . . . . . . . . . . . . . . . . . . **JA8223**

**B-7t.**    **Photograph - blue shirt.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8224**

**B-7u.**    **Photograph - sweatshirt (Item 21).** . . . . . . . . . . . . . . . . . . . . **JA8225**

**B-7v.**    **Photograph - sweatshirt.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8226**

**B-7w.**    **Photograph - polo shirt (Item 28).** . . . . . . . . . . . . . . . . . . . . **JA8227**

**B-7x.**    **Photograph - jacket (Item 29).** . . . . . . . . . . . . . . . . . . . . . . . **JA8228**

**B-7y.**    **Photograph - blue jacket (Item 30).** . . . . . . . . . . . . . . . . . . . **JA8229**

**B-7z.**    **Photograph - blue jacket.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8230**

**B-7aa.**    **Photograph - blue jacket (Item 30/ tags E/F).** . . . . . . . . . . . **JA8231**

**B-7bb.**    **Photograph - black t-shirt (Item 31).** . . . . . . . . . . . . . . . . . . **JA8232**

**B-7cc.**     **Photograph - jeans (Item 1).** . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8233**

**B-7dd.**     **Photograph - jeans.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8234**

**B-7ee.**     **Photograph - jeans.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8235**

**B-7ff.**     **Photograph - jeans.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA8236**

**B-7gg.**     **Photograph - red shoes (Item 3).** . . . . . . . . . . . . . . . . . . . . . **JA8237**

**B-7hh.**     **Photograph - socks (Item 2).** . . . . . . . . . . . . . . . . . . . . . . . . . **JA8238**

**B-7ii.**     **Photograph - Phillip Drew,**
               **Social Security card (Item 4).** . . . . . . . . . . . . . . . . . . . . . . . . **JA8239**

**B-7jj.**     **Photograph - Phillip Drew ID**
               **card and Soc. Sec. card (Item 5).** . . . . . . . . . . . . . . . . . . . . . . **JA8240**

**B-8.**      **Physical Evidence - Hospital Records for Drew.** . . . . . . . . . **JA8241**

# TABLE OF CONTENTS
## Volume XXIV of XLVII - Exhibits

Page:

B-8.      Physical Evidence -
          Hospital Records for Drew, Continued:. . . . . . . . . . . . . .  JA8541

## <u>TABLE OF CONTENTS</u>
### Volume XXV of XLVII - Exhibits

Page:

B-8.       Physical Evidence -
              Hospital Records for Drew, Continued:. . . . . . . . . . . . . .  JA9000

# TABLE OF CONTENTS
## Volume XXVI of XLVII - Exhibits

Page:

B-8.       Physical Evidence -
           Hospital Records for Drew, Continued:. . . . . . . . . . . . . .  JA9488

## <u>TABLE OF CONTENTS</u>
### Volume XXVII of XLVII - Exhibits

Page:

**B-9.**        **Physical Evidence - Hospital Records for Jones.** . . . . . . . .  **JA9974**

# TABLE OF CONTENTS
## Volume XXVIII of XLVII - Exhibits

**Page:**

**B-9.**      **Physical Evidence -**
            **Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA10425**

## <u>TABLE OF CONTENTS</u>
## Volume XXIX of XLVII - Exhibits

**Page:**

**B-9.**      **Physical Evidence -**
             **Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA10876**

# TABLE OF CONTENTS
## Volume XXX of XLVII - Exhibits

**Page:**

**B-9.**      **Physical Evidence -**
              **Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA11337**

# TABLE OF CONTENTS
## Volume XXXI of XLVII - Exhibits

Page:

B-9.        Physical Evidence -
            Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA11763

# TABLE OF CONTENTS
## Volume XXXII of XLVII - Exhibits

**Page:**

**B-9.**     **Physical Evidence -**
             **Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA12189**

## TABLE OF CONTENTS
### Volume XXXIII of XLVII - Exhibits

Page:

B-9.      Physical Evidence -
          Hospital Records for Jones, Continued:.. . . . . . . . . . . . . . JA12615

B-10.     Certificate of Analysis - 3/30/2015 Latent prints. . . . . . . .   JA13037

# TABLE OF CONTENTS
## Volume XXXIV of XLVII - Exhibits

Page:

B-11.  Certificate of Analysis - 4/17/2015 Ballistics. . . . . . . . . . .  JA13039

B-12.  Amended Certificate of
       Analysis -6/4/2015 - Ballistics.. . . . . . . . . . . . . . . . . . . . . . . . JA13041

## DAVIS/RICHARDSON HOMICIDES

C-1.   NNPD Vicinity Map - 851 25th Street. . . . . . . . . . . . . . .  JA13043

C-2a.  Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA13044

C-2b.  Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA13045

C-3a.  Photograph - 25th Street/Wickham/MLK street sign. . . .  JA13046

C-3b.  Photograph - 851 and 853 25th Street. . . . . . . . . . . . . . . .  JA13047

C-3c.  Photograph - car in driveway/851 25th St.. . . . . . . . . . . .  JA13048

C-3d.  Photograph - car in driveway/851 25th St.. . . . . . . . . . . .  JA13049

C-4a.  Photograph - location of victim
       Jada Richardson, at side of 851 25th street. . . . . . . . . . . .  JA13050

C-4b.  Photograph - victim Jada Richardson.. . . . . . . . . . . . . . . . JA13051

C-4c.  Photograph - victim Jada Richardson.. . . . . . . . . . . . . . . . JA13052

C-4i.        **Photograph - victim Jada Richardson.** . . . . . . . . . . . . . . . **JA13053**

C-5a.       **Photograph - location of victim
Domingo Davis, driveway of 851 25th Street.** . . . . . . . . . . **JA13054**

C-5b.       **Photograph - victim Domingo Davis.** . . . . . . . . . . . . . . . . **JA13055**

C-5d.       **Photograph - victim Domingo Davis.** . . . . . . . . . . . . . . . . **JA13056**

C-6a.       **Photograph - shooting location.** . . . . . . . . . . . . . . . . . . . . . **JA13057**

C-6b.       **Photograph - 25th Street.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA13058**

C-6c.       **Photograph - 25th Street.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA13059**

C-7a.       **Photograph - 25th Street.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA13060**

C-7b.       **Photograph - 25th Street.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA13061**

C-7c.       **Photograph - 25th Street.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA13062**

C-7d.       **Photograph - 25th Street/Food Mart sign.** . . . . . . . . . . . . . **JA13063**

C-8a.       **Photograph - black knit hat (Item 1).** . . . . . . . . . . . . . . . . . **JA13064**

C-8b.       **Photograph - black knit hat.** . . . . . . . . . . . . . . . . . . . . . . . . . **JA13065**

C-8c.       **Photograph - bullet hole, front porch.** . . . . . . . . . . . . . . . . **JA13066**

C-8d.       **Photograph - blood (Item 2).** . . . . . . . . . . . . . . . . . . . . . . . . **JA13067**

C-8e.     **Photograph - bullet hole porch railing of 853 25th Street**........................ **JA13068**

C-8f.     **Photograph - close-up of bullet fragment, railing at 853 25th Street (Item 3)**. . . . . . . . . . . **JA13069**

C-8g.     **Photograph - bullet hole and fragment, front porch (Item 4)**.. . . . . . . . . . . . . . . . . . . . . . **JA13070**

C-8h.     **Photograph - bullet (Item 6)**. . . . . . . . . . . . . . . . . . . . . . . . . **JA13071**

C-8i.     **Photograph - blue sweatshirt (Item 9)**. . . . . . . . . . . . . . . . **JA13072**

C-8j.     **Photograph - close up view of blue sweatshirt**. . . . . . . . **JA13073**

C-8k.     **Photograph - blue earbuds (Item 12)**. . . . . . . . . . . . . . . . **JA13074**

C-8l.     **Photograph - blue earbuds**. . . . . . . . . . . . . . . . . . . . . . . . . **JA13075**

C-8m.     **Photograph - black/grey knit cap (Item 18)**. . . . . . . . . . . **JA13076**

C-8n.     **Photograph - black/grey knit cap**. . . . . . . . . . . . . . . . . . . . **JA13077**

C-9a     **Photograph - bullet hole in side of 853 25th Street**. . . . . **JA13078**

C-9b.     **Photograph - bullet hole in side of 853 25th Street**. . . . . **JA13079**

C-9c.     **Photograph - bullet hole (tag A)**. . . . . . . . . . . . . . . . . . . . **JA13080**

C-9d.     **Photograph - close-up of bullet hole (tag A)**. . . . . . . . . . . **JA13081**

C-9e.        Photograph - bullet holes
             side of 851 25th Street (tag E). . . . . . . . . . . . . . . . . . . . . . . JA13082

C-9f.        Photograph - bullet holes in side
             of 85 l 25th Street (tags B, C, and D).. . . . . . . . . . . . . . . . . JA13083

C-9g.        Photograph - up close bullet hole tag B.. . . . . . . . . . . . . . JA13084

C-9h.        Photograph - up close bullet hole tag C. . . . . . . . . . . . . . JA13085

C-9i.        Photograph - up close bullet hole tag D. . . . . . . . . . . . . . JA13086

C-9j.        Photograph - bullet hole
             railing of 851 25th Street (tag E). . . . . . . . . . . . . . . . . . . . . JA13087

C-9k.        Photograph - up close bullet hole tag E.. . . . . . . . . . . . . . JA13088

C-10a.       Photograph - shell casings (Items 13-17). . . . . . . . . . . . . JA13089

C-10b.       Photograph - cartridge casing (Item 13). . . . . . . . . . . . . . JA13090

C-10c.       Photograph - cartridge casing (Item 14). . . . . . . . . . . . . . JA13091

C-10d.       Photograph - cartridge casing (Item 15). . . . . . . . . . . . . . JA13092

C11-a.       Physical Evidence - cartridge casing (Item 13). . . . . . . . . JA13093

C11-b.       Physical Evidence - cartridge casing(Item 14). . . . . . . . . . JA13094

C11-c.       Physical Evidence - cartridge casing (Item 15). . . . . . . . . JA13095

C-12a.       Photograph - location of
             cartridge casings (Items 16 and 17). . . . . . . . . . . . . . . . . .  JA13096

C-12b.       Photograph - cartridge casing (Item 16). . . . . . . . . . . . . . .  JA13097

C-12c.       Photograph - cartridge casing (Item 17). . . . . . . . . . . . . . .  JA13098

C l3-a.      Physical Evidence - cartridge casing (Item 16). . . . . . . . . .  JA13099

Cl3-b.       Physical Evidence - cartridge casing (Item 17). . . . . . . . . .  JA13100

C14.         Physical Evidence -Glock Firearm (Item 11). . . . . . . . . . . .  JA13101

C-15a.       Photograph - showing
             cartridge casings marked items 19-22.  . . . . . . . . . . . . . . .  JA13102

C-15b.       Photograph - cartridge casing (Item 19). . . . . . . . . . . . . . .  JA13103

C-15c.       Photograph - cartridge casing (Item 20). . . . . . . . . . . . . . .  JA13104

C-15d.       Photograph - cartridge casing (Item 21). . . . . . . . . . . . . . .  JA13105

C-15e.       Photograph - cartridge casing (Item 22). . . . . . . . . . . . . . .  JA13106

C16-a.       Physical Evidence - cartridge case (Item 19). . . . . . . . . . .  JA13107

C16-b.       Physical Evidence - cartridge case (Item 20). . . . . . . . . . .  JA13108

C16-c.       Physical Evidence - cartridge case (Item 21). . . . . . . . . . .  JA13109

C16-d.       Physical Evidence - cartridge case (Item 22). . . . . . . . . . .  JA13110

C-17a.     **Photograph - bullet hole in red truck.** . . . . . . . . . . . . . . . . **JA13111**

C-17b.     **Photograph - bullet hole in red truck.** . . . . . . . . . . . . . . . . **JA13112**

C-17c.     **Photograph - passenger side door of red truck.** . . . . . . . . . **JA13113**

C-17d.     **Photograph - passenger side
door - bullet fragment - red truck.** . . . . . . . . . . . . . . . . . . . . **JA13114**

C-17e.     **Photograph - copper bullet (Item 23).** . . . . . . . . . . . . . . . . **JA13115**

C-17f.     **Photograph - bullet fragment (Item 24).** . . . . . . . . . . . . . . . **JA13116**

C18-a.     **Physical Evidence - copper bullet (Item 23).** . . . . . . . . . . . **JA13117**

C18-b.     **Physical Evidence - bullet fragment (Item 24).** . . . . . . . . . **JA13118**

C18-c.     **Physical Evidence - bullet recovered -
near victim, Jada Richardson's feet (Item 6).** . . . . . . . . . . . **JA13119**

C-18d.     **Physical Evidence - copper jacketed bullet
recovered from porch railing at 853 25th St. (Item 3).** . . . . . **JA13120**

C18-e.     **Physical Evidence - copper
jacketed bullet recovered from porch
railing on steps of 853 25th St. (Item 4).** . . . . . . . . . . . . . . **JA13121**

C18-f.     **Physical Evidence - copper jacketed
bullet recovered from inside door panel of
white car in driveway of 851 25th Street (Item 25).** . . . . . . . **JA13122**

C18-g.      Physical Evidence - copper
            fragment from sofa mattress
            inside 853 25th Street (Item 26)........................ JA13123

C-19a.      Photograph - bullet hole in car........................ JA13124

C-19b.      Photograph - bullet hole in car........................ JA13125

C-19c.      Photograph - close up of driver's door................. JA13126

C-19d.      Photograph - inside driver's door...................... JA13127

C-19e.      Photograph - copper jacketed bullet (Item 25)........... JA13128

C-19f.      Photograph - door panel of car......................... JA13129

C-21a.      Photograph - front of 853 25th Street.................. JA13130

C-21b.      Photograph - bullet hole above window................. JA13131

C-21c.      Photograph - external bullet hole above window........ JA13132

C-21d.      Photograph - bullet hole from
            inside living area 853 25th Street..................... JA13133

C-21e.      Photograph - bullet hole from
            inside living area 853 25th Street..................... JA13134

C-21f.      Photograph - bullet hole in foyer 853 25th Street....... JA13135

C-21g.      Photograph - bullet hole
            behind sofa in 853 25th Street........................ JA13136

C-21h.  Photograph - bullet hole
        behind sofa in 853 25th Street. . . . . . . . . . . . . . . . . . . . . . . JA13137

C-21i.  Photograph - mattress with bullet fragment. . . . . . . . . . . JA13138

C-21j.  Photograph - mattress cut open. . . . . . . . . . . . . . . . . . . . JA13139

C-21k.  Photograph - bullet fragment from mattress. . . . . . . . . . . JA13140

C-21l.  Photograph - close up of
        bullet fragment from mattress. . . . . . . . . . . . . . . . . . . . . JA13141

C-21m.  Photograph - bullet hole. . . . . . . . . . . . . . . . . . . . . . . . . JA13142

C-21n.  Photograph - bullet hole near standing mirror. . . . . . . . . JA13143

C-21o.  Photograph - trajectory rod in
        bullet hole near standing mirror. . . . . . . . . . . . . . . . . . . JA13144

C-21p.  Photograph - bullet holes. . . . . . . . . . . . . . . . . . . . . . . . JA13145

C-21q.  Photograph - bullet hole. . . . . . . . . . . . . . . . . . . . . . . . . JA13146

C-21r.  Photograph - bullet hole (tag A). . . . . . . . . . . . . . . . . . . JA13147

C-21s.  Photograph - bullet hole (tag B). . . . . . . . . . . . . . . . . . . JA13148

C-21t.  Photograph - bullet hole (tag E). . . . . . . . . . . . . . . . . . . JA13149

C-21u.  Photograph - bullet hole (tag E). . . . . . . . . . . . . . . . . . . JA13150

C-23a.  Photograph - front of 851 25th Street. . . . . . . . . . . . . . . JA13151

C-23b.      Photograph - foyer of 851 25th Street. . . . . . . . . . . . . . . . . JA13152

C-23c.      Photograph - bullet holes in foyer. . . . . . . . . . . . . . . . . . . JA13153

C-23d.      Photograph - bullet hole in living room. . . . . . . . . . . . . . JA13154

C-23e.      Photograph - bullet hole in living room. . . . . . . . . . . . . . JA13155

C-23f.      Photograph - trajectory rod
            in bullet hole in living room. . . . . . . . . . . . . . . . . . . . . . . JA13156

C-23g.      Photograph - bullet hole in back of couch. . . . . . . . . . . . JA13157

C-23h.      Photograph - bullet hole in wall behind couch. . . . . . . . . JA13158

C-23i.      Photograph - measurement
            bullet hole in wall behind couch. . . . . . . . . . . . . . . . . . . JA13159

C-23j.      Photograph - bullet hole in wall below mirror. . . . . . . . . JA13160

C-23k.      Photograph - measurement
            bullet hole in wall below mirror . . . . . . . . . . . . . . . . . . . . JA13161

C-24.       ATF Form 4473 - Glock Firearm. . . . . . . . . . . . . . . . . . . . JA13162

C-25a.      Photograph - Timothy Smith. . . . . . . . . . . . . . . . . . . . . . . JA13165

C-25b.      Photograph - Armani Branch. . . . . . . . . . . . . . . . . . . . . . . JA13166

C-29.       Certificate of Analysis - 5-24-17
            NIBIN associations Glock Firearm. . . . . . . . . . . . . . . . . . . JA13167

C-30.        Certificate of Analysis - 6-14-17
             Supp. Report, NIBIN confirmations. . . . . . . . . . . . . . . . . JA13169

C-31.        Certificate of Analysis - 4-29-15 Cartridge casings. . . . . . . JA13180

C-32.        Certificate of Analysis -
             6-8-15 Bullets and cartridge casings. . . . . . . . . . . . . . . . . JA13182

C-33.        Autopsy Report - Domingo Davis. . . . . . . . . . . . . . . . . . . JA13185

C-34d        Photograph - victim Domingo Davis. . . . . . . . . . . . . . . . . JA13194

C-34f.       Photograph - x-ray of bullet in
             shoulder of victim Domingo Davis. . . . . . . . . . . . . . . . . . JA13195

C-34j.       Photograph - abrasions,
             victim Domingo Davis. . . . . . . . . . . . . . . . . . . . . . . . . . . JA13196

C-34k.       Photograph - bullet
             wound, victim Domingo Davis. . . . . . . . . . . . . . . . . . . . . JA13197

C-34m.       Photograph - bullet recovered
             from autopsy of victim Domingo Davis. . . . . . . . . . . . . . JA13198

C35.         Physical Evidence - bullet from
             autopsy of victim Domingo Davis (Item 101). . . . . . . . . . JA13199

C-36.        Autopsy Report - Jada Richardson. . . . . . . . . . . . . . . . . . JA13200

C-37d.       Photograph - victim Jada Richardson. . . . . . . . . . . . . . . . JA13209

C-37g.     Photograph - x-ray right side
           of skull, victim Jada Richardson.. . . . . . . . . . . . . . . . . . . . JA13210

C-37h.     Photograph - x-ray frontal view
           of skull, victim Jada Richardson.. . . . . . . . . . . . . . . . . . . . JA13211

C-37j.     Photograph - entry,
           head wound, victim Jada Richardson. . . . . . . . . . . . . . . . JA13212

C-37l.     Photograph - exit wound, victim Jada Richardson.. . . . . . JA13213

C-39.      Certificate of Analysis dated
           6-4-15 Hats, swabs, bloodstain cards. . . . . . . . . . . . . . . . . JA13214

C-39a.     Certificate of Analysis dated 3-8-18 DNA. . . . . . . . . . . . . JA13217

C-40.      Certificate of Analysis dated
           8-4-17 Buccal swabs, ear buds.. . . . . . . . . . . . . . . . . . . . . . . JA13219

C-41.      Certificate of Analysis
           dated 8-21-19 DNA/Buccal Swabs. . . . . . . . . . . . . . . . . . . JA13259

C-44.      Still shot photograph from video of crime scene.. . . . . . . JA13261

C-46.      Photographs of Jada Richardson
           and Domingo Davis.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA13262

C-47.      Certificate of Analysis 6-15-17 Ballistics. . . . . . . . . . . . . . JA13263

C-48.      Photograph - Jada Richardson
           and Domingo Davis.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA13265

C-49.  Photograph - Domingo Davis. . . . . . . . . . . . . . . . . . . . . . JA13266

C-50.  Excerpt Facebook message. . . . . . . . . . . . . . . . . . . . . . . JA13267

C-51.  Excerpt Facebook. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA13268

D-1.  Certificate of Analysis 10-13-15 Drugs.. . . . . . . . . . . . . . JA13274

D-2.  Photograph - drugs (image 1214
      and 1215 from NNPD report 2015-56499). . . . . . . . . . . . JA13275

D-2a.  Photographs - firearm Serial no. A194514. . . . . . . . . . . . JA13277

E-1.  Plea Agreement - Jamaree Green. . . . . . . . . . . . . . . . . . . JA13280

E-1a.  Plea Agreement - Jamaree Green Ex. l. . . . . . . . . . . . . . . JA13291

E-2.  Plea Agreement - Jarrell Atkins. . . . . . . . . . . . . . . . . . . . JA13296

E-3.  Plea Agreement - Shaquone Ford.. . . . . . . . . . . . . . . . . . JA13309

E-4.  Plea Agreement - Deshawn Shields.. . . . . . . . . . . . . . . . JA13323

E-8.  Statement of Facts - Xavier Greene. . . . . . . . . . . . . . . . JA13336

E-8a.  Judgment - Xavier Greene.. . . . . . . . . . . . . . . . . . . . . . . JA13341

E-9.  Plea Agreement - Endyia Washington.. . . . . . . . . . . . . . JA13347

E-11.  Plea Agreement - Raquille Jackson. . . . . . . . . . . . . . . . . JA13359

E-13.  Plea Agreement - Eric Edmunds.. . . . . . . . . . . . . . . . . . JA13373

E-13a.      Statement of Facts - Eric Edmunds. . . . . . . . . . . . . . . . . . . JA13388

E-14.      Plea Agreement - Jerrod Pemberton. . . . . . . . . . . . . . . . . JA13396

E-15.      Photograph - Jarrell Atkins. . . . . . . . . . . . . . . . . . . . . . . . . JA13412

E-16.      Plea Agreement - Corey Sweetenburg. . . . . . . . . . . . . . . . JA13413

E-17.      Photograph - Kierra Mitchell. . . . . . . . . . . . . . . . . . . . . . JA13427

E-19.      Photograph - Daymond Sowell. . . . . . . . . . . . . . . . . . . . . JA13428

E-20.      Photograph - Giovanni Douglas. . . . . . . . . . . . . . . . . . . . . JA13429

E-21.      Photograph - Tristan Stokes. . . . . . . . . . . . . . . . . . . . . . . JA13430

E-23.      Photograph - Xavier Greene. . . . . . . . . . . . . . . . . . . . . . . JA13431

E-24.      Photograph - Steven Harris. . . . . . . . . . . . . . . . . . . . . . . . JA13432

E-26.      Photograph - Martin Hunt. . . . . . . . . . . . . . . . . . . . . . . . . JA13433

E-27.      Photograph - Corey Sweetenburg. . . . . . . . . . . . . . . . . . . JA13434

E-28.      Photograph - Shaquone Ford. . . . . . . . . . . . . . . . . . . . . . JA13435

E-29.      Photograph - Jamaree Greene. . . . . . . . . . . . . . . . . . . . . . JA13436

E-30.      Photograph - Deshawn Shields. . . . . . . . . . . . . . . . . . . . . JA13437

E-31.      Photograph - Endyia Washington. . . . . . . . . . . . . . . . . . . JA13438

E-32.      Photograph - Mariah Walker. . . . . . . . . . . . . . . . . . . . . . . JA13439

E-33.      Photograph - Eric Edmunds. . . . . . . . . . . . . . . . . . . . . . . JA13440

E-34.      Photograph - Rayquan Turner. . . . . . . . . . . . . . . . . . . . . . JA13441

E-35.      Photograph - Quantavius Durham.. . . . . . . . . . . . . . . . . . JA13442

E-36.      Photograph - Raquille Jackson. . . . . . . . . . . . . . . . . . . . . JA13443

E-37.      Photograph - Eric Nixon. . . . . . . . . . . . . . . . . . . . . . . . . . JA13444

E-39.      Photograph - Darrell Pittman. . . . . . . . . . . . . . . . . . . . . . JA13445

E-41.      Photograph - Jeremiah Smith. . . . . . . . . . . . . . . . . . . . . . JA13446

E-42.      Photograph - Jamaar Thomas. . . . . . . . . . . . . . . . . . . . . . JA13447

E-48.      Photograph - Raymond Palmer. . . . . . . . . . . . . . . . . . . . . JA13448

E-54.      Photograph - Yamasha Jones.. . . . . . . . . . . . . . . . . . . . . . JA13449

E-59.      36th Street Roster and photos. . . . . . . . . . . . . . . . . . . . . . JA13450

E-60.      Statement of Facts -Giovanni Douglas. . . . . . . . . . . . . . . JA13523

E-60a.     Judgment - Giovanni Douglas. . . . . . . . . . . . . . . . . . . . . . JA13527

# TABLE OF CONTENTS
## Volume XXXV of XLVII - Exhibits

Page:

E-64.        Excerpts from Steven Harris' Facebook Account. . . . . . .  JA13533

E-64a.       Excerpt from Steven Harris' Facebook Account. . . . . . . .  JA13947

## TABLE OF CONTENTS
### Volume XXXVI of XLVII - Exhibits

Page:

E-65a.     Excerpt from M. Hunt's Facebook Acct.. . . . . . . . . . . . . .  JA13976

E-65B.     Excerpt Martin Hunt Facebook Acct.. . . . . . . . . . . . . . . .  JA13995

E-66.      Excerpts from Eric Nixon 's Facebook Account.. . . . . . . .  JA14061

E-67.      Excerpts from
           Corey Sweetenburg's Facebook Account.. . . . . . . . . . . .  JA14186

E-67a.     Excerpt - Corey Sweetenburg's Facebook Account.. . . . .  JA14220

E-67b.     Excerpt - Corey Sweetenburg's Facebook Acct.. . . . . . .  JA14282

E-67C.     Excerpt - Corey Sweetenburg's Facebook Acct.. . . . . . .  JA14286

# TABLE OF CONTENTS
## Volume XXXVII of XLVII - Exhibits

Page:

E-68.        Excerpts from Ryan Taybron 's Facebook Account. . . . .   JA14412

E-68a.       Excerpt - Ryan Taybron 's Facebook Account. . . . . . . . .   JA14502

E-68B.       Excerpt - Ryan Taybron's Facebook Account.  . . . . . . . . .   JA14562

E-73b.       Screenshot from "Laylow" video.. . . . . . . . . . . . . . . . . . . . JA14579

E-86.        Photograph - "Lil Store". . . . . . . . . . . . . . . . . . . . . . . . . . JA14583

E-87.        Photograph - 404 Greenbriar Ave. Newport News.. . . . .   JA14584

E-88.        Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14585

E-88a.       Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14586

E-88b.       Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14587

E-88c.       Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14588

E-88d.       Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14589

E-89.        Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14590

E-89a.       Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14591

E-90.        Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14592

E-91.     Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14593

E-92.     Photograph - Graffiti. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14594

E-93.     Photograph - Tattoos. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14595

E-93a.    Photograph - Tattoos. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14596

E-94.     Map -Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14597

E-94a.    Map - Newport News area. . . . . . . . . . . . . . . . . . . . . . . . . JA14598

E-94b.    Map - Newport News area. . . . . . . . . . . . . . . . . . . . . . . . . JA14599

E-95.     Facebook photo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14600

E-96.     Facebook photos. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14601

E-99.     Facebook photo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14605

E-100.    Face book photos. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14606

E-101.    Facebook photos. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14608

E-102.    Plea Agreement - Armani Branch. . . . . . . . . . . . . . . . . . . . JA14610

E-103.    Plea Agreement - Johnell Stepney. . . . . . . . . . . . . . . . . . . JA14624

E-104     Dept. of Corrections Records Devonni Douglas. . . . . . . . JA14632

E-105.    Chain of Custody Report. . . . . . . . . . . . . . . . . . . . . . . . . . . JA14636

G-1.      NNPD vicinity map - 1129 42nd Street. . . . . . . . . . . . . . .  JA14639

G-2a.     Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA14640

G-2b.     Satellite Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA14641

G-3a.     Photograph - 1129 42nd St., Newport News. . . . . . . . . . .  JA14642

G-3b.     Photograph - 1129 42nd St., Newport News. . . . . . . . . . .  JA14643

G-3c.     Photograph - close-up
          view of window on Nissan Xterra. . . . . . . . . . . . . . . . . . . .  JA14644

G-3e.     Photograph - bullet hole in roof of Nissan Xterra. . . . . . .  JA14645

G-3f.     Photograph - front door of residence. . . . . . . . . . . . . . . . .  JA14646

G-3i.     Photograph - bullet hole in screen door. . . . . . . . . . . . . .  JA14647

G4.       Physical Evidence - (17) cartridge casings (Item 1). . . . . . .  JA14648

G6.       Physical Evidence - (3) bullets;
          one 9mm bullet and two .380 bullets (Item 2). . . . . . . . . .  JA14649

G-7.      Certificate of Analysis
          dated 6- 19-15 bullets/casings. . . . . . . . . . . . . . . . . . . . . . .  JA14650

## KEVONNE TURNER HOMICIDE

H-1.      NNPD Vicinity Map - 3612 Madison Avenue. . . . . . . . . .  JA14652

H-1a.     Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA14653

H-1b.     Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14654

H-3.      Certificate of Analysis
          dated 6-28-15 Cartridge casings and bullets. . . . . . . . . . . JA14655

H-7a.     Still shot photograph from video clip 1. . . . . . . . . . . . . . . JA14657

H-11.     Photograph - H & H Food Mart. . . . . . . . . . . . . . . . . . . . . JA14658

H-11a.    Photograph - front door H & H Food Mart. . . . . . . . . . . . JA14659

## SONIC SHOOTING

I-1a.     Map of scene shown to M. Valdez. . . . . . . . . . . . . . . . . . . . JA14660

I-1 b.    Written Map of scene shown to M. Valdez.  . . . . . . . . . . . JA14661

I-2a.     Area Map of Sonic restaurant. . . . . . . . . . . . . . . . . . . . . . . JA14662

I-2b.     Satellite view of Sonic restaurant. . . . . . . . . . . . . . . . . . . . JA14663

I-3a.     Photograph - Sonic restaurant,
          200 Floyd Thompson Drive, Hampton. . . . . . . . . . . . . . . . JA14664

I-3b.     Photograph -
          Sonic restaurant / cartridge casings in street. . . . . . . . . . . JA14665

I-3c.     Photograph -
          Sonic restaurant / cartridge casing in street.. . . . . . . . . . . JA14666

I-3d.     Photograph - Sonic restaurant facing Derby Run. . . . . . . JA14667

1-3e.        Photograph - street in front of
             Sonic restaurant / cartridge casings in street. . . . . . . . . . . JA14668

I-4a.        Photograph - bullet fragment (Item 2). . . . . . . . . . . . . . . JA14669

l-4b.        Photograph -
             Street showing cartridge casings (Items 3-19). . . . . . . . . JA14670

I-4c.        Photograph - close up of Items 3-19. . . . . . . . . . . . . . . . . JA14671

I-4d.        Photograph - street showing
             marking of items 10-19.. . . . . . . . . . . . . . . . . . . . . . . . . . JA14672

I-4e.        Photograph - street showing
             location of cartridge casings items 3-19. . . . . . . . . . . . . . JA14673

l-4f.        Photograph - street showing
             location of cartridge casings items 3-7. . . . . . . . . . . . . . . JA14674

I-5a.        Photograph - bullet fragment (Item 2). . . . . . . . . . . . . . . JA14675

I-5b.        Photograph - ACP 98 9mm
             Luger cartridge case (Item 3). . . . . . . . . . . . . . . . . . . . . . JA14676

I-5c.        Photograph - 9mm Luger cartridge case (Item 4). . . . . . . . JA14677

I-5d.        Photograph - 9mm cartridge case (Item 5). . . . . . . . . . . . JA14678

I-5e.        Photograph - 9mm cartridge case (Item 6). . . . . . . . . . . . JA14679

I-5f.        Photograph - 9mm cartridge case (Item 7). . . . . . . . . . . . JA14680

1-5g.        Photograph - 9mm cartridge case (Item 8). . . . . . . . . . . . . JA14681

I-5h.        Photograph - 9mm Luger cartridge case (Item 9). . . . . . . JA14682

I-5i.        Photograph - 9mm cartridge case (Item 10). . . . . . . . . . . . JA14683

I-5j.        Photograph - 9mm Luger cartridge case (Item 11). . . . . . JA14684

I-5k.        Photograph - 9mm cartridge case (Item 12). . . . . . . . . . . . JA14685

I-5l.        Photograph - 9mm cartridge case (Item 13). . . . . . . . . . . . JA14686

I-5m.        Photograph - 9mm Luger cartridge case (Item 14). . . . . . JA14687

I-5n.        Photograph - 9mm Luger cartridge case (Item 15). . . . . . JA14688

I-5o.        Photograph - 9mm cartridge case (Item 16). . . . . . . . . . . . JA14689

I-5p.        Photograph - 9mm cartridge case (Item 17). . . . . . . . . . . . JA14690

I-5q.        Photograph - 9mm cartridge case (Item 18). . . . . . . . . . . . JA14691

I-5r.        Photograph - 9mm cartridge case (Item 19). . . . . . . . . . . . JA14692

I6-a.        Physical Evidence - bullet fragment (Item 2). . . . . . . . . . . JA14693

I6-b.        Physical Evidence -
             9mm Luger cartridge case (Item 3). . . . . . . . . . . . . . . . . . . . JA14694

I6-c.        Physical Evidence -
             9mm Luger cartridge case (Item 4). . . . . . . . . . . . . . . . . . . . JA14695

I6-d.       Physical Evidence - 9mm cartridge case (Item 5). . . . . . . . JA14696

I6-e.       Physical Evidence - 9mm cartridge case (Item 6). . . . . . . JA14697

I6-f.       Physical Evidence - 9mm cartridge case (Item 7). . . . . . . JA14698

I6-g.       Physical Evidence - 9mm cartridge case (Item 8). . . . . . . JA14699

I6-h.       Physical Evidence -
            9mm Luger cartridge case (Item 9). . . . . . . . . . . . . . . . . . . JA14700

I6-i.       Physical Evidence - 9mm cartridge case (Item 10). . . . . . JA14701

I6-j.       Physical Evidence -
            9mm Luger cartridge case (Item 11). . . . . . . . . . . . . . . . . . JA14702

I6-k.       Physical Evidence - 9mm cartridge case (Item 12). . . . . . JA14703

I6-l.       Physical Evidence - 9mm cartridge case (Item 13). . . . . . JA14704

I6-m.       Physical Evidence -
            9mm Luger cartridge case (Item 14). . . . . . . . . . . . . . . . . . JA14705

I6-n.       Physical Evidence -
            9mm Luger cartridge case (Item 15). . . . . . . . . . . . . . . . . . JA14706

I6-o.       Physical Evidence - 9mm cartridge case (Item 16). . . . . . JA14707

I6-p.       Physical Evidence - 9mm cartridge case (Item 17). . . . . . JA14708

I6-q.       Physical Evidence - 9mm cartridge case (Item 18). . . . . . JA14709

I6-r.     **Physical Evidence - 9mm cartridge case (Item 29).** . . . . . . . **JA14710**

I-7a.     **Photograph - Todd's Lane off-ramp.** . . . . . . . . . . . . . . . . . **JA14711**

I-7b.     **Photograph - traffic stop of Honda Civic.** . . . . . . . . . . . . **JA14712**

I-7c.     **Photograph - rear of Honda Civic.** . . . . . . . . . . . . . . . . . **JA14713**

I-7d.     **Photograph - front of Honda Civic.** . . . . . . . . . . . . . . . . . **JA14714**

I-7e.     **Photograph - driver's side of Honda Civic.** . . . . . . . . . . . **JA14715**

I-7f.     **Photograph - bullet hole in
driver's side of Honda Civic.** . . . . . . . . . . . . . . . . . . . . . . . **JA14716**

I-8a.     **Photograph - cartridge casing on
shoulder of road near Honda Civic.** . . . . . . . . . . . . . . . . . **JA14717**

I-8c.     **Photograph - up close of cartridge casing.** . . . . . . . . . . . . **JA14718**

I-9a.     **Photograph - firearm on
driver's side of dashboard (Item 28).** . . . . . . . . . . . . . . . . **JA14719**

I-9b.     **Photograph - view of firearm
from opposite side of vehicle.** . . . . . . . . . . . . . . . . . . . . . . **JA14720**

I-9c.     **Photograph - firearm on dashboard.** . . . . . . . . . . . . . . . . **JA14721**

I-9d.     **Photograph - two firearms on front
passenger side floorboard (Items 26 and 27).** . . . . . . . . . . . **JA14722**

I-9e.     **Photograph - firearms on passenger floorboard.** . . . . . . . . **JA14723**

**-cii-**

I-9f.    Photograph - firearms on
         passenger floorboard closer view.................... JA14724

I-9g.    Photograph - extended magazine on
         floor in front of driver's seat (Item 28)................ JA14725

I-9h.    Photograph - close up view
         of extended magazine on floor........................ JA14726

I-9i.    Photograph - cartridge from
         driver's floorboard under seat (Item 30). ............. JA14727

I-9j.    Photograph - close up view of cartridge. ............. JA14728

I-10a.   Photograph - cover sheet -
         Kel-Tec firearm (Item 27).......................... JA14729

I-10b.   Photograph - Kel-Tec 9mm semi-auto w/magazine...... JA14730

I-10c.   Photograph - Kel-Tec serial number. ................ JA14731

I-10d.   Photograph - cover sheet
         Smith & Wesson revolver (Item 26)................... JA14732

I-10e.   Photograph - Smith & Wesson revolver. ............. JA14733

I-10f.   Photograph -
         brand mark Smith & Wesson revolver. .............. JA14734

I-10g.   Photograph -
         loaded cylinder in Smith & Wesson revolver.......... JA14735

I-10h.       Photograph - cover sheet Ruger 9mm (Item 28). . . . . . . . . JA14736

I-10i.       Photograph - Ruger 9mm. . . . . . . . . . . . . . . . . . . . . . . . . . . JA14737

I-10j.       Photograph -
             Ruger 9mm trigger guard w/serial number. . . . . . . . . . . JA14738

I-10k.       Photograph -
             extended magazines found in 9mm Ruger. . . . . . . . . . . . JA14739

I-10l.       Photograph - extended magazine found
             with 9mm Ruger w/cartridges unloaded. . . . . . . . . . . . . . JA14740

I11-a.       Physical Evidence - FC 9mm Luger
             cartridge case from shoulder (Item 25). . . . . . . . . . . . . . . JA14741

I11-b.       Physical Evidence -
             Smith & Wesson revolver (Item 26). . . . . . . . . . . . . . . . . . JA14742

I11-d.       Physical Evidence -
             Kel-Tec 9mm semi-auto (Item 27). . . . . . . . . . . . . . . . . . . JA14744

I11-e.       Physical Evidence - Ruger 9mm
             w/extended magazine (Item 28). . . . . . . . . . . . . . . . . . . . . JA14746

I11-f.       Physical Evidence - WIN 9mm cartridge
             from driver's side floorboard (Item 30). . . . . . . . . . . . . . . JA14748

I12-a.       Physical Evidence - Taurus Revolver (Item 1). . . . . . . . . . JA14749

I12-b.       Physical Evidence -
             (5) .38 cartridge casings (Item 2). . . . . . . . . . . . . . . . . . . . JA14750

I12-c.      Physical Evidence - (3) .40 caliber
            Hornady cartridge casings (Item 1). . . . . . . . . . . . . . . . . . JA14751

I-13.       Certificate of Analysis - 7-30-15
            Re: Cartridge casings and firearms. . . . . . . . . . . . . . . . . JA14752

I-14.       Certificate of Analysis -
            7-24-15 Re: Primer Residue kit. . . . . . . . . . . . . . . . . . . . . JA14755

I-15.       Certificate of Analysis - 8-7-16
            Re: Buccal swabs from Raquille
            Jackson and swab of trigger Ruger pistol. . . . . . . . . . . . . JA14757

I-18a.      Photograph - firearm floorboard
            of vehicle; NNPD Report 2015-53921. . . . . . . . . . . . . . . . . JA14759

I-18b.      Photograph - Taurus
            firearm NNPD Report 2015-53921. . . . . . . . . . . . . . . . . . . JA14760

I-18c.      Photograph - Firearm Serial
            Number NNPD Report 2015-53921. . . . . . . . . . . . . . . . . . JA14761

I-18d.      Photograph -
            Firearm and bullets NNPD 2015-53921. . . . . . . . . . . . . . JA14762

I-19.       Certificate of Analysis - 7-30-15
            Re: .40 caliber Smith & Wesson cartridge casings. . . . . . . JA14763

I-20.       Certificate of Analysis - 8-11-15
            Re: .40 caliber Smith & Wesson cartridge casings. . . . . . . JA14764

I-22a.      Still shot from video. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14765

## SOLO MART SHOOTING

K-1.      Crime Scene Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14766

K-2a.     Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14767

K-2b.     Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14768

K-3a.     Photograph - Solo Mart exterior. . . . . . . . . . . . . . . . . . . . . JA14769

K-3c.     Photograph - bullet hole in
          front door of Solo Mart. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14770

K-3e.     Photograph - close-up -
          bullet damage to Solo Mart roof. . . . . . . . . . . . . . . . . . . . JA14771

K-3g.     Photograph - close-up -
          bullet damage to Solo Mart roof. . . . . . . . . . . . . . . . . . . . JA14772

K-3i.     Photograph - close-up -
          bullet hole in Solo Mart door. . . . . . . . . . . . . . . . . . . . . . . JA14773

K-3j.     Photograph - close-up
          bullet hole in Solo Mart door from interior. . . . . . . . . . . . JA14774

K-3k.     Photograph - main aisle of Solo Mart. . . . . . . . . . . . . . . . JA14775

K-3l.     Photograph - main aisle of
          Solo Mart - closer to shrapnel found on floor. . . . . . . . . . JA14776

K-3m.     Photograph - bullet shrapnel. . . . . . . . . . . . . . . . . . . . . . . JA14777

K-3n.     Photograph - floor of
          Solo Mart where bullet was recovered. . . . . . . . . . . . . . . JA14778

K-3p.     Photograph -
          bullet recovered from floor of Solo Mart. . . . . . . . . . . . JA14779

K-3q.     Photograph - store surveillance
          showing male subjects inside store. . . . . . . . . . . . . . . . . . JA14780

K-3r.     Photograph - victim Jasmine Person. . . . . . . . . . . . . . . . JA14781

K-3s.     Photograph -
          injury from shrapnel to Person's neck. . . . . . . . . . . . . . . . JA14782

K-3t.     Photograph -
          injury from shrapnel to Person's finger.. . . . . . . . . . . . . . JA14783

K4-a.     Physical Evidence - Shrapnel. . . . . . . . . . . . . . . . . . . . . . JA14784

K4-b.     Physical Evidence - Bullet. . . . . . . . . . . . . . . . . . . . . . . . . JA14785

K5.       Physical Evidence -
          Taurus Firearm Serial No.: NFT67572. . . . . . . . . . . . . . . JA14786

K-6.      ATF Lab Report dated 2-29-16
          Taurus pistol, copper jacketed
          bullet and copper bullet jacket fragment. . . . . . . . . . . . . JA14788

K-9a.     Still shot photograph from video clip 3.. . . . . . . . . . . . . . JA14790

## SOUTHERN POLICE EQUIPMENT

L-1a.     Area Map - SPE Burglary.............................. JA14791

L-1b.     Satellite view - SPE Burglary. ...................... JA14792

L-2a.     Area Map - 404 Greenbriar Ave...................... JA14793

L-2b.     Satellite view - 404 Greenbriar Ave.. ................. JA14794

L-2c.     Satellite view - SPE & 7-11. ........................ JA14795

L-3a.     Area Map - Economy Inn. .......................... JA14796

L-3b.     Satellite view - Economy Inn. ...................... JA14797

L-4a.     Area Map - 4507 Marshall........................... JA14798

L-4b.     Satellite view - 4507 Marshall....................... JA14799

L-5a.     Photograph - rear of
          Southern Police Equipment building. ................ JA14800

L-5b.     Photograph - close-up of missing power meter. ........ JA14801

L-5c.     Photograph - back of
          Southern Police Equipment building w/pallets......... JA14802

L-5d.     Photograph - close-up view of pallets. ............... JA14803

L-5e.     Photograph - toppled merchandise displays. .......... JA14804

L-5f.    Photograph - toppled merchandise displays.  . . . . . . . . . . JA14805

L-5g.    Photograph -
         shattered gun display case and hammer. . . . . . . . . . . . . . JA14806

L-5h.    Photograph -
         shattered gun display case - missing guns. . . . . . . . . . . . JA14807

L-5i.    Photograph - assault rifles on wall. . . . . . . . . . . . . . . . . . . JA14808

L-5j.    Photograph - close-up of
         spaces for missing assault rifles. . . . . . . . . . . . . . . . . . . . . JA14809

L-5k.    Photograph - hole in wall from removed A/C unit. . . . . . JA14810

L-5l.    Photograph - hole in wall from removed A/C unit. . . . . . JA14811

L-5m.    Photograph - footprint on toppled display case. . . . . . . . . JA14812

L-5n.    Photograph - exterior of hole in wall. . . . . . . . . . . . . . . . . JA14813

L-5o.    Photograph - footprint on roof. . . . . . . . . . . . . . . . . . . . . . JA14814

L-5p.    Photograph - close-up - exterior hole in wall. . . . . . . . . . . JA14815

L-5q.    Photograph - footprint near hole in wall. . . . . . . . . . . . . . JA14816

L-5r.    Photograph - removed power meter. . . . . . . . . . . . . . . . . . JA14817

L-5s.    Photograph - close-up - removed power meter.  . . . . . . . . JA14818

L-6a.    Photograph - still shot from
         surveillance inside Southern Police
         Equipment showing male w/multiple guns. . . . . . . . . . . JA14819

L-6b.    Photograph - still shot from
         surveillance inside Southern Police
         Equipment showing male with flashlight. . . . . . . . . . . . JA14820

L-7a.    Photograph - still shot from
         7-11 store surveillance showing
         multiple females w/blue Dodge Avenger. . . . . . . . . . . . . JA14821

L-7b.    Photograph - still shot from 7- 11 store
         surveillance showing close-up of blonde female. . . . . . . JA14822

L-8a .   Photograph - Economy Inn door to room 249. . . . . . . . . . JA14823

L-8b .   Photograph - Economy Inn inside room 249. . . . . . . . . . . JA14824

L-8c.    Photograph - Economy Inn - bed. . . . . . . . . . . . . . . . . . JA14825

L-8d.    Photograph - Economy Inn -
         Taurus PT845 found on bed (Item 4). . . . . . . . . . . . . . . . JA14826

L-8e.    Photograph - serial number of Taurus PT845. . . . . . . . . . JA14827

L-8f.    Photograph -
         Endyia Washington's wallet and ID (Item 35). . . . . . . . . JA14828

L-8h.    Photograph - box of Winchester 9mm cartridges. . . . . . . JA14829

L-8i.      Photograph -
           firearms found under bed (Items 1, 2 and 3). . . . . . . . . . . JA14830

L-8k.      Photograph -
           Beretta handgun, serial no. BER648408. . . . . . . . . . . . . . . JA14831

L-8l.      Photograph - HK 40 S& W
           handgun w/loaded magazine (Item 2). . . . . . . . . . . . . . . . JA14832

L-8m.      Photograph - HK 40 S&W
           serial number 22-109860.. . . . . . . . . . . . . . . . . . . . . . . . . . . JA14833

L-8o.      Photograph - Beretta serial number BER648496. . . . . . . . . JA14834

L-8p.      Photograph - Windham assault rifle, (Item 5). . . . . . . . . . JA14835

L-8q.      Photograph -
           Item 5 - loaded assault rifle magazine. . . . . . . . . . . . . . . . . JA14836

L-8r.      Photograph -
           assault rifle serial number YE002085. . . . . . . . . . . . . . . . . . JA14837

L-8s.      Photograph - - black purse
           containing (28) x .40 caliber cartridges
           and (35) x .45 caliber cartridges (Item 19). . . . . . . . . . . . . JA14838

L-8t.      Photograph - cartridges contained in black purse. . . . . . . JA14839

L-8v.      Photograph -
           cartridges and shells in green Crown Royal bag. . . . . . . . JA14840

L-8w.        Photograph -
             Mariah Walker's VA ID card (Item 33). . . . . . . . . . . . . . . JA14841

L-8x.        Photograph - Mariah Walker's VA ID. . . . . . . . . . . . . . . . JA14842

L-8y.        Photograph - wallet containing
             Deshawn Shields VA ID card (Item 35). . . . . . . . . . . . . . JA14843

L-8z.        Photograph - bulletproof vest on desk (Item 12). . . . . . . . JA14844

L-9a.        Photograph - Economy Inn sign. . . . . . . . . . . . . . . . . . . . JA14845

L-9b.        Photograph - Economy Inn outside of lobby. . . . . . . . . . JA14846

L-9c.        Photograph - Economy Inn front
             of blue Dodger Avenger parked in lot. . . . . . . . . . . . . . . . JA14847

L-9d.        Photograph - Economy Inn back
             of blue Dodge Avenger parked in lot. . . . . . . . . . . . . . . . . JA14848

L-10a.       Photograph - bag containing
             firearms recovered in yard at
             406 Greenbriar (ATF Items 001 thru 004). . . . . . . . . . . . . JA14849

L-10b.       Photograph - American Tactical
             AK-47 rifle, found in trash can in
             backyard of 404 Greenbriar (ATF Item 008). . . . . . . . . . . JA14850

L-10c.       Photograph - red & white
             tablecloth on table in kitchen 404 Greenbriar. . . . . . . . . . JA14851

**L-10d.**      **Photograph - surveillance camera and**
             **barred windows on front of 404 Greenbriar**. . . . . . . . . . . **JA14852**

**L11-a.**     **Physical Evidence - Beretta**
             **handgun, Serial No. BER648408 (Item 1)**. . . . . . . . . . . . . **JA14853**

**L11-b.**     **Physical Evidence - HK 40 S& W**
             **handgun, Serial No. 22-109860 (Item 2)**. . . . . . . . . . . . . . **JA14855**

**L11-c.**     **Physical Evidence- Beretta**
             **handgun, Serial No. BER648496 (Item 3)**. . . . . . . . . . . . . **JA14857**

**L11-e.**     **Physical Evidence - Windham**
             **rifle, Serial No. YE002085 (Item 5)**. . . . . . . . . . . . . . . . . . . **JA14859**

## TABLE OF CONTENTS
### Volume XXXVIII of XLVII- Exhibits

**Page:**

L11-f.        **Physical Evidence - Ruger .40 caliber handgun, Serial No.34298418 (ATF Item 001)** . . . . . . . . .   JA14863

L11-g.        **Physical Evidence - Smith & Wesson .357 revolver, Serial No. CXE5330 (ATF Item 002).** . . . . . . . . .   JA14865

L11-h.        **Physical Evidence - Springfield Armory 9mm handgun, Serial No. MG896417 (ATF Item 003).** . . . . . . . . . . . . . . . .   JA14867

L11-i.        **Physical Evidence - H&K .40 caliber handgun, Serial No.22111894 (ATF Item 004).** . . . . . . . . .   JA14869

L11-j.        **Physical Evidence - Glock 9mm handgun, Serial No. YRT921 (ATF Item 005).** . . . . . . . . .   JA14871

L11-k.        **Physical Evidence - American Tactical AK-47 rifle, Serial No. FS001602 (ATF Item 008).** . . . . . .   JA14873

L-12.        **ATF 4473 - Taurus .45 s/n NFT67572.** . . . . . . . . . . . . . . . .   JA14874

L-14.        **Stolen Gun List (8-7-15) Southern Police Equipment.** . . . . . . . . . . . . . . . . . . . . . . . . .   JA14877

L-16.        **Photograph - still shot from pole camera outside 404 Greenbriar Ave.** . . . . . . . . . . . . . . . . .   JA14879

L-17.    Photograph - still shot from pole
         camera outside of 404 Greenbriar Ave.. . . . . . . . . . . . . . . JA14880

L-18.    Photograph - still shot from pole
         camera outside of 404 Greenbriar Ave.. . . . . . . . . . . . . . . JA14881

## YAMASHA RESIDENCE

O-1.     Overview Map - 629 Live Oak Lane. . . . . . . . . . . . . . . . . JA14882

O-2a.    Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14883

O-2b.    Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14884

O-2c.    Photograph - damage to
         front door 629 Live Oak Lane. . . . . . . . . . . . . . . . . . . . JA14885

O-2d.    Photograph - bullet hole in window. . . . . . . . . . . . . . . . JA14886

O-2e.    Photograph - top bullet hole in window. . . . . . . . . . . . . JA14887

O-2f.    Photograph - bottom bullet hole in window. . . . . . . . . . JA14888

O-3c.    Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . JA14889

O4-b.    Physical Evidence - .380 cartridge casing (Item 1). . . . . . JA14890

O4-c.    Physical Evidence -
         20 gauge shotgun shell case (Item 2). . . . . . . . . . . . . . . JA14891

O-6.     Certificate of Analysis - 10-22-15
         Cartridge case and shotgun shell. . . . . . . . . . . . . . . . . . JA14892

## TINK SHOOTING

Q-1.        NNPD vicinity map - 2204 Chestnut Ave....  . . . . . . . . . . . .  JA14893

Q-2a.       Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA14894

Q-2b.       Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA14895

Q-3a.       Photograph - Capital One credit
            card in the name of Shaquone R. Ford. . . . . . . . . . . . . . .  JA14896

Q-3b.       Photograph - Virginia Driver's
            License in the name of Shaquone Ford. . . . . . . . . . . . . . .  JA14897

Q-4a.       Physical Evidence -
            Capital One credit card (Item 16). . . . . . . . . . . . . . . . . .  JA14898

Q-4b.       Physical Evidence - Virginia
            Driver's License, Shaquone Ford (Item 15). . . . . . . . . . . .  JA14899

Q-5a.       Physical Evidence -
            Photograph - cartridge casing (Item 1). . . . . . . . . . . . . . .  JA14900

Q-5b.       Physical Evidence - cartridge casing (Item 2). . . . . . . . . .  JA14901

Q-5c.       Physical Evidence - cartridge casing (Item 3). . . . . . . . . .  JA14902

Q-5d.       Physical Evidence - cartridge casing (Item 4). . . . . . . . . .  JA14903

Q-5e.       Physical Evidence - cartridge casing (Item 5). . . . . . . . . .  JA14904

Q-5f.       Physical Evidence - cartridge casing (Item 6). . . . . . . . . .  JA14905

Q-5g.      Physical Evidence - cartridge casing (Item 7). . . . . . . . . . JA14906

Q-5h.      Physical Evidence - cartridge casing (Item 8). . . . . . . . . . JA14907

Q-5i.      Physical Evidence - cartridge casing (Item 9). . . . . . . . . . JA14908

Q-5j.      Physical Evidence - cartridge casing (Item 10). . . . . . . . . JA14909

Q-5k.      Physical Evidence - cartridge casing (Item 11). . . . . . . . . JA14910

Q-5l.      Physical Evidence - cartridge casing (Item 12). . . . . . . . . JA14911

Q-5m.      Physical Evidence - cartridge casing (Item 13). . . . . . . . . JA14912

Q-5n.      Physical Evidence - cartridge casing (Item 14). . . . . . . . . JA14913

Q-7.       Certificate of Analysis dated 10-31-17 Ballistics. . . . . . . . JA14914

Q-9a.      Still shot photograph of evidence markers. . . . . . . . . . . . JA14916

## ROUSER

R-1a.      Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14917

R-1b.      Satellite view. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14918

R-2.       NNPD Vicinity Map - 116 Beechwood Ave.. . . . . . . . . . JA14919

R3-a.      Physical Evidence - cartridge case (Item 1). . . . . . . . . . . . JA14920

R3-b.      Physical Evidence - cartridge case (Item 2). . . . . . . . . . . . JA14921

R3-c.     Physical Evidence - cartridge case (Item 3). . . . . . . . . . . . JA14922

R3-d.     Physical Evidence - cartridge case (Item 4). . . . . . . . . . . . JA14923

R3-e.     Physical Evidence - cartridge case (Item 5). . . . . . . . . . . . JA14924

R3-f.     Physical Evidence - cartridge case (Item 6). . . . . . . . . . . . JA14925

R3-g.     Physical Evidence - cartridge case (Item 7). . . . . . . . . . . . JA14926

R3-h.     Physical Evidence - cartridge case (Item 8). . . . . . . . . . . . JA14927

R3-i.     Physical Evidence - cartridge case (Item 9). . . . . . . . . . . . JA14928

R3-j.     Physical Evidence - cartridge case (Item 10). . . . . . . . . . . JA14929

R-4.      Certificate of Analysis
          dated 11-3-17 Cartridge cases. . . . . . . . . . . . . . . . . . . . . . . JA14930

T-1b.     Transcript of excerpt of call T-1a. . . . . . . . . . . . . . . . . . . . JA14932

T-2b.     Transcript of excerpt of call T-2a. . . . . . . . . . . . . . . . . . . . JA14933

T-3b.     Transcript of excerpt of call T-3a. . . . . . . . . . . . . . . . . . . . JA14934

T-4b.     Transcript of excerpt of call T-4a. . . . . . . . . . . . . . . . . . . . JA14935

## PITTMAN SHOOTING

U-1.      NNPD Vicinity Map - 13214 Aqueduct Drive. . . . . . . . . . JA14936

U-2a.     Area Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14937

U-2b.        Satellite Map. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA14938

U3.          Physical Evidence - Glock 23 and
             Magazine w/cartridges Serial No. PXR822. . . . . . . . . . . . JA14939

U4-a.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14941

U4-b.        Physical Evidence - .40 cal S& W casings. . . . . . . . . . . . . JA14942

U4-c.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14943

U4-d.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14944

U4-e.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14945

U4-f.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14946

U4-g.        Physical Evidence - .40 cal S& W casings. . . . . . . . . . . . . JA14947

U4-h.        Physical Evidence - .40 cal S& W casings. . . . . . . . . . . . . JA14948

U4-i.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14949

U4-j.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14950

U4-k.        Physical Evidence - .40 cal S&W casings. . . . . . . . . . . . . . JA14951

U-5.         Certificate of Analysis -
             3/7/17 Ballistics (Items 1-11). . . . . . . . . . . . . . . . . . . . . . . . JA14952

**U-6.**    **Certificate of Analysis -**
**3/7/17 Ballistics (Items 1 and 2)**........................**JA14954**

**U-7.**    **D. Pittman's Medical Records**
**Voluminous Record (on DVD)**.......................**JA14956**

# TABLE OF CONTENTS
## Volume XXXIX of XLVII - Exhibits

Page:

U-7.    D. Pittman's Medical Records
        Voluminous Record (on DVD), Continued:. . . . . . . . . . . JA15179

U-8.    ATF Form 4473, Glock Model 23.  . . . . . . . . . . . . . . . . . .  JA15466

U-9.    Superior Pawn & Gun receipts dated
        2/5/7 and 2/9/7 for sale of Glock 23 pistol. . . . . . . . . . . . . JA15469

U-10.   Physical Evidence - Glock 32 and
        Magazine with cartridges Serial No.: ECA85465.  . . . . . .  JA15471

U-11.   Photograph - firearm recovered at Days Inn. . . . . . . . . . .  JA15472

U-13.   Still shot photograph Mitsubishi. . . . . . . . . . . . . . . . . . . JA15473

U-14.   Still shot photograph she ll casings.  . . . . . . . . . . . . . . . . JA15474

U-16.   Photograph - parked cars. . . . . . . . . . . . . . . . . . . . . . . . . JA15475

U-17.   Photograph - Side view parked cars. . . . . . . . . . . . . . . . .  JA15476

U-18.   Photograph -Challenger with bullet hole in door.  . . . . .  JA15477

U-19.   Photograph - up close view of bullet hole. . . . . . . . . . . .  JA15478

U-20.   Photograph - holes in vehicle. . . . . . . . . . . . . . . . . . . . . . JA15479

U-21.      Photograph - blood on road. . . . . . . . . . . . . . . . . . . . . . . . JA15480

U-22.      Photograph - cones marking evidence. . . . . . . . . . . . . . . . JA15481

U-23.      Photograph - cones marking evidence. . . . . . . . . . . . . . . . JA15482

U-24.      Photograph - View of parking area from street. . . . . . . . . JA15483

U-25.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15484

U-26.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15485

U-27.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15486

U-28.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15487

U-29.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15488

U-30.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15489

U-31.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15490

U-32.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15491

U-33.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15492

U-34.      Photograph - cartridge casing. . . . . . . . . . . . . . . . . . . . . . JA15493

U-35.      Immunity Agreement - Shaquone Mercer. . . . . . . . . . . . . JA15494

E-65.      Excerpts from Martin Hunt's Facebook Account. . . . . . . . JA15496

# TABLE OF CONTENTS
## Volume XL of XLVII- Under Seal [Hunt]

**Page:**

**Statement of Reasons**
> **filed May 7, 2021 [DE778]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15605**

**Presentence Investigation Report**
> **filed May 26, 2021 [DE790]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15610**

# TABLE OF CONTENTS
## Volume XLI of XLVII - Under Seal [Richardson]

Page:

**Presentence Investigation Report**

    **filed May 21, 2021 [DE786]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .JA15643

**Statement of Reasons**

    **filed June 14, 2021 [DE804]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .JA15668

# <u>TABLE OF CONTENTS</u>
## Volume XLII of XLVII - Under Seal [Nixon]

**Page:**

**Statement of Reasons**
      **filed June 29, 2021 [DE831]**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA15673**

**Presentence Investigation Report**
      **filed July 9, 2021 [DE849]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA15678**

# TABLE OF CONTENTS
## Volume XLIII of XLVII - Under Seal [Greene]

**Page:**

**Presentence Investigation Report**
   **filed July 7, 2021 [DE841].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15715

# TABLE OF CONTENTS
## Volume XLIV of XLVII - Under Seal [Palmer]

**Page:**

**Statement of Reasons**
      **filed July 16, 2021 [DE864]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15751**

**Presentence Investigation Report**
      **filed July 19, 2021 [DE866]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15756**

# TABLE OF CONTENTS
## Volume XLV of XLVII - Under Seal [Taybron]

**Page:**

**Presentence Investigation Report**
     **filed April 2, 2020 [DE653].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15788

**Statement of Reasons**
     **filed July 12, 2021 [DE854].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15819

**Presentence Investigation Report**
     **filed July 19, 2021 [DE865].** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA15824

## <u>TABLE OF CONTENTS</u>
### Volume XLVI of XLVII - Under Seal [Douglas]

**Page:**

**Presentence Investigation Report**
     **filed September 8, 2021 [DE921]**. . . . . . . . . . . . . . . . . . . . . . . . . . . . **JA15866**

**Statement of Reasons**
     **filed September 14, 2021 [DE926]**. . . . . . . . . . . . . . . . . . . . . . . . **JA15911**

**Presentence Investigation Report**
     **filed September 16, 2021 [DE927]**. . . . . . . . . . . . . . . . . . . . . . . . **JA15916**

## TABLE OF CONTENTS
**Volume XLVII of XLVII- Digital Media**

**I hereby certify the following pursuant to the
<u>Digital Media Requirements</u>:**

### DWAYNE PARKER HOMICIDE

**A-20.   Audio/Video Parker Clip 1 (1: 19-2:10).mp4**

**A-21.   Audio/Video Parker Clip 2 (3:30-3:47).mp4**

### DREW JONES SHOOTING

**B-13.   Audio/Video Drew/Jones axon video clip 1 (3:25-3:50).mp4**

**B-14.   Audio/Video Drew/Jones axon video clip 2 (0:26-0:50).mp4**

**B-15a.   Audio/Video Drew/Jones axon video clip 3 (14:28-15 :23).mp4**

**B-15b.   Audio/Video Drew/Jones axon video clip 4 (4:25-9:24).mp4**

**B-15c.   Audio/Video Drew/Jones axon video clip 5 (12:46-14: 12).mp4**

**B-15d.   Audio/Video Drew/Jones axon video clip 6 (17:40-18: 10).mp4**

### DAVIS/RICHARDSON HOMICIDES

**C-42.   Audio/Video Davis/Richardson video clip 1(0:22-2:22).mp4**

**C-43.   Audio/Video Davis/Richardson
axon video clip 1 (28: 17-29: 10).mp4**

C-45.   Audio/Video Pearl Library clip 1.mp4

C-45a.   Audio/Video Pearl Library clip 2.mp4

C-45b.   Audio/Video Pearl Library clip 3.mp4

E-69.   Winchester Drive video clip 1 (0:55-1 :42).mp4

E-70.   Police video, R. Taybron - clip 1 ( 10:22-10:48).mp4

E-73.   YouTube Video 1.mp4

E-74.   YouTube Video 2.mp4

E-81.   YouTube Video Clip 2 (0:02-0: 11).mp4

## KEVONNE TURNER HOMICIDE

H-6.   Audio/Video Turner axon video clip l (3:25-4:26).mp4

H-7.   Audio/Video Turner video clip 1 (3:23-3:30).mp4

H-8.   Audio/Video Turner video clip 2 (4:00-4:40).mp4

H-9.   Audio/Video Turner video clip 3(6:10-9:00).mp4

H-9a.   Audio/Video Turner video clip 3 w/no sound.mp4

H-10.   Audio/Video Turner video clip 4 (23:26-23:46).mp4

### SONIC SHOOTING

**I-17a.   Audio/Video Sonic video clip 1 (13:40-13:50).mp4**

**I-17b.   Audio/Video Sonic video clip 2(14:15-15:37).mp4**

**I-17c.   Audio/Video Sonic video clip 3 (18:40-19:02).mp4**

**I-17d.   Audio/Video Sonic video clip 4 (27:35-27:50).mp4**

**I-22.   Audio/Video Video - Martin Hunt (0:45-1 :50).mp4**

**I-23.   Audio/ Video Video - Martin Hunt (4:21-4:59).mp4**

**I-26.   Audio/Video Video Clip 1 (13:15-13:50).mp4**

### SOLO MART SHOOTING

**K-7.   Audio/Video Solo Mart video clip l (4:03-4:20).mp4**

**K-8.   Audio/Video Solo Mart video clip 2 (7:07-7:15).mp4**

**K-9.   Audio/Video Solo Mart video clip 3(1:10-2:00).mp4**

### TINK SHOOTING

**Q-8.   Audio/Video Tink axon video - Clip 1 (21:50-22:20).mp4**

**Q-9.   Audio/Video Tink axon video - Clip 2(28:18-28:35).mp4**

## ROUSER

**R-5.   Audio/Video Rouser axon video clip 1 (1:17-1:35).mp4**

**R-6.   Audio/Video Rouser axon video clip 2 (2:55-3:20).mp4**

**R-7.   Audio/Video Rouser axon video clip 3 (3:30-3:57).mp4**

**T-1a.   Audio/Video Jail call (2:10-2:40), 10:07 p.m., 2-15-17.wav**

**T-2a.   Audio/Video Jail call (1:45-2:22), 10:45 p.m., 2-15-17.wav**

**T-3a.   Audio/Video Jail call (0:35-1:06), 10:51p.m., 2-15-17.wav**

**T-4a.   Audio/Video Jail call (4:18-4:41), 10:57 p.m., 2-15-17.wav**

## PITTMAN SHOOTING

**U-15.   Audio/Video Axon video, Days Inn, clip 1 (0:30-1:35).mp4**

**Virus-Free Through Virus Scan: Webroot SecureAnywhere**

APPEAL,CLOSED

# U.S. District Court
## Eastern District of Virginia - (Newport News)
## CRIMINAL DOCKET FOR CASE #: 4:17-cr-00052-MSD-RJK All Defendants

Case title: USA v. Hunt et al

Date Filed: 05/10/2017
Date Terminated: 09/14/2021

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

Appeals court case number: 21-4231 4CCA
Case Manager Cathy Poulsen

### Defendant (1)

**Martin L. Hunt**
*TERMINATED: 05/07/2021*
*also known as*
"O.G. Martin"
*TERMINATED: 05/07/2021*

represented by **Lawrence Hunter Woodward , Jr.**
Ruloff Swain Haddad Morecock Talbert &
Woodward, PC
317 30th Street
Virginia Beach, VA 23451
757-671-6047
Fax: 757-671-6004
Email: lwoodward@srgslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Emily Meyers Munn**
Emily M. Munn, P. C.
223 East City Hall Ave,
Suite 330
Norfolk, VA 23510
(757) 619-1060
Email: emily@emilymunn.law
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**James Edward Short**
James E Short PLC
652 Independence Pkwy
Suite 120
Chesapeake, VA 23320
(757) 410-5042
Fax: (757) 410-5576
Email: jshort@shortplc.com
*TERMINATED: 05/08/2018*
Designation: CJA Appointment

**JA1**

| **Pending Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1959(a)(5) and 2 - Conspiracy to Commit Murder in Aid of Racketeering Activity / Criminal Forfeiture - 18 U.S.C. § 924(d) through 28 U.S.C. § 2461(c) (1) | Dismissed - Superseding Indictment filed 4/26/18 |
| Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy / Criminal Forfeiture - Title 18, United States Code, Section 1963 (1s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1962(d) - Racketeering Conspiracy/T.18:924(d) and 981(a)(1)(C); T.21:853; and T.28:2461 - Criminal Forfeiture (1ss) | LIFE imprisonment; Five (5) years supervised release; $100 special assessment |
| Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2 - Possession of a Firearm in Furtherance of a Crime of Violence (2) | Dismissed - Superseding Indictment filed 4/26/18 |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (4s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (4ss) | Not Guilty by Jury |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (5s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T. 18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (5ss) | Not Guilty by Jury |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (6s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(1) and 2 - Murder in Aid of Racketeering Activity (6ss) | LIFE imprisonment, consecutive to Count 1; Five (5) years supervised release, to run concurrent; $100 special assessment; $5,395.10 restitution |

**JA2**

| | |
|---|---|
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (7s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (7ss) | LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (8s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(1) and 2 - Murder in Aid of Racketeering Activity (8ss) | LIFE imprisonment, to be served consecutive to Count 6; Five (5) years supervised release, to run concurrent; $100 special |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (9s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (9ss) | LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity (12s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity (12ss) | One Hundred-Twenty (120) months imprisonment, to run concurrent, Three (3) years supervised release, to run concurrent; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (13s) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (13ss) | Sixty (60) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (30ss) | One Hundred Twenty (120) months imprisonment, to run concurrent, Three (3) years supervised release, to run concurrent; $100 special assessment |
| T. 18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a | One Hundred Twenty (120) months imprisonment, to be served consecutive; |

**JA3**

Crime of Violence
(31ss)

Five (5) years supervised release, to run concurrent; $100 special assessment

T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity
(32ss)

One Hundred Twenty (120) months imprisonment, to run concurrent; Three (3) years supervised release, to run concurrent; $100 special assessment

T. 18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence
(33ss)

One Hundred Twenty (120) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**Defendant (2)**

**Shaquone R. Ford**
*TERMINATED: 12/21/2017*
*also known as*
"Quan"

represented by **Rodolfo Cejas , II**
Federal Public Defender's Office
150 Boush St
Suite 403
Norfolk, VA 23510
(757) 457-0885
Fax: (757) 457-0880
Email: rodolfo_cejas@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Gregory K. Matthews**
Gregory K Matthews PC
P.O. Box 5277
Portsmouth, VA 23703
(757) 692-3300
Email: gkmatthews@msn.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**JA4**

| **Pending Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1959(a)(5) and 2 - Conspiracy to Commit Murder in Aid of Racketeering Activity / Criminal Forfeiture - 18 U.S.C. § 924(d) through 28 U.S.C. § 2461(c) (1) | One Hundred Eight (108) months imprisonment; Three (3) years supervised release; $100 special assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2 - Possession of a Firearm in Furtherance of a Crime of Violence (2) | Dismissed on Government's Motion at Sentencing |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**Defendant (3)**

| | | |
|---|---|---|
| **Jamaree L. Green**<br>*TERMINATED: 04/26/2018* | represented by | **Melinda Ruth S. Glaubke**<br>Slipow Robusto & Kellam PC<br>2476 Nimmo Parkway<br>Suite 121<br>Virginia Beach, VA 23456<br>(757) 427-5094<br>Fax: 757-427-1727<br>Email: mglaubke@srklawfirm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1959(a)(5) and 2 - Conspiracy to Commit Murder in Aid of Racketeering Activity / Criminal Forfeiture - 18 U.S.C. § 924(d) | One Hundred Twenty (120) months imprisonment; Three (3) years supervised release; $100 special assessment |

**JA5**

through 28 U.S.C. § 2461(c)
(1)

Title 18, United States Code, Section 924(c)
(1)(A) and Title 18, United States Code,
Section 2 - Possession of a Firearm in
Furtherance of a Crime of Violence
(2)

One Hundred Twenty (120) months
imprisonment, to be served consecutively;
Five (5) years supervised release, to run
concurrently; $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

**Defendant (4)**

**Corey R. Sweetenburg**
*TERMINATED: 03/10/2020*
*also known as*
"Co"
*TERMINATED: 03/10/2020*

represented by  **Jon M. Babineau**
Riddick Babineau PC
109 East Main St
Suite 413
Norfolk, VA 23510
757-622-8631
Fax: 757-226-0621
Email: jon@babineaulaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Adam Michael Carroll**
Wolcott Rivers Gates P. C.
Convergence Center IV
200 Bendix Rd
Suite 300
Virginia Beach, VA 23452
757-497-6633
Fax: 757-497-7267
Email: acarroll@wolriv.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**JA6**

| **Pending Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1959(a)(5) and 2 - Conspiracy to Commit Murder in Aid of Racketeering Activity / Criminal Forfeiture - 18 U.S.C. § 924(d) through 28 U.S.C. § 2461(c) (1) | Dismissed - Superseding Indictment filed 4/26/18 |
| Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy / Criminal Forfeiture - Title 18, United States Code, Section 1963 (1s) | One Hundred Forty-Four (144) months imprisonment; Five (5) years supervised release; $100 special assessment; $5,395.10 restitution |
| Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2 - Possession of a Firearm in Furtherance of a Crime of Violence (2) | Dismissed - Superseding Indictment filed 4/26/18 |
| Title 18, United States Code, Sections 1959(a)(6) and 2 - Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity (10s) | Thirty-Six (36) months imprisonment, to be served concurrently; One (1) year supervised release, to run concurrently; $100 special assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (6s) | Dismissed on Government's Motion at Sentencing |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (7s) | Dismissed on Government's Motion at Sentencing |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (8s) | Dismissed on Government's Motion at Sentencing |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (9s) | Dismissed on Government's Motion at Sentencing |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and | Dismissed on Government's Motion at Sentencing |

**JA7**

Discharge of a Firearm in Furtherance of a
Crime of Violence
(11s)

Title 18, United States Code, Sections
1959(a)(5) and 2 - Attempt and Conspiracy
to Commit Murder in Aid of Racketeering
Activity
(12s)

Dismissed on Government's Motion at
Sentencing

Title 18, United States Code, Sections
924(c)(1)(A) and 2 - Possession and
Discharge of a Firearm in Furtherance of a
Crime of Violence
(13s)

Dismissed on Government's Motion at
Sentencing

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

Appeals court case number: 21-4349 4CCA
Case Manager Cathy Poulsen

**Defendant (5)**

**Xavier Greene**
*TERMINATED: 07/02/2021*
*also known as*
"BJ"
*TERMINATED: 07/02/2021*

represented by **Amy L. Austin**
Consumer Litigation Associates
(Richmond)
626 E Broad Street
Suite 300
Richmond, VA 23219
804-905-9904
Fax: (757) 930-3662
Email: amy_austin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Gerald Thomas Zerkin**
Attorney at Law
2620 Stuart Ave.
P.O. Box 5665
Ste 1c
Richmond, VA 23220
804-921-4885
Email: zerkingt@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<div align="center">JA8</div>

**David Michael Good**
David Michael Good PC
780 Lynnhaven Pkwy
Suite 400
Virginia Beach, VA 23452
(757) 306-1331
Fax: (888) 306-2608
Email: dgood@dgoodlaw.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy / Criminal Forfeiture - Title 18, United States Code, Section 1963 (1) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1962(d) - Racketeering Conspiracy/T.18:924(d) and 981(a)(1)(C); T.21:853; and T.28:2461 - Criminal Forfeiture (1s) | LIFE imprisonment; Five (5) years supervised release; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (2) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(1) and 2 - Murder in Aid of Racketeering Activity (2s) | LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (3) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (3s) | LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (6) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(1) and 2 - Murder in Aid of Racketeering Activity (6s) | LIFE imprisonment, to be served concurrently; Five (5) years supervised |

**JA9**

| | |
|---|---|
| | release, to run concurrently; $100 special assessment; $5,395.10 restitution |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (7) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (7s) | LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(1) and 2 - Murder in Aid of Racketeering Activity / Notice of Special Findings - Title 18, United States Code, Sections 3591 and 3592 (8) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(1) and 2 - Murder in Aid of Racketeering Activity (8s) | LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (9) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1) and (j) and 2 - Use of a Firearm Resulting in Death (9s) | LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (14) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (14s) | One Hundred Twenty (120) months imprisonment, to be served concurrently, Three (3) years supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (15) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (15s) | Found Not Guilty - Dismissed |

**Highest Offense Level (Opening)**

Felony

<div align="center">JA10</div>

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

Appeals court case number: 21-4300 4CCA
Case Manager Cathy Poulsen

**Defendant (6)**

**Deshaun Richardson**                    represented by  **Rhonda Quagliana**
*TERMINATED: 06/14/2021*                                St John Bowling Lawrence & Quagliana
*also known as*                                         LLP
"Day Day"                                               416 Park Street
*TERMINATED: 06/14/2021*                                Charlottesville, VA 22902
                                                        434-296-7138
                                                        Fax: 434-296-1301
                                                        Email: rquagliana@michiehamlett.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

                                                        **Gregory William Klein**
                                                        Klein Rowell & Shall, PLLC
                                                        3500 Virginia Beach Blvd.
                                                        Suite 110
                                                        Virginia Beach, VA 23452
                                                        757-432-2500
                                                        Fax: 757-432-2100
                                                        Email: greg@krslaw.com
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

**Pending Counts**                                       **Disposition**

Title 18, United States Code, Section
1962(d) - Racketeering Conspiracy /
Criminal Forfeiture - Title 18, United States    Dismissed - Second Superseding Indictment
Code, Section 1963                                filed 6/12/19
(1)

T.18:1962(d) - Racketeering                       Two Hundred-Four (204) months
Conspiracy/T.18:924(d) and 981(a)(1)(C);          imprisonment; Three (3) years supervised
T.21:853; and T.28:2461 - Criminal                release; $100 special assessment; $5,395.10
                                                  restitution

**JA11**

Forfeiture
(1s)

Title 18, United States Code, Sections
1959(a)(1) and 2 - Murder in Aid of
Racketeering Activity / Notice of Special          Dismissed - Second Superseding Indictment
Findings - Title 18, United States Code,            filed 6/12/19
Sections 3591 and 3592
(6)

T.18:1959(a)(1) and 2 - Murder in Aid of
Racketeering Activity                               Found Not Guilty by Jury
(6s)

Title 18, United States Code, Sections
924(c)(1) and (j) and 2 - Use of a Firearm          Dismissed - Second Superseding Indictment
Resulting in Death                                  filed 6/12/19
(7)

T.18:924(c)(1) and (j) and 2 - Use of a
Firearm Resulting in Death                          Found Not Guilty by Jury
(7s)

Title 18, United States Code, Sections
1959(a)(1) and 2 - Murder in Aid of
Racketeering Activity / Notice of Special          Dismissed - Second Superseding Indictment
Findings - Title 18, United States Code,            filed 6/12/19
Sections 3591 and 3592
(8)

T.18:1959(a)(1) and 2 - Murder in Aid of
Racketeering Activity                               Found Not Guilty by Jury
(8s)

Title 18, United States Code, Sections
924(c)(1) and (j) and 2 - Use of a Firearm          Dismissed - Second Superseding Indictment
Resulting in Death                                  filed 6/12/19
(9)

T.18:924(c)(1) and (j) and 2 - Use of a
Firearm Resulting in Death                          Found Not Guilty by Jury
(9s)

Title 21, United States Code, Section 846 -
Conspiracy to Distribute and Possess with
Intent to Distribute Marijuana and Cocaine
Base / Criminal Forfeiture - Title 18, United
States Code, Sections 924(d) and 981(a)(1)         Dismissed - Second Superseding Indictment
(C); Title 21, United States Code, Section          filed 6/12/19
853; and Title 28, United States Code,
Section 2461
(25)

T.21:846 and T.21:841(a)(1) and (b)(1)(C) -
Conspiracy to Distribute and Possess with
Intent to Distribute Marijuana and Cocaine         Dismissed on Government's oral motion
Base                                                11/21/19
(25s)

Title 18, United States Code, Section 924(c)        Dismissed - Second Superseding Indictment
(1)(A) - Possession of Firearm in                   filed 6/12/19

**JA12**

Furtherance of Drug Trafficking
(28)

T.18:924(c)(1)(A) - Possession of Firearm
in Furtherance of Drug Trafficking
(28s)

Dismissed on Government's oral motion
11/21/19

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

Appeals court case number: 21-4358 4CCA
Case Manager Cathy Poulsen

**Defendant (7)**

**Ryan Taybron**
*TERMINATED: 07/12/2021*
*also known as*
"22"
*TERMINATED: 07/12/2021*
*also known as*
"Ryan Savage"
*TERMINATED: 07/12/2021*

represented by **Andrew Anthony Protogyrou**
Protogyrou Law, PLC
125 St. Paul's Blvd.
Suite 150
Norfolk, VA 23510
(757) 625-1775
Fax: (757) 625-1887
Email: protogyrou@prlaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Robert Bryan Rigney**
150 St. Pauls Blvd.
Eight Floor
Norfolk, VA 23510
757-664-4910
Email: robertrigney@cox.net
*TERMINATED: 03/08/2019*
*Designation: CJA Appointment*

**Pending Counts**

T.18:1962(d) - Racketeering

**Disposition**

One Hundred Eighty (180) months

**JA13**

Conspiracy/T.18:924(d) and 981(a)(1)(C); T.21:853; and T.28:2461 - Criminal Forfeiture
(1s)

imprisonment, Three (3) years supervised release; $100 special assessment

T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity
(21s)

One Hundred Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment

T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence
(22s)

One Hundred Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment

T.21:846 and T.21:841(a)(1) and (b)(1)(C) - Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base
(25s)

One Hundred Eighty (180) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment

T.18:924(c)(1)(A) - Possession of Firearm in Furtherance of Drug Trafficking
(27s)

Sixty (60) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment

T.18:924(c)(1)(A) - Possession of Firearm in Furtherance of Drug Trafficking
(28s)

Dismissed on Government's oral motion 11/21/19

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy / Criminal Forfeiture - Title 18, United States Code, Section 1963 (1) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (16) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (16s) | Dismissed on oral motion by Government on 10/16/19 |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (17) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a | Dismissed on oral motion by Government on 10/16/19 |

JA14

Crime of Violence
(17s)

Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity
(18)

Dismissed - Second Superseding Indictment filed 6/12/19

T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity
(18s)

Dismissed on oral motion by Government on 10/16/19

Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence
(19)

Dismissed - Second Superseding Indictment filed 6/12/19

T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence
(19s)

Dismissed on oral motion by Government on 10/16/19

Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity
(21)

Dismissed - Second Superseding Indictment filed 6/12/19

Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence
(22)

Dismissed - Second Superseding Indictment filed 6/12/19

Title 21, United States Code, Section 846 - Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base / Criminal Forfeiture - Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461
(25)

Dismissed - Second Superseding Indictment filed 6/12/19

Title 21, United States Code, Section 856(a)(1) - Maintaining Drug Involved Premises / Criminal Forfeiture - Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461
(26)

Dismissed - Second Superseding Indictment filed 6/12/19

T.21:856(a)(1) - Maintaining Drug Involved Premise
(26s)

Jury Found Not Guilty

Title 18, United States Code, Section 924(c)(1)(A) - Possession of Firearm in

Dismissed - Second Superseding Indictment filed 6/12/19

**JA15**

Furtherance of Drug Trafficking
(27)

Title 18, United States Code, Section 924(c)
(1)(A) - Possession of Firearm in                     Dismissed on Government's oral motion
Furtherance of Drug Trafficking                       11/21/19
(28)

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

Appeals court case number: 21-4334 4CCA
Case Manager Cathy Poulsen

**Defendant (8)**

**Eric Nixon**                           represented by   **Nicholas Ryan Hobbs**
*TERMINATED: 06/29/2021*                                Hobbs & Harrison, PLLC
*also known as*                                         21-B East Queens Way
"Young Nix"                                             Hampton, VA 23669
*TERMINATED: 06/29/2021*                                (757) 722-0203
*also known as*                                         Fax: (757) 335-4240
"Lil Nix"                                               Email: nhobbs@hobbsharrison.com
*TERMINATED: 06/29/2021*                                *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| T.18:1962(d) - Racketeering Conspiracy/T.18:924(d) and 981(a)(1)(C); T.21:853; and T.28:2461 - Criminal Forfeiture (1s) | One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (21s) | One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (22s) | One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment |
| T.18:1959(a)(5) - Attempted Murder in Aid of Racketeering Activity | One Hundred-Twenty (120) months imprisonment, to be served concurrently; |

**JA16**

(23s)

| | |
|---|---|
| | Three (3) years supervised release, to run concurrently; $100 special assessment |
| T.18:924(c)(1)(A) - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (24s) | One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment |
| T.18:922(a)(6), 924(a)(2) and 2 - False Statement During Firearm Purchase (29s) | One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment |

### Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy / Criminal Forfeiture - Title 18, United States Code, Section 1963 (1) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (16) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (16s) | Dismissed on oral motion by Government on 10/16/19 |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (17) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (17s) | Dismissed on oral motion by Government on 10/16/19 |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (18) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (18s) | Dismissed on oral motion by Government on 10/16/19 |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (19) | Dismissed - Second Superseding Indictment filed 6/12/19 |

**JA17**

| | |
|---|---|
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (19s) | Dismissed on oral motion by Government on 10/16/19 |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (21) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (22) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 1959(a)(5) - Attempted Murder in Aid of Racketeering Activity (23) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 924(c)(1)(A) - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (24) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2 - False Statement During Firearm Purchase (29) | Dismissed - Second Superseding Indictment filed 6/12/19 |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

Appeals court case number: 21-4509 4CCA

**Defendant (9)**

| | | |
|---|---|---|
| **Geovanni Douglas** | represented by | **Daymen William Xavier Robinson** |
| *TERMINATED: 09/14/2021* | | Law Office of Daymen W. X. Robinson, PC |
| *also known as* | | Janaf Office Building |
| Geo | | 5900 E Virginia Beach St |
| *TERMINATED: 09/14/2021* | | Suite 416 |
| *also known as* | | Norfolk, VA 23502 |
| "Twin" | | (757) 200-0578 |
| *TERMINATED: 09/14/2021* | | Fax: (757) 623-0759 |
| | | Email: daymenrobinson@gmail.com |
| | | *LEAD ATTORNEY* |

**JA18**

*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Anthony Michael Gantous**
Anchor Legal Group, PLLC
5101 Cleveland Street
Suite 100
Virginia Beach, VA 23462
757-529-0000
Fax: 757-909-7241
Email: anthony@anchorlg.com
*TERMINATED: 11/28/2018*
*Designation: CJA Appointment*

**Harry Harmon**
Harry Dennis Harmon, Jr.
Attorney and Counselor at Law
5900 East Virginia Beach Blvd.
Suite 208
Norfolk, VA 23502-2487
(757) 623-2353
Fax: 757-623-2354
Email: harryharmonjr@gmail.com
*TERMINATED: 06/08/2021*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| T.18:1962(d) - Racketeering Conspiracy/T.18:924(d) and 981(a)(1)(C); T.21:853; and T.28:2461 - Criminal Forfeiture (1s) | One Hundred-Eight (108) months imprisonment; Three (3) years supervised release; $100 special assessment |
| Title 18, United States Code, Sections 1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (14) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity (14s) | One Hundred-Eight (108) months imprisonment, to be served concurrently to Count 1; Three (3) years supervised release; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (15) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (15s) | One Hundred Twenty (120) months imprisonment, to be served consecutively to Counts 1 and 14; Five (5) years supervised release; $100 special assessment |
| T.18:1959(a)(5) and 2 - Attempted Murder in Aid of Racketeering Activity | Found Not Guilty |

**JA19**

(34s)

T.18:924(c)(1)A) and 2 - Possession and
Discharge of a Firearm in Furtherance of a
Crime of Violence
(35s)

Found Not Guilty

### Highest Offense Level (Opening)

Felony

### Terminated Counts                              ### Disposition

None

### Highest Offense Level (Terminated)

None

### Complaints                                     ### Disposition

None

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J.
Krask

Appeals court case number: 21-4355 4CCA
Case Manager Cathy Poulsen

### Defendant (10)

**Raymond Palmer**                represented by   **Jamison Page Rasberry**
*TERMINATED: 07/16/2021*                          Rasberry Law, P.C.
*also known as*                                   1023 Laskin Road
"Ray Dog"                                         Suite 101
*TERMINATED: 07/16/2021*                          Virginia Beach, VA 23451
                                                  (757) 301-1821
                                                  Email: jrasberry@gmail.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: CJA Appointment*

### Pending Counts                                ### Disposition

Title 18, United States Code, Section
1962(d) - Racketeering Conspiracy /
Criminal Forfeiture - Title 18, United States    Dismissed - Second Superseding Indictment
Code, Section 1963                               filed 6/12/19
(1)

T.18:1962(d) - Racketeering
Conspiracy/T.18:924(d) and 981(a)(1)(C);         Sixty (60) months imprisonment; Five (5)
T.21:853; and T.28:2461 - Criminal               years supervised release; $100 special
Forfeiture                                       assessment
(1s)

**JA20**

| | |
|---|---|
| Title 18, United States Code, Sections 1959(a)(6) and 2 - Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity (10) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1959(a)(6) and 2 - Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity (10s) | Thirty-Six (36) months imprisonment, to be served concurrent to count 1; One (1) year supervised release, to run concurrently; $100 special assessment |
| Title 18, United States Code, Sections 924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (11) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) and 2 - Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (11s) | One Hundred-Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**Defendant (11)**

| | | |
|---|---|---|
| **Anthony Acklin** *TERMINATED: 01/12/2021* also known as "Von" *TERMINATED: 01/12/2021* | represented by | **Michael Phillip Jones** Michael P. Jones PC 11847 Canon Blvd Suite 1 Newport News, VA 23606 (757) 873-2333 Email: mjones@michaelpjonespc.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* Designation: CJA Appointment |

| **Pending Counts** | **Disposition** |
|---|---|

| | |
|---|---|
| T.21:846 and T.21:841(a)(1) and (b)(1)(C) - Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base (25s) | TIME SERVED imprisonment; Three (3) years supervised release; $100 special assessment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| Title 21, United States Code, Section 846 - Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base / Criminal Forfeiture - Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461 (25) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| Title 21, United States Code, Section 856(a)(1) - Maintaining Drug Involved Premises / Criminal Forfeiture - Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461 (26) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.21:856(a)(1) - Maintaining Drug Involved Premise (26s) | Dismissed on Government's Motion at Sentencing |
| Title 18, United States Code, Section 924(c)(1)(A) - Possession of Firearm in Furtherance of Drug Trafficking (27) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:924(c)(1)(A) - Possession of Firearm in Furtherance of Drug Trafficking (27s) | Dismissed on Government's Motion at Sentencing |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**JA22**

**Defendant (12)**

**Melissa Taybron**
*TERMINATED: 01/28/2020*

represented by **Richard Scott Yarow**
Richard S. Yarow LLC
821 West 21st Street
Suite 208
Norfolk, VA 23517
757-337-3963
Fax: 757-686-0180
Email: RichardYarow@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**                                  **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                               **Disposition**

Title 18, United States Code, Sections
1512(b)(1) and 2 - Tampering with Witness
/ Criminal Forfeiture - Title 18, United
States Code, Sections 924(d) and 981(a)(1)         Dismissed - Second Superseding Indictment
(C); Title 21, United States Code, Section         filed 6/12/19
853; and Title 28, United States Code,
Section 2461
(20)

T.18:1512(b)(1) and 2 - Tampering with a
Witness                                            Dismissed - Government motion granted
(20s)                                              1/28/2020.

Title 21, United States Code, Section 856(a)
(1) - Maintaining Drug Involved Premises /
Criminal Forfeiture - Title 18, United States
Code, Sections 924(d) and 981(a)(1)(C);            Dismissed - Second Superseding Indictment
Title 21, United States Code, Section 853;         filed 6/12/19
and Title 28, United States Code, Section
2461
(26)

T.21:856(a)(1) - Maintaining Drug Involved
Premise                                            Dismissed - Government motion granted
(26s)                                              1/28/2020.

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                      **Disposition**

None

JA23

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**Defendant (13)**

| | | |
|---|---|---|
| **Sade Taybron** | represented by | **Mary Teresa Morgan** |
| *TERMINATED: 01/28/2020* | | Golightly, Mulligan & Morgan, PLC |
| | | 1244 Perimeter Parkwy |
| | | Suite 441 |
| | | Virginia Beach, VA 23454 |
| | | (757) 609-2702 |
| | | Fax: (757) 301-9625 |
| | | Email: mary@golightlylaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

**Pending Counts**                                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                                **Disposition**

Title 18, United States Code, Sections
1512(b)(1) and 2 - Tampering with Witness
/ Criminal Forfeiture - Title 18, United
States Code, Sections 924(d) and 981(a)(1)      Dismissed - Second Superseding Indictment
(C); Title 21, United States Code, Section      filed 6/12/19
853; and Title 28, United States Code,
Section 2461
(20)

T.18:1512(b)(1) and 2 - Tampering with a        Dismissed - Government motion granted
Witness                                         1/28/2020.
(20s)

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                       **Disposition**

None

Assigned to: District Judge Mark S. Davis
Referred to: Magistrate Judge Robert J. Krask

**Defendant (14)**

**JA24**

**Phyliss Taybron**
*TERMINATED: 01/28/2020*

represented by **Eric Leckie**
Invictus Law
1240 Perimeter Parkway
Suite 404
Virginia Beach, VA 23454
757-337-2727
Fax: 757-474-1671
Email: ericleckie@invictus-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| Title 18, United States Code, Sections 1512(b)(1) and 2 - Tampering with Witness / Criminal Forfeiture - Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461 (20) | Dismissed - Second Superseding Indictment filed 6/12/19 |
| T.18:1512(b)(1) and 2 - Tampering with a Witness (20s) | Dismissed - Government motion granted 1/28/2020. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Material Witness**

**Timothy E. Smith**
*TERMINATED: 06/29/2021*

represented by **James Richard Theuer**
James R. Theuer, PLLC
555 E. Main St.
Suite 1212
Norfolk, VA 23510
(757) 446-8047
Fax: (757) 446-8048
Email: jim@theuerlaw.com
*LEAD ATTORNEY*

**JA25**

*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Amy E Cross** |

United States Attorney Office (Newport News-NA)
721 Lakefront Commons
Suite 300
Newport News, VA 23606
**NA***
Email: amy.cross@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Brian James Samuels**
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4032
Email: brian.samuels@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Howard J. Zlotnick**
United States Attorney's Office
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
Email: howard.zlotnick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

**Chad W. McHenry**
United States Attorney Office (Newport News-NA)
721 Lakefront Commons
Suite 300
Newport News, VA 23606
NA
Email: chad.w.mchenry@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|

| 05/10/2017 | 1 | CRIMINAL INDICTMENT, returned and filed in open court 5/10/17 and directing warrants to be issued, as to Martin L. Hunt (1) count(s) 1, 2, Shaquone R. Ford (2) count(s) 1, 2, Jamaree L. Green (3) count(s) 1, 2, Corey R. Sweetenburg (4) count(s) 1, 2. (Attachments: # 1 Defendant Information Sheets) (tbro) (Entered: 05/11/2017) |
|---|---|---|
| 05/10/2017 | 2 | MOTION to Seal 1 Criminal Indictment by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg. (tbro) (Entered: 05/11/2017) |
| 05/10/2017 | 3 | ORDER granting 2 Motion to Seal Criminal Indictment by USA as to Martin L. Hunt (1), Shaquone R. Ford (2), Jamaree L. Green (3), Corey R. Sweetenburg (4). Signed by Magistrate Judge Douglas E. Miller and filed on 5/10/17. (tbro) (Entered: 05/11/2017) |
| 05/10/2017 | 6 | Arrest Warrants Issued and delivered to the USM in cases as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, and Corey R. Sweetenburg. (tbro) (Entered: 05/11/2017) |
| 05/15/2017 | | Arrest of Corey R. Sweetenburg (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | | Set Hearings as to Corey R. Sweetenburg: Initial Appearance set for 5/16/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (cdod, ) (Entered: 05/16/2017) |
| 05/16/2017 | | Set Hearings as to Shaquone R. Ford: Initial Appearance set for 5/16/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 05/16/2017) |
| 05/16/2017 | | Set Hearings as to Martin L. Hunt: Initial Appearance set for 5/16/2017 at 04:00 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 05/16/2017) |
| 05/16/2017 | | Arrest of Martin L. Hunt (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | | Arrest of Shaquone R. Ford (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 8 | Arrest Warrant Returned Executed and filed in open court on 5/16/17 in case as to Martin L. Hunt. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 9 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Martin L. Hunt held on 5/16/2017. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. **Appearances**: AUSA Joe Kosky for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/19/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (Court Reporter FTR)(tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 10 | Temporary Detention Order, entered and filed in open court 5/16/17, as to Martin L. Hunt. Signed by Magistrate Judge Robert J. Krask on 5/16/17. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 11 | CJA 23 Financial Affidavit, entered and filed in open court 5/16/17, by Martin L. Hunt (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 12 | Arrest Warrant Returned Executed and filed in open court on 5/16/17 in case as to Shaquone R. Ford. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 13 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Shaquone R. Ford held on 5/16/2017. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. |

| | | |
|---|---|---|
| | | **Appearances**: AUSA Beth Yusi for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/19/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (Court Reporter FTR)(tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 14 | Temporary Detention Order, entered and filed in open court 5/16/17, as to Shaquone R. Ford. Signed by Magistrate Judge Robert J. Krask on 5/16/17. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 15 | CJA 23 Financial Affidavit, entered and filed in open court 5/16/17, by Shaquone R. Ford. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 16 | Arrest Warrant Returned Executed on 5/15/17 and filed in open court 5/16/17, in case as to Corey R. Sweetenburg. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 17 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Corey R. Sweetenburg held on 5/16/2017. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. <br><br> **Appearances**: AUSA Beth Yusi for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/19/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (Court Reporter FTR)(tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 18 | Temporary Detention Order, entered and filed in open court 5/16/17, as to Corey R. Sweetenburg. Signed by Magistrate Judge Robert J. Krask on 5/16/17. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | 19 | CJA 23 Financial Affidavit, entered and filed in open court 5/16/17, by Corey R. Sweetenburg. (tbro) (Entered: 05/17/2017) |
| 05/16/2017 | | Case unsealed as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg (tbro) (Entered: 05/17/2017) |
| 05/17/2017 | | James Edward Short, CJA Attorney, appointed as to Martin L. Hunt. (tbro) (Entered: 05/17/2017) |
| 05/17/2017 | | Gregory K. Matthews, CJA Attorney, appointed as to Shaquone R. Ford. (tbro) (Entered: 05/17/2017) |
| 05/17/2017 | | Jon M. Babineau, CJA Attorney, appointed as to Corey R. Sweetenburg. (tbro) (Entered: 05/17/2017) |
| 05/19/2017 | 20 | ORDER OF DETENTION as to Martin L. Hunt. Signed by Magistrate Judge Robert J. Krask and filed on 5/19/17. Copies distributed to all parties 5/19/17. (ldab, ) (Entered: 05/19/2017) |
| 05/19/2017 | 21 | ORDER OF DETENTION as to Corey R. Sweetenburg. Signed by Magistrate Judge Robert J. Krask and filed on 5/19/17. Copies distributed to all parties 5/19/17. (ldab, ) (Entered: 05/19/2017) |
| 05/19/2017 | 22 | ORDER OF DETENTION as to Shaquone R. Ford. Signed by Magistrate Judge Robert J. Krask and filed on 5/19/17. Copies distributed to all parties 5/19/17. (ldab, ) (Entered: 05/19/2017) |
| 05/19/2017 | 23 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask:Arraignment and Detention Hearing as to Martin L. Hunt held on 5/19/2017; FTR. After proffer of |

government and introduction of exhibits, defendant then decided to waive his detention hearing. Defendant waived formal arraignment, entered plea of not guilty, asked for trial by jury and wishes to be present for pretrial motions. Motions cutoff 6/30/17. Jury trial set before Judge Davis for 9/12/17 at 10:00 a.m. in Newport News. Finding made on record re: waiver of speedy trial. Agreed discovery order entered and filed in open court. Defendant remanded.

**Appearances**: AUSA Amy Cross for the Government; CJA Attorney James Short for defendant. Defendant was present and in custody. (CJA Time: 2:30-3:49 p.m.) (afor) (Entered: 05/22/2017)

| | | |
|---|---|---|
| 05/19/2017 | 24 | Agreed Discovery Order as to Martin L. Hunt. Signed by Magistrate Judge Robert J. Krask on 5/19/17. (afor) (Entered: 05/22/2017) |
| 05/19/2017 | 26 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask:Arraignment and Detention Hearing as to Shaquone R. Ford held on 5/19/2017; FTR. Defendant waived an immediate detention hearing. Defendant entered plea of not guilty, asked for trial by jury and wishes to be present for pretrial motions. Motions cutoff 6/30/17. Jury trial set before Judge Davis for 9/12/17 at 10:00 a.m. Finding made on record re: waiver of speedy trial. Agreed discovery order entered and filed in open court. Defendant remanded. <br><br> **Appearances**: AUSA Amy Cross for the Government; CJA Attorney Greg Matthews for defendant. Defendant present and in custody.(CJA Time: 2:30 - 3:49 p.m.) (afor) (Entered: 05/22/2017) |
| 05/19/2017 | 27 | Agreed Discovery Order as to Shaquone R. Ford. Signed by Magistrate Judge Robert J. Krask on 5/19/17. (afor) (Entered: 05/22/2017) |
| 05/19/2017 | 28 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask:Arraignment and Detention Hearing as to Corey R. Sweetenburg held on 5/19/2017; FTR. After hearing proffer of government, defendant decided to waive his detention hearing. Defendant waived formal arraignment, entered plea of not guilty, asked for trial by jury and wishes to be present for pretrial motions. Motions cutoff 6/30/17. Jury trial set before Judge Davis for 9/12/17 at 10:00 a.m. in Newport News. Findings made on record re: waiver of speedy trial. Agreed discovery order entered and filed in open court. Defendant remanded. <br><br> **Appearances**: AUSA Amy Cross for the Government; CJA Attorney Jon Babineau for defendant. Defendant present and in custody. (CJA Time: 2:30-3:49 p.m.) (afor) (Entered: 05/22/2017) |
| 05/19/2017 | 29 | Agreed Discovery Order as to Corey R. Sweetenburg. Signed by Magistrate Judge Robert J. Krask on 5/19/17. (afor) (Entered: 05/22/2017) |
| 05/19/2017 | | Set/Reset Deadlines/Hearings as to Martin L. Hunt, Shaquone R. Ford, Corey R. Sweetenburg: Jury Trial set for 9/12/2017 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. (afor) (Entered: 05/22/2017) |
| 05/26/2017 | | Set/Reset Hearings as to Jamaree L. Green: Initial Appearance set for 5/26/2017 at 12:00 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (lwoo) (Entered: 05/26/2017) |
| 05/26/2017 | 30 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller:Initial Appearance as to Jamaree L. Green held on 5/26/2017. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. |

| | | |
|---|---|---|
| | | **Appearances**: AUSA Randy Stoker for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 6/1/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (Court Reporter FTR)(tbro) (Entered: 05/26/2017) |
| 05/26/2017 | | Arrest of Jamaree L. Green (tbro) (Entered: 05/26/2017) |
| 05/26/2017 | 31 | Arrest Warrant Returned Executed and filed in open court on 5/26/17 in case as to Jamaree L. Green. (tbro) (Entered: 05/26/2017) |
| 05/26/2017 | 32 | Temporary Detention Order, entered and filed in open court on 5/26/17, as to Jamaree L. Green. Signed by Magistrate Judge Douglas E. Miller on 5/26/17. (tbro) (Entered: 05/26/2017) |
| 05/26/2017 | 33 | CJA 23 Financial Affidavit, entered and filed in open court 5/26/17, by Jamaree L. Green. (tbro) (Entered: 05/26/2017) |
| 05/30/2017 | | Melinda Ruth S. Glaubke, CJA Attorney, appointed as to Jamaree L. Green. (tbro) (Entered: 05/30/2017) |
| 05/31/2017 | | Set Hearings as to Shaquone R. Ford: Detention Hearing set for 6/1/2017 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (lwoo) (Entered: 05/31/2017) |
| 06/01/2017 | 34 | Minute Entry for Detention Hearing as to Shaquone R. Ford held on 6/1/2017 before Magistrate Judge Lawrence R. Leonard. Amy Cross, AUSA, appeared on behalf of govt. Gregory Matthews, CJA, appeared with defendant in custody. Proffer and argument of counsel heard. Govt motion for detention-GRANTED. Defendant remanded to custody of USM. (CJA Time 2:30-6:08) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Court Reporter FTR.)(lwoo) (Entered: 06/02/2017) |
| 06/01/2017 | 35 | Minute Entry for arraignment and detention hearing held 6/1/2017 as to Jamaree L. Green before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Proffer of counsel heard. Evidence and witnesses presented. Argument of counsel heard. Govt motion for detention-GRANTED. By agreement of the parties, speedy trial is waived on the record. Arraignment held. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. Preliminary motions deadline 7/7/17. Jury Trial set for 9/12/2017 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded to custody of USM.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Melinda Glaubke for defendant. (2:30-6:11) (Attachments: # 1 Exhibit G, # 2 Exhibit G-1, # 3 Exhibit G-2, # 4 Exhibit G-3, # 5 Exhibit G-4, # 6 Exhibit G-5, # 7 Exhibit G-6, # 8 Exhibit G-7, # 9 Exhibit G-8, # 10 Exhibit G-9, # 11 Exhibit G-10)(Court Reporter FTR.)(lwoo) Modified on 6/2/2017 to correct filing date. (Entered: 06/02/2017) |
| 06/01/2017 | 36 | Agreed Discovery Order as to Jamaree L. Green. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 6/1/17. (lwoo) (Entered: 06/02/2017) |
| 06/02/2017 | 37 | ORDER OF DETENTION as to Shaquone R. Ford. Signed by Magistrate Judge Lawrence R. Leonard on 6/1/17 and filed on 6/2/17. (tbro) (Entered: 06/02/2017) |
| 06/02/2017 | 38 | ORDER OF DETENTION as to Jamaree L. Green. Signed by Magistrate Judge Lawrence R. Leonard on 6/1/17 and filed on 6/2/17. (tbro) (Entered: 06/02/2017) |
| 06/30/2017 | 39 | MOTION for Leave to File *Late Motions* by Jamaree L. Green. (Attachments: # 1 Proposed Order)(Glaubke, Melinda) (Entered: 06/30/2017) |

| | | |
|---|---|---|
| 07/05/2017 | 40 | ORDER To Extend The Motion Cut-Off Dateas to Jamaree L. Green (3). The cut-off date to file motions is now changed to July 21, 2017 and that the Government's cut-off to file motions is now changed to August 4, 2017. Signed by District Judge Mark S. Davis on 7/5/17. (afar) (Entered: 07/05/2017) |
| 07/19/2017 | | Plea Agreement Hearing set as to Shaquone R. Ford for 8/4/2017 at 12:30 PM in Newport News Courtroom 1 before District Judge Mark S. Davis. (vwar) (Entered: 07/19/2017) |
| 07/28/2017 | | Plea Agreement Hearing reset as to Shaquone R. Ford for 8/4/2017 at 01:30 PM in Newport News Courtroom 1 before District Judge Mark S. Davis. (vwar) (Entered: 07/28/2017) |
| 08/02/2017 | 41 | MOTION to Appoint New Counsel by Martin L. Hunt. *subject to defect - no certificate of service* (tbro) (Entered: 08/02/2017) |
| 08/02/2017 | 42 | Twenty-two Blank Subpoenas issued as to Martin L. Hunt. (Attachments: # 1 Memorandum)(tbro) (Entered: 08/03/2017) |
| 08/03/2017 | | Motion Hearing set as to Martin L. Hunt 41 MOTION to Disqualify Counsel for 8/16/2017 at 02:30 PM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 08/03/2017) |
| 08/04/2017 | 43 | PLEA AGREEMENT HEARING held before District Judge Mark S. Davis: Paul McManus, OCR. Howard Zlotnick, AUSA and Greg Matthews, c/a counsel, present; defendant present in custody. Plea Agreement Hearing as to Shaquone R. Ford held on 8/4/2017, Plea entered by Shaquone R. Ford (2) Guilty: Count 1. Sentencing set for 11/9/2017 at 01:30 PM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 1:30 p.m. - 2:10 p.m.) (vwar) (Entered: 08/07/2017) |
| 08/04/2017 | 44 | PLEA AGREEMENT as to Shaquone R. Ford (vwar) (Entered: 08/07/2017) |
| 08/04/2017 | 45 | Statement of Facts as to Shaquone R. Ford (vwar) (Entered: 08/07/2017) |
| 08/04/2017 | 46 | Sentencing Procedures Order as to Shaquone R. Ford. Signed by District Judge Mark S. Davis and filed on 8/4/17. (vwar) (Entered: 08/07/2017) |
| 08/15/2017 | 48 | MOTION to Continue *Trial and Memorandum in Support Thereof* by Corey R. Sweetenburg. (Babineau, Jon) (Entered: 08/15/2017) |
| 08/16/2017 | 49 | Motion Hearing before District Judge Mark S. Davis as to Martin L. Hunt held on 8/16/2017 re 41 MOTION to Appoint New Counsel. The defendant wishes to withdraw his motion for new counsel which was filed due to a miscommunication with Mr. Short. The jury trial in this case is currently set for 9/12/17 in Newport News, however, codefendant Sweetenburg will be filing a motion to continue. Defendant Hunt was sworn and confirmed that he withdraws his motion for new counsel and that he concurs in joining the motion to continue. Court notes on the record that the motion for new counsel has been WITHDRAWN. Motion terminated as withdrawn. Deft. remanded.<br><br>**Appearances**: AUSA Howard Zlotnick and SAUSA Amy Cross for the Government. CJA Attorney James E. Short for defendant. (2:30-2:47 p.m.) Defendant present in custody. (Court Reporter Paul McManus, OCR.)(lbax, ) (Entered: 08/16/2017) |
| 08/17/2017 | 50 | MOTION to Adopt by Martin L. Hunt. (Short, James) (Entered: 08/17/2017) |
| 08/22/2017 | 51 | Position on *Co-Defendant's Motion to Continue* by Jamaree L. Green *Co-Defendant's Motion to Continue* (Glaubke, Melinda) (Entered: 08/22/2017) |

| 08/28/2017 | 52 | ORDER granting 50 Motion to Adopt. Signed by District Judge Mark S. Davis on 8/28/2017. (Davis, Mark) (Entered: 08/28/2017) |
| 08/28/2017 | 53 | ORDER granting 48 Motion to Continue based on the Court's finding that the interests of justice warrant a continuance of the trial date. Counsel are instructed to contact the undersigned Judge's Calendar Clerk to schedule: (1) a new trial date; and (2) a status conference. Signed by District Judge Mark S. Davis on 8/28/2017. (Davis, Mark) (Entered: 08/28/2017) |
| 08/28/2017 |  | Jury Trial reset as to Martin L. Hunt, Jamaree L. Green, Corey R. Sweetenburg for 5/1/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Status Conference set for 1/16/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. (vwar) (Entered: 09/29/2017) |
| 10/04/2017 | 54 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Due: 10/26/2017* as to Shaquone R. Ford. Objections to PSI due 10/19/2017. (vann, yvette) (Entered: 10/04/2017) |
| 10/05/2017 |  | Sentencing reset as to Shaquone R. Ford for 12/19/2017 at 02:30 PM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 10/05/2017) |
| 11/30/2017 |  | Plea Agreement Hearing as to Jamaree L. Green set for 12/7/2017 at 02:30 PM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (lbax, ) (Entered: 11/30/2017) |
| 12/07/2017 | 55 | PLEA AGREEMENT HEARING held before District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, SAUSA and Melinda Glaubke, c/a counsel, present; defendant present in custody. Plea Agreement Hearing as to Jamaree L. Green held on 12/7/2017, Plea entered by Jamaree L. Green (3) Guilty: Count 1,2. Sentencing set for 3/2/2018 at 02:30 PM in Norfolk Courtroom 5 before District Judge Mark S. Davis. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 2:30 p.m. - 3:40 p.m.) (vwar) (Entered: 12/07/2017) |
| 12/07/2017 | 56 | PLEA AGREEMENT as to Jamaree L. Green (vwar) (Entered: 12/07/2017) |
| 12/07/2017 | 57 | Statement of Facts as to Jamaree L. Green (vwar) (Entered: 12/07/2017) |
| 12/07/2017 | 58 | Sentencing Procedures Order as to Jamaree L. Green. Signed by District Judge Mark S. Davis and filed on 12/7/17. (vwar) (Entered: 12/07/2017) |
| 12/11/2017 | 60 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Shaquone R. Ford. (vann, yvette) (Entered: 12/11/2017) |
| 12/12/2017 | 63 | Position on Sentencing by USA as to Shaquone R. Ford (Cross, Amy) (Entered: 12/12/2017) |
| 12/12/2017 | 64 | Position on Sentencing by Shaquone R. Ford (Matthews, Gregory) (Entered: 12/12/2017) |
| 12/19/2017 | 66 | SENTENCING held before District Judge Mark S. Davis: Paul McManus, OCR. Howard Zlotnick, AUSA and Gregory Matthews, c/a counsel, present; defendant present in custody. Sentencing held on 12/19/2017 for Shaquone R. Ford (2). Court adopts the factual statements contained in the PSR. Evidence presented. Count 1: One Hundred Eight (108) months imprisonment; Three (3) years supervised release; $100 special assessment; Count(s) 2, Dismissed on Government's Motion at Sentencing. Court advised defendant of his right of appeal. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 2:30 p.m. - 4:10 p.m.) (vwar) (Entered: 12/20/2017) |
| 12/21/2017 | 67 | JUDGMENT as to Shaquone R. Ford (2), Count(s) 1, One Hundred Eight (108) months |

JA32

| | | imprisonment; Three (3) years supervised release; $100 special assessment; Count(s) 2, Dismissed on Government's Motion at Sentencing. Signed by District Judge Mark S. Davis and filed on 12/21/17. (tbro) (Entered: 12/21/2017) |
|---|---|---|
| 12/21/2017 | 68 | Sealed Statement of Reasons as to Shaquone R. Ford. Signed by District Judge Mark S. Davis and filed on 12/21/17. (tbro) (Entered: 12/21/2017) |
| 01/11/2018 | 69 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Shaquone R. Ford. (vann, yvette) (Entered: 01/11/2018) |
| 01/12/2018 | | Terminate Deadlines and Hearings as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg: (vwar) (Entered: 01/12/2018) |
| 01/16/2018 | 71 | STATUS REPORT by USA as to Martin L. Hunt, Corey R. Sweetenburg (Cross, Amy) (Entered: 01/16/2018) |
| 01/25/2018 | 72 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 02/21/2018* as to Jamaree L. Green. Objections to PSI due 02/12/2018. (wade, denise) (Entered: 01/25/2018) |
| 02/13/2018 | 73 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Jamaree L. Green. (wade, denise) (Entered: 02/13/2018) |
| 02/22/2018 | 75 | Position on Sentencing by Jamaree L. Green (Attachments: # 1 Letter)(Glaubke, Melinda) (Entered: 02/22/2018) |
| 02/23/2018 | 76 | Position on Sentencing by USA as to Jamaree L. Green (Cross, Amy) (Entered: 02/23/2018) |
| 02/28/2018 | 77 | MOTION to Continue by Jamaree L. Green. (Attachments: # 1 Proposed Order) (Glaubke, Melinda) (Entered: 02/28/2018) |
| 02/28/2018 | 78 | Memorandum in Support by Jamaree L. Green re 77 MOTION to Continue (Glaubke, Melinda) (Entered: 02/28/2018) |
| 03/01/2018 | 79 | ORDER granting 77 Motion to Continue as to Jamaree L. Green (3). It is hereby ORDERED that the sentencing date in this matter be continued from March 2, 2018 to a date to be selected. Signed by District Judge Mark S. Davis on 2/28/18 and filed on 3/1/18. (tbro) (Entered: 03/01/2018) |
| 03/07/2018 | | Sentencing reset as to Jamaree L. Green for 4/4/2018 at 10:00 AM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 03/07/2018) |
| 03/08/2018 | | Sentencing reset as to Jamaree L. Green for 4/25/2018 at 10:00 AM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 03/08/2018) |
| 03/08/2018 | 80 | Position on Sentencing by USA as to Jamaree L. Green *(Supplemental Position on Applicable Guideline Range)* (Cross, Amy) (Entered: 03/08/2018) |
| 03/08/2018 | 81 | Position on Sentencing by Jamaree L. Green *(Supplemental)* (Glaubke, Melinda) (Entered: 03/08/2018) |
| 03/19/2018 | 82 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Additional Addendum* as to Jamaree L. Green. (wade, denise) (Entered: 03/19/2018) |
| 04/18/2018 | 84 | MOTION to Appoint New Counsel by Martin L. Hunt. (tbro) (Entered: 04/19/2018) |

JA33

| 04/25/2018 | 85 | SENTENCING held before District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, SAUSA and Melinda Glaubke, c/a counsel, present; defendant present in custody. Sentencing held on 4/25/2018 for Jamaree L. Green (3). Court adopted the factual statements as amended contained in the PSR. Count 1: One Hundred Twenty (120) months imprisonment; Three (3) years supervised release; $100 special assessment; Count 2: One Hundred Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment. Defendant advised of his right of appeal. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00 a.m. - 11:00 a.m.) (vwar) (Entered: 04/25/2018) |
| --- | --- | --- |
| 04/26/2018 | 86 | JUDGMENT as to Jamaree L. Green (3), Count(s) 1, One Hundred Twenty (120) months imprisonment; Three (3) years supervised release; $100 special assessment; Count(s) 2, One Hundred Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment. Signed by District Judge Mark S. Davis and filed on 4/26/18. (tbro) (Entered: 04/27/2018) |
| 04/26/2018 | 87 | Sealed Statement of Reasons as to Jamaree L. Green. Signed by District Judge Mark S. Davis and filed on 4/26/18. (tbro) (Entered: 04/27/2018) |
| 04/26/2018 | 88 | MOTION to Seal Indictment by USA as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tbro) (Entered: 04/27/2018) |
| 04/26/2018 | 89 | ORDER granting 88 Motion to Seal Indictment as to Martin L. Hunt (1), Corey R. Sweetenburg (4), Xavier Greene (5), Deshaun Richardson (6), Ryan Taybron (7), Eric Nixon (8), Giovanni Douglas (9), Raymond Palmer (10), Anthony Acklin (11), Melissa Taybron (12), Sade Taybron (13), Phyliss Taybron (14). Signed by Magistrate Judge Douglas E. Miller and filed on 4/26/18. (tbro) (Entered: 04/27/2018) |
| 04/26/2018 | 90 | SUPERSEDING INDICTMENT, entered and filed in open court 4/26/18, as to Martin L. Hunt (1) count(s) 1s, 4s, 5s, 6s, 7s, 8s, 9s, 12s, 13s, Corey R. Sweetenburg (4) count(s) 1s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s, Xavier Greene (5) count(s) 1, 2, 3, 6, 7, 8, 9, 14, 15, Deshaun Richardson (6) count(s) 1, 6, 7, 8, 9, 25, 28, Ryan Taybron (7) count(s) 1, 16, 17, 18, 19, 21, 22, 25, 26, 27-28, Eric Nixon (8) count(s) 1, 16, 17, 18, 19, 21, 22, 23, 24, 29, Giovanni Douglas (9) count(s) 14, 15, Raymond Palmer (10) count(s) 1, 10, 11, Anthony Acklin (11) count(s) 25, 26, 27, Melissa Taybron (12) count(s) 20, 26, Sade Taybron (13) count(s) 20, Phyliss Taybron (14) count(s) 20. (Attachment(s): # 3 Defendant Information Sheets) (tbro) (Entered: 04/30/2018) |
| 04/26/2018 |  | DISMISSAL OF COUNTS on Government Motion as to Martin L. Hunt, Corey R. Sweetenburg. Superseding Indictment filed 4/26/18. (tbro) (Entered: 04/30/2018) |
| 04/27/2018 | 95 | Arrest Warrants Issued and delivered to the USM in case as to Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tbro) (Entered: 04/30/2018) |
| 05/01/2018 |  | Set/Reset Deadlines/Hearings as to Martin L. Hunt, Corey R. Sweetenburg: Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (tbro) (Entered: 05/01/2018) |
| 05/04/2018 |  | Set Hearings as to Eric Nixon: Initial Appearance set for 5/4/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (cdod, ) (Entered: 05/04/2018) |
| 05/04/2018 |  | Arrest of Eric Nixon (tbro) (Entered: 05/04/2018) |
| 05/04/2018 | 96 | Arrest Warrant Returned Executed and filed in open court on 5/4/18 in case as to Eric |

| | | |
|---|---|---|
| | | Nixon. (tbro) (Entered: 05/04/2018) |
| 05/04/2018 | 97 | Minute Entry for proceedings held before Magistrate Judge Lawrence R. Leonard:Initial Appearance as to Eric Nixon held on 5/4/2018. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM.<br><br>**Appearances**: AUSA Beth Yusi for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/9/2018 at 02:00 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (Court Reporter FTR)(tbro) (Entered: 05/04/2018) |
| 05/04/2018 | 98 | Temporary Detention Order, entered and filed in open court 5/4/18, as to Eric Nixon. Signed by Magistrate Judge Lawrence R. Leonard on 5/4/18. (tbro) (Entered: 05/04/2018) |
| 05/04/2018 | 99 | CJA 23 Financial Affidavit, entered and filed in open court 5/4/18, by Eric Nixon. (tbro) (Entered: 05/04/2018) |
| 05/07/2018 | | Set/Reset Deadlines/Hearings as to Melissa Taybron, Sade Taybron, Phyliss Taybron: Initial Appearance set for 5/7/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (afor) (Entered: 05/07/2018) |
| 05/07/2018 | | Nicholas R. Hobbs, CJA Attorney, appointed as to Eric Nixon. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | | Case unsealed as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 100 | Petition and Order for Writ of Habeas Corpus ad Prosequendum as to Deshaun Richardson. A copy of this order was forwarded to the USM on 5/7/18. Signed by Magistrate Judge Lawrence R. Leonard on 5/4/18 and filed on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 102 | Writ of Habeas Corpus ad Prosequendum Issued as to Deshaun Richardson for May 17, 2018 at 2:00 p.m. A copy of this writ was forwarded to the USM on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 103 | Petition and Order for Writ of Habeas Corpus ad Prosequendum as to Ryan Taybron. A copy of this order was forwarded to the USM on 5/7/18. Signed by Magistrate Judge Lawrence R. Leonard on 5/4/18 and filed on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 105 | Writ of Habeas Corpus ad Prosequendum Issued as to Ryan Taybron for May 17, 2018 at 2:00 p.m. A copy of this writ was forwarded to the USM on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 106 | Petition and Order for Writ of Habeas Corpus ad Prosequendum as to Giovanni Douglas. A copy of this order was forwarded to the USM on 5/7/18. Signed by Magistrate Judge Lawrence R. Leonard on 5/4/18 and filed on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | 108 | Writ of Habeas Corpus ad Prosequendum Issued as to Giovanni Douglas for May 17, 2018 at 2:00 p.m. A copy of this writ was forwarded to the USM on 5/7/18. (tbro) (Entered: 05/07/2018) |
| 05/07/2018 | | Arrest of Melissa Taybron, Sade Taybron, Phyliss Taybron (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 109 | Arrest Warrant Returned Executed and filed in open court on 5/7/18 in case as to Melissa Taybron. (tbro) (Entered: 05/08/2018) |

| 05/07/2018 | 110 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Melissa Taybron held on 5/7/2018. Counsel desired, the Court directed the appointment of counsel.<br><br>**Appearances**: AUSA William Muhr for the Government Defendant is present. Defendant is released on PR Bond with special conditions of release. Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (Court Reporter FTR)(tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 111 | CJA 23 Financial Affidavit, entered and filed in open court 5/7/18, by Melissa Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 112 | ORDER Setting Conditions of Release as to Melissa Taybron (12) PR Bond. Signed by Magistrate Judge Robert J. Krask and filed on 5/7/18. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 113 | PR Bond Executed as to Melissa Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 114 | Arrest Warrant Returned Executed and filed in open court on 5/7/18 in case as to Sade Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 115 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Sade Taybron held on 5/7/2018. Counsel desired, the Court directed the appointment of counsel.<br><br>**Appearances**: AUSA William Muhr for the Government Defendant is present. Defendant is released on PR Bond with special conditions of release. Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (Court Reporter FTR)(tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 116 | CJA 23 Financial Affidavit, entered and filed in open court 5/7/18, by Sade Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 117 | ORDER Setting Conditions of Release as to Sade Taybron (13) PR Bond. Signed by Magistrate Judge Robert J. Krask and filed on 5/7/18. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 118 | PR Bond Executed as to Sade Taybron (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 119 | Arrest Warrant Returned Executed and filed in open court on 5/7/18 in case as to Phyliss Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 120 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance as to Phyliss Taybron held on 5/7/2018. Counsel desired, the Court directed the appointment of counsel.<br><br>**Appearances**: AUSA William Muhr for the Government Defendant is present. Defendant is released on PR with special conditions of release. Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (Court Reporter FTR)(tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 121 | CJA 23 Financial Affidavit, entered and filed in open court 5/7/18, by Phyliss Taybron. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 122 | ORDER Setting Conditions of Release as to Phyliss Taybron (14) PR Bond. Signed by Magistrate Judge Robert J. Krask and filed on 5/7/18. (tbro) (Entered: 05/08/2018) |
| 05/07/2018 | 123 | PR Bond Executed as to Phyliss Taybron. (tbro) (Entered: 05/08/2018) |
| 05/08/2018 |  | Mary Teresa Morgan, CJA Attorney, appointed as to Sade Taybron. (tbro) (Entered: 05/08/2018) |

| 05/08/2018 | 124 | ORDER granting 84 Motion to Appoint New Counsel as to Martin L. Hunt (1). The Clerk is DIRECTED to appoint new counsel. Signed by District Judge Mark S. Davis on 05/08/2018. (Davis, Mark) (Entered: 05/08/2018) |
| --- | --- | --- |
| 05/08/2018 | | Eric Leckie, CJA Attorney, appointed as to Phyliss Taybron. (tbro) (Entered: 05/09/2018) |
| 05/08/2018 | | Lawrence Woodward, Jr. and Emily Munn, CJA Attorneys, appointed as to Martin L. Hunt. (tbro) (Entered: 05/09/2018) |
| 05/09/2018 | 125 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask:Detention Hearing as to Eric Nixon held on 5/9/2018; FTR. Argument and introduction of exhibits on government motion for detention--GRANTED. Arraignment set for 5/29/18 at 2:00 p.m. in Newport News. Defendant remanded. **Appearances**: AUSA Amy Cross for the Government; CJA Attorney Nicholas Hobbs for defendant. (CJA Time: 2:00-2:57 p.m.) (afor, ) (Entered: 05/09/2018) |
| 05/09/2018 | | Set/Reset Deadlines/Hearings as to Eric Nixon: Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (afor) (Entered: 05/09/2018) |
| 05/09/2018 | 126 | ORDER OF DETENTION as to Eric Nixon. Signed by Magistrate Judge Robert J. Krask and filed on 5/9/18. (tbro) (Entered: 05/10/2018) |
| 05/14/2018 | | Reset Hearings as to Corey R. Sweetenburg: Arraignment set for 5/16/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (cdod, ) (Entered: 05/14/2018) |
| 05/14/2018 | | Richard S. Yarow, CJA Attorney, appointed as to Melissa Taybron. (tbro) (Entered: 05/14/2018) |
| 05/16/2018 | | Adam Carroll, CJA Attorney, appointed as co-counsel as to Corey R. Sweetenburg. (tbro) (Entered: 05/16/2018) |
| 05/16/2018 | 128 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller:Arraignment as to Corey R. Sweetenburg (4) Count 1s,6s,7s,8s,9s,10s,11s,12s,13s held on 5/16/2018. **Appearances**: AUSA Amy Cross for the Government,CJA Attorney Jon Babineau for defendant. (2:44 pm to 2:54 pm) Defendant is present and in custody. Defendant waived formal arraignment, entered a plea of not guilty, demanded a trial by jury and wishes to be present for pretrial motions. Findings made on the record re: waiver of speedy trial. Status conference to be set as directed by Judge Davis. Defendant remanded to USM custody pending further proceedings. (Tape #FTR.)(cdod, ) (Entered: 05/17/2018) |
| 05/17/2018 | | Initial Appearance as to Xavier Greene, Deshaun Richardson, Ryan Taybron, Giovanni Douglas set for 5/17/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (lwoo) (Entered: 05/17/2018) |
| 05/17/2018 | 129 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller: Initial Appearance as to Xavier Greene held on 5/17/2018. Counsel desired, the Court directed the appointment of counsel, two attorneys to be appointed. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. **Appearances**: AUSA Amy Cross for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/22/2018 at 02:30 PM in Norfolk Mag |

JA37

| | | |
|---|---|---|
| | | Courtroom 2 before Magistrate Judge Douglas E. Miller. (Court Reporter FTR)(tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 130 | Temporary Detention Order, entered and filed in open court 5/17/18, as to Xavier Greene. Signed by Magistrate Judge Douglas E. Miller on 5/17/18. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 131 | CJA 23 Financial Affidavit, entered and filed in open court 5/17/18, by Xavier Greene. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | | Amy Austin and David Good, CJA Attorneys, appointed as to Xavier Greene. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | | Arrest of Deshaun Richardson (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 132 | Arrest Warrant Returned Executed and filed in open court on 5/17/18 in case as to Deshaun Richardson. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 133 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller: Initial Appearance as to Deshaun Richardson held on 5/17/2018. Counsel desired, the Court directed the appointment of counsel. Two attorneys to be appointed. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. <br><br> **Appearances**: AUSA Amy Cross for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/22/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (Court Reporter FTR)(tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 134 | Temporary Detention Order, entered and filed in open court 5/17/18, as to Deshaun Richardson. Signed by Magistrate Judge Douglas E. Miller on 5/17/18. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 135 | CJA 23 Financial Affidavit, entered and filed in open court 5/17/18, by Deshaun Richardson. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | | Rhonda Quagliana and Gregory Klein, CJA Attorneys, appointed as to Deshaun Richardson. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | | Arrest of Ryan Taybron (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 136 | Arrest Warrant Returned Executed and filed in open court on 5/17/18 in case as to Ryan Taybron. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 137 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller: Initial Appearance as to Ryan Taybron held on 5/17/2018. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM. <br><br> **Appearances**: AUSA Amy Cross for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/22/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (Court Reporter FTR)(tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 138 | Temporary Detention Order, entered and filed in open court 5/17/18, as to Ryan Taybron. Signed by Magistrate Judge Douglas E. Miller on 5/17/18. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | 139 | CJA 23 Financial Affidavit, entered and filed in open court 5/17/18, by Ryan Taybron. (tbro) (Entered: 05/17/2018) |
| 05/17/2018 | | Arrest of Giovanni Douglas (tbro) (Entered: 05/18/2018) |

| | | |
|---|---|---|
| 05/17/2018 | 140 | Arrest Warrant Returned Executed and filed in open court on 5/17/18 in case as to Giovanni Douglas. (tbro) (Entered: 05/18/2018) |
| 05/17/2018 | 141 | Minute Entry for proceedings held before Magistrate Judge Douglas E. Miller: Initial Appearance as to Giovanni Douglas held on 5/17/2018. Counsel desired, the Court directed the appointment of counsel. Government motion for detention GRANTED, Temporary detention ordered. Deft. remanded to the custody of the USM.<br><br>**Appearances**: AUSA Amy Cross for the Government. Defendant is present. Defendant is in custody. Detention Hearing set for 5/22/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (Court Reporter FTR)(tbro) (Entered: 05/18/2018) |
| 05/17/2018 | 142 | Temporary Detention Order, entered and filed in open court 5/17/18, as to Giovanni Douglas. Signed by Magistrate Judge Douglas E. Miller on 5/17/18. (tbro) (Entered: 05/18/2018) |
| 05/17/2018 | 143 | CJA 23 Financial Affidavit, entered and filed in open court 5/17/18, by Giovanni Douglas. (tbro) (Entered: 05/18/2018) |
| 05/18/2018 | | Robert Rigney, CJA Attorney, appointed as to Ryan Taybron. (tbro) (Entered: 05/18/2018) |
| 05/21/2018 | | Anthony M. Gantous, CJA attorney, appointed as to Giovanni Douglas. (tbro) (Entered: 05/21/2018) |
| 05/22/2018 | 148 | Minute Entry for Detention Hearing as to Ryan Taybron held on 5/22/2018 before Magistrate Judge Douglas E. Miller. Defendant present, in custody. Detention hearing held. Proffer by Govt. Govt motion for Detention-GRANTED.Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Robert Rigney for defendant. (2:30-2:54) (Attachments: # 1 Govt Exhibit 1, # 2 Govt Exhibit 2, # 3 Govt Exhibit 3, # 4 Govt Exhibit 4, # 5 Govt Exhibit 5, # 6 Govt Exhibit 6)(Court Reporter FTR.)(lwoo) (Entered: 05/22/2018) |
| 05/22/2018 | 149 | Minute Entry for Detention Hearing as to Deshaun Richardson held on 5/22/2018 before Magistrate Judge Douglas E. Miller. Defendant present, in custody. Detention hearing waived. Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Rhonda Quagliana, Greg Klein for defendant. (2:30-2:39) (Court Reporter FTR.)(lwoo) (Entered: 05/22/2018) |
| 05/22/2018 | 150 | Minute Entry for Detention Hearing as to Giovanni Douglas held on 5/22/2018 before Magistrate Judge Douglas E. Miller. Defendant present, in custody. Detention hearing waived. Arraignment set for 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Anthony Gantous for defendant. (2:30-2:58) (Court Reporter FTR.)(lwoo, ) (Entered: 05/22/2018) |
| 05/22/2018 | 151 | Minute Entry for Detention Hearing as to Xavier Greene held on 5/22/2018 before Magistrate Judge Douglas E. Miller. Defendant present, in custody. Detention hearing held. Proffer by Govt. Govt motion for detention-GRANTED. Arraignment set for |

| | | |
|---|---|---|
| | | 5/29/2018 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Lawrence R. Leonard. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Amy Austin, David Good for defendant. (2:30-3:05) (Court Reporter FTR.)(lwoo) (Entered: 05/22/2018) |
| 05/22/2018 | 152 | ORDER OF DETENTION as to Deshaun Richardson. The defendant is ORDERED detained pending trial. Signed by Magistrate Judge Douglas E. Miller and filed on 5/22/18. (tbro) (Entered: 05/22/2018) |
| 05/22/2018 | 153 | ORDER OF DETENTION as to Giovanni Douglas. The defendant is ORDERED detained pending trial. Signed by Magistrate Judge Douglas E. Miller and filed on 5/22/18. (tbro) (Entered: 05/22/2018) |
| 05/23/2018 | 154 | ORDER OF DETENTION pending trial as to Xavier Greene. Signed by Magistrate Judge Douglas E. Miller and filed on 5/23/18. (tbro) (Entered: 05/23/2018) |
| 05/23/2018 | 155 | ORDER OF DETENTION pending trial as to Ryan Taybron. Signed by Magistrate Judge Douglas E. Miller and filed on 5/23/18. (tbro) (Entered: 05/23/2018) |
| 05/23/2018 | 156 | AMENDED ORDER Setting Conditions of Release as to Melissa Taybron (12). Signed by Magistrate Judge Douglas E. Miller on 05/23/18. (jjon) (Entered: 05/23/2018) |
| 05/23/2018 | 157 | AMENDED ORDER Setting Conditions of Release as to Sade Taybron (13). Signed by Magistrate Judge Douglas E. Miller on 05/23/18. (jjon) (Entered: 05/23/2018) |
| 05/23/2018 | 158 | AMENDED ORDER Setting Conditions of Release as to Phyliss Taybron (14). Signed by Magistrate Judge Douglas E. Miller on 05/23/18. (jjon) (Entered: 05/23/2018) |
| 05/29/2018 | 159 | Minute Entry for Arraignment on superseding indictment as to Martin L. Hunt (1) held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Larry Woodward, Emily Munn for defendant. (2:00-2:15) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 160 | Minute Entry for Arraignment on superseding indictment as to Deshaun Richardson held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Rhonda Quagliana, Greg Klein for defendant. (2:00-2:20) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 161 | Agreed Discovery Order as to Deshaun Richardson. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 162 | Minute Entry for Arraignment on superseding indictment as to Ryan Taybron held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial |

| | | |
|---|---|---|
| | | is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government, CJA Attorney Robert Rigney for defendant. (2:00-2:25) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 163 | Agreed Discovery Order as to Ryan Taybron. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 164 | Minute Entry for Arraignment on superseding indictment as to Giovanni Douglas held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government, CJA Attorney Anthony Gantous for defendant. (2:00-2:28) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 165 | Agreed Discovery Order as to Giovanni Douglas. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 166 | Minute Entry for Arraignment on superseding indictment as to Xavier Greene held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government, CJA Attorney Amy Austin, David Good for defendant. (2:00-2:32) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 167 | Agreed Discovery Order as to Xavier Greene. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 168 | Minute Entry for Arraignment on superseding indictment as to Eric Nixon held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. Defendant objects to waiving speedy trial. Govt proffer. The Court finds the case complex and the objection is overruled. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government, CJA Attorney Nicholas Hobbs for defendant. (2:00-3:03) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 169 | Agreed Discovery Order as to Eric Nixon. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 170 | Minute Entry for Arraignment on superseding indictment as to Sade Taybron held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, on bond. Defendant waived formal arraignment, entered plea of not guilty, waived appearance at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant continued on bond. |

| | | |
|---|---|---|
| | | **Appearances**: AUSA Amy Cross for the Government,CJA Attorney Mary Morgan for defendant. (2:00-2:38) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 171 | WAIVER of Presence at Motions Hearing by Sade Taybron. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 172 | Agreed Discovery Order as to Sade Taybron. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 173 | Minute Entry for Arraignment on superseding indictment as to Melissa Taybron held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, on bond. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant continued on bond.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Richard Yarow for defendant. (2:00-2:44) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 174 | Agreed Discovery Order as to Melissa Taybron. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 175 | Minute Entry for Arraignment on superseding indictment as to Phyllis Taybron held on 5/29/2018 before Magistrate Judge Lawrence R. Leonard. Defendant present, on bond. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Status Conference set for 10/3/2018 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. Defendant continued on bond.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Eric Leckie for defendant. (2:00-2:41) (Court Reporter FTR.)(lwoo) (Entered: 05/30/2018) |
| 05/29/2018 | 176 | Agreed Discovery Order as to Phyliss Taybron. Signed by Magistrate Judge Lawrence R. Leonard and filed in open court on 5/29/18. (lwoo) (Entered: 05/30/2018) |
| 05/31/2018 | 177 | Arrest Warrant Returned Executed on 5/29/18 and filed on 5/31/18 in case as to Raymond Palmer. (tbro) (Entered: 05/31/2018) |
| 06/05/2018 | 178 | Rule 5(c)(3) Documents Received from Northern District of Georgia as to Raymond Palmer. (jjon) (Entered: 06/05/2018) |
| 06/05/2018 | | Arrest of Raymond Palmer on May 30, 2018 in Northern District of Georgia. (jjon) (Entered: 06/05/2018) |
| 06/05/2018 | 179 | Two (2) Subpoenas issued as to Martin L. Hunt. (tbro) (Entered: 06/05/2018) |
| 06/11/2018 | 183 | Two (2) Subpoenas Returned as to Martin L. Hunt. (tbro) (Entered: 06/13/2018) |
| 06/12/2018 | | Status Hearing reset as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron for 10/3/2018 at 10:00 AM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 06/12/2018) |
| 06/13/2018 | 182 | Memorandum by Deshaun Richardson as to Deshaun Richardson re 147 Exparte, Order (Attachments: # 1 Exhibit Resume of Sarah Burke, # 2 Exhibit Resume of Scott Salter, # 3 Exhibit Resume of Diane Mathews)(Quagliana, Rhonda) (Entered: 06/13/2018) |
| 06/15/2018 | | Set Hearings as to Raymond Palmer: Initial Appearance set for 6/15/2018 at 12:00 PM in |

| | | |
|---|---|---|
| | | Norfolk Mag Courtroom 2 before Magistrate Judge Lawrence R. Leonard. (cdod, ) (Entered: 06/15/2018) |
| 06/15/2018 | 184 | Minute Entry for proceedings held before Magistrate Judge Lawrence R. Leonard:Initial Appearance as to Raymond Palmer held. (Court Reporter FTR.) USA appeared through Eric Hurt, AUSA. Defendant present. Defendant appointed counsel in Northern District of Georgia. Temporary detention ordered. Detention Hearing set for 6/19/2018 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. Defendant remanded to custody of USM(jrin) (Entered: 06/15/2018) |
| 06/15/2018 | 185 | Order of Temporary Detention as to Raymond Palmer. Signed by Magistrate Judge Lawrence R. Leonard on 6/15/2018. (jrin) (Entered: 06/15/2018) |
| 06/18/2018 | | Jamison Rasberry, CJA Attorney, appointed as to Raymond Palmer. (tbro) (Entered: 06/18/2018) |
| 06/19/2018 | 186 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask:Arraignment and Detention Hearing as to Raymond Palmer held on 6/19/2018; FTR. Argument on government motion for detention--GRANTED. Defendant waived formal arraignment, entered plea of not guilty, asked for trial by jury and wishes to be present for pretrial motions. Motions cutoff 8/20/18. Findings made on record re: waiver of speedy trial. Agreed discovery order entered and filed in open court. Status conference set before Judge Davis for 10/3/18 at 10:00 a.m. in Norfolk. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government; CJA Attorney Jamison Rasberry for defendant. (CJA Time: 2:30-3:39 p.m.) (afor) (Entered: 06/19/2018) |
| 06/19/2018 | 187 | Agreed Discovery Order as to Raymond Palmer. Signed by Magistrate Judge Robert J. Krask on 6/19/18. (afor) (Entered: 06/19/2018) |
| 06/19/2018 | | Set/Reset Deadlines/Hearings as to Raymond Palmer: Status Conference set for 10/3/2018 at 10:00 AM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (afor) (Entered: 06/19/2018) |
| 06/20/2018 | 192 | ORDER OF DETENTION as to Raymond Palmer. Signed by Magistrate Judge Robert J. Krask on 06/20/18. (jjon) (Entered: 06/20/2018) |
| 06/26/2018 | 193 | Three (3) Subpoenas issued as to Deshaun Richardson. (tbro) (Entered: 06/26/2018) |
| 06/26/2018 | 194 | One (1) Subpoena issued as to Deshaun Richardson. (tbro) (Entered: 06/26/2018) |
| 06/27/2018 | 195 | One (1) Subpoena issued as to Martin L. Hunt. (tbro) (Entered: 06/27/2018) |
| 07/06/2018 | 198 | One (1) Subpoena issued as to Martin L. Hunt, et al. (tbro) (Entered: 07/09/2018) |
| 07/08/2018 | 197 | RESPONSE by Xavier Greene as to Xavier Greene *to Court's Order re Experts* (Attachments: # 1 Exhibit Pamela Bishop Resume, # 2 Exhibit Shannon Woodward Resume, # 3 Exhibit Bill Frank Resume)(Austin, Amy) (Entered: 07/08/2018) |
| 07/10/2018 | 199 | One (1) Subpoenas Returned as to Martin L. Hunt. (tbro) (Entered: 07/10/2018) |
| 07/11/2018 | 200 | RESPONSE by Corey R. Sweetenburg as to Corey R. Sweetenburg *to Court's Order re Experts* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Babineau, Jon) (Entered: 07/11/2018) |
| 07/23/2018 | 202 | MOTION for Bond *review detention order* by Eric Nixon. (Hobbs, Nicholas) (Entered: 07/23/2018) |
| 07/24/2018 | 203 | One (1) Subpoena issued as to Martin L. Hunt. (tbro) (Entered: 07/25/2018) |
| 07/30/2018 | 204 | Subpoena Returned as to Martin L. Hunt. (clou ) (Entered: 07/30/2018) |

| 08/06/2018 | 206 | RESPONSE to Motion by USA as to Eric Nixon re 202 MOTION for Bond *review detention order* (Attachments: # 1 Exhibit U.S. Exhibits #1-6)(Cross, Amy) (Entered: 08/06/2018) |
|---|---|---|
| 08/22/2018 | 209 | TRANSCRIPT of Electronically Recorded Proceedings, Detention Hearing held on 05/09/2018, before Judge Robert J. Krask. Court reporter/transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/21/2018. Redacted Transcript Deadline set for 10/22/2018. Release of Transcript Restriction set for 11/20/2018.(mcmanus, paul) (Entered: 08/22/2018)** |
| 08/27/2018 | | Status Conference reset as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron for 11/6/2018 at 10:00 AM in Norfolk Courtroom 5 before District Judge Mark S. Davis. (vwar) (Entered: 08/27/2018) |
| 09/07/2018 | 211 | MODIFICATION of Conditions of Release as to Melissa Taybron (12) PR Bond. Signed by Magistrate Judge Robert J. Krask on 9/6/18 and filed on 9/7/18. (tbro) (Entered: 09/07/2018) |
| 09/17/2018 | 212 | ORDER re 202 Motion for Bond Review Detention Order as to Eric Nixon (8). The Court ORDERS Defendant to be DETAINED pending his trial. The Court further ORDERS that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. A copy of this order was forwarded to all parties on 9/17/18. Signed by District Judge Mark S. Davis and filed on 9/17/18. (tbro) (Entered: 09/17/2018) |
| 10/12/2018 | 214 | NOTICE *of Intent Not to Seek the Death Penalty* by USA as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson (Samuels, Brian) (Entered: 10/12/2018) |
| 10/17/2018 | | Jury Trial set as to Martin L. Hunt, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before District Judge Mark S. Davis. (vwar) (Entered: 10/17/2018) |
| 10/17/2018 | | Terminate Deadlines and Hearings as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron: (Status Conference Cancelled) (vwar) (Entered: 10/17/2018) |
| 10/22/2018 | 215 | Five (5) Blank Subpoenas issued as to Martin L. Hunt, et al. (Attachments: # 1 Memorandum)(tbro) (Entered: 10/23/2018) |
| 11/15/2018 | 216 | MOTION for Speedy Trial by Eric Nixon. (tbro) (Entered: 11/16/2018) |
| 11/16/2018 | 217 | ORDER finding as moot 216 Motion for Speedy Trial as to Eric Nixon (8) as Defendant's |

| | | |
|---|---|---|
| | | objection to waiving speedy trial was previously overruled by Judge Leonard on May 29, 2018 (ECF No. 168). Defendant is further advised that, while represented by counsel, he is not to submit any further motions on his own behalf. Signed by District Judge Mark S. Davis on 11/16/2018. (Davis, Mark) (Entered: 11/16/2018) |
| 11/19/2018 | 218 | MOTION to Appoint New Counsel by Giovanni Douglas. (tbro) (Entered: 11/26/2018) |
| 11/27/2018 | 219 | MOTION to Withdraw as Attorney by Anthony M. Gantous. by Giovanni Douglas. (Gantous, Anthony) (Entered: 11/27/2018) |
| 11/28/2018 | 220 | ORDER granting 218 Defendant's letter Motion to Appoint New Counsel and 219 defense counsel's "Unopposed Motion to Withdraw as Counsel" for the reasons set out in such motions and based on the representation in the motion to withdraw as counsel that the Government does not oppose the withdrawal of counsel. Therefore, the Clerk is DIRECTED to appoint new counsel. Signed by District Judge Mark S. Davis on 11/28/2018. (Davis, Mark) (Entered: 11/28/2018) |
| 11/28/2018 | | Harry Harmon, CJA Attorney, appointed as to Giovanni Douglas. Attorney Anthony Gantous is no longer assigned to the case. (tbro) (Entered: 11/28/2018) |
| 01/04/2019 | 221 | Letter from Eric Nixon. (bpet, ) (Entered: 01/07/2019) |
| 01/07/2019 | 222 | Letter to Eric Nixon. (bpet, ) (Entered: 01/07/2019) |
| 01/28/2019 | 223 | MOTION to Withdraw as Attorney by Rhonda Quagliana. by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 01/28/2019) |
| 01/29/2019 | | Notice of Correction re 223 MOTION to Withdraw as Attorney by Rhonda Quagliana. Pursuant to Local Criminal Rule 12, a brief in support is required. When You filed Document number 223, a Brief In Support was not included nor were there any authorities cited within your motion. Please file a brief and link it back to Motion 223 (tamarm) Modified text on 1/29/2019 (tamarm). (Entered: 01/29/2019) |
| 01/29/2019 | 224 | Memorandum in Support by Deshaun Richardson re 223 MOTION to Withdraw as Attorney by Rhonda Quagliana. (Quagliana, Rhonda) (Entered: 01/29/2019) |
| 02/04/2019 | 225 | Letter Motion for new counsel by Martin L. Hunt. (Attachments: # 1 Envelope)(tamarm) (Entered: 02/04/2019) |
| 02/05/2019 | 226 | RESPONSE to Motion by Martin L. Hunt re 225 Letter Motion (Woodward, Lawrence) (Entered: 02/05/2019) |
| 02/05/2019 | | Motion Hearing set as to Deshaun Richardson 223 MOTION to Withdraw as Attorney by Rhonda Quagliana for 2/21/2019 at 11:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 02/05/2019) |
| 02/11/2019 | 227 | Letter from Martin Hunt (Attachments: # 1 Envelope)(afar) (Entered: 02/11/2019) |
| 02/21/2019 | 228 | MOTION HEARING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Brian Samuels and Amy Cross, present on behalf of the Government; Rhonda Quagliana and Gregory Klein, present on behalf of the Defendant. Defendant present in custody. Motion Hearing as to Deshaun Richardson held on 2/21/2019 re 223 MOTION to Withdraw as Attorney. Comments of the Court. Argument of counsel heard. Defendant sworn. Comments of the defendant heard. Further comments of the Court. For reasons stated on the record, the Court DENIED 223 motion to withdraw. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 11:00 a.m. - 12:38 p.m.) (Court Reporter Paul McManus.)(vwar, ) (Entered: 02/21/2019) |
| 02/21/2019 | 230 | Letter Motion from Defendant Giovanni Douglas (Attachments: # 1 Envelope) (Main Document 230 replaced on 2/27/2019 to include second page signature) (clou ). Modified |

| | | on 3/1/2019 to correct docket event (clou ). (Entered: 02/27/2019) |
|---|---|---|
| 02/22/2019 | 229 | SCHEDULING ORDER: Any defense motions in this case shall be due on May 10, 2019; the Government's response to any such motion shall be due on June 7, 2019; and any defense reply briefs shall be due on June 19, 2019. Signed by Chief District Judge Mark S. Davis on 02/22/2019. (tamarm) (Entered: 02/22/2019) |
| 03/06/2019 | 231 | MOTION to Substitute Attorney and brief in support by Ryan Taybron. (Rigney, Robert) Modified text on 3/7/2019 (tamarm). (Entered: 03/06/2019) |
| 03/08/2019 | | Motion Hearing set as to Giovanni Douglas 230 Letter Motion for 4/3/2019 at 02:30 PM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 03/08/2019) |
| 03/08/2019 | 232 | ORDER granting 231 Motion to Substitute Attorney as to Ryan Taybron (7). The Clerk is DIRECTED to appoint Andrew A. Protogyrou of Protogyrou & Rigney, P.L.C. in place of Robert B. Rigney. Signed by Chief District Judge Mark S. Davis on 03/08/2019. (Davis, Mark) (Entered: 03/08/2019) |
| 03/14/2019 | | Plea Agreement Hearing set as to Corey R. Sweetenburg for 3/14/2019 at 02:30 PM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 03/14/2019) |
| 03/14/2019 | 233 | PLEA AGREEMENT HEARING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, SAUSA, Jon Babineau, c/a counsel, and Adam Carroll, c/a counsel, present; defendant present in custody. Plea Agreement Hearing as to Corey R. Sweetenburg held on 3/14/2019, Plea entered by Corey R. Sweetenburg (4) Guilty: Counts 1s,10s. Sentencing set for 11/13/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 2:30 p.m. - 3:23 p.m.) (vwar) (Entered: 03/14/2019) |
| 03/14/2019 | 234 | PLEA AGREEMENT as to Corey R. Sweetenburg (vwar) (Entered: 03/14/2019) |
| 03/14/2019 | 235 | Statement of Facts as to Corey R. Sweetenburg (vwar) (Entered: 03/14/2019) |
| 03/14/2019 | 236 | Sentencing Procedures Order as to Corey R. Sweetenburg. Signed by Chief District Judge Mark S. Davis and filed on 3/14/2019. (vwar) (Entered: 03/14/2019) |
| 04/02/2019 | | Motion Hearing reset as to Giovanni Douglas 230 Letter Motion for 4/3/2019 at 03:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (vwar) (Entered: 04/02/2019) |
| 04/03/2019 | | Reset in case as to Giovanni Douglas Motion Hearing re 230 reset for 4/3/2019 at 03:00 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 04/03/2019) |
| 04/03/2019 | 238 | MOTION HEARING held before Magistrate Judge Robert J. Krask: Paul McManus, OCR. Amy Cross, present on behalf of the Government. Harry Harmon, present on behalf of the Defendant. Defendant present in custody. Motion Hearing as to Giovanni Douglas held on 4/3/2019 re 230 Letter Motion filed by Giovanni Douglas. Comments of counsel heard. Comments of the Court. For reasons stated on the record, the Court DENIED defendant 230 Letter Motion. Court DIRECTED counsel for defendant to file appropriate motions by the date set out in the 229 Scheduling Order entered and filed on 2/22/2019. Defendant remanded to custody of USM. Court adjourned. (vwar) (Entered: 04/04/2019) |
| 04/03/2019 | 239 | ORDER denying without prejudice 230 Letter Motion as to Giovanni Douglas (9). Signed by Magistrate Judge Robert J. Krask on 04/03/2019. (tamarm) (Entered: 04/04/2019) |

| 05/03/2019 | 240 | Letter Motion to Terminate Attorney and Proceed Pro Se by Giovanni Douglas. (Attachments: # 1 Letter, # 2 Envelope)(tamarm) (Entered: 05/06/2019) |
|---|---|---|
| 05/03/2019 | 241 | *STRICKEN FROM THE RECORD Per Order Filed 5/8/2019* Letter Motion to Dismiss the Indictment by Giovanni Douglas. (Attachments: # 1 Letter, # 2 Envelope) (tamarm) Modified text on 7/31/2019 (tamarm). (Entered: 05/06/2019) |
| 05/07/2019 | 242 | *STRICKEN FROM THE RECORD Per Order filed 5/8/2019* Letter MOTION to Dismiss by Giovanni Douglas. (Attachments: # 1 Envelope)(jrin) Modified text on 7/31/2019 (tamarm). (Entered: 05/08/2019) |
| 05/07/2019 | 243 | *STRICKEN FROM THE RECORD Per Order Filed 5/8/2019* Letter MOTION to Sever Trial by Giovanni Douglas. (Attachments: # 1 Envelope)(jrin) Modified text on 7/31/2019 (tamarm). (Entered: 05/08/2019) |
| 05/07/2019 | 244 | *STRICKEN FROM THE RECORD Per Order Filed 5/8/2019* Letter MOTION to Dismiss by Giovanni Douglas. (Attachments: # 1 Envelope)(jrin) Modified text on 7/31/2019 (tamarm). (Entered: 05/08/2019) |
| 05/07/2019 | 245 | *Stricken from the record pursuant to Court's Order of 5/9/19 (ECF 247)* - SUBJECT TO DEFECT: Letter MOTION to Dismiss by Deshaun Richardson. (Attachments: # 1 Envelope)(jrin) Modified text on 6/13/2019 (tamarm). (Entered: 05/08/2019) |
| 05/09/2019 | 246 | STRIKING ORDER re 242 MOTION to Dismiss filed by Giovanni Douglas, 244 MOTION to Dismiss filed by Giovanni Douglas, 241 Letter Motion filed by Giovanni Douglas, 243 MOTION to Sever Defendant filed by Giovanni Douglas; the defendant is advised that if he wishes the court to consider his submission, it must be resubmitted with the deficiency corrected within thirty (30) days of the date of this order or it will be stricken from the record. Signed by Chief District Judge Mark S. Davis on 05/08/2019. (Copy mailed to Giovanni Douglas 5/9/2019.) (tamarm) (Entered: 05/09/2019) |
| 05/09/2019 | 247 | STRIKING ORDER re 245 MOTION to Dismiss filed by Deshaun Richardson. The defendant is advised that if he wishes the court to consider his submission, it must be resubmitted with the deficiency corrected within thirty (30) days of the date of this order or it will be stricken from the record. Signed by Chief District Judge Mark S. Davis on 05/08/2019. (Copy mailed to Deshaun Richardson 5/9/2019) (tamarm) (Entered: 05/09/2019) |
| 05/10/2019 | 248 | MOTION to Dismiss by Martin L. Hunt. (Munn, Emily) (Entered: 05/10/2019) |
| 05/10/2019 | 249 | Memorandum in Support by Martin L. Hunt re 248 MOTION to Dismiss (Munn, Emily) (Entered: 05/10/2019) |
| 05/10/2019 | 250 | MOTION to Exclude by Martin L. Hunt. (Munn, Emily) (Entered: 05/10/2019) |
| 05/10/2019 | 251 | Memorandum in Support by Martin L. Hunt re 250 MOTION to Exclude (Munn, Emily) (Entered: 05/10/2019) |
| 05/10/2019 | 252 | MOTION to Adopt Co-Defendant Martin Hunt's Motion to Dismiss by Eric Nixon. (Hobbs, Nicholas) Modified text on 5/13/2019 (tamarm). (Entered: 05/10/2019) |
| 05/10/2019 | 253 | MOTION to Adopt Co-Defendant Martin Hunt's Motion to Exclude by Eric Nixon. (Hobbs, Nicholas) Modified text on 5/13/2019 (tamarm). (Entered: 05/10/2019) |
| 05/10/2019 | 256 | MOTION for Additional Peremptory Challenges by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 257 | Memorandum in Support by Deshaun Richardson re 256 MOTION for Additional Peremptory Challenges (Quagliana, Rhonda) (Entered: 05/10/2019) |

| 05/10/2019 | 258 | MOTION for Use of Juror Questionnaire by Deshaun Richardson. (Attachments: # 1 Exhibit Proposed Juror Questionnaire)(Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 259 | Memorandum in Support by Deshaun Richardson re 258 MOTION for Use of Juror Questionnaire (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 260 | MOTION in Limine *to Bar Symbols* by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 261 | Memorandum in Support by Deshaun Richardson re 260 MOTION in Limine *to Bar Symbols* (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 262 | MOTION to Dismiss , MOTION to Join Defendant Martin L. Hunts Motion to Dismiss and to Adopt Memorandum in Support of Martin L. Hunts Motion to Dismiss re 249 Memorandum in Support of Motion, 248 MOTION to Dismiss by Deshaun Richardson as to Martin L. Hunt, Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 263 | MOTION Join Defendant Martin L. Hunts Motion to Exclude, and to Adopt Defendant Martin L. Hunts Memorandum in Support of Motion to Exclude Bullets and Shell Casings re 251 Memorandum in Support of Motion, 250 MOTION to Exclude by Deshaun Richardson as to Martin L. Hunt, Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 264 | MOTION to Adopt Co-defendant Martin Hunt's Motion to *Dismiss* by Raymond Palmer. (Rasberry, Jamison) Modified text on 5/13/2019 (tamarm). (Entered: 05/10/2019) |
| 05/10/2019 | 265 | MOTION to Preclude Testimony or Other Evidence of Incarceration by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 266 | Memorandum in Support by Deshaun Richardson re 265 MOTION to Preclude Testimony or Other Evidence of Incarceration (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 267 | MOTION to Sever Defendant by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 268 | MOTION to Adopt Co-defendant Martin Hunt's Motion to *Exclude* by Raymond Palmer. (Rasberry, Jamison) Modified text on 5/13/2019 (tamarm). (Entered: 05/10/2019) |
| 05/10/2019 | 269 | Memorandum in Support by Deshaun Richardson re 267 MOTION to Sever Defendant (Quagliana, Rhonda) (Entered: 05/10/2019) |
| 05/10/2019 | 270 | MOTION with Memorandum in Support for Jencks Material *and Brady/Giglio Material* by Xavier Greene. (Austin, Amy) Modified text on 5/13/2019 (tamarm). (Entered: 05/10/2019) |
| 05/10/2019 | 271 | MOTION to Adopt *Motion To Exclude and Memorandum in Support (ECF 250 & 251)* by Xavier Greene. (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 272 | MOTION Additional Peremptory Strikes by Xavier Greene. (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 273 | MOTION for Disclosure *Of Co-Defendants' Statements Incriminating Defendant* by Xavier Greene. (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 274 | MOTION to Dismiss *and Adopt Motion and Memorandum ECF Nos. 248 & 249* by Xavier Greene. (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 275 | MOTION to Dismiss , MOTION to Adopt *Motion and Memorandum ECF Nos. 248 and 249* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |

| 05/10/2019 | 276 | MOTION to Exclude , MOTION to Adopt *Motion and Memorandum ECF Nos. 250 and 251* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
|---|---|---|
| 05/10/2019 | 277 | MOTION to Sever Defendant , MOTION to Adopt *Motion and Memorandum ECF Nos. 267 and 269* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 278 | MOTION in Limine *to Bar Symbols*, MOTION to Adopt *Motion and Memorandum ECF Nos. 260 and 261* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 279 | MOTION for Disclosure *of Incriminating Statements by Co-Defendants*, MOTION to Adopt *Motion ECF No. 273* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 280 | MOTION Additional Peremptory Strikes , MOTION to Adopt *Motion and Memorandum ECF Nos. 256 and 272* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 281 | MOTION for Jencks Material *and Memorandum for Early Jenks Materials* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 282 | MOTION to Sever Defendant by Xavier Greene. (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 283 | MOTION to Dismiss *to Defect in Superseding Indictment* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/10/2019 | 284 | Memorandum in Support by Xavier Greene re 282 MOTION to Sever Defendant (Austin, Amy) (Entered: 05/10/2019) |
| 05/10/2019 | 285 | MOTION for Speedy Trial *and Memorandum of Law* by Giovanni Douglas. (Harmon, Harry) (Entered: 05/10/2019) |
| 05/13/2019 | | Notice of Correction re 252 MOTION to Dismiss: Document number 252 was filed using the wrong docket event. The "Motion to Adopt" event was incorrectly filed as "Motion to Dismiss." The clerk's office staff corrected this error. No further action is required at this time. (tamarm) (Entered: 05/13/2019) |
| 05/13/2019 | | Notice of Correction re 253 MOTION to Exclude: Document number 253 was filed using the wrong docket event. The "Motion to Adopt" event was incorrectly filed as "Motion to Exclude." The clerk's office staff corrected this error. No further action is required at this time. (tamarm) (Entered: 05/13/2019) |
| 05/13/2019 | | Notice of Correction re 270 MOTION for Jencks Material *and Brady/Giglio Material*, 271 MOTION to Adopt *Motion To Exclude and Memorandum in Support (ECF 250 & 251)*, 272 MOTION Additional Peremptory Strikes: documents numbered 270, 271 and 272 have a case number that does not correspond to the case in which you filed. Also, document number 270 includes a Memorandum in Support of the Motion and the docket text should reflect the correct title of the document. The docket has been corrected. (tamarm) (Entered: 05/13/2019) |
| 05/16/2019 | 286 | MOTION for Leave to Late File Motion to Sever *and Memorandum in Support* by Sade Taybron. (Morgan, Mary) Modified text on 5/17/2019 (tamarm). (Additional attachment(s) added on 5/17/2019: # 1 Proposed Motion, # 2 Memorandum in Support of Motion) (tamarm, ). (Entered: 05/16/2019) |
| 05/16/2019 | 287 | MOTION to Sever Defendant by Sade Taybron. (Morgan, Mary) (Entered: 05/16/2019) |
| 05/16/2019 | 288 | Memorandum in Support by Sade Taybron re 287 MOTION to Sever Defendant (Morgan, Mary) (Entered: 05/16/2019) |
| 05/16/2019 | | Motion Hearing set as to Giovanni Douglas 240 Letter Motion to Proceed Pro Se for 7/30/2019 at 12:00 PM in Newport News Courtroom 1 before Chief District Judge Mark |

| | | |
|---|---|---|
| | | S. Davis. (vwar) (Entered: 05/16/2019) |
| 05/17/2019 | | Notice of Correction re 286 MOTION for Leave to File *and Memorandum in Support*: Documents 287 and 288 - Motion to Sever and Brief in Support have been removed from the record and placed as attachments to the ECF 286. No further action is required at this time. (tamarm) (Entered: 05/17/2019) |
| 06/05/2019 | 289 | ORDER granting 286 Motion for Leave to Late File Motion to Sever as to Sade Taybron (13). The Clerk is DIRECTED to file Defendant's Motion to Sever and memorandum in support thereof. Signed by Chief District Judge Mark S. Davis on 06/05/2019. (Davis, Mark) (Entered: 06/05/2019) |
| 06/05/2019 | 290 | MOTION to Sever Defendant by Sade Taybron. (tamarm) (Entered: 06/06/2019) |
| 06/05/2019 | 291 | Memorandum in Support by Sade Taybron re 290 MOTION to Sever Defendant (tamarm) (Entered: 06/06/2019) |
| 06/06/2019 | 292 | MOTION for Extension *of Time to File Motion to Sever* by Phyliss Taybron. (Leckie, Eric) (Entered: 06/06/2019) |
| 06/06/2019 | 293 | MOTION to Sever Defendant by Phyliss Taybron. (Leckie, Eric) (Entered: 06/06/2019) |
| 06/06/2019 | 294 | Memorandum in Support by Phyliss Taybron re 293 MOTION to Sever Defendant (Leckie, Eric) (Entered: 06/06/2019) |
| 06/07/2019 | 295 | RESPONSE to Motion by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Giovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron re 263 MOTION Join Defendant Martin L. Hunts Motion to Exclude, and to Adopt Defendant Martin L. Hunts Memorandum in Support of Motion to Exclude Bullets and Shell Casings re 251 Memorandum in Support of Motion, 250 MOTION to Exclude *and Brady/Giglio Material*, 253 MOTION to Exclude , 279 MOTION for Disclosure *of Incriminating Statements by Co-Defendants* MOTION to Adopt *Motion ECF No. 273*, 290 MOTION to Sever Defendant, 260 MOTION in Limine *to Bar Symbols*, 278 MOTION in Limine *to Bar Symbols* MOTION to Adopt *Motion and Memorandum ECF Nos. 260 and 261*, 271 MOTION to Adopt *Motion To Exclude and Memorandum in Support (ECF 250 & 251)*, 272 MOTION Additional Peremptory Strikes , 274 MOTION to Dismiss *and Adopt Motion and Memorandum ECF Nos. 248 & 249*, 252 MOTION to Dismiss , 250 MOTION to Exclude , 277 MOTION to Sever Defendant MOTION to Adopt *Motion and Memorandum ECF Nos. 267 and 269*, 268 MOTION to Adopt *Exclude*, 267 MOTION to Sever Defendant , 262 MOTION to Dismiss MOTION to Join Defendant Martin L. Hunts Motion to Dismiss and to Adopt Memorandum in Support of Martin L. Hunts Motion to Dismiss re 249 Memorandum in Support of Motion, 248 MOTION to Dismiss , 275 MOTION to Dismiss MOTION to Adopt *Motion and Memorandum ECF Nos. 248 and 249*, 273 MOTION for Disclosure *Of Co-Defendants' Statements Incriminating Defendant*, 282 MOTION to Sever Defendant , 276 MOTION to Exclude MOTION to Adopt *Motion and Memorandum ECF Nos. 250 and 251*, 283 MOTION to Dismiss *to Defect in Superseding Indictment*, 256 MOTION for Additional Peremptory Challenges , 264 MOTION to Adopt *Dismiss*, 265 MOTION to Preclude Testimony or Other Evidence of Incarceration , 248 MOTION to Dismiss , 281 MOTION for Jencks Material *and Memorandum for Early Jenks Materials*, 258 MOTION for Use of Juror Questionnaire , 280 MOTION Additional Peremptory Strikes MOTION to Adopt *Motion and Memorandum ECF Nos. 256 and 272*, 285 MOTION for Speedy Trial *and Memorandum of Law* (Samuels, Brian) (Entered: 06/07/2019) |
| 06/12/2019 | 296 | SECOND SUPERSEDING INDICTMENT as to Martin L. Hunt (1) count(s) 1ss, 4ss, |

|  |  | 5ss, 6ss, 7ss, 8ss, 9ss, 12ss, 13ss, 30ss, 31ss, 32ss, 33ss, Xavier Greene (5) count(s) 1s, 2s, 3s, 6s, 7s, 8s, 9s, 14s, 15s, Deshaun Richardson (6) count(s) 1s, 6s, 7s, 8s, 9s, 25s, 28s, Ryan Taybron (7) count(s) 1s, 16s, 17s, 18s, 19s, 21s, 22s, 25s, 26s, 27s-28s, Eric Nixon (8) count(s) 1s, 16s, 17s, 18s, 19s, 21s, 22s, 23s, 24s, 29s, Geovanni Douglas (9) count(s) 1s, 14s, 15s, 34s, 35s, Raymond Palmer (10) count(s) 1s, 10s, 11s, Anthony Acklin (11) count(s) 25s, 26s, 27s, Melissa Taybron (12) count(s) 26s, Sade Taybron (13) count(s) 20s, Phyliss Taybron (14) count(s) 20s. On motion of the Government, the Court directed warrant to be issued as to Anthony Acklin. On motion of the Government, the Court directed Arraignment to be set for 6/27/2019 at 2:00 p.m. in Newport News as to Hunt, Greene, Richardson, R. Taybron, Nixon, Douglas, Palmer, M. Taybron, S. Taybron, P. Taybron. (Attachments: # 1 Defendant Info Sheet) (tamarm) (Additional attachment(s) added on 6/13/2019: # 2 Greene's Deft Info Sheet, # 3 Richardson's Deft Info Sheet, # 4 R. Taybron's Deft Info Sheet, # 5 Nixon's Deft Info Sheet, # 6 Palmer's Deft Info Sheet, # 7 Acklin's Deft Info Sheet, # 8 M. Taybron's Deft Info Sheet, # 9 S. Taybron's Deft Info Sheet, # 10 P. Taybron's Deft Info Sheet) (tamarm, ). (Entered: 06/13/2019) |
| 06/12/2019 |  | Set Hearings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Melissa Taybron, Sade Taybron, Phyliss Taybron: Arraignment set for 6/27/2019 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Robert J. Krask. (tamarm) (Entered: 06/13/2019) |
| 06/12/2019 | 299 | Arrest Warrant Issued and delivered to USM as to Anthony Acklin. (tamarm) (Entered: 06/13/2019) |
| 06/12/2019 |  | DISMISSAL OF COUNTS - Second Superseding Indictment filed as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tamarm) (Entered: 06/13/2019) |
| 06/18/2019 |  | Set/Reset Hearings as to Eric Nixon: Arraignment RESET by agreement of counsel for 7/1/2019 at 02:00 PM in Newport News Courtroom 2 before Magistrate Judge Douglas E. Miller. (jjon) (Entered: 06/18/2019) |
| 06/19/2019 | 311 | REPLY TO RESPONSE to by Deshaun Richardson re 265 MOTION to Preclude Testimony or Other Evidence of Incarceration (Quagliana, Rhonda) (Entered: 06/19/2019) |
| 06/19/2019 | 312 | REPLY TO RESPONSE to by Deshaun Richardson re 256 MOTION for Additional Peremptory Challenges (Quagliana, Rhonda) (Entered: 06/19/2019) |
| 06/19/2019 | 313 | REPLY TO RESPONSE to by Deshaun Richardson re 258 MOTION for Use of Juror Questionnaire (Quagliana, Rhonda) (Entered: 06/19/2019) |
| 06/19/2019 | 314 | REPLY TO RESPONSE to by Deshaun Richardson re 267 MOTION to Sever Defendant (Quagliana, Rhonda) (Entered: 06/19/2019) |
| 06/19/2019 | 315 | REPLY TO RESPONSE to by Deshaun Richardson re 260 MOTION in Limine *to Bar Symbols* (Quagliana, Rhonda) (Entered: 06/19/2019) |
| 06/20/2019 | 316 | REPLY TO RESPONSE to by Geovanni Douglas re 295 Response to Motion,,,,,,,,,, (Harmon, Harry) (Entered: 06/20/2019) |
| 06/21/2019 | 317 | RESPONSE to Motion by USA as to Phyliss Taybron re 293 MOTION to Sever Defendant (Samuels, Brian) (Entered: 06/21/2019) |
| 06/21/2019 | 318 | ORDER granting 292 Motion for Extension of Time to Late File Motion to Sever as to Phyliss Taybron (14). Signed by Chief District Judge Mark S. Davis on 06/21/2019. (Davis, Mark) (Entered: 06/21/2019) |

| | | |
|---|---|---|
| 06/26/2019 | 319 | MOTION with Memorandum in Support for Leave to File *Motion to Sever* by Melissa Taybron. (Yarow, Richard) Modified text on 6/27/2019 (tamarm). (Entered: 06/26/2019) |
| 06/26/2019 | 320 | MOTION to Sever Defendant by Melissa Taybron. (Yarow, Richard) (Entered: 06/26/2019) |
| 06/26/2019 | 321 | Memorandum in Support of 320 MOTION to Sever Defendant by Melissa Taybron. (Yarow, Richard) Modified text on 6/27/2019 (tamarm). (Entered: 06/26/2019) |
| 06/27/2019 | 322 | ORDER granting 319 Motion for Leave to File Late Motion to Sever as to Melissa Taybron (12). Signed by Chief District Judge Mark S. Davis on 06/27/2019. (Davis, Mark) (Entered: 06/27/2019) |
| 06/27/2019 | 323 | Minute Entry for arraignment on second superseding indictment as to Raymond Palmer held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Jamison Rasberry for defendant. (2:00-3:08) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 324 | Minute Entry for arraignment on second superseding indictment as to Geovanni Douglas held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. Over objection by defendant, speedy trial is waived. The Court Grants extension of Motion deadline for defendant to 7/8/19 as to new charges. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Harry Harmon for defendant. (2:00-3:03) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 325 | Minute Entry for arraignment on second superseding indictment as to Martin L. Hunt held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. The Court Grants extension of Motion deadline for defendant to 7/8/19 as to new charges. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Larry Woodward, Emily Munn for defendant. (2:00-2:40) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 326 | Minute Entry for arraignment on second superseding indictment as to Xavier Greene held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney David Good; Amy Austin for defendant. (2:00-2:45) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 327 | Minute Entry for arraignment on second superseding indictment as to Deshaun |

| | | |
|---|---|---|
| | | Richardson held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Greg Klein for defendant. (2:00-2:51) (Court Reporter FTR.)(lwoo) (Main Document 327 replaced on 6/28/2019) (lwoo, ). (Entered: 06/28/2019) |
| 06/27/2019 | 328 | Minute Entry for arraignment on second superseding indictment as to Ryan Taybron held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, in custody. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Andrew Protogyrou for defendant. (2:00-2:56) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 329 | Minute Entry for arraignment on second superseding indictment as to Sade Taybron held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, on bond. Defendant waives formal arraignment, enters plea of not guilty, waives appearance at preliminary hearings and demands trial by jury. Waiver previously signed by defendant. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant continued on bond.<br><br>**Appearances**: AUSA AMy Cross for the Government,CJA Attorney Mary Morgan for defendant. (2:00-3:19) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 330 | Minute Entry for arraignment on second superseding indictment as Phyllis Taybron held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, on bond. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant continued on bond.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Eric Leckie for defendant. (2:00-3:19) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | 331 | Minute Entry for arraignment on second superseding indictment as to Melissa Taybron held 6/27/19 before Magistrate Judge Robert J. Krask. Defendant present, on bond. Defendant waives formal arraignment, enters plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. By agreement of the parties, speedy trial is waived. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant continued on bond.<br><br>**Appearances**: AUSA Amy Cross for the Government,CJA Attorney Richard Yarow for defendant. (2:00-3:19) (Court Reporter FTR.)(lwoo) (Entered: 06/28/2019) |
| 06/27/2019 | | Reset Arraignment as to Eric Nixon: set for 7/1/2019 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Douglas E. Miller. (tamarm) (Entered: 06/28/2019) |
| 07/01/2019 | 332 | MOTION to Include Counts 30 through 33 of the Second Superseding Indictment re 251 Memorandum in Support of Motion, 250 MOTION to Exclude *Bullets and Shell Casings* |

| | | |
|---|---|---|
| | | by Martin L. Hunt. (Woodward, Lawrence) (Entered: 07/01/2019) |
| 07/01/2019 | 333 | Minute Entry for arraignment on second superseding indictment as to Eric Nixon held 7/1/19 before Magistrate Judge Douglas E. Miller. Defendant present, in custody. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. Jury Trial set for 10/15/2019 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Defendant remanded. **Appearances**: AUSA Amy Cross for the Government,CJA Attorney Nicholas Hobbs for defendant. (2:30-2:53) (Court Reporter FTR.)(lwoo) (Entered: 07/01/2019) |
| 07/01/2019 | 334 | Subpoena issued as to Martin L. Hunt, et al. (tamarm) (Entered: 07/02/2019) |
| 07/08/2019 | 335 | Second MOTION and Memorandum in Support to Dismiss on Speedy Trial by Geovanni Douglas. (Harmon, Harry) Modified text on 7/9/2019 (tamarm). (Main Document 335 replaced on 7/10/2019) (tamarm, ). (Entered: 07/08/2019) |
| 07/08/2019 | 336 | *STRICKEN FROM THE RECORD Per Order Filed 07/10/2019* SUBJECT TO DEFECT MOTION to Dismiss for Lack of Jurisdiction by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) Modified text on 8/20/2019 (tamarm). (Entered: 07/09/2019) |
| 07/08/2019 | 337 | *STRICKEN FROM THE RECORD Per Order Filed 07/10/2019* SUBJECT TO DEFECT MOTION to Dismiss on Speedy Trial by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) Modified text on 8/20/2019 (tamarm). (Entered: 07/09/2019) |
| 07/10/2019 | 338 | STRIKING ORDER re 336 MOTION to Dismiss for Lack of Jurisdiction filed by Geovanni Douglas, 337 MOTION to Dismiss on Speedy Trial filed by Geovanni Douglas; The defendant is advised that if he wishes the court to consider his submission, it must resubmitted with the deficiency corrected within thirty (30) days of the date of the order or it will be stricken from the record. Signed by Chief District Judge Mark S. Davis on 07/10/2019. (tamarm)(Copy mailed to petitioner.) (Main Document 338 replaced on 7/12/2019) (tamarm, ). (Entered: 07/10/2019) |
| 07/11/2019 | 339 | 50 blank subpoenas issued (Attachments: # 1 Letter)(tamarm) (Entered: 07/15/2019) |
| 07/22/2019 | 340 | RESPONSE to Motion by USA as to Geovanni Douglas re 335 Second MOTION to Dismiss on Speedy Trial (Samuels, Brian) (Entered: 07/22/2019) |
| 07/22/2019 | 341 | ORDER to Respond - the Government is INSTRUCTED to file a supplemental brief, no later than noon on Friday, July 26, 2019, addressing the preservation argument advanced by Defendant Douglas. ECF No. 281. Counsel for Defendant Douglas may file a supplemental reply brief, if he is so inclined, no later than Monday, July 29, 2019. Signed by Chief District Judge Mark S. Davis on 07/22/2019. (tamarm) (Entered: 07/22/2019) |
| 07/23/2019 | 342 | Subpoenas issued (15 blank) as to defendant Martin L. Hunt. (Attachments: # 1 Letter) (tamarm) (Entered: 07/23/2019) |
| 07/24/2019 | 343 | NOTICE OF ATTORNEY APPEARANCE Chad W. McHenry appearing for USA. (McHenry, Chad) (Entered: 07/24/2019) |
| 07/26/2019 | 344 | RESPONSE to Motion by USA as to Geovanni Douglas re 281 MOTION for Jencks Material *and Memorandum for Early Jenks Materials Supplemental Brief* (Samuels, Brian) (Entered: 07/26/2019) |
| 07/30/2019 | 345 | MOTION HEARING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Chad McHenry and Amy Cross, present on behalf of the Plaintiff. Harry Harmon, present on behalf of the Defendant. Defendant present in custody.Matter came on for a |

| | | |
|---|---|---|
| | | hearing re: 240 motion to proceed pro se. Motion Hearing as to Geovanni Douglas held on 7/30/2019. Comments of the Court. Argument of counsel heard. Defendant sworn. Comments of the defendant heard. Further comments of the Court. Court takes 240 motion under advisement. Court DIRECTS counsel to file briefs on the issue by 8/6/19. Court DIRECTS any additional motions filed by defendant are to be struck. A hearing on this matter is set for 8/19/19 at 3:00 p.m. in Norfolk. Motion Hearing set for 8/19/2019 at 03:00 PM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 12:00 p.m. - 2:35 p.m.) (vwar) (Main Document 345 replaced on 7/31/2019) (vwar, ). (Entered: 07/31/2019) |
| 08/06/2019 | 346 | Memorandum by USA as to Geovanni Douglas re 345 Motion Hearing,,,,, Set/Reset Motion and R&R Deadlines/Hearings,,,, *Government's Briefing re: Defendant's Motion for Self-Representation* (Attachments: # 1 Proposed Order for Transport and New Hearing Date)(McHenry, Chad) (Entered: 08/06/2019) |
| 08/08/2019 | 347 | ORDER granting 332 motion to extend prior filing to cover additional counts as to Martin L. Hunt (1). Signed by Chief District Judge Mark S. Davis on 08/08/2019. (Davis, Mark) (Entered: 08/08/2019) |
| 08/08/2019 | 348 | MEMORANDUM ORDER granting the numerous requests to "adopt" motions filed by other Defendants named in the case as to adoption; denying 248 Motion to Dismiss as to Martin L. Hunt (1); denying 250 Motion to Exclude as to Martin L. Hunt (1); denying 262 Motion to Dismiss as to Martin L. Hunt (1); denying 262 Motion as to Martin L. Hunt (1); denying 270 Motion for Jencks Material as to Xavier Greene (5); denying 271 Motion to Adopt as to Xavier Greene (5); taking under advisement 272 Motion as to Xavier Greene (5); dismissing as moot 273 Motion for Disclosure as to Xavier Greene (5); denying 274 Motion to Dismiss as to Xavier Greene (5); denying 282 Motion to Sever Defendant as to Xavier Greene (5); taking under advisement 256 Motion as to Deshaun Richardson (6); denying 258 Motion as to Deshaun Richardson (6); denying 260 Motion in Limine as to Deshaun Richardson (6); denying 263 Motion as to Deshaun Richardson (6); finding as moot 265 Motion as to Deshaun Richardson (6); denying 267 Motion to Sever Defendant as to Deshaun Richardson (6); denying 252 Motion to Dismiss as to Eric Nixon (8); denying 253 Motion to Exclude as to Eric Nixon (8); denying 275 Motion to Dismiss as to Geovanni Douglas (9); denying 275 Motion to Adopt as to Geovanni Douglas (9); denying 276 Motion to Exclude as to Geovanni Douglas (9); denying 276 Motion to Adopt as to Geovanni Douglas (9); denying 277 Motion to Sever Defendant as to Geovanni Douglas (9); denying 277 Motion to Adopt as to Geovanni Douglas (9); denying 278 Motion in Limine as to Geovanni Douglas (9); dismissing as moot 279 Motion for Disclosure as to Geovanni Douglas (9); denying 278 Motion to Adopt as to Geovanni Douglas (9); taking under advisement 280 Motion as to Geovanni Douglas (9); taking under advisement 280 Motion to Adopt as to Geovanni Douglas (9); denying 281 Motion for Jencks Material as to Geovanni Douglas (9); dismissing 283 Motion to Dismiss as to Geovanni Douglas (9); dismissing 285 Motion for Speedy Trial as to Geovanni Douglas (9); denying 264 Motion to Adopt as to Raymond Palmer (10); denying 268 Motion to Adopt as to Raymond Palmer (10). Signed by Chief District Judge Mark S. Davis on 08/08/2019. (tamarm) Modified text on 8/21/2019 (tamarm). (Entered: 08/08/2019) |
| 08/08/2019 | 349 | MEMORANDUM ORDER denying 335 Motion to Dismiss for Speedy Trial as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 08/08/2019. (tamarm) (Entered: 08/08/2019) |
| 08/19/2019 | 350 | MOTION HEARING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross and Chad McHenry, present on behalf of the Government. Harry Harmon, present on behalf of the Defendant. Defendant present in custody.Matter came |

| | | |
|---|---|---|
| | | on for continuation of hearing re: 240 motion to proceed pro se. Motion Hearing as to Geovanni Douglas held on 8/19/2019 re 240 Letter Motion. Comments of the Court. Comments of defense counsel heard. Defendant sworn. Comments of defendant heard. Defendant moved to withdraw his 240 motion to proceed pro se. Comments of the Government heard. Court authorize and approve paralegal services for defendant Douglas. Court DIRECTS Mr. Harmon to contact Larry Dash. For reasons stated on the record, the Court deems defendant 240 motion to proceed pro se WITHDRAWN. Defendant remanded to custody of USM. Court adjourned. Motions terminated as to Geovanni Douglas: 240 Letter Motion. (COURT HOURS: 3:00 p.m. - 3:40 p.m.) (vwar) (Entered: 08/19/2019) |
| 08/19/2019 | 355 | Subpoenas issued. (Attachments: # 1 Memorandum)(bpet, ) (Entered: 08/23/2019) |
| 08/21/2019 | 351 | ORDER the Court finds that pragmatic concerns require the Court to: (1) separate the trial of this complex action into two phases, and in the absence of the Government suggesting a logical and efficient method of division, the Court independently finds that the most facially apparent dividing line that will best avoid duplication of evidence is to separate the Defendants charged with RICO and VICAR crimes from those charged with related, but less egregious, and less complex, conduct (witness tampering and maintaining a drug premises); and (2) move the trial of the seven RICO/VICAR Defendants from the Newport News courthouse to the Norfolk courthouse; finding as moot 320 Motion to Sever Defendant as to Melissa Taybron (12); finding as moot 290 Motion to Sever Defendant as to Sade Taybron (13); finding as moot 293 Motion to Sever Defendant as to Phyliss Taybron (14). The trial for the seven RICO/VICAR Defendants will begin on October 15, 2019, as currently scheduled, but will be held in the Norfolk Division because the courtroom space available in such location is far better suited to accommodate a trial with this number of attorneys and Defendants. Counsel for the Government and for Defendants Melissa Taybron, Sade Taybron, and Phyliss Taybron shall confer to determine the number of days necessary for trial and should contact the judge's courtroom deputy to determine the first date that counsel are available for trial (see Order for specifics). Signed by Chief District Judge Mark S. Davis on 08/21/2019. (tamarm) (Entered: 08/21/2019) |
| 08/21/2019 | | Jury Trial reset as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklinfor 10/15/2019 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (Venue change from NN to Norfolk) (vwar) (Entered: 08/21/2019) |
| 08/22/2019 | 352 | Application for Writ of Habeas Corpus ad Testificandum by USA. Signed by Magistrate Judge Lawrence R. Leonard on 08/20/2019. (tamarm) (Entered: 08/22/2019) |
| 08/22/2019 | 354 | Writ of Habeas Corpus ad Testificandum Issued as to LaMonte Sharkwame Grady for 10/15/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 08/22/2019) |
| 08/22/2019 | 356 | Letter from defendant Eric Nixon (Attachments: # 1 Envelope)(tamarm) (Entered: 08/26/2019) |
| 08/26/2019 | 357 | Letter to defendant Eric Nixon enclosing copy of docket sheet. (tamarm) (Entered: 08/26/2019) |
| 08/26/2019 | 358 | Subpoena issued (tamarm) (Entered: 08/27/2019) |
| 08/30/2019 | 359 | Subpoena issued (Attachments: # 1 Cover Letter)(tamarm) (Entered: 09/03/2019) |
| 09/04/2019 | 360 | Letter from defendant Eric Nixon (Attachments: # 1 Envelope)(tamarm) (Entered: |

| | | |
|---|---|---|
| | | 09/11/2019) |
| 09/11/2019 | 361 | Letter to defendant Eric Nixon enclosing docket sheet. (tamarm) (Entered: 09/11/2019) |
| 09/11/2019 | 362 | Subpoenas issued (150) (dcou, ) (Entered: 09/11/2019) |
| 09/12/2019 | 364 | Letter from attorney requesting subpoenas as to defendant Xavier Greene (attorney requested to provide subpoena forms.) (tamarm) (Entered: 09/17/2019) |
| 09/13/2019 | 363 | Joint MOTION *for Additional Peremptory Challenges* by Martin L. Hunt as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer. (Woodward, Lawrence) (Entered: 09/13/2019) |
| 09/17/2019 | 365 | Subpoenas issued as to defendant Eric Nixon. (tamarm) (Entered: 09/17/2019) |
| 09/19/2019 | 368 | Subpoenas issued as to Deshaun Richardson (tamarm) (Entered: 09/19/2019) |
| 09/19/2019 | 369 | Letter Motion to Proceed Pro Se by Geovanni Douglas. (Attachments: # 1 Envelope) (tamarm) (Entered: 09/20/2019) |
| 09/20/2019 | 370 | Subpoenas issued as to defendant Xavier Greene. (tamarm) (Entered: 09/20/2019) |
| 09/20/2019 | 371 | ORDER: Counsel shall meet in the courtroom at 10:00 a.m. on Tuesday, October 15, 2019 to: (1) confer in an effort to streamline evidentiary issues and/or otherwise reach agreement on any issues that can streamline the presentation of evidence; and (2) view the modified courtroom in advance of trial in order to ensure that all counsel are familiar with the modified set-up, and to test the evidence presentation system's access points and video screens. Trial will commence at 9:30 a.m. on Wednesday, October 16, 2019. Signed by Chief District Judge Mark S. Davis on 09/20/2019. (Copy provided to USPO and USM.) (tamarm) (Entered: 09/20/2019) |
| 09/23/2019 | 372 | MOTION to Exclude *Hearsay Statements* by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 09/23/2019) |
| 09/23/2019 | 373 | Memorandum in Support by Deshaun Richardson re 372 MOTION to Exclude *Hearsay Statements* (Quagliana, Rhonda) (Entered: 09/23/2019) |
| 09/23/2019 | 374 | MOTION to Exclude *Governments Evidence Pursuant to Federal Rule of Evidence 404(b)* by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 09/23/2019) |
| 09/23/2019 | 375 | Memorandum in Support by Deshaun Richardson re 374 MOTION to Exclude *Governments Evidence Pursuant to Federal Rule of Evidence 404(b)* (Quagliana, Rhonda) (Entered: 09/23/2019) |
| 09/23/2019 | 376 | Letter from Rhonda Quagliana requesting authorization to bring electronic device to trial (Quagliana, Rhonda) (Entered: 09/23/2019) |
| 09/24/2019 | 379 | Petition and Order for Writ of Habeas Corpus ad Testificandum by Deshaun Richardson. Signed by Magistrate Judge Douglas E. Miller on 09/24/2019. (tamarm) (Entered: 09/24/2019) |
| 09/24/2019 | 380 | Writ of Habeas Corpus ad Testificandum Issued as to Michael Anthony McCoy for 10/15/2019 in case as to Deshaun Richardson and delivered to USM. (tamarm) (Entered: 09/24/2019) |
| 09/24/2019 | 381 | NOTICE *Alibi Defense* by Eric Nixon (Hobbs, Nicholas) (Entered: 09/24/2019) |
| 09/24/2019 | 382 | NOTICE *of Alibi Defense* by Martin L. Hunt (Munn, Emily) (Entered: 09/24/2019) |
| 09/24/2019 | 384 | Subpoenas Returned as to Deshaun Richardson. (tamarm) (Entered: 09/25/2019) |
| 09/25/2019 | 383 | MOTION to Adopt *Co-Defendant, DeShaun Richardson's Motion to Exclude Hearsay* |

| | | |
|---|---|---|
| | | *Statements (ECF #'s 372 and 373)* by Martin L. Hunt. (Woodward, Lawrence) (Entered: 09/25/2019) |
| 09/25/2019 | 385 | ORDER granting 369 Letter Motion as to Geovanni Douglas (9) to Proceed Pro Se. Mr. Harmon is terminated as Defendant's counsel of record. Mr. Harmon is hereby ASSIGNED as Defendant's "standby counsel." (See Order for specific instructions.) It is ORDERED that: 1. All pro se filings by Defendant in the instant case shall be promptly referred to the Court for consideration, at which time the Court will take appropriate action, including but not limited to: directing Defendant to supplement or clarify his request for relief, directing the Government to respond, or ruling on the motion. 2. When filing any motions in this case, Defendant is DIRECTED to comply with this Court's Local Criminal Rule 47, which requires each motion to be accompanied by a concise statement of facts, supporting reasons, and citations to authorities on which the movant relies. Signed by Chief District Judge Mark S. Davis on 09/25/2019. (Attachments: # 1 Exhibit, # 2 Exhibit) (Copies distributed as directed.) (tamarm) (Entered: 09/25/2019) |
| 09/25/2019 | 387 | ORDER re 374 MOTION to Exclude *Governments Evidence Pursuant to Federal Rule of Evidence 404(b)* filed by Deshaun Richardson, 372 MOTION to Exclude *Hearsay Statements* filed by Deshaun Richardson. The Government is instructed to file any responsive brief no later than October 3, 2019. Defendant shall file a reply brief, if so inclined, no later than October 7, 2019. Signed by Chief District Judge Mark S. Davis on 09/25/2019. (tamarm) (Entered: 09/26/2019) |
| 09/26/2019 | 386 | RESPONSE to Motion by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron re 363 Joint MOTION *for Additional Peremptory Challenges* (Samuels, Brian) (Entered: 09/26/2019) |
| 09/26/2019 | 388 | Subpoenas issued (Attachments: # 1 Letter)(tamarm) (Entered: 09/26/2019) |
| 09/26/2019 | 389 | REPLY TO RESPONSE to Martin L. Hunt as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer re 386 Response to Motion, (Woodward, Lawrence) (Entered: 09/26/2019) |
| 09/26/2019 | 390 | MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)* by Martin L. Hunt. (Woodward, Lawrence) (Entered: 09/26/2019) |
| 09/26/2019 | 391 | Memorandum in Support by Martin L. Hunt re 390 MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)* (Woodward, Lawrence) (Entered: 09/26/2019) |
| 09/26/2019 | 392 | ORDER as to Martin L. Hunt re 390 MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)* filed by Martin L. Hunt. The Government is instructed to file any responsive brief no later than October 4, 2019. Defendant shall file a reply brief, if so inclined, no later than October 8, 2019. Signed by Chief District Judge Mark S. Davis on 09/26/2019. (tamarm) (Entered: 09/26/2019) |
| 09/26/2019 | 393 | NOTICE *of Alibi* by Geovanni Douglas (Harmon, Harry) (Entered: 09/26/2019) |
| 09/27/2019 | 394 | MOTION to Adopt *Co-defendant Richardson's Motion to Exclude Hearsay Testimony (ECF Nos. 372 & 373)* by Xavier Greene. (Good, David) (Entered: 09/27/2019) |
| 09/27/2019 | 395 | MOTION for Writ of Habeas Corpus ad testificandum *for Deandre Dabney* by Martin L. Hunt. (Munn, Emily) (Entered: 09/27/2019) |
| 09/27/2019 | 396 | MOTION for Writ of Habeas Corpus ad testificandum *for Tristian Stokes* by Martin L. Hunt. (Munn, Emily) (Entered: 09/27/2019) |

| 09/27/2019 | | Set Hearings as to Geovanni Douglas: Status Hearing re 385 set for 10/3/2019 at 10:30 AM in Norfolk Mag Courtroom 1 w/OCR before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 09/27/2019) |
| 09/27/2019 | | Set Hearings as to Geovanni Douglas: Status Conference set for 10/3/2019 at 03:00 PM in Norfolk Mag Courtroom 1 w/OCR before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 09/27/2019) |
| 09/30/2019 | 397 | MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)* by Xavier Greene. (Good, David) (Entered: 09/30/2019) |
| 09/30/2019 | 398 | Memorandum in Support by Xavier Greene re 397 MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)* (Good, David) (Entered: 09/30/2019) |
| 09/30/2019 | 402 | MOTION to Dismiss and Memorandum of Law in Support thereof by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/01/2019) |
| 10/01/2019 | 403 | Subpoena Returned as to Deshaun Richardson. (tamarm) (Entered: 10/01/2019) |
| 10/01/2019 | 404 | Subpoenas issued as to defendant Martin Hunt (Attachments: # 1 Letter)(tamarm) (Entered: 10/01/2019) |
| 10/02/2019 | 405 | Petition and Order for Writ of Habeas Corpus ad Testificandum as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 10/1/2019. (tamarm) (Entered: 10/02/2019) |
| 10/02/2019 | 407 | Writ of Habeas Corpus ad Testificandum Issued as to Dekota Laking Williams for 10/15/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron issued and delivered to USM. (tamarm) (Entered: 10/02/2019) |
| 10/02/2019 | 409 | Petition and Order for Writ of Habeas Corpus ad Testificandum as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 10/1/2019. (tamarm) (Entered: 10/02/2019) |
| 10/02/2019 | 410 | Writ of Habeas Corpus ad Testificandum Issued as to Deandre D. Dabney for 10/15/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 10/02/2019) |
| 10/02/2019 | 412 | Petition and Order for Writ of Habeas Corpus ad Testificandum as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask. (tamarm) (Entered: 10/02/2019) |
| 10/02/2019 | 413 | Writ of Habeas Corpus ad Testificandum Issued as to Tristian Hakeem Stokes for 10/15/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 10/02/2019) |

**JA59**

| 10/02/2019 | 416 | MOTION to Dismiss the Indictment based on several violations of the Speedy Trial Act by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/03/2019) |
|---|---|---|
| 10/02/2019 | 417 | MOTION to Dismiss and Memorandum of Law in Support by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/03/2019) |
| 10/03/2019 | 415 | RESPONSE to Motion by USA as to Martin L. Hunt, Xavier Greene, Deshaun Richardson re 383 MOTION to Adopt *Co-Defendant, DeShaun Richardson's Motion to Exclude Hearsay Statements (ECF #'s 372 and 373)*, 372 MOTION to Exclude *Hearsay Statements*, 394 MOTION to Adopt *Co-defendant Richardson's Motion to Exclude Hearsay Testimony (ECF Nos. 372 & 373)* (Samuels, Brian) (Entered: 10/03/2019) |
| 10/03/2019 | 418 | Subpoena Returned as to Deshaun Richardson. (tamarm) (Entered: 10/03/2019) |
| 10/03/2019 | 419 | Minute Entry for Status Conference as to Geovanni Douglas held on 10/3/2019 before Magistrate Judge Robert J. Krask. The matter came before the Court regarding the Order entered 9/25/19 (ECF 385). Mr. Douglas, pro se, is present in custody. Mr. Samuels informs the Court that arrangements were made for Mr. Douglas to review materials with standby counsel and lists materials provided for the record. Mr. Harmon advises the Court that he has complied with the Order and met with Mr. Douglas and provides dates of meetings to the Court. The Court instructs Mr. Douglas that he will be allowed to review materials provided by the Govt with the assistance of Mr. Harmon in the USM facility and the Court will reconvene later today.Court in recess. Court reconvened at 2:59 p.m. Mr. Douglas informs the Court that he has had sufficient time to review items provided by the Govt. Mr. Harmon states he will meet with Mr. Douglas on Monday to review any additional discovery provided. The Court Directs Mr. Harmon to meet with Mr. Douglas on Monday. Mr. Samuels notes for the record that two previous plea offers are contained in the materials provided to Mr. Douglas. Mr. Douglas requests copies of both-GRANTED. Copies provided in open court. Govt offers for an agent to meet with Mr. Douglas today to review plea agreements if he has any questions. Mr. Douglas declines. Defendant remanded to USM. Court adjourned. (Court Reporter Rebecca Braley.)(lwoo) (Entered: 10/03/2019) |
| 10/03/2019 | 420 | ORDER to Respond as to Geovanni Douglas re 417 MOTION to Dismiss filed by Geovanni Douglas. The Government shall file an expedited responsive brief no later than noon on Monday, October 7, 2019. Copies mailed as directed. Signed by Chief District Judge Mark S. Davis on 10/03/2019. (tamarm) (Entered: 10/03/2019) |
| 10/03/2019 | 421 | RESPONSE to Motion by USA as to Martin L. Hunt, Xavier Greene, Deshaun Richardson re 397 MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)*, 390 MOTION to Exclude *Government's Evidence Pursuant to Federal Rule of Evidence 404(b)*, 374 MOTION to Exclude *Governments Evidence Pursuant to Federal Rule of Evidence 404(b)* (Attachments: # 1 Exhibit Attachment 1) (Samuels, Brian) (Entered: 10/03/2019) |
| 10/03/2019 | 422 | Pro Se MOTION to Adopt Co-Defendants Joint Motion for Additional Peremtory Challenges and Co-Defendant Joint Reply to United States' Response to Motion for Additional Peremptory Challenges by Geovanni Douglas. (Attachments: # 1 Envelope) (bpet, ) (Entered: 10/04/2019) |
| 10/03/2019 | 423 | Pro Se MOTION to Exclude Government's Evidence Pursuant to Federal Rule of Evidence 404(B) by Geovanni Douglas. (Attachments: # 1 Envelope) (bpet, ) (Entered: 10/04/2019) |
| 10/03/2019 | 424 | Pro Se Memorandum in Support of 423 MOTION to Exclude Government's Evidence Pursuant to Federal Rule of Evidence 404(B) by Geovanni Douglas. (bpet, ) (Entered: 10/04/2019) |

JA60

| | | |
|---|---|---|
| 10/03/2019 | 425 | Pro Se MOTION to Dismiss Counts 1, 14 and 15 for the Lack to State a Charged Offense and Memorandum of Law in Support by Geovanni Douglas. (Attachments: # 1 Envelope) (bpet, ) (Entered: 10/04/2019) |
| 10/03/2019 | 426 | Subpoena Returned in case as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 427 | ORDER that Defendant Greene shall file a reply brief re his 397 Motion to Exclude Evidence no later than 10/7/19. Signed by Chief District Judge Mark S. Davis on 10/4/19. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 428 | ORDER granting in part 256 , 272 , 280 , 363 , and 422 Motions to exercise additional peremptory strikes as to Martin L. Hunt (1), Xavier Greene (5), Deshaun Richardson (6), Ryan Taybron (7); Eric Nixon (8); and Geovanni Douglas (9), and Raymond Palmer (10). Signed by Chief District Judge Mark S. Davis on 10/4/19. Copies distributed as directed. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 429 | ORDER denying 402 Motion to Dismiss as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/4/19. Copies distributed as directed. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 430 | ORDER denying 416 Motion to Dismiss for Speedy Trial as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/4/19. Copies distributed as directed. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 431 | ORDER denying 425 Motion to Dismiss as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/4/19. Copies distributed as directed. (bpet, ) (Entered: 10/04/2019) |
| 10/04/2019 | 440 | MOTION to Dismiss All Counts Due to Prosecutorial Misconduct and Vindictive Prosecution and Due to Pre-Indictment Delay and Memorandum by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/08/2019) |
| 10/07/2019 | 432 | Subpoena issued as to Deshaun Richardson. (Attachments: # 1 Letter)(tamarm) (Entered: 10/07/2019) |
| 10/07/2019 | 433 | RESPONSE to Motion by USA as to Geovanni Douglas re 417 MOTION to Dismiss (McHenry, Chad) (Entered: 10/07/2019) |
| 10/07/2019 | 434 | REPLY TO RESPONSE to by Deshaun Richardson re 421 Response to Motion, *to Exclude Evidence Pursuant to Federal Rule of Evidence 404(b)* (Quagliana, Rhonda) (Entered: 10/07/2019) |
| 10/07/2019 | 435 | REPLY TO RESPONSE to by Deshaun Richardson re 415 Response to Motion, *to Exclude Hearsay* (Quagliana, Rhonda) (Entered: 10/07/2019) |
| 10/07/2019 | 436 | Joint MOTION to Continue *Trial Date* by USA as to Melissa Taybron, Sade Taybron, Phyliss Taybron. (Attachments: # 1 Proposed Order)(Samuels, Brian) (Entered: 10/07/2019) |
| 10/07/2019 | 437 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 11/4/2019* as to Corey R. Sweetenburg. Objections to PSI due 10/25/2019. (flippin, stephanie) (Entered: 10/07/2019) |
| 10/08/2019 | 438 | Letter from Lawrence H. Woodward, Jr. Requesting Authorization to Bring Electronic Device into Courtroom (Woodward, Lawrence) (Entered: 10/08/2019) |
| 10/08/2019 | 439 | Proposed Voir Dire by Martin L. Hunt as to Martin L. Hunt, Xavier Greene, Deshaun |

| | | |
|---|---|---|
| | | Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer (Woodward, Lawrence) (Entered: 10/08/2019) |
| 10/08/2019 | 441 | Subpoena issued as to Deshaun Richardson. (Attachments: # 1 Letter)(tamarm) (Entered: 10/08/2019) |
| 10/08/2019 | 442 | Memorandum in Support by Geovanni Douglas re 417 MOTION to Dismiss *Additional Memorandum* (Harmon, Harry) (Entered: 10/08/2019) |
| 10/08/2019 | 443 | MOTION *to Strike Surplusage in Overt Acts* by Geovanni Douglas. (Harmon, Harry) (Entered: 10/08/2019) |
| 10/08/2019 | 444 | MOTION Motion Re: Objection to Grand Jury Proceedings & Motion to Disclose Grand Jury List by Geovanni Douglas. (Harmon, Harry) (Entered: 10/08/2019) |
| 10/08/2019 | 445 | Subpoena(s) Returned as to Deshaun Richardson. (tamarm) (Entered: 10/08/2019) |
| 10/08/2019 | 446 | Proposed Jury Instructions by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Samuels, Brian) (Entered: 10/08/2019) |
| 10/08/2019 | 447 | Proposed Jury Instructions by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Samuels, Brian) (Entered: 10/08/2019) |
| 10/09/2019 | 448 | NOTICE *on Jury Instructions* by Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer re 447 Proposed Jury Instructions, (Woodward, Lawrence) (Entered: 10/09/2019) |
| 10/09/2019 | 450 | ORDER regarding juror anonymity (see Order for specifics). Signed by Chief District Judge Mark S. Davis on 10/9/2019. Copies distributed as directed. (tamarm) (Entered: 10/09/2019) |
| 10/09/2019 | 451 | ORDER re 444 Motion Re: Objection to Grand Jury Proceedings & Motion to Disclose Grand Jury List filed by Geovanni Douglas. The Government is INSTRUCTED to file a brief in response to Defendant's motion no later than 10 a.m. on Friday, October 11, 2019.Signed by Chief District Judge Mark S. Davis on 10/9/2019. Copies distributed as directed. (tamarm) (Entered: 10/09/2019) |
| 10/09/2019 | 452 | Proposed Voir Dire by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Samuels, Brian) (Entered: 10/09/2019) |
| 10/09/2019 | 453 | ORDER granting 436 Joint Motion to Continue as to Melissa Taybron (12), Sade Taybron (13), Phyliss Taybron (14). Trial in this matter will be continued to March 3, 2020, at 10:00 a.m. in the Newport News Courthouse. Signed by Chief District Judge Mark S. Davis on 10/9/2019. (tamarm) (Entered: 10/09/2019) |
| 10/09/2019 | 456 | RESPONSE to Motion by USA as to Geovanni Douglas re 444 MOTION Motion Re: Objection to Grand Jury Proceedings & Motion to Disclose Grand Jury List (McHenry, Chad) (Entered: 10/09/2019) |
| 10/09/2019 | 457 | ORDER denying Defendant's motion seeking suppression of his prior admission of guilt 417 as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/9/2019. Copies distributed as directed. (tamarm) (Entered: 10/09/2019) |
| 10/09/2019 | | Set Hearings as to Melissa Taybron, Sade Taybron, Phyliss Taybron: Jury Trial set for |

| | | |
|---|---|---|
| | | 3/3/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (tamarm) (Entered: 01/07/2020) |
| 10/10/2019 | 458 | MOTION *Request for Authorization to Bring Electronic Device* by Geovanni Douglas. (Harmon, Harry) (Entered: 10/10/2019) |
| 10/10/2019 | 459 | ORDER denying 443 Motion to strike surplusage as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/10/2019. (Copies distributed as directed.) (tamarm) (Entered: 10/10/2019) |
| 10/11/2019 | 460 | ORDER denying 383 Motion to Adopt as to Martin L. Hunt (1); denying 394 Motion to Adopt as to Xavier Greene (5); denying 372 Motion to Exclude as to Deshaun Richardson (6). Signed by Chief District Judge Mark S. Davis on 10/11/2019. (Copies distributed as directed.) (tamarm) (Entered: 10/11/2019) |
| 10/11/2019 | 461 | MOTION for Electronic Device Application by Xavier Greene. (Good, David) (Entered: 10/11/2019) |
| 10/11/2019 | 463 | MOTION to Exclude and Brief in Support by Ryan Taybron. (Protogyrou, Andrew) Modified text on 10/11/2019 (tamarm) (Entered: 10/11/2019) |
| 10/11/2019 | 464 | Petition and Order for Writ of Habeas Corpus ad Testificandum by Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 10/11/2019. (tamarm) (Entered: 10/11/2019) |
| 10/11/2019 | 465 | MOTION to Exclude by Ryan Taybron. (Protogyrou, Andrew) (Entered: 10/11/2019) |
| 10/11/2019 | 466 | Writ of Habeas Corpus ad Testificandum Issued as to Keith Aanarian Mitchell for 10/15/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 10/11/2019) |
| 10/11/2019 | 482 | MOTION to Exclude the Out of Court Statements of Jessica Belt, pursuant to Fed.R.Evid. 801(c) and the Confrontation Clause by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/16/2019) |
| 10/11/2019 | 483 | MOTION to Withdraw 393 Notice of Alibi Defense and Exclude Evidence Rebutting an Alibi by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/16/2019) |
| 10/11/2019 | 484 | MOTION to Exclude Any and All Hearsay Pursuant to Fed.R.Evid. 801 by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm) (Entered: 10/16/2019) |
| 10/12/2019 | 467 | MOTION for Electronic Device Application by Deshaun Richardson. (Klein, Gregory) (Entered: 10/12/2019) |
| 10/13/2019 | 468 | RESPONSE to Motion by USA as to Ryan Taybron re 463 MOTION to Exclude *Evidence of Aliases* (Attachments: # 1 Exhibit Facebook Excerpt #1, # 2 Exhibit Facebook Excerpt #2)(McHenry, Chad) (Entered: 10/13/2019) |
| 10/13/2019 | 469 | RESPONSE to Motion by USA as to Ryan Taybron re 465 MOTION to Exclude (Attachments: # 1 Exhibit Notice to Defense Counsel)(Samuels, Brian) (Entered: 10/13/2019) |
| 10/14/2019 | 470 | TRIAL BRIEF by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Samuels, Brian) (Entered: 10/14/2019) |

| | | |
|---|---|---|
| 10/14/2019 | 471 | MOTION to Adopt *Co-Defendant Taybron's Motion to Exclude Pursuant to Rule 404(B)* by Eric Nixon. (Hobbs, Nicholas) (Entered: 10/14/2019) |
| 10/15/2019 | 472 | Amended MOTION *Request for Authorixzation to Bring Electronic Device* by Geovanni Douglas. (Harmon, Harry) (Entered: 10/15/2019) |
| 10/15/2019 | 475 | First MOTION to Continue *Sentencing Hearing* by Corey R. Sweetenburg. (Attachments: # 1 Proposed Order)(Carroll, Adam) (Entered: 10/15/2019) |
| 10/15/2019 | 477 | Minute Entry for proceedings held 10/15/19 before Magistrate Judge Robert J. Krask. The matter came before the Court to acknowledge the appearance of witnesses subpoenaed for trial. Precious Wilson and Destiny Green appeared as directed. The Court addresses both witnesses and presents two options for their future appearance. The witness may either wait each day at the court or provide their contact information to counsel. Counsel state contact information has been provided. The Court also directs the witnesses to notify counsel if their contact information changes at any time. The Court notes the possible consequences of non-appearance. Witnesses are excused for the day.The Court is in recess. (10:30-11:13)Witness Toni Martin appears (11:13). Howard Zlotnick, AUSA, and Lawrence Woodward present. Later, witness Diamond Johnson appears (11:40). Lawrence Woodward present. The Court reiterates instructions, appearance options and possible non-appearance consequences to each of the witnesses. Both witnesses state they understand and have supplied contact information.The witnesses are excused. Court in recess. (Court Reporter FTR.)(lwoo) (Entered: 10/15/2019) |
| 10/15/2019 | 479 | ORDER as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, and Raymond Palmer. Jury to be empaneled anonymously. Signed by Chief District Judge Mark S. Davis on 10/15/19. Copies distributed as directed. (bpet, ) (Entered: 10/15/2019) |
| 10/15/2019 | 480 | ORDER denying 440 Motion to Dismiss as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/15/19. Copies distributed as directed. (bpet, ) (Entered: 10/15/2019) |
| 10/15/2019 | 485 | Subpoena(s) Returned executed as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tamarm) (Entered: 10/15/2019) |
| 10/16/2019 | 481 | ORDER denying 463 Motion to Exclude as to Ryan Taybron (7). Signed by Chief District Judge Mark S. Davis on 10/15/2019. Copies distributed as directed. (tamarm) (Entered: 10/16/2019) |
| 10/16/2019 | 486 | Subpoena(s) Returned as to Deshaun Richardson. (tamarm) (Entered: 10/16/2019) |
| 10/16/2019 | 487 | Subpoena(s) Returned as to Eric Nixon. (tamarm) (Entered: 10/16/2019) |
| 10/16/2019 | 488 | ORDER granting 475 Motion to Continue Sentencing Hearing as to Corey R. Sweetenburg (4) from 11/13/2019. The parties are instructed to coordinate with the Clerk to reschedule the sentencing hearing. Signed by Chief District Judge Mark S. Davis on 10/16/2019. (tamarm) (Entered: 10/16/2019) |
| 10/16/2019 | 489 | JURY TRIAL (Day 1) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Howard Zlotnick, Amy Cross, Brian Samuels and Chad McHenry, present on behalf of the Government. Lawrence Woodward, Jr. and Emily Munn, present on behalf of Martin L. Hunt. Defendant Martin L. Hunt, present in custody. Amy Austin and David Good, present on behalf of Xavier Greene.Defendant Xavier Greene, present in custody. Rhonda Quagliana and Gregory Klein, present on behalf of Deshaun Richardson. |

| | | Defendant Deshaun Richard, present in custody. Andrew Protogyrou, present on behalf of Ryan Taybron.Defendant Ryan Taybron, present in custody. Nicholas Hobbs, present on behalf of Eric Nixon. Defendant Eric Nixon, present in custody. Defendant Geovanni Douglas, pro se, present in custody. Harry Harmon, present as stand-by counsel for Geovanni Douglas. Jamison Rasberry, present on behalf of Raymond Palmer.Defendant Raymond Palmer, present in custody. Matter came on for a trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/16/2019.Court inquired as to plea offers as to each defendant. Government moved to dismiss Counts 16,17,18,19 as to defendants Ryan Taybron and Eric Nixon, which motion was GRANTED. Oral motion to separate witnesses, which motion was GRANTED. Court inquired of the Jury Administrator how potential jurors were processed. Petit jurors were sworn, examined on voir dire. Some jurors excused subject to call. Remaining jurors were directed to return at 9:00 a.m. on October 17, 2019. Jury Trial set for 10/17/2019 at 09:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:55 p.m. 1:55 p.m.) (COURT HOURS: 9:30 a.m.- 5:50 p.m.) (vwar) (Entered: 10/17/2019) |
| 10/16/2019 | [490](#) | Petition and Order for Writ of Habeas Corpus ad Testificandum by Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Lawrence R. Leonard on 10/16/2019. (tamarm) (Entered: 10/17/2019) |
| 10/16/2019 | | DISMISSAL OF COUNTS (16s,17s,18s,19s) on Government Motion as to Ryan Taybron, Eric Nixon. (vwar) (Entered: 12/03/2019) |
| 10/17/2019 | [491](#) | Writ of Habeas Corpus ad Testificandum Issued and delivered to USM as to Maryon Tyreke Evans for 10/21/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tamarm) (Entered: 10/17/2019) |
| 10/17/2019 | [492](#) | MOTION to Exclude *Exhibit* by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 10/17/2019) |
| 10/17/2019 | [493](#) | Memorandum in Support by Deshaun Richardson re [492](#) MOTION to Exclude *Exhibit* (Quagliana, Rhonda) (Entered: 10/17/2019) |
| 10/17/2019 | [494](#) | JURY TRIAL (Day 2) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 16, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/17/2019.Court continued individual voir dire examination of jury panel. Some jurors were excused subject to call. Remaining jurors were directed to return at 9:30 a.m. on October 18, 2019. Jury Trial set for 10/18/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:00 p.m. - 1:00 p.m.) (COURT HOURS: 9:00 a.m. - 4:50 p.m.) (vwar) (Entered: 10/18/2019) |
| 10/17/2019 | [495](#) | Subpoena(s) Returned executed as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tamarm) Modified text on 10/21/2019 (tamarm). (Entered: 10/18/2019) |
| 10/18/2019 | [496](#) | JURY TRIAL (Day 3) held before Chief District Judge Mark S. Davis: Paul McManus, |

| | | |
|---|---|---|
| | | OCR. All counsel present pursuant to adjournment on October 17, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/18/2019.Court continued individual voir dire examination of jury panel. Some jurors were excused subject to call. Remaining jurors were directed to return at 9:30 a.m. on October 21, 2019. Jury Trial set for 10/21/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendant remanded to custody of USM. Court adjourned. (Lunch: 1:40 p.m. - 2:40 p.m.) (COURT HOURS: 9:30 a.m. - 3:55 p.m.) (vwar) (Entered: 10/18/2019) |
| 10/18/2019 | 497 | REPLY TO RESPONSE to by Ryan Taybron (Protogyrou, Andrew) (Entered: 10/18/2019) |
| 10/20/2019 | 498 | MOTION to Appoint Counsel by Geovanni Douglas. (Harmon, Harry) (Entered: 10/20/2019) |
| 10/21/2019 | 499 | ORDER denying in part and taking under advisement in part 390 Motion to Exclude as to Martin L. Hunt (1); 397 Motion to Exclude as to Xavier Greene (5); 374 Motion to Exclude as to Deshaun Richardson (6); 465 Motion to Exclude as to Ryan Taybron (7); 471 Motion to Adopt as to Eric Nixon (8); 423 Motion to Exclude as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/21/2019. (Copies distributed as directed.) (tamarm) (Entered: 10/21/2019) |
| 10/21/2019 | 500 | Jury Trial (Day #4) before Chief District Judge Mark S. Davis as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/21/2019. Court, counsel and jurors appeared pursuant to adjournment last Friday. Out of the presence of the jury, the Court DENIES defendant Douglas #498 Motion to Appoint Counsel, for reasons stated on the record. Voir dire of petit jurors continued. From said panel came a jury who were duly sworn (12 and 2 alternates). Jurors not selected excused and subject to recall. Court GRANTS defendants motion to separate the witnesses. Opening statements heard. Court adjourned and jurors excused to return tomorrow, Oct. 2, 2019 at 9:30am. Jury Trial continued to 10/22/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. Defendants remanded.(Court Reporter Paul McManus, OCR.)(Court Hours: 9:35 - 5:00) (Lunch: 12:45 - 2:00)(ptom, ) (Entered: 10/21/2019) |
| 10/21/2019 | 501 | MOTION in Limine by Xavier Greene. (Austin, Amy) (Entered: 10/21/2019) |
| 10/22/2019 | 502 | AMENDED ORDER denying in part and taking under advisement in part 390 Motion to Exclude as to Martin L. Hunt (1); 397 Motion to Exclude as to Xavier Greene (5); 374 Motion to Exclude as to Deshaun Richardson (6); 465 Motion to Exclude as to Ryan Taybron (7); 471 Motion to Adopt as to Eric Nixon (8); 423 Motion to Exclude as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/22/2019. (Copies distributed as directed.) (tamarm) (Entered: 10/22/2019) |
| 10/22/2019 | 504 | JURY TRIAL (Day 5) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 21, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/22/2019.Court heard argument from counsel for Xavier Greene re: 501 motion in limine. Court heard Governments response. For reasons stated on the record, the Court DENIED defendants Greene 501 motion in limine. Motions terminated 501 MOTION in Limine filed by Xavier Greene. Government presented evidence. Stipulations 1,2,3,20,21,28,37 and 38 read into the record by counsel. Jury excused to return on October 23, 2019 at 9:30 a.m. Jury Trial set for 10/23/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. |

| | | Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:00 p.m. - 1:15 p.m.) (COURT HOURS: 9:30 a.m. - 5:05 p.m.) (vwar) (Entered: 10/23/2019) |
|---|---|---|
| 10/23/2019 | 505 | ORDER dismissing without prejudice to defendant's right to object at trial 482 Motion to Exclude as to Geovanni Douglas (9) and 484 Motion to Exclude as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 10/22/2019. (Copies distributed as directed.) (tamarm) (Entered: 10/23/2019) |
| 10/23/2019 | 506 | JURY TRIAL (Day 6) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 22, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/23/2019.Government continued presentation of evidence. Stipulations 17 and 19 read into the record by counsel. Objections heard and rulings made. Jury excused to return on October 24, 2019 at 9:30 a.m. Jury Trial set for 10/24/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:55 p.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:05 p.m.) (vwar) (Entered: 10/24/2019) |
| 10/24/2019 | 507 | JURY TRIAL (Day 7) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 23, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/24/2019.Oral motion to exclude by defendant Xavier Greene re: testimony of Officer Cline. Argument of counsel heard. Court directed counsel to confer. Government continued presentation of evidence. Stipulations 16, 31 and 32 read into the record by counsel. Objections heard and rulings made. Jury excused to return on October 28, 2019 at 9:30 a.m. Jury Trial set for 10/28/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:45 p.m. - 1:45 p.m.) (COURT HOURS: 9:30 a.m. - 5:15 p.m.) (vwar) (Entered: 10/25/2019) |
| 10/25/2019 | 508 | TRANSCRIPT - Excerpt of Jury Trial Proceedings - Witness E.A. Washington held on 10/24/2019, before Judge Chief Judge Mark S. Davis. Court reporter/transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 11/25/2019. Redacted Transcript Deadline set for 12/26/2019. Release of Transcript Restriction set for 1/23/2020.(mcmanus, paul) (Entered: 10/25/2019)** |
| 10/25/2019 | 509 | Subpoena Returned as to Deshaun Richardson. (tamarm) (Entered: 10/28/2019) |
| 10/28/2019 | 510 | JURY TRIAL (Day 8) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 24, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/28/2019. Government continued presentation of evidence. Stipulations 18 and 22 read into the record by counsel. Jury excused to return on October 29, 2019 at 9:30 a.m. Jury Trial set for 10/29/2019 at 09:30 |

| | | |
|---|---|---|
| | | AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:55 p.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 4:30 p.m.) (vwar) (Entered: 10/29/2019) |
| 10/29/2019 | | Sentencing reset as to Corey R. Sweetenburg for 2/12/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 10/29/2019) |
| 10/29/2019 | 511 | Subpoenas issued in case as to Deshaun Richardson. (tamarm) (Entered: 10/29/2019) |
| 10/29/2019 | 512 | NOTICE *by Timothy E. Smith of Intent to Assert Fifth Amendment Privilege and Request for a Hearing* by Martin L. Hunt, Shaqunoe R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Theuer, James) (Entered: 10/29/2019) |
| 10/29/2019 | 513 | JURY TRIAL (Day 9) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 28, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/29/2019.Government continued presentation of evidence. Stipulations 23, 24, 26 and 29 read into the record by counsel. Jury excused to return on October 30, 2019 at 9:30 a.m. Jury Trial set for 10/30/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 11:55 a.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:02 p.m.) (vwar) (Entered: 10/30/2019) |
| 10/30/2019 | 514 | Subpoenas Returned executed in case as to Deshaun Richardson. (tamarm) (Entered: 10/30/2019) |
| 10/30/2019 | 515 | JURY TRIAL (Day 10) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 29, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/30/2019.Government continued presentation of evidence. Stipulations 4 and 5 read into the record by counsel. Objections heard and rulings made. Jury excused to return on October 31, 2019 at 9:30 a.m. Jury Trial set for 10/31/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:45 p.m. - 1:50 p.m.) (COURT HOURS: 9:30 a.m. - 5:33 p.m.) (vwar) (Entered: 10/31/2019) |
| 10/31/2019 | | Hearing re: 512 Notice set for 11/4/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 10/31/2019) |
| 10/31/2019 | 516 | JURY TRIAL (Day 11) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on October 30, 2019. All defendants present in custody. Matter came on for a continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 10/31/2019. Government continued presentation of evidence. Stipulations 7, 8, 10, 11 and 13 read into the record by counsel. Objections heard and rulings made. Jury excused to return on November 4, 2019 at 10:00 a.m. Jury Trial set for 11/4/2019 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:30 p.m.- 1:30 p.m.) (COURT HOURS: 9:30 a.m. - 4:47 p.m.) (vwar) (Entered: 10/31/2019) |
| 11/04/2019 | 517 | JURY TRIAL (Day 12) held before Chief District Judge Mark S. Davis: Paul McManus, |

| | | |
|---|---|---|
| | | OCR. All counsel present pursuant to adjournment on October 31, 2019. All defendants present in custody. Out of the presence of the jury, matter came on for a hearing re: 512 Notice by Timothy E. Smith of Intent to Assert Fifth Amendment Privilege. Jim Theuer, present on behalf of witness Timothy Smith. Timothy Smith present. Oral motion by defense counsel for Deshaun Richardson to separate witnesses, which motion was GRANTED. Argument of counsel heard; evidence presented. Out of the presence of the jury, witness Timothy Smith questioned. Court takes matter under advisement. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/4/2019. Government continued presentation of evidence.Objections heard and rulings made. Jury excused to return on November 5, 2019 at 9:30 a.m. Jury Trial set for 11/5/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:50 p.m. - 2:20 p.m.) (COURT HOURS: 9:30 a.m. - 5:15 p.m.) (vwar) (Entered: 11/05/2019) |
| 11/05/2019 | 518 | JURY TRIAL (Day 13) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 4, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/5/2019.Government continued presentation of evidence. Objections heard and rulings made. Out of the presence of the jury, oral motion by counsel for Ryan Taybron and Eric Nixon for mistrial. All other defendants joined in the oral motion. Argument of counsel heard. For reasons stated on the record, the Court DENIED joint oral motion for mistrial. Jury excused to return on November 6, 2019 at 9:30 a.m. Jury Trial set for 11/6/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:00 p.m. - 1:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:10 p.m.) (vwar) (Entered: 11/06/2019) |
| 11/06/2019 | 519 | JURY TRIAL (Day 14) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 5, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/6/2019.Government continued presentation of evidence. Objections heard and rulings made. Jury excused to return on November 7, 2019 at 9:30 a.m. Jury Trial set for 11/7/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:45 p.m. - 1:45 p.m.) (COURT HOURS: 9:30 a.m. - 5:35 p.m.) (vwar) (Entered: 11/07/2019) |
| 11/07/2019 | 520 | JURY TRIAL (Day 15) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 5, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/7/2019.Government continued presentation of evidence. Objections heard and rulings made. Stipulation 31 read into the record by counsel. Jury excused to return on November 12, 2019 at 9:30 a.m. Jury Trial set for 11/12/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:40 p.m. - 1:35 p.m.) (COURT HOURS: 9:30 a.m. - 4:55 p.m.) (vwar) (Entered: 11/07/2019) |
| 11/12/2019 | 521 | JURY TRIAL (Day 16) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 7, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to |

| | | |
|---|---|---|
| | | Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/12/2019.Government continued presentation of evidence. Objections heard and rulings made. Court appointed Jeff Swartz as counsel for witness Shaquone Mercer re: 5th Amendment assertion. Jury excused to return on November 13, 2019 at 9:30 a.m. Jury Trial set for 11/13/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:00 p.m.- 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:15 p.m.) (vwar) (Entered: 11/13/2019) |
| 11/13/2019 | 522 | Application for Writ of Habeas Corpus ad Testificandum by Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 11/12/2019. (tamarm) (Entered: 11/13/2019) |
| 11/13/2019 | 523 | Writ of Habeas Corpus ad Testificandum Issued as to Melvin Brown for 11/19/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 11/13/2019) |
| 11/13/2019 | 524 | Application for Writ of Habeas Corpus ad Testificandum by Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 11/12/2019. (tamarm) (Entered: 11/13/2019) |
| 11/13/2019 | 525 | Writ of Habeas Corpus ad Testificandum Issued as to Shymiek Reid for 11/19/2019 in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron and delivered to USM. (tamarm) (Entered: 11/13/2019) |
| 11/13/2019 | 526 | JURY TRIAL (Day 17) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 12, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/13/2019.Out of the presence of the jury, the Court addressed Jeff Swartz re: testimony of witness Shaquon Mercer. Government continued presentation of evidence.Objections heard and rulings made. Stipulations 35 and 30 read into the record by counsel. Jury excused to return on November 14, 2019 at 9:30 a.m. Jury Trial set for 11/14/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:25 p.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:15 p.m.) (vwar) (Entered: 11/14/2019) |
| 11/14/2019 | 527 | Application for Writ of Habeas Corpus ad Testificandum by Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. Signed by Magistrate Judge Robert J. Krask on 11/14/2019. (tamarm) (Entered: 11/15/2019) |
| 11/14/2019 | 528 | Writ of Habeas Corpus ad Testificandum Issued as to Darrell Pittman for 11/19/2019 and delivered to USM in case as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (tamarm) (Entered: 11/15/2019) |

| 11/14/2019 | 529 | JURY TRIAL (Day 18) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 13, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/14/2019.Government continued presentation of evidence. Objections heard and rulings made. Stipulations 33, 43, 34, and 15 read into the record by counsel. Jury excused to return on November 18, 2019 at 9:30 a.m. Jury Trial set for 11/18/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. Out of the presence of the jury, and for reasons stated on the record, the Court advised that witness Tim Smith shall not be called to testify in light of his intent to assert his 5th Amendment privilege. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:35 p.m. - 1:30 p.m.) (COURT HOURS: 9:30 a.m. - 5:15 p.m.) (vwar) (Entered: 11/15/2019) |
| 11/17/2019 | 530 | MOTION to Exclude *Evidence* by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (Samuels, Brian) (Entered: 11/17/2019) |
| 11/18/2019 | 531 | Subpoenas issued (tamarm) (Entered: 11/18/2019) |
| 11/18/2019 | 532 | JURY TRIAL (Day 19) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 14, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/18/2019.Government continued presentation of evidence. Out of the presence of the jury, defendant Douglas moved to admit exhibits as to witnesses Washington and Shields. Argument heard. For reasons stated on the record, the motion is DENIED. Stipulations 45, 44, 42,9, 41, 40, 39, and 12 read into the record by counsel. Government rested. Out of the presence of the jury, Court heard argument from counsel on certain defense witnesses to be called to testify on 11/19/19. Jury excused to return on November 19, 2019 at 1:00 p.m. (attorneys shall report at 9:30 a.m.) Jury Trial set for 11/19/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:57 p.m. - 1:45 p.m.) (COURT TIME: 9:35 a.m. - 4:05 p.m.) (vwar) Modified on 12/11/2019 to add Court time. (vwar). (Entered: 11/19/2019) |
| 11/19/2019 | 533 | JURY TRIAL (Day 20) held before Chief District Judge Mark S. Davis: Paul McMaus, OCR. All counsel present pursuant to adjournment on November 18, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/19/2019.Out of the presence of the jury, oral Rule 29 motions were made by defendants Hunt, Greene, Taybron, Palmer, Nixon, Richardson and Douglas, which motions were taken under advisement. Court heard further argument from counsel on witnesses testimony and witnesses to be called at trial to testify for defendants. Out of the presence of the jury, witnesses Anthony Holland and Michael McCoy appeared with their attorneys. Court heard testimony and made rulings on the record re: their testimony. Out of the presence of the jury, Attorney Chad Dorsk appeared before the Court as to witness Darrell Pittman. Defendants presented evidence. Jurors excused to return on 11/20/2019, at 9:30 a.m. Jury Trial set for 11/20/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. Attorney Dorsk moved to withdraw from cases 4:19cr4 and 4:19cr35. Witness Pittman was questioned. For reasons stated on the record, the Court GRANTED Attorney Dorsks motion to withdraw. The Court DIRECTED the Clerks Office to appoint new counsel for Darrell Pittman. Attorney Jamilah LeCruise was appointed for Darrell |

| | | |
|---|---|---|
| | | Pittman. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:55 p.m. - 1:25 p.m.) (COURT HOURS: 9:30 a.m. - 5:05 p.m.) (vwar) Modified on 12/12/2019 to add Court time. (vwar). (Entered: 11/20/2019) |
| 11/20/2019 | 534 | Subpoena(s) Returned executed as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (tamarm) (Entered: 11/20/2019) |
| 11/20/2019 | 535 | Amended MOTION Request to Bring Electronic Devices into USDC for the EDVA by Geovanni Douglas. (Harmon, Harry) (Entered: 11/20/2019) |
| 11/20/2019 | 536 | JURY TRIAL (Day 21) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 19, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/20/2019.Out of the presence of the jury, Court addressed witness Anthony Holland and his grand jury transcript. For reason stated on the record, the Court will allow certain portions of grand jury transcript to be read to the jury. Defendants continued presentation of evidence. Objections heard and rulings made.Stipulations 46, 47, 48, 49,50, 51, 52, 53, 54, 55, 56 and 57 read into the record by counsel. Out of the presence of the jury each defendant were voir dire re: their right to testify. Each defendant rested. Government presented rebuttal evidence (and rested). Jurors excused to return on December 2, 2019, at 9:30 a.m. (Counsel and defendants will report on November 21, 2019, at 9:30 a.m.) Jury Trial set for 11/21/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:35 p.m. - 1:45 p.m.) (COURT HOURS: 9:20 a.m. - 4:20 p.m.) (vwar) . (Entered: 11/21/2019) |
| 11/20/2019 | 537 | STIPULATION (#48) by USA, Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer and Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer. (vwar) (Entered: 11/21/2019) |
| 11/20/2019 | 538 | STIPULATION (#46,47,49) by USA, Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer and Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer. (vwar) (Entered: 11/21/2019) |
| 11/20/2019 | 539 | STIPULATION (50-57) by USA, Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer and Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer. (vwar) (Entered: 11/21/2019) |
| 11/21/2019 | 540 | JURY TRIAL (Day 22) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 20, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 11/21/2019.Out of the presence of the jury, Government moved to dismiss Counts 25 and 28 as to defendant Richardson, and Count 28 as to defendant Taybron, which motion was GRANTED. Out of the presence of the jury, Court heard arguments from counsel re: renewed Rule 29 motions, which motions were taken under advisement. Defendants Hunt, Taybron, Nixon, Richardson, Green and Palmer waived their appearance to review jury instructions. Defendants Hunt, Taybron, Nixon, Richardson, Green and Palmer remanded to custody of USM. Out of the presence of the jury, Court, counsel and defendant Douglas reviewed jury instructions. Counsel for the Government shall file a motion in limine by Saturday, |

| | | |
|---|---|---|
| | | 11/23/19, and any response shall be due by Monday, 11/25/19. Counsel and Mr. Douglas excused to return on December 2, 2019, at 9:30 a.m. Jury Trial set for 12/2/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. Defendant Douglas remanded to custody of USM. Court adjourned. (Lunch: 1:15 p.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 4:20 p.m.)(vwar) (Entered: 11/21/2019) |
| 11/21/2019 | | DISMISSAL OF COUNTS on Government Motion as to Deshaun Richardson (25s,28s), Ryan Taybron (28). (vwar) (Entered: 12/03/2019) |
| 11/22/2019 | 541 | Proposed Jury Instructions by Ryan Taybron as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Protogyrou, Andrew) (Entered: 11/22/2019) |
| 11/26/2019 | 543 | Proposed Jury Instructions by Geovanni Douglas (Harmon, Harry) (Entered: 11/26/2019) |
| 11/26/2019 | 544 | Proposed Jury Instructions by Geovanni Douglas (Harmon, Harry) (Entered: 11/26/2019) |
| 11/26/2019 | 545 | Proposed Jury Instructions by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Cross, Amy) (Entered: 11/26/2019) |
| 11/26/2019 | 546 | Proposed Jury Instructions by Xavier Greene (Attachments: # 1 Proposed Instruction - Open Carry)(Austin, Amy) (Entered: 11/26/2019) |
| 11/26/2019 | 547 | Proposed Jury Instructions by Deshaun Richardson as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Quagliana, Rhonda) (Entered: 11/26/2019) |
| 11/26/2019 | 548 | Proposed Jury Instructions by Ryan Taybron (Protogyrou, Andrew) (Entered: 11/26/2019) |
| 11/26/2019 | 549 | Proposed Jury Instructions by Martin L. Hunt as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer (Munn, Emily) (Entered: 11/26/2019) |
| 11/26/2019 | 550 | Proposed Jury Instructions by Martin L. Hunt as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer (Munn, Emily) (Entered: 11/26/2019) |
| 11/26/2019 | | Notice of Correction to Attorneys: As a reminder, all parties do not need to be selected as filers for all pleadings in a multi-defendant case. Please click only on the party name desired when filing pleadings. (tamarm) (Entered: 11/26/2019) |
| 11/26/2019 | 551 | Letter from Rhonda Quagliana requesting authorization to bring electronic device to trial (Quagliana, Rhonda) (Entered: 11/26/2019) |
| 11/26/2019 | 552 | MOTION for Electronic Device Application by Martin L. Hunt. (Munn, Emily) (Document incorrectly saved as PDF fillable form; removed. Attorney notified to refile the document.) Modified text 11/27/2019. (Entered: 11/26/2019) |
| 11/27/2019 | 553 | MOTION for Electronic Device Application by Raymond Palmer as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (Rasberry, Jamison) (Entered: 11/27/2019) |

| 11/27/2019 | 554 | RESPONSE by Ryan Taybron *Brief in Support of Jury Instruction* (Protogyrou, Andrew) (Entered: 11/27/2019) |
|---|---|---|
| 11/27/2019 | 555 | MEMORANDUM ORDER regarding multiple proposed jury instructions filed by Defendants and the Government. See Order for Details. Signed by Chief District Judge Mark S. Davis on 11/27/19. (copy distributed as directed 11/27/19) (afar) (Entered: 11/27/2019) |
| 12/01/2019 | 556 | STATUS REPORT *re Redacted Second Superseding Indictment* by USA as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer (Attachments: # 1 Acklin and Special Sentencing Factors ("SSF"), # 2 No Acklin and No SSF, # 3 No Acklin and SSF, # 4 Acklin and No SSF) (McHenry, Chad) (Entered: 12/01/2019) |
| 12/02/2019 | 564 | JURY TRIAL (Day 23) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on November 21, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/2/2019. Out of the presence of the jury, Court and counsel reviewed issues with redaction of the second superseding indictment. Jury received Courts charge. Closing argument of counsel of the Government heard. Jurors excused to return on 12/3/19, at 9:30 a.m. Jury Trial set for 12/3/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:45 p.m. - 2:40 p.m.) (COURT HOURS: 8:30 a.m. - counsel directed to report - 5:15 p.m.) (vwar) (Entered: 12/03/2019) |
| 12/02/2019 | 565 | STIPULATIONS (1-45) by USA, Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer and Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer (vwar) (Entered: 12/03/2019) |
| 12/03/2019 | 566 | JURY TRIAL (Day 24) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 2, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/3/2019. Government continued with their closing argument. Closing arguments of defendants Richardson, Douglas, Nixon and Taybron heard. Jurors excused to return on 12/4/19, at 9:30 a.m. Jury Trial set for 12/4/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:45 p.m. - 1:45 p.m.) (COURT HOURS: 9:30 a.m. - 5:00 p.m.) (vwar) (Entered: 12/04/2019) |
| 12/04/2019 | 567 | JURY TRIAL (Day 25) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 3, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/4/2019. Closing arguments of defendants Palmer, Greene and Hunt heard. Rebuttal closing argument of the Government heard. Jurors excused to return on 12/5/19, at 9:30 a.m. Jury Trial set for 12/5/2019 at 09:30 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 12:10 p.m. - 1:10 p.m.) (COURT HOURS: 9:30 a.m. - 5:05 p.m.) (vwar) (Entered: 12/05/2019) |
| 12/05/2019 | 568 | JURY TRIAL (Day 26) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 4, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to |

JA74

| | | |
|---|---|---|
| | | Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/5/2019.Court read jury instruction #99 to the jury and reviewed the verdict forms. Court excused the alternate jurors. Jury retired to deliberate with instructions and evidence. Jury questions addressed on the record. Jury excused to return on 12/6/19 at 9:00 a.m. to continue with deliberations.Jury Trial set for 12/6/2019 at 09:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:00 p.m. - 2:00 p.m.) (COURT HOURS: 9:30 a.m. - 5:10 p.m.) (vwar) (Entered: 12/06/2019) |
| 12/06/2019 | 569 | JURY TRIAL (Day 27) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 5, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/6/2019.Court excused jury to return on 12/9/19 at 9:00 a.m. to continue with deliberations. Jury Trial set for 12/9/2019 at 09:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (vwar) (Lunch: 1:00 p.m. - 2:00 p.m. (COURT HOURS: 9:00 a.m. - 5:06 p.m.) (Entered: 12/09/2019) |
| 12/09/2019 | 570 | JURY TRIAL (Day 28) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 6, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/9/2019.Court excused jury to return on 12/10/19 at 9:00 a.m. to continue with deliberations. Jury Trial set for 12/10/2019 at 09:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. All defendants remanded to custody of USM. Court adjourned. (Lunch: 1:00 p.m. - 2:00 p.m.) (COURT HOURS: 9:00 a.m. - 4:45 p.m.)(vwar) (Entered: 12/10/2019) |
| 12/10/2019 | 573 | JURY TRIAL (Day 29) held before Chief District Judge Mark S. Davis: Paul McManus, OCR. All counsel present pursuant to adjournment on December 9, 2019. All defendants present in custody. Matter came on for continuation of trial with jury. Jury Trial as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer held on 12/10/2019. The jury returned with their verdicts. Jury verdicts read into the record.Jury polled on verdict as to each defendant, all answering in the affirmative. Court directed Clerk to file the verdicts. Jurors excused. All defendants orally renewed their Rule 29 motions, and the Court: (1) DENIED the Rule 29 motions taken under advisement at the close of the Governments case (based on the evidence in the record at the close of the Governments case); and (2) DENIED the Rule 29 motions made after the close of all evidence (based on all evidence received in the case). Counsel for Defendants requested leave to file Renewed/Supplemental post-verdict Rule 29 motions outside the normal filing period. The Court GRANTED such request and directed defense counsel and Mr. Douglas to file written Renewed/Supplemental Rule 29 motions by 12/30/19. Governments response to such motions shall be filed by 2/3/20. Sentencing procedures orders, entered and filed. Sentencings set as follows: Martin L. Hunt set for May 8, 2020, at 10:00 a.m. in Newport News; Xavier Greene set for May 6, 2020, at 10:00 a.m. in Newport News; Deshaun Richardson set for June 5, 2020, at 10:00 a.m.; Ryan Taybron set for June 3, 2020, at 10:00 a.m. in Newport News; Eric Nixon set for May 13, 2020, at 10:00 a.m. in Newport News; Geovanni Douglas set for May 28, 2020 at 10:00 a.m. in Newport News; and Raymond Palmer set for May 19, 2020, at 10:00 a.m. in Newport News. Oral motion to substitute physical evidence with photos, which motion was GRANTED. All defendants remanded to custody of USM. Court adjourned. Lunch: 12:00 p.m. 1:00 p.m.(COURT HOURS: 9:00 a.m. - 3:49 p.m.) (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 574 | WITNESS LIST FOR TRIAL (vwar) (Entered: 12/11/2019) |

| | | |
|---|---|---|
| 12/10/2019 | 575 | EXHIBIT LIST FROM TRIAL - Pages 1-20; (Attachments: # 1 Pages 20-39, # 2 Defense Exhibit List)(vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 576 | JURY VERDICT (Redacted) as to Martin L. Hunt (1) Guilty on Counts: 1ss,6ss,7ss, 8ss, 9ss, 12ss, 13ss,30ss,31ss,32ss,33ss; Martin L. Hunt (1) Not Guilty on Counts: 4ss,5ss. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 578 | Sentencing Procedures Order as to Martin L. Hunt. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Martin L. Hunt for 5/8/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 579 | JURY VERDICT (Redacted) as to Ryan Taybron (7) Guilty on Counts: 1s,21s, 22s, 25s,27sRyan Taybron (7) Not Guilty on Count: 26s. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 581 | Sentencing Procedures Order as to Ryan Taybron. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Ryan Taybron for 6/3/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 582 | JURY VERDICT (Redacted) as to Eric Nixon (8) Guilty on Counts: 1s,21s,22s,23s, 24s,29s. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 584 | Sentencing Procedures Order as to Eric Nixon. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Eric Nixon for 5/13/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 585 | JURY VERDICT (Redacted) as to Deshaun Richardson (6) Guilty on Count: 1s; Deshaun Richardson (6) Not Guilty on Counts: 6s,7s,8s,9s. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 587 | Sentencing Procedures Order as to Deshaun Richardson. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Deshaun Richardson for 6/5/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 588 | JURY VERDICT (Redacted) as to Geovanni Douglas (9) Guilty on Counts: 1s,14s,15s; Geovanni Douglas (9) Not Guilty on Counts: 34s,35s. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 590 | Sentencing Procedures Order as to Geovanni Douglas. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Geovanni Douglas for 5/28/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 591 | JURY VERDICT (Redacted) as to Xavier Greene (5) Guilty on Counts 1s,2s,3s,6s, 7s,8s,9s,14s; Xavier Greene (5) Not Guilty on Count: 15s. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 593 | Sentencing Procedures Order as to Xavier Greene. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Xavier Greene for 5/6/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | 594 | JURY VERDICT (Redacted) as to Raymond Palmer (10) Guilty on Counts: 1s,10s,11s. (vwar) (Entered: 12/11/2019) |

| 12/10/2019 | 596 | Sentencing Procedures Order as to Raymond Palmer. Signed by Chief District Judge Mark S. Davis and filed on 12/10/2019. (vwar) (Entered: 12/11/2019) |
| 12/10/2019 | | Sentencing set as to Raymond Palmer for 5/19/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 12/11/2019) |
| 12/11/2019 | 571 | ORDER that the United States Marshal furnish meals to the jurors at the expense of the United States, submitting the bill to the Clerk of this Court for payment on the following dates: December 5, December 6, December 9, and December 10, 2019. Signed by Chief District Judge Mark S. Davis on 12/10/2019. (tamarm) (Entered: 12/11/2019) |
| 12/11/2019 | 572 | ORDER - For administrative purposes, the term of service for the jurors who sat in this matter, including alternate jurors, is hereby extended until February 10, 2020. Signed by Chief District Judge Mark S. Davis on 12/10/2019. (tamarm) (Entered: 12/11/2019) |
| 12/30/2019 | 598 | MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 12/30/2019) |
| 12/30/2019 | 599 | Memorandum in Support by Deshaun Richardson re 598 MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (Quagliana, Rhonda) (Entered: 12/30/2019) |
| 12/30/2019 | 600 | MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure by Martin L. Hunt. (Woodward, Lawrence) (Entered: 12/30/2019) |
| 12/30/2019 | 601 | Memorandum in Support by Martin L. Hunt re 600 MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Woodward, Lawrence) (Entered: 12/30/2019) |
| 12/30/2019 | 602 | MOTION for Acquittal *pursuant to Rule 29* by Eric Nixon. (Hobbs, Nicholas) (Entered: 12/30/2019) |
| 12/30/2019 | 603 | Memorandum in Support by Eric Nixon re 602 MOTION for Acquittal *pursuant to Rule 29* (Hobbs, Nicholas) (Entered: 12/30/2019) |
| 12/30/2019 | 604 | MOTION for Acquittal *Rule 29* by Raymond Palmer. (Rasberry, Jamison) (Entered: 12/30/2019) |
| 12/30/2019 | 605 | Memorandum in Support by Raymond Palmer re 604 MOTION for Acquittal *Rule 29* (Rasberry, Jamison) (Entered: 12/30/2019) |
| 12/30/2019 | 606 | MOTION with Memorandum in Support for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure by Geovanni Douglas. (Harmon, Harry) Modified text on 12/31/2019 (tamarm). (Entered: 12/30/2019) |
| 12/30/2019 | 607 | MOTION Motion for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure by Geovanni Douglas. (Harmon, Harry) (Document deleted; Attorney advised that duplicate pleading filed in error (see ECF 606). Modified on 12/31/2019 (tamarm). (Entered: 12/30/2019) |
| 12/30/2019 | 608 | REPLY TO RESPONSE to by Ryan Taybron *Response to Governments Response on Use of 404(b) Evidence* (Protogyrou, Andrew) (Document deleted per Attorney's request; this document was previously filed - see ECF #497) Modified on 12/31/2019 (tamarm). (Entered: 12/30/2019) |
| 12/30/2019 | 609 | MOTION for Acquittal by Ryan Taybron. (Protogyrou, Andrew) (Main Document 609 replaced on 12/31/2019; corrected date on certificate of service) (tamarm). Modified on 12/31/2019 (tamarm, ). (Entered: 12/30/2019) |
| 12/30/2019 | 610 | MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* |

| | | |
|---|---|---|
| | | by Xavier Greene. (Good, David) (Entered: 12/30/2019) |
| 12/30/2019 | 611 | Memorandum in Support by Xavier Greene re 610 MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (Good, David) (Entered: 12/30/2019) |
| 12/31/2019 | 612 | MOTION for Acquittal *(12/30/19 - docket #609 corrected)* by Ryan Taybron. (Protogyrou, Andrew) (Entered: 12/31/2019) |
| 01/16/2020 | 613 | ORDER granting 444 Motion Disclose Grand Jury List as to Geovanni Douglas (9) to the extent that Defendant seeks demographic information about the two grand juries that indicted him and/or the larger pool of qualified individuals from which such grand juries were drawn. Defendant is ADVISED and INSTRUCTED that the materials being provided to him are SUBJECT TO PROTECTIVE ORDER (see Order for specifics). Signed by Chief District Judge Mark S. Davis on 01/16/2020. (Copies distributed as directed.) (tamarm) (Entered: 01/16/2020) |
| 01/17/2020 | 614 | MOTION (unopposed) to Continue *Sentencing* by Corey R. Sweetenburg. (Attachments: # 1 Proposed Order)(Babineau, Jon) Modified text on 1/21/2020 (tamarm). (Entered: 01/17/2020) |
| 01/21/2020 | | Exhibits received from Jury pursuant to 613 Order. Standby counsel and counsel for the government contacted and advised to retrieve exhibits. (tamarm) (Entered: 01/21/2020) |
| 01/21/2020 | 615 | ORDER granting 614 Motion to Continue as to Corey R. Sweetenburg (4). The sentencing hearing date is continued from February 12, 2020 until a later date determined by the Court and counsel of record. Signed by Chief District Judge Mark S. Davis on 01/21/2020. (tamarm) (Entered: 01/21/2020) |
| 01/21/2020 | | Terminate Hearings as to Corey R. Sweetenburg: 2/12/2020 sentencing hearing to be continued. (tamarm) (Entered: 01/21/2020) |
| 01/22/2020 | 616 | MOTION to Produce *Documents* by Melissa Taybron. (Attachments: # 1 Proposed Order, # 2 Supplement Subpoena Duces Tecum-1, # 3 Supplement Subpoena Duces Tecum-2) (Yarow, Richard) (Entered: 01/22/2020) |
| 01/24/2020 | 617 | MOTION to Dismiss *Indictment* by USA as to Melissa Taybron, Sade Taybron, Phyliss Taybron. (Attachments: # 1 Proposed Order)(Zlotnick, Howard) (Entered: 01/24/2020) |
| 01/28/2020 | 618 | ORDER granting 617 MOTION to Dismiss Indictment as to Melissa Taybron (12), Sade Taybron (13), Phyliss Taybron (14). See order for details. Copies distributed to all counsel. Signed by Chief District Judge Mark S. Davis on 1/28/2020. (clou ) (Entered: 01/28/2020) |
| 01/28/2020 | 619 | MOTION to Adopt *Co-Defendants' Memorandum of Law in Support of Rule 29 Motion* by Geovanni Douglas. (Harmon, Harry) (Entered: 01/28/2020) |
| 01/29/2020 | | Sentencing reset as to Corey R. Sweetenburg for 6/17/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/29/2020) |
| 02/03/2020 | 620 | RESPONSE in Opposition by USA as to Xavier Greene re 610 MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (McHenry, Chad) (Entered: 02/03/2020) |
| 02/03/2020 | 621 | RESPONSE in Opposition by USA as to Ryan Taybron re 612 MOTION for Acquittal *(12/30/19 - docket #609 corrected)* (McHenry, Chad) (Entered: 02/03/2020) |
| 02/03/2020 | 622 | RESPONSE in Opposition by USA as to Eric Nixon re 602 MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (Cross, Amy) (Entered: 02/03/2020) |

| 02/03/2020 | 623 | RESPONSE in Opposition by USA as to Geovanni Douglas re 606 MOTION Motion for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Cross, Amy) (Entered: 02/03/2020) |
| 02/03/2020 | 624 | RESPONSE in Opposition by USA as to Martin L. Hunt re 600 MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Zlotnick, Howard) (Entered: 02/03/2020) |
| 02/03/2020 | 625 | Supplemental Memorandum in Support by Geovanni Douglas re 606 MOTION Motion for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Attachments: # 1 Envelope)(tamarm, ) (Entered: 02/03/2020) |
| 02/03/2020 | 626 | RESPONSE in Opposition by USA as to Raymond Palmer re 604 MOTION for Acquittal *Rule 29* (Zlotnick, Howard) (Entered: 02/03/2020) |
| 02/03/2020 | 627 | RESPONSE in Opposition by USA as to Deshaun Richardson re 598 MOTION for Acquittal *pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (Samuels, Brian) (Entered: 02/03/2020) |
| 02/10/2020 | | Sentencing reset as to Corey R. Sweetenburg for 3/9/2020 at 11:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 02/10/2020) |
| 02/10/2020 | 628 | REPLY TO RESPONSE to by Deshaun Richardson re 627 Response in Opposition *by USA as to Deshaun Richardson re 598 MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure* (Quagliana, Rhonda) (Entered: 02/10/2020) |
| 02/17/2020 | 629 | MOTION to Continue */Change Sentencing Date* by Deshaun Richardson. (Attachments: # 1 Proposed Order Exhibit A)(Klein, Gregory) (Entered: 02/17/2020) |
| 02/18/2020 | 630 | NOTICE *Status Report* by Geovanni Douglas (Harmon, Harry) (Entered: 02/18/2020) |
| 02/18/2020 | 631 | ORDER granting 629 Motion to Continue as to Deshaun Richardson (6). The June 5, 2020 sentencing date shall be changed. The parties are directed to contact chambers for an available date. Signed by Chief District Judge Mark S. Davis on 02/18/2020. (tamarm, ) (Entered: 02/18/2020) |
| 02/18/2020 | | Terminate Deadlines and Hearings as to Deshaun Richardson; June 5, 2020 Sentencing Hearing to be reset. (tamarm, ) (Entered: 02/18/2020) |
| 02/24/2020 | | Sentencing reset as to Deshaun Richardson for 6/26/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 02/24/2020) |
| 02/26/2020 | 632 | Position on Sentencing by Corey R. Sweetenburg (Attachments: # 1 Exhibit 1)(Babineau, Jon) (Entered: 02/26/2020) |
| 03/01/2020 | 633 | MOTION for Extension of Time to File Response/Reply by Geovanni Douglas. (Harmon, Harry) (Entered: 03/01/2020) |
| 03/02/2020 | 634 | Position on Sentencing by USA as to Corey R. Sweetenburg (Cross, Amy) (Entered: 03/02/2020) |
| 03/04/2020 | 635 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Corey R. Sweetenburg. (flippin, stephanie) (Entered: 03/04/2020) |
| 03/04/2020 | 638 | RESPONSE to Motion by USA as to Geovanni Douglas re 633 MOTION for Extension of Time to File Response/Reply (Cross, Amy) (Entered: 03/04/2020) |
| 03/05/2020 | 639 | ORDER denying 633 Motion for Extension of Time to File Response/Reply as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 03/05/2020. |

| | | (Copies distributed as directed.) (tamarm, ) (Entered: 03/05/2020) |
|---|---|---|
| 03/06/2020 | 640 | TRANSCRIPT of Jury Trial Proceedings, Testimony of E.A. Washington and K. Mitchell, held on 10/24 and 10/28, 2019 respectively, before Chief Judge Mark S. Davis. Court reporter/transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 4/6/2020. Redacted Transcript Deadline set for 5/6/2020. Release of Transcript Restriction set for 6/4/2020.(mcmanus, paul) (Entered: 03/06/2020)** |
| 03/08/2020 | 641 | MOTION to Continue *Sentencing* by Geovanni Douglas. (Attachments: # 1 Proposed Order Order)(Harmon, Harry) (Entered: 03/08/2020) |
| 03/09/2020 | 642 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 4/27/2020* as to Xavier Greene. Objections to PSI due 3/26/2020. (flippin, stephanie) (Entered: 03/09/2020) |
| 03/09/2020 | 643 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 4/29/2020* as to Martin L. Hunt. Objections to PSI due 3/26/2020. (flippin, stephanie) (Entered: 03/09/2020) |
| 03/09/2020 | 644 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, SAUSA, Howard Zlotnick, AUSA, Jon Babineau, c/a counsel and Adam Carroll, c/a counsel, present; defendant present in custody. Sentencing held on 3/9/2020 for Corey R. Sweetenburg (4). Court adopted the factual statements contained in PSR. Counts 1, 2: Dismissed - Superseding Indictment filed 4/26/18; Count 1s: One Hundred Forty-Four (144) months imprisonment; Five (5) years supervised release; $100 special assessment; $5,395.10 restitution; Count 10s: Thirty-Six (36) months imprisonment, to be served concurrently; One (1) year supervised release, to run concurrently; $100 special assessment; Counts 11s, 12s, 13s, 6s, 7s, 8s, 9s: Dismissed on Government's Motion at Sentencing. Court advised defendant of his right of appeal. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00 a.m. - 11:45 a.m.) (vwar) (Entered: 03/09/2020) |
| 03/09/2020 | 645 | Restitution Order as to Corey R. Sweetenburg. Signed by Chief District Judge Mark S. Davis and filed in open court on 3/9/2020. (vwar) (Entered: 03/09/2020) |
| 03/10/2020 | 647 | ORDER granting 641 Motion to Continue as to Geovanni Douglas (9). The May 28, 2020, sentencing hearing shall be continued. The parties are directed to contact chambers for an available date. Signed by Chief District Judge Mark S. Davis on 03/09/2020. (Copies distributed.) (tamarm, ) (Entered: 03/10/2020) |
| 03/10/2020 | | Terminate Deadlines and Hearings as to Geovanni Douglas: 5/28/2020 Sentencing Hearing; to be reset. (tamarm, ) (Entered: 03/10/2020) |
| 03/10/2020 | 648 | JUDGMENT as to Corey R. Sweetenburg (4): Count(s) 1, 2, Dismissed - Superseding Indictment filed 4/26/18; Count(s) 10s, Thirty-Six (36) months imprisonment, to be served concurrently; One (1) year supervised release, to run concurrently; $100 special assessment; Count(s) 11s, 12s, 13s, 6s, 7s, 8s, 9s, Dismissed on Government's Motion at |

| | | |
|---|---|---|
| | | Sentencing; Count(s) 1s - One Hundred Forty-Four (144) months imprisonment; Five (5) years supervised release; $100 special assessment; $5,395.10 restitution. Signed by Chief District Judge Mark S. Davis on 03/10/2020. (tamarm, ) (Entered: 03/11/2020) |
| 03/10/2020 | 649 | Sealed Statement of Reasons as to Corey R. Sweetenburg. Signed by Chief District Judge Mark S. Davis on 03/10/2020. (tamarm, ) (Entered: 03/11/2020) |
| 03/11/2020 | | Sentencing reset as to Geovanni Douglas for 6/30/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 03/11/2020) |
| 03/12/2020 | 650 | *SUBJECT TO DEFECT* - Response to United States Response to Pro Se Motion for Judgment of Acquittal Pursuant to Rule 29 by Geovanni Douglas re 606 MOTION (Attachments: # 1 Envelope)(tamarm, ) (Entered: 03/12/2020) |
| 03/13/2020 | 651 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Corey R. Sweetenburg. (flippin, stephanie) (Entered: 03/13/2020) |
| 03/20/2020 | 652 | MOTION to Strike *Defendant's Reply (ECF 650) to United States' Response to Defendant's Rule 29 Motion* by USA as to Geovanni Douglas. (Cross, Amy) (Entered: 03/20/2020) |
| 04/02/2020 | 653 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Ryan Taybron. Objections to PSI due 5/14/20. (hiemer, jill) (Entered: 04/02/2020) |
| 04/07/2020 | 654 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Eric Nixon. Objections to PSI due 4/23/20. (hiemer, jill) (Entered: 04/07/2020) |
| 04/10/2020 | 655 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 5/8/20* as to Raymond Palmer. Objections to PSI due 4/29/20. (schoener, lauren) (Entered: 04/10/2020) |
| 04/10/2020 | 656 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum* as to Xavier Greene. (schoener, lauren) (Entered: 04/10/2020) |
| 04/10/2020 | 658 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Martin L. Hunt. (flippin, stephanie) (Entered: 04/10/2020) |
| 04/20/2020 | | Pursuant to the General Order 2020-12 in case 2:20mc7 re the outbreak of Coronavirus Disease 2019, this Sentencing is reset as to Xavier Greene for 8/14/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 04/20/2020) |
| 04/20/2020 | | Pursuant to the General Order 2020-12 in case 2:20mc7 re the outbreak of Coronavirus Disease 2019, this Sentencing is reset as to Martin L. Hunt for 9/3/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 04/20/2020) |
| 04/20/2020 | | Pursuant to the General Order 2020-12 in case 2:20mc7 re the outbreak of Coronavirus Disease 2019, Sentencing is reset as to Eric Nixon for 9/10/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 04/20/2020) |
| 04/27/2020 | 660 | Declaration of Xavier Greene as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, |

JA81

|  |  | Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron (Attachments: # 1 Letter, # 2 Envelope)(tamarm, ) (Entered: 04/28/2020) |
|---|---|---|
| 04/30/2020 | 661 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Deshaun Richardson. Objections to PSI due 6/8/20. (hiemer, jill) (Entered: 04/30/2020) |
| 04/30/2020 |  | Set Hearings as to Anthony Acklin: Initial Appearance set for 5/1/2020 at 12:30 PM in Norfolk Remote before Magistrate Judge Robert J. Krask. (lwoo) (Entered: 04/30/2020) |
| 04/30/2020 |  | Arrest of Anthony Acklin. (tamarm, ) (Entered: 04/30/2020) |
| 05/01/2020 | 662 | Arrest Warrant Returned Executed on 04/30/2020 in case as to Anthony Acklin. (tamarm, ) (Entered: 05/01/2020) |
| 05/01/2020 | 663 | ORDER - the Defendant, after consultation with counsel, has consented to the use of video or telephone conferencing to conduct the preliminary criminal proceeding to be held today, as authorized by § 15002(b)(1) of the CARES Act. The criminal proceeding to be held on this date may be conducted by Video Teleconferencing as to Anthony Acklin. Signed by Magistrate Judge Robert J. Krask on 05/01/2020. (tamarm, ) (Entered: 05/01/2020) |
| 05/01/2020 | 664 | Minute Entry for proceedings held (Remote) before Magistrate Judge Robert J. Krask. (Court Reporter FTR.) Initial Appearance as to Anthony Acklin held on 5/1/2020. Darryl Mitchell, AUSA, present on behalf of the government. Defendant waived appearance. Order to be entered. Defendant present in custody. Counsel desired and Court directed appointment of counsel. Government moved for detention. Detention Hearing set for 5/6/2020 at 03:00 PM in Norfolk (Remote) before Magistrate Judge Douglas E. Miller. Defendant remanded to custody of U.S. Marshal. (tamarm, ) (Entered: 05/01/2020) |
| 05/01/2020 | 665 | CJA 23 Financial Affidavit by Anthony Acklin (tamarm, ) (Entered: 05/01/2020) |
| 05/01/2020 | 666 | Temporary Detention Order as to Anthony Acklin. Signed by Magistrate Judge Robert J. Krask on 05/01/2020. (tamarm, ) (Entered: 05/01/2020) |
| 05/01/2020 |  | CJA 20 as to Anthony Acklin: Appointment of Attorney Michael Phillip Jones for Anthony Acklin. (tamarm, ) (Entered: 05/01/2020) |
| 05/04/2020 |  | Sentencing reset as to Raymond Palmer for 9/22/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 05/04/2020) |
| 05/06/2020 | 669 | Pretrial Services Bond REPORT (Initial Pretrial Services Bond Report) (SEALED - government and defense counsel) as to Anthony Acklin. (schoener, lauren) (Entered: 05/06/2020) |
| 05/06/2020 | 670 | Video or Telephone Conferencing Order for Criminal Proceedings upon defendant's consent. The criminal proceedings to be held on this date may be conducted by video teleconferencing. Signed by Magistrate Judge Douglas E. Miller on 05/06/2020. (tamarm, ) (Entered: 05/06/2020) |
| 05/06/2020 | 671 | Agreed Discovery Order as to Anthony Acklin (See Order for specifics). Signed by Magistrate Judge Douglas E. Miller on 05/06/2020. (tamarm, ) (Entered: 05/06/2020) |
| 05/06/2020 | 672 | Minute Entry for Arraignment and Detention Hearing as to Anthony Acklin held on 5/6/2020 via Zoom before Magistrate Judge Douglas E. Miller. Defendant present, in custody and consents to video proceedings. Proffer by counsel heard. Govt motion for detention-GRANTED. Arraignment held. Defendant waived formal arraignment, entered plea of not guilty, wishes to appear at preliminary hearings and demands trial by jury. |

| | | |
|---|---|---|
| | | Preliminary motions deadline 6/1/2020. Jury Trial set for 7/28/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. Case is set within speedy trial per General Order 2020-12. Defendant remanded. **Appearances**: AUSA Amy Cross for the Government,CJA Attorney Michael Jones for defendant. (3:00-3:32). (Court Reporter FTR.)(lwoo) (Entered: 05/07/2020) |
| 05/08/2020 | 673 | ORDER OF DETENTION as to Anthony Acklin. Signed by Magistrate Judge Douglas E. Miller on 05/06/2020. (tamarm, ) (Entered: 05/08/2020) |
| 05/21/2020 | 674 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) as to Geovanni Douglas. Objections to PSI due 6/10/20. (hiemer, jill) (Entered: 05/21/2020) |
| 05/26/2020 | | Pursuant to General Order 2020-12 re: the outbreak of Coronavirus Disease 2019, this Sentencing is reset as to Ryan Taybron for 10/1/2020 at 10:00 AM in Newport News Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 05/26/2020) |
| 06/11/2020 | | Sentencing reset as to Deshaun Richardson for 11/5/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 06/11/2020) |
| 06/12/2020 | 677 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum* as to Deshaun Richardson. (schoener, lauren) (Entered: 06/12/2020) |
| 06/15/2020 | 681 | MOTION for New Trial Based on Newly Discovered Evidence Pursuant to Fed.R.Crim.P. 33(a) and Attached Affidavit by Geovanni Douglas. (Attachments: # 1 Declaration of Xavier Greene, # 2 Admission of Facts of Xavier Greene, # 3 Envelope) (tamarm, ) Modified text on 6/15/2020 (tamarm, ). (Entered: 06/15/2020) |
| 06/16/2020 | | Sentencing reset as to Geovanni Douglas for 10/15/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 06/16/2020) |
| 06/24/2020 | 682 | RESPONSE in Opposition by USA as to Geovanni Douglas re 681 MOTION for New Trial (Cross, Amy) (Entered: 06/24/2020) |
| 07/01/2020 | 683 | PRO SE OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Geovanni Douglas (Attachments: # 1 Envelope)(tamarm, ) (Entered: 07/01/2020) |
| 07/09/2020 | 684 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum* as to Geovanni Douglas. (schoener, lauren) (Entered: 07/09/2020) |
| 07/23/2020 | | Sentencing reset as to Xavier Greene for 10/9/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 07/23/2020) |
| 07/23/2020 | 687 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *New Information and Additional Addendum* as to Xavier Greene. (schoener, lauren) (Entered: 07/23/2020) |
| 07/28/2020 | 689 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Additional Addendum* as to Deshaun Richardson. (hayes, terri) (Entered: 07/28/2020) |
| 07/28/2020 | 690 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Second Additional Addendum* as to Xavier Greene. (hayes, terri) (Entered: 07/28/2020) |
| 07/28/2020 | 691 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Additional Addendum* as to Martin |

| | | |
|---|---|---|
| | | L. Hunt. (hayes, terri) (Entered: 07/28/2020) |
| 07/28/2020 | 692 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Additional Addendum* as to Geovanni Douglas. (schoener, lauren) (Entered: 07/28/2020) |
| 08/11/2020 | 694 | ORDER authorizing a United States Magistrate Judge, with the consent of the Defendant, to conduct plea proceedings as to Anthony Acklin. Signed by Chief District Judge Mark S. Davis on 8/11/2020. (tamarm, ) (Entered: 08/11/2020) |
| 08/12/2020 | | Set Hearings as to Anthony Acklin: Plea Agreement Hearing set for 8/17/2020 at 02:00 PM in Norfolk Remote before Magistrate Judge Douglas E. Miller. (cdod, ) (Entered: 08/12/2020) |
| 08/12/2020 | 695 | Letter submission by Geovanni Douglas. (Attachments: # 1 Envelope)(tamarm, ) (Entered: 08/13/2020) |
| 08/14/2020 | 696 | Position on Sentencing by Martin L. Hunt (Woodward, Lawrence) Modified on 8/14/2020 (tamarm, ). (Entered: 08/14/2020) |
| 08/14/2020 | 697 | VTC ORDER as to Anthony Acklin. Signed by Chief District Judge Mark S. Davis on 8/14/2020. (tamarm, ) (Entered: 08/14/2020) |
| 08/17/2020 | 698 | VTC ORDER as to Anthony Acklin. Signed by Magistrate Judge Douglas E. Miller on 8/17/2020. (tamarm, ) (Entered: 08/17/2020) |
| 08/17/2020 | 699 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Anthony Acklin. Signed by Magistrate Judge Douglas E. Miller on 8/17/2020. (Attachments: # 1 Exhibit A) (tamarm, ) (Entered: 08/17/2020) |
| 08/17/2020 | 700 | Waiver of Right to Rule 11 before a US District Judge by Anthony Acklin (vwar) (Entered: 08/19/2020) |
| 08/17/2020 | 701 | PLEA AGREEMENT HEARING held before Magistrate Judge Douglas E. Miller: Heidi Jeffreys, OCR. Amy Cross, SAUSA and Michael Jones, c/a counsel, present through ZoomGov. Defendant present through ZoomGov. Plea Agreement Hearing as to Anthony Acklin held on 8/17/2020, Plea entered by Anthony Acklin (11) Guilty: Count 25s. Sentencing set for 1/11/2021 at 02:00 PM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. Court recommends USDJ accept plea; R&R to be issued. Defendant request release, Government do not object; oral motion to modify; defendant may be released if probation deems residence and 3rd party appropriate; special conditions imposed. (vwar) (COURT TIME: 2:00 p.m. - 3:00 p.m.) (Entered: 08/19/2020) |
| 08/17/2020 | 702 | PLEA AGREEMENT as to Anthony Acklin (vwar) (Entered: 08/19/2020) |
| 08/17/2020 | 703 | Statement of Facts as to Anthony Acklin (vwar) (Entered: 08/19/2020) |
| 08/19/2020 | 704 | ORDER modifying the previous Order of Detention as to Anthony Acklin. (See Order for specifics.) The United States Marshals Service is directed to transport Defendant to this court on August 20, 2020 so that the U.S. Probation Office may set up electronic monitoring of the Defendant and he may be released on conditions of bond. Signed by Magistrate Judge Douglas E. Miller on 8/19/2020. (tamarm, ) (Entered: 08/19/2020) |
| 08/20/2020 | 705 | ORDER Setting Conditions of Release. Signed by Magistrate Judge Lawrence R. Leonard on 8/20/20. (afar) (Entered: 08/20/2020) |
| 08/20/2020 | 706 | Appearance Bond Entered as to Anthony Acklin (afar) (Entered: 08/20/2020) |
| 08/21/2020 | 707 | Sentencing Procedures Order as to Anthony Acklin. Signed by Magistrate Judge Douglas E. Miller on 8/20/20 and filed 8/21/20. (lbax, ) (Entered: 08/21/2020) |

| | | |
|---|---|---|
| 08/26/2020 | 708 | MOTION to Seal *Memorandum in Support of Rule 33 Motion for New Trial* by Deshaun Richardson. (Attachments: # 1 Proposed Order)(Quagliana, Rhonda) (Entered: 08/26/2020) |
| 08/26/2020 | 709 | Memorandum in Support by Deshaun Richardson re 708 MOTION to Seal *Memorandum in Support of Rule 33 Motion for New Trial* (Quagliana, Rhonda) (Entered: 08/26/2020) |
| 08/27/2020 | | Reset Hearings as to Martin L. Hunt: Sentencing set for 9/3/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (ptom, ) (Entered: 08/27/2020) |
| 08/27/2020 | 710 | Position on Sentencing by USA as to Martin L. Hunt (Samuels, Brian) (Entered: 08/27/2020) |
| 08/31/2020 | 711 | Memorandum ORDER denying 600 Motion for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to Martin L. Hunt (1). Copies distributed as directed. Signed by Chief District Judge Mark S. Davis on 8/31/2020. (clou ) (Entered: 08/31/2020) |
| 08/31/2020 | 712 | Memorandum ORDER denying 610 MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to Xavier Greene (5). Copies distributed as directed. Signed by Chief District Judge Mark S. Davis on 8/31/2020. (clou ) (Entered: 08/31/2020) |
| 08/31/2020 | 713 | Memorandum ORDER denying 598 MOTION for Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedureas to Deshaun Richardson (6). Copies distributed as directed. Signed by Chief District Judge Mark S. Davis on 8/31/2020. (clou ) (Entered: 08/31/2020) |
| 08/31/2020 | 714 | MEMORANDUM ORDER: Defendants Rule 29 motion, ECF No. 602, is DENIED as to Eric Nixon (8). Signed by Chief District Judge Mark S. Davis on 8/31/20. (copy distributed as directed 8/31/20) (afar) (Entered: 08/31/2020) |
| 08/31/2020 | 715 | MEMORANDUM ORDER: Defendant's post-trial Rule 29 motion, ECF 606, is DENIED as to all counts as to Geovanni Douglas (9). Signed by Chief District Judge Mark S. Davis on 8/31/20. (copy distributed as directed 8/31/20) (afar) (Entered: 08/31/2020) |
| 08/31/2020 | 716 | MEMORANDUM ORDER: Defendant's Rule 29 motion is DENIED, ECF No. 604, as to Raymond Palmer (10). Signed by Chief District Judge Mark S. Davis on 8/31/20. (copy distributed as directed 8/31/20) (afar) (Entered: 08/31/2020) |
| 08/31/2020 | 717 | MEMORANDUM ORDER: Defendant's renewed Rule 29 motion, ECF 612, is DENIED as to Ryan Taybron (7). Signed by Chief District Judge Mark S. Davis on 8/31/20. (copy distributed as directed 8/31/20) (afar) (Entered: 08/31/2020) |
| 09/01/2020 | 718 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) *Second Additional Addendum* as to Martin L. Hunt. (flippin, stephanie) (Entered: 09/01/2020) |
| 09/01/2020 | | Sentencing reset as to Eric Nixon for 11/12/2020 at 10:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 09/01/2020) |
| 09/02/2020 | 720 | RESPONSE in Opposition by USA as to Deshaun Richardson re 708 MOTION to Seal *Memorandum in Support of Rule 33 Motion for New Trial* (McHenry, Chad) (Entered: 09/02/2020) |
| 09/02/2020 | 721 | MOTION to Continue *Sentencing* by Martin L. Hunt. (Munn, Emily) (Entered: 09/02/2020) |
| 09/02/2020 | 722 | ORDER granting 721 Motion to Continue Sentencing as to Martin L. Hunt (1). Signed by |

| | | |
|---|---|---|
| | | Chief District Judge Mark S. Davis on 09/02/2020. (Davis, Mark) (Entered: 09/02/2020) |
| 09/02/2020 | | Terminate 9/3/20 Sentencing Hearings as to Martin L. Hunt: to be rescheduled. (ptom, ) (Entered: 09/03/2020) |
| 09/08/2020 | 723 | MOTION to Continue *Sentencing Hearing Date* by Raymond Palmer. (Rasberry, Jamison) (Entered: 09/08/2020) |
| 09/09/2020 | 724 | ORDER granting 723 Motion to Continue Sentencing as to Raymond Palmer (10). Signed by Chief District Judge Mark S. Davis on 09/09/2020. (Davis, Mark) (Entered: 09/09/2020) |
| 09/09/2020 | | Terminate 9/22/2020 Sentencing as to Raymond Palmer: to be reset. (lbax, ) (Entered: 09/09/2020) |
| 09/11/2020 | 725 | Reply by Deshaun Richardson re 708 MOTION to Seal *Memorandum in Support of Rule 33 Motion for New Trial* (Quagliana, Rhonda) (Entered: 09/11/2020) |
| 09/14/2020 | 726 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Raymond Palmer. (flippin, stephanie) (Entered: 09/14/2020) |
| 09/14/2020 | | Notice of Correction re 725 Reply re 708 Motion to Seal. Attorney notified that leave of court is needed to file the Reply. (tamarm, ) (Entered: 09/14/2020) |
| 09/15/2020 | 728 | MOTION for Leave to File *a Late Reply Brief to Government's Response Brief to Defendant's Motion to Seal* by Deshaun Richardson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Quagliana, Rhonda) (Entered: 09/15/2020) |
| 09/15/2020 | 729 | ORDER granting 728 Motion for Leave to File as to Deshaun Richardson (6). The Reply Brief attached to Defendant Deshaun Richardsons Motion as Exhibit B is to be filed and considered timely. Signed by Chief District Judge Mark S. Davis on 9/15/2020. (tamarm, ) (Entered: 09/15/2020) |
| 09/15/2020 | 730 | Reply by Deshaun Richardson re 708 MOTION to Seal *Memorandum in Support of Rule 33 Motion for New Trial* (tamarm, ) (Entered: 09/15/2020) |
| 09/18/2020 | | Sentencing reset as to Ryan Taybron for 10/1/2020 at 11:00 AM in Norfolk Courtroom 5 before Chief District Judge Mark S. Davis. (vwar) (Entered: 09/18/2020) |
| 09/24/2020 | 731 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Ryan Taybron. (flippin, stephanie) (Entered: 09/24/2020) |
| 09/28/2020 | 733 | ORDER denying 708 Motion to Seal as to Deshaun Richardson (6). Signed by Chief District Judge Mark S. Davis on 9/28/2020. (Copies distributed as directed.) (tamarm, ) (Entered: 09/28/2020) |
| 09/29/2020 | | Sentencing Hearing Terminated as to Ryan Taybron. (Will be rescheduled) (vwar) (Entered: 09/29/2020) |
| 09/30/2020 | 734 | MOTION for New Trial by Ryan Taybron. (Attachments: # 1 Exhibit Affidavit of Quantavius Durham, # 2 Exhibit Declaration of Jamar-Dominic Green)(Protogyrou, Andrew) (Entered: 09/30/2020) |
| 09/30/2020 | 735 | MOTION for New Trial by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 09/30/2020) |
| 09/30/2020 | 736 | Memorandum in Support by Deshaun Richardson re 735 MOTION for New Trial (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Quagliana, Rhonda) (Entered: 09/30/2020) |

| | | |
|---|---|---|
| 09/30/2020 | 737 | MOTION for Evidentiary Hearing by Deshaun Richardson. (Quagliana, Rhonda) (Entered: 09/30/2020) |
| 09/30/2020 | 738 | Memorandum in Support by Deshaun Richardson re 737 MOTION for Evidentiary Hearing (Quagliana, Rhonda) (Entered: 09/30/2020) |
| 09/30/2020 | 739 | MOTION to Adopt *Co-Defendant Taybron's Motion for New Trial* by Martin L. Hunt. (Munn, Emily) (Entered: 09/30/2020) |
| 09/30/2020 | 740 | MOTION to Adopt *Co-Defendant Taybron's Motion for New Trial* by Eric Nixon. (Hobbs, Nicholas) (Entered: 09/30/2020) |
| 09/30/2020 | 741 | MOTION to Adopt *Co-Defendant Taybron's Motion for New Trial* by Raymond Palmer. (Rasberry, Jamison) (Entered: 09/30/2020) |
| 09/30/2020 | | Sentencing Terminated as to Xavier Greene: (Will be rescheduled). (vwar) (Entered: 09/30/2020) |
| 09/30/2020 | | Sentencing Terminate as to Deshaun Richardson: (Will be rescheduled) (vwar) (Entered: 09/30/2020) |
| 09/30/2020 | | Sentencing Terminated as to Eric Nixon: (Will be rescheduled) (vwar) (Entered: 09/30/2020) |
| 09/30/2020 | | Sentencing Terminated as to Geovanni Douglas: (Will be rescheduled) (vwar) (Entered: 09/30/2020) |
| 09/30/2020 | 742 | MOTION to Adopt *Co-Defendant Taybron's Motion for New Trial* by Xavier Greene. (Good, David) (Entered: 09/30/2020) |
| 10/09/2020 | 743 | MOTION to Set Aside Verdict by Geovanni Douglas. (Attachments: # 1 Envelope) (tamarm, ) (Entered: 10/09/2020) |
| 10/09/2020 | 744 | MOTION to Adopt *Co-Defendant Taybron's Motion for a New Trial* by Geovanni Douglas. (Harmon, Harry) (Entered: 10/09/2020) |
| 10/09/2020 | 745 | Second MOTION to Set Aside Verdict by Geovanni Douglas. (Harmon, Harry) (Entered: 10/09/2020) |
| 10/12/2020 | 746 | MOTION for Extension of Time to File Response/Reply as to 734 MOTION for New Trial , 735 MOTION for New Trial by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron. (Attachments: # 1 Proposed Order)(Samuels, Brian) (Entered: 10/12/2020) |
| 10/14/2020 | 747 | ORDER re 746 Motion for Extension of Time to File Response. It is ORDERED that the motion of the United States for an extension of time until November 6, 2020, to respond to the defendants motion is GRANTED. Signed by Chief District Judge Mark S. Davis on 10/14/2020. (tamarm, ) (Entered: 10/14/2020) |
| 10/15/2020 | 748 | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED - government and defense counsel) *Addendum Date: 12/30/2020* as to Anthony Acklin. Objections to PSI due 11/4/2020. (flippin, stephanie) (Entered: 10/15/2020) |
| 10/28/2020 | 749 | Objection to the Government's Purported Unopposed Motion to Extend Response Date to Defense Motions for New Trial and Response to the Order Granting it and Objection by Geovanni Douglas re 746 MOTION for Extension of Time to File Response/Reply as to |

| | | 734 MOTION for New Trial , 735 MOTION for New Trial (Attachments: # 1 Envelope) (tamarm, ) (Entered: 10/29/2020) |
|---|---|---|
| 11/06/2020 | 750 | RESPONSE to Motion by USA as to Martin L. Hunt, Shaquone R. Ford, Jamaree L. Green, Corey R. Sweetenburg, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer, Anthony Acklin, Melissa Taybron, Sade Taybron, Phyliss Taybron re 734 MOTION for New Trial , 735 MOTION for New Trial (Samuels, Brian) (Entered: 11/06/2020) |
| 11/11/2020 | 751 | REPLY TO RESPONSE to by Deshaun Richardson re 750 Response to Motion, *for New Trial* (Quagliana, Rhonda) (Entered: 11/11/2020) |
| 11/20/2020 | 752 | Reply by Geovanni Douglas re 750 Response to Motion, 681 MOTION for New Trial, 744 MOTION to Adopt *Co-Defendant Taybron's Motion for a New Trial*, 682 Response in Opposition (Attachments: # 1 Envelope)(tamarm, ) (Entered: 11/24/2020) |
| 12/22/2020 | 753 | Position on Sentencing by USA as to Anthony Acklin (Cross, Amy) (Entered: 12/22/2020) |
| 12/22/2020 | 754 | OPINION AND ORDER as to Martin L. Hunt (1), Xavier Greene (5), Deshaun Richardson (6), Ryan Taybron (7), Eric Nixon (8), Geovanni Douglas (9), and Raymond Palmer (10). All Defendants' 739 , 740 , 741 , 742 , 744 motions to adopt are GRANTED, and Defendants' 734 , 735 , 737 collective motions for a new trial and for an evidentiary hearing are DENIED. Signed by Chief District Judge Mark S. Davis on 12/22/20. Copies distributed as directed. (bpet, ) (Entered: 12/22/2020) |
| 12/29/2020 | 755 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Anthony Acklin. (flippin, stephanie) (Entered: 12/29/2020) |
| 01/03/2021 | 757 | Position on Sentencing by Anthony Acklin (Jones, Michael) (Entered: 01/03/2021) |
| 01/05/2021 | | Sentencing reset as to Anthony Acklin for 1/11/2021 at 02:00 PM in Norfolk Remote (ZoomGov) before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/05/2021) |
| 01/06/2021 | 758 | MEMORANDUM ORDER as to Geovanni Douglas (9). Douglas' 681 Motion for New Trial; 743 , 745 Motions to Set Aside Verdict; and 749 Motion seeking reconsideration of a briefing extension are all DENIED. Signed by Chief District Judge Mark S. Davis on 1/5/21. Copies distributed as directed. (bpet, ) (Entered: 01/06/2021) |
| 01/07/2021 | 759 | Letter from Linda Smith (Jones, Michael) (Entered: 01/07/2021) |
| 01/07/2021 | | Sentencing reset as to Martin L. Hunt for 5/6/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/07/2021) |
| 01/11/2021 | | Sentencing reset as to Xavier Greene for 5/24/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/11/2021) |
| 01/11/2021 | | Sentencing reset as to Deshaun Richardson for 6/10/2021 at 11:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/11/2021) |
| 01/11/2021 | 760 | SENTENCING held before Chief District Judge Mark S. Davis: Jody Stewart, OCR. Amy Cross, SAUSA and Michael Jones, c/a counsel, present through ZoomGov. Defendant present through ZoomGov. Sentencing held on 1/11/2021 for Anthony Acklin (11). Defendant consented to a ZoomGov hearing, VTC order entered. Due Process Protection Act order entered and filed. After a plea before the USMJ, the Court ACCEPTED the plea agreement and made a finding of GUILT as to Count 25. Order adopting R&R entered and filed. Court adopted the factual statements as amended contained in PSR. Objection heard and ruling made. Counts 25, 26, 27: Dismissed - |

JA88

| | | |
|---|---|---|
| | | Second Superseding Indictment filed 6/12/19; Count 25s: TIME SERVED imprisonment; Three (3) years supervised release; $100 special assessment; Counts 26s, 27s: Dismissed on Government's Motion at Sentencing. Court dismissed all prior indictments as to this defendant. Court advised defendant of his right of appeal. (Court Hours: 2:00 p.m. - 2:36 p.m.) (vwar) (Entered: 01/11/2021) |
| 01/11/2021 | 761 | VTC ORDER. Signed by Chief District Judge Mark S. Davis and filed on 1/11/2021. (vwar) (Entered: 01/11/2021) |
| 01/11/2021 | 762 | ORDER - This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116-182, 134 Stat. 894 (Oct. 21, 2020), the Court ORDERS the United States to adhere to the disclosure obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady v. Maryland instructs that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including vacating a conviction or disciplinary action against the prosecution. Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same as to Anthony Acklin. Signed by Chief District Judge Mark S. Davis and filed on 1/11/2021. (vwar) (Entered: 01/11/2021) |
| 01/11/2021 | 763 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Anthony Acklin. Signed by Chief District Judge Mark S. Davis and filed on 1/11/2021. (vwar) (Entered: 01/11/2021) |
| 01/12/2021 | | Sentencing reset as to Xavier Greene for 6/14/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/12/2021) |
| 01/12/2021 | | Sentencing reset as to Ryan Taybron for 7/9/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/12/2021) |
| 01/12/2021 | 764 | JUDGMENT as to Anthony Acklin (11): Count(s) 25, 26, 27, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 25s, TIME SERVED imprisonment; Three (3) years supervised release; $100 special assessment; Count(s) 26s, 27s, Dismissed on Government's Motion at Sentencing. Signed by Chief District Judge Mark S. Davis on 1/12/21. (bpet, ) (Entered: 01/12/2021) |
| 01/12/2021 | 765 | Sealed Statement of Reasons as to Anthony Acklin. Signed by Chief District Judge Mark S. Davis on 1/12/21. Copies to counsel, Probation (bpet, ) Modified on 1/13/2021 (bpet, ) (Main Document 765 replaced on 2/24/2021) (bpet, ). (Entered: 01/12/2021) |
| 01/13/2021 | | Sentencing reset as to Eric Nixon for 6/28/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/13/2021) |
| 01/13/2021 | | Sentencing reset as to Raymond Palmer for 7/15/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/13/2021) |
| 01/14/2021 | 766 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Anthony Acklin. (hayes, terri) (Entered: 01/14/2021) |
| 01/15/2021 | | Sentencing reset as to Geovanni Douglas for 8/2/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 01/15/2021) |
| 03/05/2021 | 767 | Pro Se MOTION to Appoint Counsel by Geovanni Douglas. (Attachments: # 1 Envelope) (bpet, ) (Entered: 03/08/2021) |

| 03/31/2021 | 768 | ORDER granting 767 Motion to Appoint Counsel as to Geovanni Douglas (9). The Court DIRECTS that Harry Harmon be appointed to represent defendant in this case. Signed by Chief District Judge Mark S. Davis on 3/30/21. Copies distributed as directed. (bpet, ) (Entered: 03/31/2021) |
|---|---|---|
| 04/15/2021 | 770 | Submission by Geovanni Douglas. (Attachments: # 1 Envelope) (bpet, ) (Entered: 04/15/2021) |
| 05/06/2021 | 771 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, Brian Samuels and Howard Zlotnick, present on behalf of the Government; Lawrence Woodward, Jr. and Emily Munn, c/a counsel, present on behalf of the defendant. Defendant present in custody. Sentencing held on 5/6/2021 for Martin L. Hunt (1). Objections heard and rulings made. Court adopted the factual statements contained in the PSR. Count(s) 1, 2, Dismissed - Superseding Indictment filed 4/26/18; Count(s) 12s, 13s, 1s, 4s, 5s, 6s, 7s, 8s, 9s, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 12ss, One Hundred-Twenty (120) months imprisonment, to run concurrent, Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 13ss, Sixty (60) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 1ss, LIFE imprisonment; Five (5) years supervised release; $100 special assessment; Count(s) 30ss, One Hundred Twenty (120) months imprisonment, to run concurrent; Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 31ss, One Hundred Twenty (120) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 32ss, One Hundred Twenty (120) months imprisonment, to run concurrent; Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 33ss, One Hundred Twenty (120) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 4ss, 5ss, Not Guilty by Jury; Count(s) 6ss, LIFE imprisonment, consecutive to Count 1; Five (5) years supervised release, to run concurrent; $100 special assessment; $5,395.10 restitution; Count(s) 7ss, LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 8ss, LIFE imprisonment, to be served consecutive to Count 6; Five (5) years supervised release, to run concurrent; $100 special; Count(s) 9ss, LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment. Court advised defendant of his right of appeal. Defendant remanded to USM. Court adjourned. (COURT HOURS: 10:00 a.m. - 11:30 a.m.) (vwar) (Entered: 05/06/2021) |
| 05/06/2021 | 772 | Consent ORDER OF FORFEITURE as to Martin L. Hunt. Signed by Chief District Judge Mark S. Davis and filed on 5/6/2021. (vwar) (Entered: 05/06/2021) |
| 05/07/2021 | 773 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report-Third Additional Addendum) (SEALED - government and defense counsel) as to Xavier Greene. (hayes, terri) (Entered: 05/07/2021) |
| 05/07/2021 | 777 | JUDGMENT as to Martin L. Hunt (1): Count(s) 1, 2, Dismissed - Superseding Indictment filed 4/26/18; Count(s) 12s, 13s, 1s, 4s, 5s, 6s, 7s, 8s, 9s, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 12ss, One Hundred-Twenty (120) months imprisonment, to run concurrent, Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 13ss, Sixty (60) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 1ss, LIFE imprisonment; Five (5) years supervised release; $100 special assessment; Count(s) 30ss, One Hundred Twenty (120) months imprisonment, to run concurrent; Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 31ss, One Hundred Twenty (120) months imprisonment, to be |

JA90

| | | |
|---|---|---|
| | | served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 32ss, One Hundred Twenty (120) months imprisonment, to run concurrent; Three (3) years supervised release, to run concurrent; $100 special assessment; Count(s) 33ss, One Hundred Twenty (120) months imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 4ss, 5ss, Not Guilty by Jury; Count(s) 6ss, LIFE imprisonment, consecutive to Count 1; Five (5) years supervised release, to run concurrent; $100 special assessment; $5,395.10 restitution; Count(s) 7ss, LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment; Count(s) 8ss, LIFE imprisonment, to be served consecutive to Count 6; Five (5) years supervised release, to run concurrent; $100 special; Count(s) 9ss, LIFE imprisonment, to be served consecutive; Five (5) years supervised release, to run concurrent; $100 special assessment. Signed by Chief District Judge Mark S. Davis on 5/7/21. (bpet, ) (Entered: 05/10/2021) |
| 05/07/2021 | 778 | Sealed Statement of Reasons as to Martin L. Hunt. Signed by Chief District Judge Mark S. Davis on 5/7/21. (bpet, ) (Entered: 05/10/2021) |
| 05/10/2021 | 779 | NOTICE OF APPEAL by Martin L. Hunt (Woodward, Lawrence) (Entered: 05/10/2021) |
| 05/11/2021 | 780 | Transmission of Notice of Appeal to 4CCA as to Martin L. Hunt to US Court of Appeals re 779 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (Attachments: # 1 Notice of Appeal) (bpet, ) (Entered: 05/11/2021) |
| 05/11/2021 | 781 | USCA Case Number 21-4231, 4CCA Case Manager Cathy Poulsen for 779 Notice of Appeal filed by Martin L. Hunt. (bpet, ) (Entered: 05/12/2021) |
| 05/11/2021 | 782 | ORDER of USCA appointing Lawrence Woodward as counsel for Martin L. Hunt re 779 Notice of Appeal. [21-4231] (bpet, ) (Entered: 05/12/2021) |
| 05/18/2021 | 783 | MOTION to Seal *Position with Respect to Sentencing* by Deshaun Richardson. (Attachments: # 1 Proposed Order)(Quagliana, Rhonda) (Entered: 05/18/2021) |
| 05/18/2021 | 784 | Memorandum in Support by Deshaun Richardson re 783 MOTION to Seal *Position with Respect to Sentencing* (Quagliana, Rhonda) (Entered: 05/18/2021) |
| 05/21/2021 | 785 | MOTION to Withdraw as Attorney by Harry Dennis Harmon, Jr.. by Geovanni Douglas. (Harmon, Harry) (Entered: 05/21/2021) |
| 05/21/2021 | 786 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report-Second Additional Addendum) (SEALED - government and defense counsel) as to Deshaun Richardson. (hayes, terri) (Entered: 05/21/2021) |
| 05/25/2021 | 787 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus; 10/16/19 - 12/10/19 trial testimony, 5/6/21 sentencing; Deadline 8/23/21. [21-4231] (bpet, ) (Entered: 05/25/2021) |
| 05/26/2021 | 788 | (Sealed) Position on Sentencing by Deshaun Richardson. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (bpet, ) (Entered: 05/26/2021) |
| 05/26/2021 | 789 | RESPONSE in Opposition by USA as to Deshaun Richardson re 783 MOTION to Seal *Position with Respect to Sentencing* (McHenry, Chad) (Entered: 05/26/2021) |
| 05/26/2021 | 790 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Martin L. Hunt. (hayes, terri) (Entered: 05/26/2021) |
| 05/28/2021 | 791 | RESPONSE in Opposition by USA as to Geovanni Douglas re 785 MOTION to |

| | | Withdraw as Attorney by Harry Dennis Harmon, Jr.. (Cross, Amy) (Entered: 05/28/2021) |
|---|---|---|
| 06/02/2021 | 792 | ORDER granting 783 Motion to Seal as to Deshaun Richardson (6). Signed by Chief District Judge Mark S. Davis on 6/2/21. (bpet, ) (Entered: 06/02/2021) |
| 06/03/2021 | 793 | ORDER as to Deshaun Richardson. The Court RESCINDS its prior 792 Order to the extent it ordered sealing of the entirety of Defendant's filing. Defendant is INSTRUCTED to submit a supplement, to include a proposed redacted position paper, by 11:00 a.m. on 6/7/21. See Order for details. Signed by Chief District Judge Mark S. Davis on 6/3/21. (bpet, ) (Entered: 06/03/2021) |
| 06/03/2021 | 794 | Position on Sentencing by USA as to Deshaun Richardson (Samuels, Brian) (Entered: 06/03/2021) |
| 06/04/2021 | 795 | Supplemental MOTION to Seal *Position of Parties with Respect to Sentencing* by Deshaun Richardson. (Attachments: # 1 Proposed Order)(Quagliana, Rhonda) (Entered: 06/04/2021) |
| 06/04/2021 | 796 | Position on Sentencing by Deshaun Richardson (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Quagliana, Rhonda) (Entered: 06/04/2021) |
| 06/07/2021 | 797 | Position on Sentencing by USA as to Xavier Greene (Cross, Amy) (Entered: 06/07/2021) |
| 06/07/2021 | 798 | Position on Sentencing by Xavier Greene (Good, David) (Entered: 06/07/2021) |
| 06/08/2021 | 799 | ORDER granting 785 Motion to Withdraw as Attorney. Harry Harmon withdrawn from case as to Geovanni Douglas (9). The Clerk is DIRECTED to appoint new counsel. Signed by Chief District Judge Mark S. Davis on 06/08/2021. (Davis, Mark) (Entered: 06/08/2021) |
| 06/08/2021 | | CJA 20 as to Geovanni Douglas: Appointment of Attorney Daymen William Xavier Robinson for Geovanni Douglas. Signed by Chief District Judge Mark S. Davis on 6/8/2021. (afar) (Entered: 06/08/2021) |
| 06/09/2021 | 800 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Eric Nixon. (wells-major, belinda) (Entered: 06/09/2021) |
| 06/10/2021 | 802 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Howard Zlotnick, Brian Samuels and Amy Cross present on behalf of the Gov't; Rhonda Quagliana and Greg Klein, c/a counsel, present on behalf of the defendant. Defendant present in custody. Sentencing held on 6/10/2021 for Deshaun Richardson. Objections heard and rulings made. Court adopted the factual statements contained in PSR. Count(s) 1, 25, 28, 6, 7, 8, 9, Dismissed - Second Superseding Indictment filed 6/12/19; Count 1s: Two Hundred-Four (204) months imprisonment; Three (3) years supervised release; $100 special assessment; $5,395.10 restitution; Count(s) 25s, 28s, Dismissed on Government's oral motion 11/21/19; Counts 6s, 7s, 8s, 9s: Found Not Guilty by Jury and Dismissed. Court advised defendant of his right of appeal. The Court dismissed all prior indictments as to defendant. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 11:00 a.m. - 4:00 p.m.) (Lunch: 1:10-2:10) (vwar) (Entered: 06/10/2021) |
| 06/14/2021 | 803 | JUDGMENT as to Deshaun Richardson (6): Count(s) 1, 25, 28, 6, 7, 8, 9, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 1s, Two Hundred-Four (204) months imprisonment; Three (3) years supervised release; $100 special assessment; $5,395.10 restitution; Count(s) 25s, 28s, Dismissed on Government's oral motion 11/21/19; Count(s) 6s, 7s, 8s, 9s, Found Not Guilty by Jury. Signed by Chief District Judge Mark S. Davis on 6/12/21. (bpet, ) (Entered: 06/14/2021) |
| 06/14/2021 | 804 | Sealed Statement of Reasons as to Deshaun Richardson. Signed by Chief District Judge |

| | | Mark S. Davis on 6/12/21. (bpet, ) (Entered: 06/14/2021) |
|---|---|---|
| 06/14/2021 | 805 | ORDER granting 795 Motion to Seal as to Deshaun Richardson (6). Signed by Chief District Judge Mark S. Davis on 6/14/2021. (Davis, Mark) (Entered: 06/14/2021) |
| 06/15/2021 | | Sentencing reset as to Xavier Greene for 7/1/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 06/15/2021) |
| 06/15/2021 | 806 | NOTICE OF APPEAL by Deshaun Richardson (Quagliana, Rhonda) (Entered: 06/15/2021) |
| 06/16/2021 | 807 | Transmission of Notice of Appeal to 4CCA as to Deshaun Richardson to US Court of Appeals re 806 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (Attachments: # 1 Notice of Appeal)(bpet, ) (Entered: 06/16/2021) |
| 06/16/2021 | 808 | USCA Case Number 21-4300, 4CCA Case Manager Cathy Poulsen for 806 Notice of Appeal filed by Deshaun Richardson. (bpet, ) (Entered: 06/16/2021) |
| 06/16/2021 | 809 | ORDER of USCA appointing Rhonda Quagliana as counsel for Deshaun Richardson re 806 Notice of Appeal. [21-4300] (bpet, ) (Entered: 06/16/2021) |
| 06/16/2021 | 810 | ORDER of USCA consolidating case 21-4300 with 21-4231 as to Martin L. Hunt, Deshaun Richardson re 779 , 806 Notices of Appeal. (bpet, ) (Entered: 06/16/2021) |
| 06/16/2021 | 811 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Xavier Greene. Fourth Additional Addendum(mayes, travis) (Entered: 06/16/2021) |
| 06/17/2021 | 812 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report-Additional Addendum) (SEALED - government and defense counsel) as to Ryan Taybron. (hayes, terri) (Entered: 06/17/2021) |
| 06/17/2021 | 814 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) Additional Addendum as to Eric Nixon. (flippin, stephanie) (Entered: 06/17/2021) |
| 06/17/2021 | 816 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report-Second Additional Addendum) (SEALED - government and defense counsel) as to Ryan Taybron. (hayes, terri) (Entered: 06/17/2021) |
| 06/21/2021 | 818 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Eric Nixon. (wells-major, belinda) (Entered: 06/21/2021) |
| 06/21/2021 | 820 | Position on Sentencing by USA as to Eric Nixon (Zlotnick, Howard) (Entered: 06/21/2021) |
| 06/21/2021 | 821 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Deshaun Richardson. (mayes, travis) (Entered: 06/21/2021) |
| 06/21/2021 | 822 | Position on Sentencing by Eric Nixon (Hobbs, Nicholas) (Entered: 06/21/2021) |
| 06/24/2021 | 823 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Geovanni Douglas. (wells-major, belinda) (Entered: 06/24/2021) |
| 06/24/2021 | 825 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus. Proceedings - Sentencing 6/10/21. Current Deadline - 8/23/2021. [21-4231] (afar) (Entered: 06/25/2021) |

| | | |
|---|---|---|
| 06/28/2021 | 826 | Position on Sentencing by Ryan Taybron (Protogyrou, Andrew) (Entered: 06/28/2021) |
| 06/28/2021 | 827 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Howard Zlotnick, Amy Cross and Chad McHenry, present on behalf of the Gov't; Nicholas Hobbs, c/a counsel, present; defendant present in custody. Sentencing held on 6/28/2021 for Eric Nixon (8). Objections heard and rulings made. Court adopted the factual statements contained in PSR. Count(s) 1, 16, 17, 18, 19, 21, 22, 23, 24, 29, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 16s, 17s, 18s, 19s, Dismissed on oral motion by Government on 10/16/19; Count 1s: One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count 21s: One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count 22s: One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 23s: One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count 24s: One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 29s: One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment. Court advised defendant of his right of appeal. Court dismissed all prior indictments as to defendant. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00-12:45) (vwar) (Entered: 06/28/2021) |
| 06/28/2021 | 828 | Character Letters (vwar) (Entered: 06/28/2021) |
| 06/29/2021 | 829 | NOTICE OF APPEAL by Eric Nixon (Hobbs, Nicholas) (Entered: 06/29/2021) |
| 06/29/2021 | 830 | JUDGMENT as to Eric Nixon (8): Count(s) 1, 16, 17, 18, 19, 21, 22, 23, 24, 29, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 16s, 17s, 18s, 19s, Dismissed on oral motion by Government on 10/16/19; Count(s) 1s, One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 21s, One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 22s, One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 23s, One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 24s, One Hundred Twenty (120) months imprisonment, to be served consecutively to each other and to all other counts; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 29s, One Hundred-Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment. Signed by Chief District Judge Mark S. Davis on 6/29/21. (bpet, ) (Entered: 06/29/2021) |
| 06/29/2021 | 831 | Sealed Statement of Reasons as to Eric Nixon. Signed by Chief District Judge Mark S. Davis on 6/29/21. (bpet, ) (Entered: 06/29/2021) |
| 06/30/2021 | 832 | Transmission of Notice of Appeal to 4CCA as to Eric Nixon to US Court of Appeals re 829 Notice of Appeal - Final Judgment (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (Attachments: # 1 Notice of Appeal)(bpet, ) (Entered: 06/30/2021) |
| 07/01/2021 | 833 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. |

| | | |
|---|---|---|
| | | Amy Cross, SAUSA, Amy Austin, c/a counsel and David Good, c/a counsel, present; defendant present in custody. Sentencing held on 7/1/2021 for Xavier Greene (5). Objections heard and rulings made. Court adopted the factual statements in the PSR. Counts 1, 2, 3, 6, 7, 8, 9, 14, 15: Dismissed - Second Superseding Indictment filed 6/12/19; Count 1s: LIFE imprisonment; Five (5) years supervised release; $100 special assessment; Count 2s: LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 3s: LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 6s: LIFE imprisonment,to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; $5,395.10 restitution; Count 7s: LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 8s: LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 9s: LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count 14s: One Hundred Twenty (120) months imprisonment, to be served concurrently, Three (3) years supervised release, to run concurrently; $100 special assessment; Count 15s: Found Not Guilty - Dismissed. Court advised defendant of his right of appeal. Court dismissed all prior indictments as to this defendant. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00 - 11:55) (vwar) (Entered: 07/01/2021) |
| 07/02/2021 | 834 | JUDGMENT as to Xavier Greene (5): Count(s) 1, 14, 15, 2, 3, 6, 7, 8, 9, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 14s, One Hundred Twenty (120) months imprisonment, to be served concurrently, Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 15s, Found Not Guilty - Dismissed; Count(s) 1s, LIFE imprisonment; Five (5) years supervised release; $100 special assessment; Count(s) 2s, LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 3s, LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 6s, LIFE imprisonment,to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; $5,395.10 restitution; Count(s) 7s, LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 8s, LIFE imprisonment, to be served concurrently; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 9s, LIFE imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment. Signed by Chief District Judge Mark S. Davis on 7/2/21. (bpet, ) (Entered: 07/02/2021) |
| 07/02/2021 | 835 | Sealed Statement of Reasons as to Xavier Greene. Signed by Chief District Judge Mark S. Davis on 7/2/21. (bpet, ) (Entered: 07/02/2021) |
| 07/02/2021 | 836 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Raymond Palmer. Additional Addendum (mayes, travis) (Entered: 07/02/2021) |
| 07/02/2021 | 837 | USCA Case Number 21-4334, 4CCA Case Manager Cathy Poulsen for 829 Notice of Appeal filed by Eric Nixon. (bpet, ) (Entered: 07/02/2021) |
| 07/02/2021 | 838 | ORDER of USCA appointing Nicholas Ryan Hobbs as counsel for Eric Nixon re 829 Notice of Appeal. [21-4334] (bpet, ) (Entered: 07/02/2021) |
| 07/02/2021 | 839 | Position on Sentencing by USA as to Ryan Taybron (McHenry, Chad) (Entered: 07/02/2021) |
| 07/02/2021 | 848 | ORDER of USCA as to Martin L. Hunt, Deshaun Richardson, Eric Nixon re 779 Notice |

| | | |
|---|---|---|
| | | of Appeal, 829 Notice of Appeal - Final Judgment, 806 Notice of Appeal. The Appeals Court consolidates Case No. 21-4231(L) and Case No. 21-4334. [21-4231(L)], [21-4300], and [21-4334] (tamarm, ) (Entered: 07/09/2021) |
| 07/05/2021 | 840 | NOTICE OF APPEAL by Xavier Greene (Good, David) (Entered: 07/05/2021) |
| 07/07/2021 | 841 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Xavier Greene. (mayes, travis) (Entered: 07/07/2021) |
| 07/07/2021 | 842 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Ryan Taybron. (wells-major, belinda) (Entered: 07/07/2021) |
| 07/08/2021 | 844 | Letter from Character Witnesses (Protogyrou, Andrew) (Entered: 07/08/2021) |
| 07/08/2021 | 845 | Position on Sentencing by USA as to Raymond Palmer (Cross, Amy) (Entered: 07/08/2021) |
| 07/08/2021 | 846 | Position on Sentencing by Raymond Palmer (Rasberry, Jamison) (Entered: 07/08/2021) |
| 07/09/2021 | 847 | Transmission of Notice of Appeal to 4CCA as to Xavier Greene to US Court of Appeals re 840 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (Attachments: # 1 Notice of Appeal)(afar) (Entered: 07/09/2021) |
| 07/09/2021 | | Assembled INITIAL Electronic Record Transmitted to 4CCA re 840 Notice of Appeal, 847 Transmission of Notice of Appeal to 4CCA, (afar) (Entered: 07/09/2021) |
| 07/09/2021 | 849 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Eric Nixon. (Smyre, Tiffany) (Entered: 07/09/2021) |
| 07/09/2021 | 850 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Chad McHenry, AUSA, Amy Cross, SAUSA and Andrew Protogyrou, c/a counsel, present; defendant present in custody. Sentencing held on 7/9/2021 for Ryan Taybron (7). Objections heard and rulings made. Court adopted the factual statement (as amended) contained in the PSR. Count(s) 1, 16, 17, 18, 19, 21, 22, 25, 26, 27: Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 16s, 17s, 18s, 19s: Dismissed on oral motion by Government on 10/16/19; Count(s) 1s: One Hundred Eighty (180) months imprisonment, Three (3) years supervised release; $100 special assessment; Count(s) 21s: One Hundred Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 22s: One Hundred Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 25s: One Hundred Eighty (180) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 26s: Jury Found Not Guilty - Dismissed; Count(s) 27s: Sixty (60) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 28, 28s: Dismissed on Government's oral motion 11/21/19. Court advised defendant of his right of appeal. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00-1:25) (vwar) (Entered: 07/09/2021) |
| 07/12/2021 | 851 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Raymond Palmer. (wells-major, belinda) (Entered: 07/12/2021) |
| 07/12/2021 | 852 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Geovanni Douglas. (wells- |

| | | |
|---|---|---|
| | | major, belinda) (Entered: 07/12/2021) |
| 07/12/2021 | 853 | JUDGMENT as to Ryan Taybron (7): Count(s) 1, 16, 17, 18, 19, 21, 22, 25, 26, 27, Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 16s, 17s, 18s, 19s, Dismissed on oral motion by Government on 10/16/19; Count(s) 1s, One Hundred Eighty (180) months imprisonment, Three (3) years supervised release; $100 special assessment; Count(s) 21s, One Hundred Twenty (120) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 22s, One Hundred Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 25s, One Hundred Eighty (180) months imprisonment, to be served concurrently; Three (3) years supervised release, to run concurrently; $100 special assessment; Count(s) 26s, Jury Found Not Guilty; Count(s) 27s, Sixty (60) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 28, 28s, Dismissed on Government's oral motion 11/21/19. Signed by Chief District Judge Mark S. Davis on 7/12/21. (bpet, ) (Entered: 07/12/2021) |
| 07/12/2021 | 854 | Sealed Statement of Reasons as to Ryan Taybron. Signed by Chief District Judge Mark S. Davis on 7/12/21. (bpet, ) (Entered: 07/12/2021) |
| 07/13/2021 | 855 | *Character Letter* EXHIBIT LIST by Raymond Palmer (Attachments: # 1 Letter Kayretha Starks, # 2 Letter Courtney Robinson)(Rasberry, Jamison) (Entered: 07/13/2021) |
| 07/13/2021 | 870 | USCA Case Number 21-4349, 4CCA Case Manager Cathy Poulsen for 840 Notice of Appeal filed by Xavier Greene. (bpet, ) (Entered: 07/20/2021) |
| 07/13/2021 | 871 | ORDER of USCA appointing Amy Leigh Austin as counsel for Xavier Greene re 840 Notice of Appeal. [21-4349] (bpet, ) (Entered: 07/20/2021) |
| 07/13/2021 | 872 | ORDER of USCA consolidating 21-4349 with 21-4231(L) as to Xavier Greene re 840 Notice of Appeal. [21-4349] (bpet, ) (Entered: 07/20/2021) |
| 07/15/2021 | 857 | MOTION to Continue *Sentencing 30 Days* by Geovanni Douglas. (Robinson, Daymen) (Entered: 07/15/2021) |
| 07/15/2021 | 858 | SENTENCING held before Chief District Judge Mark S. Davis: Jody Stewart, OCR. Amy Cross and Chad McHenry, present for the Gov't; Jamison Rasberry, c/a counsel present; defendant present in custody. Sentencing held on 7/15/2021 for Raymond Palmer (10). Objections heard and rulings made. Court adopted the factual statements contained in the PSR. Count(s) 1, 10, 11, Dismissed - Second Superseding Indictment filed 6/12/19; Count 1s: Sixty (60) months imprisonment; Five (5) years supervised release; $100 special assessment; Count 10s: Thirty-Six (36) months imprisonment, to be served concurrent to count 1; One (1) year supervised release, to run concurrently; $100 special assessment; Count 11s: One Hundred-Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment. Court advised defendant of his right of appeal. Court dismissed all prior indictments as to Mr. Palmer. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00 - 11:35) (vwar) (Entered: 07/15/2021) |
| 07/15/2021 | 859 | NOTICE OF APPEAL by Raymond Palmer (Rasberry, Jamison) (Entered: 07/15/2021) |
| 07/16/2021 | 860 | ORDER granting 857 Motion to Continue as to Geovanni Douglas (9). Counsel for both parties are INSTRUCTED to contact the undersigned judge's Courtroom Deputy as soon as practicable to schedule a new sentencing date. Signed by Chief District Judge Mark S. Davis on 7/16/2021. (tamarm, ) (Entered: 07/16/2021) |
| 07/16/2021 | 863 | JUDGMENT as to Raymond Palmer (10), Count(s) 1, 10, 11: Dismissed - Second |

| | | |
|---|---|---|
| | | Superseding Indictment filed 6/12/19; Count(s) 10s: Thirty-Six (36) months imprisonment, to be served concurrent to count 1; One (1) year supervised release, to run concurrently; $100 special assessment; Count(s) 11s: One Hundred-Twenty (120) months imprisonment, to be served consecutively; Five (5) years supervised release, to run concurrently; $100 special assessment; Count(s) 1s: Sixty (60) months imprisonment; Five (5) years supervised release; $100 special assessment. Signed by Chief District Judge Mark S. Davis on 7/16/21. (dbra, ) (Entered: 07/16/2021) |
| 07/16/2021 | 864 | Sealed Statement of Reasons as to Raymond Palmer. Signed by Chief District Judge Mark S. Davis on 7/16/21. (dbra, ) (Entered: 07/16/2021) |
| 07/19/2021 | 865 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Ryan Taybron. (wells-major, belinda) (Entered: 07/19/2021) |
| 07/19/2021 | 866 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Raymond Palmer. (mayes, travis) (Entered: 07/19/2021) |
| 07/19/2021 | 867 | Transmission of Notice of Appeal to 4CCA as to Raymond Palmer to US Court of Appeals re 859 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (Attachments: # 1 Notice of Appeal) (bpet, ) (Entered: 07/19/2021) |
| 07/19/2021 | 868 | NOTICE OF APPEAL by Ryan Taybron re 853 Judgment,,,, (Protogyrou, Andrew) (Entered: 07/19/2021) |
| 07/19/2021 | 869 | USCA Case Number 21-4355, 4CCA Case Manager Cathy Poulsen for 859 Notice of Appeal filed by Raymond Palmer. (bpet, ) (Entered: 07/20/2021) |
| 07/19/2021 | 873 | ORDER of USCA appointing Jamison Page Rasberry as counsel for Raymond Palmer re 859 Notice of Appeal. [21-4355] (bpet, ) (Entered: 07/20/2021) |
| 07/20/2021 | 874 | Transmission of Notice of Appeal to 4CCA as to Ryan Taybron to US Court of Appeals re 868 Notice of Appeal - Final Judgment (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (Attachments: # 1 Notice of Appeal) (bpet, ) (Entered: 07/20/2021) |
| 07/20/2021 | | Sentencing reset as to Geovanni Douglas for 9/10/2021 at 10:00 AM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. (vwar) (Entered: 07/20/2021) |
| 07/20/2021 | 875 | USCA Case Number 21-4358, 4CCA Case Manager Cathy Poulsen for 868 Notice of Appeal filed by Ryan Taybron. (bpet, ) (Entered: 07/21/2021) |
| 07/20/2021 | 876 | ORDER of USCA consolidating 21-4355 with 21-4231(L) as to Raymond Palmer re 859 Notice of Appeal. [21-4355] (bpet, ) (Entered: 07/21/2021) |
| 07/20/2021 | 877 | ORDER of USCA appointing Andrew Anthony Protogyrou as counsel for Ryan Taybron re 868 Notice of Appeal. [21-4538] (bpet, ) (Entered: 07/21/2021) |
| 07/20/2021 | 878 | ORDER of USCA consolidating 21-4358 with 21-4231(L) as to Ryan Taybron re 868 Notice of Appeal. [21-4358] (bpet, ) (Entered: 07/21/2021) |
| 07/28/2021 | 880 | ORDER of USCA appointing Gerald T. Zerkin as counsel for Xavier Greene re 840 Notice of Appeal; attorney Amy Austin withdrawn. [21-4349] (bpet, ) (Entered: 08/02/2021) |
| 07/29/2021 | 879 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus. Proceedings: Trial testimony, 10/16/19 through |

| | | 12/10/19; sentencing, 7/15/21. Current Deadline: 10/27/21. [21-4231] (jhie, ) (Entered: 07/29/2021) |
|---|---|---|
| 08/05/2021 | 881 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus. (tamarm, ) (Entered: 08/06/2021) |
| 08/05/2021 | 882 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus. [21-4231] (tamarm, ) (Entered: 08/06/2021) |
| 08/08/2021 | 883 | NOTICE OF ATTORNEY APPEARANCE: Gerald Thomas Zerkin appearing for Xavier Greene (Zerkin, Gerald) (Entered: 08/08/2021) |
| 08/16/2021 | 884 | TRANSCRIPT of proceedings as to Raymond Palmer for dates of 7-15-2021 before Chief Judge Mark S. Davis, re 859 Notice of Appeal Court Reporter/Transcriber Jody Stewart, Telephone number 757-222-7071. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov.** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/15/2021. Redacted Transcript Deadline set for 10/18/2021. Release of Transcript Restriction set for 11/15/2021.**(stewart, jody) (Entered: 08/16/2021) |
| 08/19/2021 | 885 | TRANSCRIPT of proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Geovanni Douglas, Raymond Palmer for dates of 12/5, 6, 9, 10/2019 before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 886 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for dates of 12/4/2019, Volume 25, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction.** |

| | | |
|---|---|---|
| | | After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 887 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for dates of 12/3/2019, Volume 24 before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 888 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 12/2/2019 Volume 23, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 889 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/21/2019 Volume 22 before Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 890 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun |

| | | Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/20/2019 Volume 21, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at [www.vaed.uscourts.gov](#)** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | [891](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/19/2019, Volume 20, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at [www.vaed.uscourts.gov](#)** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | [892](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/18/2019, Volume 19, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at [www.vaed.uscourts.gov](#)** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | [893](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/14/2019, Volume 18, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, |

| | | |
|---|---|---|
| | | Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 894 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/13/2019, Volume 17, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 895 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/12/2019, Volume 16, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 896 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/07/2019, Volume 15, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without** |

JA102

| | | |
|---|---|---|
| | | **redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | [897](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/06/2019, Volume 14, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | [898](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/05/2019, Volume 13, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | [899](#) | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 11/04/2019, Volume 12, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, [779](#) Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction.** |

| | | |
|---|---|---|
| | | After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 900 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/31/2019, Volume 11, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 901 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/30/2019, Volume 10, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 902 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/29/2019, Volume 9, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 903 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun |

| | | |
|---|---|---|
| | | Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/28/2019, Volume 8, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 904 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/24/2019, Volume 7, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 905 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/23/2019, Volume 6, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 906 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/22/2019, Volume 5, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone |

| | | |
|---|---|---|
| | | number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 907 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/21/2019, Volume 4, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 908 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/18/2019, Volume 3, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 909 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/17/2019, Volume 2, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal - Final Judgment, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar** |

| | | |
|---|---|---|
| | | **days. The policy is located on our website at** www.vaed.uscourts.gov ***Does this satisfy all appellate orders for this reporter? n*** **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 910 | TRANSCRIPT of Jury Trial Proceedings as to Martin L. Hunt, Xavier Greene, Deshaun Richardson, Ryan Taybron, Eric Nixon, Raymond Palmer for date of 10/16/2019, Volume 1, before Chief Judge Mark S. Davis, re 840 Notice of Appeal, 779 Notice of Appeal, 829 Notice of Appeal - Final Judgment, 868 Notice of Appeal, 806 Notice of Appeal, 859 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov ***Does this satisfy all appellate orders for this reporter? n*** **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 911 | TRANSCRIPT of Sentencing Proceedings as to Martin L. Hunt for date of 05/06/2021 before Chief Judge Mark S. Davis, re 779 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov ***Does this satisfy all appellate orders for this reporter? y*** **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 912 | TRANSCRIPT of Sentencing Proceedings as to Deshaun Richardson for date of 06/10/2021 before Chief Judge Mark S. Davis, re 806 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at** www.vaed.uscourts.gov ***Does this satisfy all appellate orders for this reporter? y*** **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.(mcmanus, paul) (Entered: 08/19/2021)** |
| 08/19/2021 | 913 | TRANSCRIPT of Sentencing Proceedings as to Eric Nixon for date of 06/28/2021 before Chief Judge Mark S. Davis, re 829 Notice of Appeal - Final Judgment Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE** |

|  |  |  |
|---|---|---|
|  |  | **REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 914 | TRANSCRIPT of Sentencing Proceedings as to Xavier Greene for date of 07/01/2021 before Chief Judge Mark S. Davis, re 840 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 08/19/2021 | 915 | TRANSCRIPT of Sentencing Proceedings as to Ryan Taybron for date of 07/09/2021 before Chief Judge Mark S. Davis, re 868 Notice of Appeal - Final Judgment Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 9/20/2021. Redacted Transcript Deadline set for 10/19/2021. Release of Transcript Restriction set for 11/17/2021.**(mcmanus, paul) (Entered: 08/19/2021) |
| 09/03/2021 | 916 | Position on Sentencing by USA as to Geovanni Douglas (Samuels, Brian) (Entered: 09/03/2021) |
| 09/03/2021 | 917 | SENTENCING MEMORANDUM by Geovanni Douglas (Robinson, Daymen) (Entered: 09/03/2021) |
| 09/07/2021 | 918 | Letter from Martin Hunt to Clerk's Office (Attachments: # 1 Envelope)(dbra, ) (Entered: 09/07/2021) |
| 09/07/2021 | 919 | Letter from Clerk's Office to Martin Hunt - Enclosed copy of Docket Sheet (dbra, ) (Entered: 09/07/2021) |
| 09/07/2021 | 920 | Position on Sentencing by Geovanni Douglas *Addendum* (Robinson, Daymen) (Entered: 09/07/2021) |
| 09/08/2021 | 921 | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED - government and defense counsel) as to Geovanni Douglas. Fourth Additional Addendum(mayes, travis) (Entered: 09/08/2021) |

| | | |
|---|---|---|
| 09/09/2021 | 923 | Position on Sentencing by USA as to Geovanni Douglas *(U.S. Supplemental Position on Sentencing in Response to Fourth Addendum to PSR)* (Cross, Amy) (Entered: 09/09/2021) |
| 09/10/2021 | 924 | SENTENCING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, Brian Samuels, AUSA and Daymen Robinson, c/a counsel, present; defendant present in custody. Sentencing held on 9/10/2021 for Geovanni Douglas (9). Objections heard and rulings made. Court adopted the factual statements in the PSR. Evidence admitted. Count(s) 14, 15, Dismissed - Second Superseding Indictment filed 6/12/19; Count 1s: One Hundred-Eight (108) months imprisonment; Three (3) years supervised release; $100 special assessment; Count 14s: One Hundred-Eight (108) months imprisonment, to be served concurrently to Count 1; Three (3) years supervised release; $100 special assessment; Count 15s: One Hundred Twenty (120) months imprisonment, to be served consecutively to Counts 1 and 14; Five (5) years supervised release; $100 special assessment; Count(s) 34s, 35s, Found Not Guilty. Court advised defendant of his right of appeal. All prior indictments were DISMISSED as to this defendant. Defendant remanded to custody of USM. Court adjourned. (COURT HOURS: 10:00 a.m. - 1:55 p.m.) (vwar) (Entered: 09/10/2021) |
| 09/14/2021 | 925 | JUDGMENT as to Geovanni Douglas (9), Count(s) 14, 15: Dismissed - Second Superseding Indictment filed 6/12/19; Count(s) 14s: One Hundred-Eight (108) months imprisonment, to be served concurrently to Count 1; Three (3) years supervised release; $100 special assessment; Count(s) 15s: One Hundred Twenty (120) months imprisonment, to be served consecutively to Counts 1 and 14; Five (5) years supervised release; $100 special assessment; Count(s) 1s: One Hundred-Eight (108) months imprisonment; Three (3) years supervised release; $100 special assessment; Count(s) 34s, 35s: Found Not Guilty. Signed by Chief District Judge Mark S. Davis on 9/13/21. (dbra, ) (Entered: 09/14/2021) |
| 09/14/2021 | 926 | Sealed Statement of Reasons as to Geovanni Douglas. Signed by Chief District Judge Mark S. Davis on 9/13/21. (dbra, ) (Entered: 09/14/2021) |
| 09/16/2021 | 927 | PRESENTENCE INVESTIGATION REPORT (Final Presentence Investigation Report) (SEALED - government and defense counsel) as to Geovanni Douglas. (mayes, travis) (Entered: 09/16/2021) |
| 09/21/2021 | 928 | NOTICE OF APPEAL by Geovanni Douglas (Robinson, Daymen) (Entered: 09/21/2021) |
| 09/22/2021 | 929 | NOTICE OF APPEAL by Geovanni Douglas as to 925 Judgment (Attachments: # 1 Envelope)(dbra, ) (Entered: 09/22/2021) |
| 09/22/2021 | 930 | Transmission of Notice of Appeal to 4CCA as to Geovanni Douglas to US Court of Appeals re 928 Notice of Appeal, 929 Pro Se Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (Attachments: # 1 Notice of Appeal, # 2 Pro Se Notice of Appeal, # 3 Envelope)(dbra, ) (Entered: 09/22/2021) |
| 09/22/2021 | | Assembled INITIAL Electronic Record Transmitted to 4CCA re 928 Notice of Appeal, 929 Notice of Appeal (dbra, ) (Entered: 09/22/2021) |
| 09/23/2021 | 931 | USCA Case Number 21-4509 4CCA Case Manager C. Poulsen for 928 Notice of Appeal filed by Geovanni Douglas. (dbra, ) (Entered: 09/27/2021) |
| 09/23/2021 | 932 | ORDER of USCA appointing Daymen Robinson as counsel for Geovanni Douglas re 928 Notice of Appeal (dbra, ) (Entered: 09/27/2021) |
| 09/23/2021 | 933 | ORDER of USCA consolidating case 21-4509 with 21-4231(L). (dbra, ) (Entered: 09/27/2021) |

| | | |
|---|---|---|
| 10/07/2021 | 934 | Transcript Order Acknowledgment from USCA re 928 , 929 Notice of Appeal by Geovanni Douglas: Court Reporter/Transcriber Paul McManus; 9/10/21 sentencing; deadline 11/15/21. [21-4509] (bpet, ) (Entered: 10/08/2021) |
| 11/15/2021 | 935 | TRANSCRIPT of Sentencing Proceedings as to Geovanni Douglas for date of 09/10/2021 before Chief Judge Mark S. Davis, re 928 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 12/15/2021. Redacted Transcript Deadline set for 1/17/2022. Release of Transcript Restriction set for 2/14/2022.(mcmanus, paul) (Entered: 11/15/2021)** |
| 02/14/2022 | 936 | Letter Motion requesting appointed counsel to file for compassionate release by Jamaree L. Green. (Attachments: # 1 Envelope)(dbra, ) (Entered: 02/14/2022) |
| 02/16/2022 | 937 | ORDER denying 936 Letter Motion requesting the appointment of counsel to file a motion for compassionate release as to Jamaree L. Green (3). Signed by Chief District Judge Mark S. Davis on 2/16/2022. (copies distributed as instructed) (dbra, ) (Entered: 02/16/2022) |
| 02/17/2022 | 938 | Transcript Order Acknowledgment from USCA re 779 Notice of Appeal: Court Reporter/Transcriber Paul McManus; Motion hearings 4/3/2019, 7/30/2019, 8/19/2019; deadline 03/28/2022. [21-4231] (dbra, ) (Entered: 02/25/2022) |
| 02/28/2022 | 939 | Petition and Order on Supervised Release directing that a Summons be issued as to Shaquone R. Ford. Signed by Chief District Judge Mark S. Davis on 2/28/2022. (dbra, ) (Entered: 02/28/2022) |
| 02/28/2022 | 941 | Summons issued and delivered to USM in case as to Shaquone R. Ford. (dbra, ) (Entered: 02/28/2022) |
| 02/28/2022 | | Set Hearings as to Shaquone R. Ford: Initial Appearance on Revocation Proceedings set for 3/18/2022 at 09:00 AM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask. (dbra, ) (Entered: 02/28/2022) |
| 03/18/2022 | 942 | Minute Entry for proceedings held before Magistrate Judge Robert J. Krask: Initial Appearance re Revocation of Supervised Release as to Shaquone R. Ford held. Deft advised of rights, charges and right to counsel. Counsel desired. Court directed FPD appointed. PR bond set with previous condition to remain in effect. Arraignment set for 3/30/2022 at 02:30 PM in Norfolk Mag Courtroom 2 before Magistrate Judge Robert J. Krask.<br><br>**Appearances:** Defendant present, AUSA Dee Sterling and AFPD Andrew Grindrod (Court Reporter FTR.)(dbra, ) (Entered: 03/18/2022) |
| 03/18/2022 | 943 | CJA 23 Financial Affidavit by Shaquone R. Ford (dbra, ) (Entered: 03/18/2022) |
| 03/18/2022 | 944 | ORDER Setting Conditions of Release as to Shaquone R. Ford (2). Signed by Magistrate Judge Robert J. Krask on 3/18/2022. (dbra, ) (Entered: 03/18/2022) |
| 03/22/2022 | | Hearing re Revocation of Supervised Release set as to Shaquone R. Ford for 5/16/2022 at 02:30 PM in Norfolk Courtroom 1 before Chief District Judge Mark S. Davis. |

| | | Arraignment terminated as to Shaquone R. Ford. (vwar) (Entered: 03/22/2022) |
|---|---|---|
| 03/24/2022 | 945 | Summons Returned Executed on 3/16/2022 as to Shaquone R. Ford (dbra, ) (Entered: 03/24/2022) |
| 03/28/2022 | 946 | TRANSCRIPT of proceedings as to Geovanni Douglas for date of 4/3/2019 before Magistrate Judge Robert J. Krask, re 928 Notice of Appeal, 929 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 4/27/2022. Redacted Transcript Deadline set for 5/30/2022. Release of Transcript Restriction set for 6/27/2022.(mcmanus, paul) (Entered: 03/28/2022)** |
| 03/28/2022 | 947 | TRANSCRIPT of proceedings as to Geovanni Douglas for date of 07/30/2019 before Chief Judge Mark S. Davis, re 928 Notice of Appeal, 929 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? n* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 4/27/2022. Redacted Transcript Deadline set for 5/30/2022. Release of Transcript Restriction set for 6/27/2022.(mcmanus, paul) (Entered: 03/28/2022)** |
| 03/28/2022 | 948 | TRANSCRIPT of proceedings as to Geovanni Douglas for date of 8/19/2019 before Chief Judge Mark S. Davis, re 928 Notice of Appeal, 929 Notice of Appeal Court Reporter/Transcriber Paul McManus, Telephone number 757-222-7077. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov** *Does this satisfy all appellate orders for this reporter? y* **Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 4/27/2022. Redacted Transcript Deadline set for 5/30/2022. Release of Transcript Restriction set for 6/27/2022.(mcmanus, paul) (Entered: 03/28/2022)** |
| 05/16/2022 | 949 | SUPERVISED RELEASE VIOLATION HEARING held before Chief District Judge Mark S. Davis: Paul McManus, OCR. Amy Cross, SAUSA and Rodolfo Cejas, AFPD, present; defendant present on bond. Final Hearing re Revocation of Supervised Release as to Shaquone R. Ford held on 5/16/2022. Defendant stipulated to violations in the petition. Court finds defendant guilty of violating terms of supervised release and revokes same. Defendant committed to custody of BOP for a term of 2 days. Upon release from confinement, the defendant will be on supervised release through 3/15/2024. Defendant advised of his right of appeal. Defendant remanded to custody of USM. (vwar) (Entered: 05/16/2022) |

| 05/16/2022 | 950 | Order Revoking Supervised Release as to Shaquone R. Ford. Signed by Chief District Judge Mark S. Davis on 5/16/2022. (dbra, ) (Entered: 05/16/2022) |
| 05/18/2022 | 951 | Letter Motion for Transcript and Other Documents by Geovanni Douglas. (Attachments: # 1 Envelope)(dbra, ) (Entered: 05/18/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/07/2022 13:53:05 | | |
| **PACER Login:** | tmstuckey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:17-cr-00052-MSD-RJK |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**JA112**

Case 4:17-cr-00052-MSD-RJK  Document 90  Filed 04/26/18  Page 1 of 51 PageID# 396

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

```
FILED
IN OPEN COURT

APR 2 6 2018

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **UNDER SEAL** |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 4:17cr52** |
| | ) | |
| **MARTIN L. HUNT,** | ) | **18 U.S.C. § 1962(d)** |
| **a/k/a "O.G. Martin,"** | ) | **Racketeering Conspiracy** |
| **(Counts 1, 4-9, 12, 13)** | ) | **(Count 1)** |
| | ) | |
| **XAVIER GREENE,** | ) | **18 U.S.C. §§ 1959(a)(1) and 2** |
| **a/k/a "BJ,"** | ) | **Murder in Aid of Racketeering Activity** |
| **(Counts 1-3,6-9, 14, 15)** | ) | **(Counts 2, 6, 8)** |
| | ) | |
| **COREY R. SWEETENBURG,** | ) | **18 U.S.C. §§ 924(c)(1) and (j) and 2** |
| **a/k/a "Co,"** | ) | **Use of a Firearm Resulting in Death** |
| **(Counts 1, 6-13)** | ) | **(Counts 3, 7, 9)** |
| | ) | |
| **DESHAUN RICHARDSON,** | ) | **18 U.S.C. §§ 1959(a)(5) and 2** |
| **a/k/a "Day Day,"** | ) | **Attempted Murder in Aid of Racketeering** |
| **(Counts 1, 6-9, 25, 28)** | ) | **Activity** |
| | ) | **(Counts 4, 14, 16, 18, 21, 23)** |
| **RYAN TAYBRON,** | ) | |
| **a/k/a "22" and "Ryan Savage,"** | ) | **18 U.S.C. §§ 924(c)(1)(A) and 2** |
| **(Counts 1, 16-19, 21, 22, 25-28)** | ) | **Possession and Discharge of a Firearm** |
| | ) | **in Furtherance of a Crime of Violence** |
| **ERIC NIXON,** | ) | **(Counts 5, 11, 13, 15, 17, 19, 22, 24)** |
| **a/k/a "Young Nix" and "Lil Nix,"** | ) | |
| **(Counts 1, 16-19, 21-24, 29)** | ) | **18 U.S.C. §§ 1959(a)(5) and 2** |
| | ) | **Attempt and Conspiracy to Commit** |
| **GIOVANNI DOUGLAS,** | ) | **Murder in Aid of Racketeering Activity** |
| **a/k/a "Gio" and "Twin,"** | ) | **(Count 12)** |
| **(Counts 14, 15)** | ) | |
| | ) | **18 U.S.C. §§ 1959(a)(5) and 2** |
| **RAYMOND PALMER,** | ) | **Attempted Assault with a Dangerous** |
| **a/k/a "Ray Dog,"** | ) | **Weapon in Aid of Racketeering Activity** |
| **(Counts 1, 10, 11)** | ) | **(Count 10)** |
| | ) | |
| **ANTHONY ACKLIN,** | ) | **18 U.S.C. §§ 1512(b)(1) and 2** |
| **a/k/a "Von,"** | ) | **Tampering with Witness** |
| **(Counts 25 – 27)** | ) | **(Count 20)** |
| | ) | |

| | |
|---|---|
| MELISSA TAYBRON, <br> (Counts 20, 26) | ) <br> ) <br> ) <br> ) <br> ) <br> ) | **21 U.S.C. § 846** <br> **Conspiracy to Distribute and Possess with** <br> **Intent to Distribute Marijuana and** <br> **Cocaine Base** <br> **(Count 25)** |

MELISSA TAYBRON,         )   **21 U.S.C. § 846**
(Counts 20, 26)        )   **Conspiracy to Distribute and Possess with**
                    )   **Intent to Distribute Marijuana and**
**SADE TAYBRON,**       )   **Cocaine Base**
**(Count 20)**          )   **(Count 25)**
                    )
**and**               )   **21 U.S.C. § 856(a)(1)**
                    )   **Maintaining Drug Involved Premise**
**PHYLISS TAYBRON,**    )   **(Count 26)**
**(Count 20)**          )
                    )   **18 U.S.C. § 924(c)(1)(A)**
      **Defendants.**   )   **Possession of Firearm in Furtherance of**
                    )   **Drug Trafficking**
                    )   **(Counts 27, 28)**
                    )
                    )   **18 U.S.C. §§ 922(a)(6) and 2**
                    )   **False Statement During Firearm Purchase**
                    )   **(Count 29)**
                    )
                    )   **18 U.S.C. §§ 3591 and 3592**
                    )   **Notice of Special Findings**
                    )
                    )   **18 U.S.C. §§ 924(d), 981(a)(1)(C),**
                    )   **1963(a), 21 U.S.C. § 853**
                    )   **Criminal Forfeiture**

## SUPERSEDING INDICTMENT

April 2018 Term — at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Racketeering Conspiracy)

#### The Enterprise

1.    The defendants, MARTIN L. HUNT, a/k/a "O.G. Martin," DESHAUN RICHARDSON, a/k/a "Day Day," COREY R. SWEETENBURG, a/k/a "Co," XAVIER GREENE, a/k/a, "BJ," RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix," and others known and unknown to the Grand Jury, were members and associates of a neighborhood gang that was known

alternatively as "36th Street Bang Squad," "36," "Three-Six," and "800" (hereinafter "36th Street Bang Squad.")   This was a criminal organization whose members and associates, including the Blick'Em Boys, another local street gang, engaged in acts of violence including murder, threats of murder, attempted murder, robbery, witness intimidation, and narcotics distribution.   36th Street Bang Squad operated principally in a geographic area in the southern portion of Newport News, Virginia from Wickham to Madison Avenues, between 35th and 36th Street.   Its territory also covered the area around 28th Street and Roanoke Avenue in the same general location as its principal location. Finally, the organization claimed 35th Street as it extended into Hampton, Virginia, changing to Shell Road.

2.      Members of the 36th Street Bang Squad signified their membership in various ways. Members bore tattoos such as "36," or "800."   36th Street Bang Squad members displayed distinctive hand signs. When entering a business or gathering of people, 36th Street Bang Squad members and associates would yell slogans such as "36," "800," "800 Block," "Bang Squad," and others.

3.      36th Street Bang Squad and its associates clashed with other gangs including Walker Village Murder Gang (hereinafter WVMG). 36th Street Bang Squad and its associates engaged in acts of retaliation, intimidation, and violence toward rival gangs.   Some members of 36th Street Bang Squad claimed to be aligned with the "Bloods" gang.

4.      36th Street Bang Squad, including its leaders, members and associates, constituted an "Enterprise" as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the Enterprise"), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing

3

**JA115**

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### Purposes and Objectives of the Enterprise

5.      The purposes of the Enterprise included the following:

a.      Enriching, preserving, expanding, and protecting the power, territory, and prestige of the Enterprise through the use of intimidation, violence, and threats of violence to include murder, attempted murder, assault, robbery, and narcotics distribution;

b.      Promoting and enhancing the Enterprise and its members' and associates' activities;

c.      Sharing and disseminating information about the Enterprise's plans and activities among members and associates of the Enterprise;

d.      Keeping potential rival drug dealers and gang members in fear of the Enterprise and in fear of its members and associates through threatened and actual violence;

e.      Confronting and retaliating against rival gangs through the use of intimidation, violence, threats of violence, and assaults;

f.      Protecting the Enterprise and its members from detection, apprehension, and prosecution by using witness intimidation to obstruct law enforcement's investigation of members of the Enterprise;

g.      Financially supporting members of the Enterprise through the trafficking of marijuana, cocaine, and cocaine base, and through robberies;

h.      Obtaining firearms for use by members of the Enterprise to facilitate the commission of crimes by other members and associates of the Enterprise; and

4

**JA116**

       i.      Using intimidation, violence, and threats of violence against known and suspected rival gang members, rival drug dealers, and various individuals.

### **Means and Methods of the Enterprise**

    6.     The means and methods used by the defendants and their associates included, but were not limited to, the following:

       a.      Using intimidation, violence, and threats of violence to preserve and protect the Enterprise's territory, criminal activities, prestige, reputation, and position in the community;

       b.      Communicating with other members and associates in person, by telephone, and using social media, to plan, discuss, and coordinate criminal activities, and to receive support, encouragement and assistance for such activities;

       c.      Promoting a climate of fear through intimidation, violence, and threats of violence to further their criminal activities, which included conspiracy to commit murder, murder, attempted murder, assault, robbery, and narcotics trafficking activities;

       d.      Using intimidation, violence, and threats of violence against known and suspected rival gang members and various individuals;

       e.      Protecting the Enterprise and its members from detection, apprehension, and prosecution by law enforcement officers by using threats of violence to dissuade potential witnesses from notifying or cooperating with authorities;

       f.      Confronting and retaliating against rival gangs through the use of intimidation, violence, threats of violence, and assaults;

       g.      Robbing individuals to obtain cash, cell phones, firearms, and drugs for resale and to fund the Enterprise's activities;

**JA117**

h.    Providing resources (such as transportation, firearms and financial support) to facilitate the commission of crimes by other members and associates of the Enterprise;

i.    Protecting the territory of the Enterprise in order to allow the Enterprise's members to earn money through the trafficking and sale of marijuana, prescription pills, cocaine, firearms, and stolen property within its territory;

j.    Sharing among the Enterprise supplies of, and storage locations for, firearms on Greenbrier Avenue, Hampton, Virginia; and

k.    Claiming and marking the territory of the Enterprise and proclaiming the members' association with the Enterprise by use of graffiti, slogans, tattoos related to the Enterprise, and boasting about the existence, exploits, and violent acts of the Enterprise in rap songs, rap videos, and on social media websites.

**The Racketeering Conspiracy**

7.    From in or about January, 2015, the exact date being unknown to the Grand Jury, until on or about July 4, 2017, in the Eastern District of Virginia and elsewhere, the defendants MARTIN L. HUNT, a/k/a "O.G. Martin,"  DESHAUN RICHARDSON, a/k/a "Day Day," COREY R. SWEETENBURG, a/k/a "Co," XAVIER GREENE, a/k/a, "BJ," RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix," and others known and unknown to the Grand Jury, being persons employed by and associated with 36th Street Bang Squad as described in Paragraphs One through Six of this Count, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), namely to conduct and participate, directly and

6

**JA118**

indirectly, in the conduct of the affairs of the 36th Street Bang Squad Enterprise, which was engaged in and the activities of which affected interstate and foreign commerce, through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and (5), which consisted of multiple acts involving:

      a.     Murder, chargeable under Va. Code Ann. §§ 18.2-32, 18.2-26, and 18.2-22, and the common law of Virginia;

      b.     Robbery, chargeable under Va. Code Ann. §§ 18.2-58, 18.2-26, and 18.2-22, and the common law of Virginia;

multiple acts indictable under:

      c.     18 U.S.C § 1512 (Tampering with Witnesses);

and multiple offenses involving:

      d.     Dealing in controlled substances, in violation of 21 U.S.C §§ 846, 841(a)(1) and 856.

      8.     It was further part of the conspiracy that each defendant knowingly agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the Enterprise's affairs.

<div align="center"><b><u>Overt Acts</u></b></div>

      9.     In furtherance of the conspiracy and to achieve the object and purposes of the conspiracy, the defendants and others known and unknown committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to the following:

      a.     On or about March 8, 2015, Xavier Greene and unindicted co-conspirator Steven Harris conspired and agreed to use firearms to shoot and kill Dwayne Parker because he was an associate of a rival gang.

<div align="center">7</div>

b.    On or about March 8, 2015, Greene and Harris shot and killed Dwayne Parker.

c.    On or about March 8, 2015, following the murder of Parker, Harris and Greene fled to the residence of another member of 36th Street Bang Squad in Newport News, Virginia.

d.    On or about March 8, 2015, following the murder of Parker, Greene made threats to an individual known to the Grand Jury related to providing authorities information about the Parker murder.

e.    At various times during the spring of 2015, the exact dates being unknown to the Grand Jury, but no later than April 6, 2015, at the location of 735 36th Street, Newport News, Virginia, Greene, Steven Harris and others met and discussed gang activities.

f.    At various times during the spring of 2015, the exact dates being unknown to the Grand Jury, but no later than April 6, 2015, at the location of 735 36th Street, Greene asked an associate of the gang to provide him with the associate's Glock 26 9mm firearm, which was kept in a box in the upstairs bedroom of the apartment.

g.    On or about April 6, 2015, in Newport News, Virginia, Martin L. Hunt and Harris discharged a firearm at members and associates of the Walker Village Murder gang.

h.    On or about April 6, 2015, Hunt, Corey R. Sweetenburg, Greene, Deshaun Richardson, Harris and others unknown to the Grand Jury, conspired and agreed to use firearms to shoot and kill Domingo Davis and others who were rival gang members.

i.    On or about April 6, 2015, Hunt, Sweetenburg, Greene, Richardson, and Harris shot and killed Domingo Davis and Jada Richardson.

j.    On or about April 6, 2015, Hunt, Greene, Richardson and Harris ran to Hunt's mother's residence, carrying firearms.

k.    On or about April 6, 2015, Hunt, Greene, Richardson and Harris discussed the

8

**JA120**

murders at Hunt's mother's residence.

l.      On or about April 6, 2015, Hunt provided R.J. with the 9mm Bryco pistol he discharged in the murders of Domingo Davis and Jada Richardson.

m.      On or about April 6, 2015, R.J. disposed of the 9mm Bryco firearm to prevent Hunt from being connected to the murders.

n.      On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Raymond Palmer, J.G., J.A. and S.F. conspired and agreed to use firearms to shoot at the residence of D.D., a rival gang member suspected of previously shooting at J.G.'s residence.

o.      On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Palmer, J.G., J.A. and S.F. drove to the 1100 block of 42nd Street and located D.D.'s residence.

p.      On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Palmer, and J.G., each carrying firearms, walked to D.D.'s residence and discharged the firearms, striking the residence multiple times.

q.      At various times during 2015, the exact dates being unknown to the Grand Jury, in Newport News, Virginia, at Marshall Courts, Palmer possessed with intent to distribute and distributed quantities of high-grade exotic marijuana.

r.      On or about June 5, 2015, Ryan Taybron, Hunt, Sweetenburg, J.G., E.E., Q.D., R.J., and R.T. conspired and agreed to use firearms to shoot and kill J.S., a rival gang member, in retaliation for the murder of 36th Street Bang Squad member Kevonne Turner, which occurred on June 3, 2015.

s.      On or about June 5, 2015, Ryan Taybron called S.F. and R.J. to get rides for R.T. to Bridgeport Academy in Hampton, Virginia.

t.      On or about June 5, 2015, S.F. drove his white sedan with R.T., J.G.,

9

**JA121**

Sweetenburg, and Hunt to Bridgeport Academy.

u.     On or about June 5, 2015, E.E., Q.D., and R.J. drove to Bridgeport Academy to meet with S.F., J.G., R.T., Hunt, and Sweetenburg.

v.     On or about June 5, 2015, R.T. ordered S.F. to find J.S. at Bridgeport Academy.

w.     On or about June 5, 2015, S.F. identified the Hampton City Public School bus on which J.S. was riding for Hunt, Sweetenburg, R.T., J.G., E.E., R.J., and Q.D.

x.     On or about June 5, 2015, Sweetenburg, Hunt, J.G., S.F., Q.D., R.J., E.E. and R.T. followed J.S.'s bus from Bridgeport Academy to the Derby Run Apartment complex on Floyd Thompson Drive, Hampton, Virginia.

y.     On or about June 5, 2015, while carrying firearms, Hunt, Sweetenburg, J.G., E.E., R.T., and R.J. walked through the Derby Run Apartments looking for J.S. to kill him.

z.     On or about June 5, 2015, R.J. and E.E., while with R.T. and Q.D., discharged firearms at rival gang members outside the Derby Run Apartments.

aa.    On or about June 5, 2015, Palmer, Hunt and S.F. took J.A. to downtown Newport News, Virginia to deliver a firearm to another 36th Street Bang Squad member.

bb.    On or about July 21, 2015, in Newport News, Virginia, Greene possessed a .45 caliber Taurus firearm.

cc.    On or about August 1, 2015, in Newport News, Virginia, Greene possessed a firearm.

dd.    On or about August 1, 2015, in Newport News, Virginia, after Greene learned that two members of the 36th Street Bang Squad were in a fight at a Solo Mart, located at 4710 Marshall Avenue, Newport News, Virginia, Greene provided Giovanni Douglas with a firearm.

ee.    On or about August 1, 2015, in Newport News, Virginia, Douglas went to the

10

**JA122**

Solo Mart and discharged Greene's firearm at rival gang members.

      ff.    On or about August 4, 2015, members of 36th Street Bang Squad, including Douglas, discussed shooting Greene because he failed to fully support certain gang activities.

      gg.    On or about August 4, 2015, members of the 36th Street Bang Squad, including Douglas, banged on the door of an individual known to the Grand Jury in an attempt to take a firearm possessed by Greene or kill him.

      hh.    On or about August 7, 2015, Greene and others burglarized Southern Police Equipment, a federally licensed firearm dealer located in Chesterfield, Virginia, to obtain firearms for the 36th Street Bang Squad.

      ii.    On or about August 7, 2015, Greene, and four other associates traveled from Chesterfield, Virginia to Newport News, Virginia, carrying 31 stolen firearms.

      jj.    On or about August 7, 2015, in Newport News, Virginia, Greene telephonically contacted members of the 36th Street Bang Squad in order to distribute the stolen firearms to arm fellow 36th Street Bang Squad members.

      kk.    On or about August 7, 2015, Greene and another individual drove to Ryan Taybron's residence at 404 Greenbrier and delivered a number of firearms to Taybron.

      ll.    On or about August 10, 2015, in Hampton, Virginia, Ryan Taybron possessed five stolen firearms from the Southern Police Equipment burglary.

      mm.  On or about August 10, 2015, in Newport News, Virginia, at the Economy Suites motel, Greene possessed the Taurus .45 caliber pistol used in the Solo Mart shooting that occurred on August 1, 2015.

      nn.    On or about September 1, 2015, in Hampton, Virginia, Ryan Taybron directed Sweetenburg and S.F. to shoot a residence in the 600 block of Live Oak Lane, Newport News,

<div align="center">11</div>

<div align="center">**JA123**</div>

Virginia, because Taybron's girlfriend was involved with a rival gang member.

oo.    On or about September 1, 2015, in Hampton, Virginia, Ryan Taybron gave S.F. a pistol grip shotgun to discharge at the residence in the 600 block of Live Oak Lane, Newport News, Virginia.

pp.    On or about September 1, 2015, in Newport News, Virginia, Sweetenburg and S.F. possessed, carried and discharged firearms at the residence in the 600 block of Live Oak Lane, Newport News, Virginia, upon the direction of Ryan Taybron.

qq.    On or about September 8, 2015, in Newport News, Virginia, at the 700 Block of 35th Street, Giovanni Douglas did possess with intent to sell approximately 7 baggies of cocaine base while armed with a firearm.

rr.    On or about October 15, 2015, in the Eastern District of Virginia, Eric Nixon and an individual communicated using Facebook about doing bodily harm to D.C.

ss.    On or about November 6, 2015, in Newport News, Virginia, Ryan Taybron and Nixon discharged firearms at D.C., wounding him in the abdomen.

tt.    On or about November 6, 2015, in Hampton, Virginia, Ryan Taybron and Nixon discharged firearms at D.C.

uu.    On or about November 8, 2015, in Hampton, Virginia, Sade Taybron did threaten D.C. to prevent his communicating information related to the commission of the shooting conducted by Ryan Taybron and Eric Nixon.

vv.    On or about November 8, 2015, but no later than November 23, 2015, in Newport News, Virginia, a 36th Street Bang Squad member relayed threats to D.C.

ww.    On or about November 23, 2015, in Hampton, Virginia, Melissa Taybron, Sade Taybron, and Phyllis Taybron did threaten physical force and violence against D.C.

12

**JA124**

xx.    On or about November 25, 2015, in Newport News, Virginia Melissa Taybron and Sade Taybron drove D.C.to a judicial proceeding in Newport News, in order to ensure he recanted his testimony against Ryan Taybron.

yy.    On or about November 26, 2015, in Hampton, Virginia, following a shooting at 404 Greenbrier, Melissa Taybron ordered Ryan Taybron, and others, known and unknown to the Grand Jury, to find shooters to retaliate against those who shot at the residence.

zz.    At various times from in or about 2015 through in or about May 2017, in Hampton, Virginia, Ryan Taybron possessed with intent to distribute quantities of exotic marijuana and crack cocaine.

aaa.    At various times during June through July 2017, in the area of 34th Street in Newport News, Virginia Ryan Taybron and Deshaun Richardson possessed with intent to distribute and distributed quantities of exotic marijuana.

bbb.    On or about January 2, 2017, in Newport News, Virginia, Ryan Taybron, Eric Nixon, and S.F. conspired and agreed to use firearms to shoot at an associate of a rival gang.

ccc.    On or about January 2, 2017, in Newport News, Virginia, Ryan Taybron and Nixon possessed and discharged firearms at an associate of a rival gang.

ddd.    On or about February 9, 2017, in Hampton, Virginia, Nixon obtained a Glock .40 caliber firearm from a straw purchaser whom he caused to purchase it.

eee.    On or about February 15, 2017, in Newport News, Virginia, in Marshall Courts, Raymond Palmer retrieved a firearm that had been abandoned by another 36th Street Bang Squad member during the member's flight from police.

fff.    On or about February 26, 2017, in Newport News, Virginia, at an apartment complex on Aqueduct Drive, Nixon attempted to murder D.P. with a Glock .40 caliber firearm.

13

**JA125**

ggg.   On or about February 28, 2017, in Hampton, Virginia, at the Days Inn Hotel, Nixon possessed the Glock .40 caliber firearm used in the D.P. shooting.

hhh.   At various times, the exact dates being unknown to the Grand Jury, beginning in or about June 2017, and continuing through on or about July 2017, in Newport News, Virginia, Ryan Taybron and Deshaun Richardson distributed quantities of exotic marijuana and cocaine base, commonly called "crack," for profit, while possessing firearms.

### Special Sentencing Factors

iii.   On or about March 8, 2015, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, did commit the willful, deliberate and premeditated killing of Dwayne Parker, a/k/a "D.Wade," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

jjj.   On or about April 6, 2015, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," COREY SWEETENBURG, a/k/a "Co," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, aided and abetted by one another and others known and unknown, did commit the willful, deliberate and premeditated killing of Domingo Davis, a/k/a "Mingo," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

kkk.   On or about April 6, 2015, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," COREY SWEETENBURG, a/k/a "Co," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, aided and abetted by one another and others known and unknown, did commit the willful, deliberate and premeditated killing of Jada Richardson, in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

(All in violation of Title 18, United States Code, Section 1962(d).)

14

**JA126**

**COUNT TWO**
**(Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 6 of Count One of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      At all times relevant to this Superseding Indictment, 36th Street Bang Squad, including its leaders, members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce.    The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      At all times relevant to this Superseding Indictment, 36th Street Bang Squad, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is acts involving

        a.    Murder, chargeable under Va. Code Ann. §§ 18.2-32, 18.2-26, and 18.2-22, and the common law of Virginia;

        b.    Robbery, chargeable under Va. Code Ann. §§ 18.2-58, 18.2-26, and 18.2-22, and the common law of Virginia;

acts indictable under:

        c.    18 U.S.C § 1512 (Tampering with Witnesses);

and offenses involving:

        d.    Dealing in controlled substances, in violation of 21 U.S.C §§ 846, 841(a)(1) and 856.

15

**JA127**

    4.    On or about March 8, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Dwayne Parker, a/k/a "D. Wade," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

    (In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

16

**JA128**

### COUNT THREE
#### (Use of a Firearm Resulting in Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 8, 2015, in Newport News Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Two of this Superseding Indictment, which are incorporated herein, and in the course of said offenses, caused the death of Dwayne Parker, a/k/a "D. Wade," through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendant and others, known and unknown to the Grand Jury, with malice aforethought, did unlawfully kill Dwayne Parker, a/k/a "D. Wade," by shooting him.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)

17

**JA129**

## COUNT FOUR
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.    On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit the murder of rival gang members associated with the Walker Village Murder Gang, in violation of Virginia Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

18

**JA130**

## COUNT FIVE
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, and unindicted co-conspirator Steven Harris, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is: Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Court Four of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

19

**JA131**

## COUNT SIX
### (Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," COREY R. SWEETENBURG, a/k/a "Co," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Domingo Davis, a/k/a "Mingo," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

20

**JA132**

## COUNT SEVEN
### (Use of a Firearm Resulting in Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of

Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," COREY R.

SWEETENBURG, a/k/a "Co," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants

herein, aided and abetted by one another and others known and unknown, did unlawfully and

knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of

violence for which they may be prosecuted in a Court of the United States, that is Racketeering

Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count

One of this Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of

Title 18, United States Code, Section 1959(a)(1), as set forth in Count Six of this Superseding

Indictment, which are incorporated herein, and in the course of said offenses, caused the death of

Domingo Davis, a/k/a "Mingo," through the use of a firearm, and the killing constituted murder,

as defined in Title 18 United States Code, Section 1111(a), in that the defendants, with malice

aforethought, did unlawfully kill Domingo Davis, a/k/a "Mingo," by shooting him with a firearm.


(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)


21

**JA133**

**COUNT EIGHT**
**(Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," DESHAUN RICHARDSON, a/k/a "Day Day," and COREY R. SWEETENBURG, a/k/a "Co," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jada Richardson, in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

22

**JA134**

## COUNT NINE
### (Use of a Firearm Resulting in Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," DESHAUN RICHARDSON, a/k/a " Day Day," and COREY R. SWEETENBURG, a/k/a "Co," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Eight of this Superseding Indictment, which are incorporated herein, and in the course of said offenses, caused the death of Jada Richardson, through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Jada Richardson, by shooting her with a firearm.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)

23

**JA135**

## COUNT TEN
### (Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.     On or about April 27, 2015, in Newport News, Virginia, within the Eastern District of Virginia, COREY R. SWEETENBURG, a/k/a "Co," and RAYMOND PALMER, a/k/a "Ray Dog," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to assault with a dangerous weapon D.D., in violation of Va. Code Ann. §§ 18.2-51, 18.2-26 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(6) and 2.)

24

**JA136**

<u>**COUNT ELEVEN**</u>
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 27, 2015, in Newport News, Virginia, within the Eastern District of Virginia, COREY R. SWEETENBURG, a/k/a "Co," and RAYMOND PALMER, a/k/a "Ray Dog," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(6), as set forth in Count Ten of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

25

**JA137**

**COUNT TWELVE**
**(Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about June 5, 2015, in Hampton, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," and COREY R. SWEETENBURG, a/k/a "Co," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did unlawfully and knowingly attempt to murder J.S., a/k/a "D'Rose," and combine, conspire, confederate, and agree with one another and others known and unknown to murder J.S., a/k/a "D'Rose," in violation of Va. Code Ann. §§ 18.2-32, 18.2-26, 18.2-22 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

26

**JA138**

## COUNT THIRTEEN
### (Possession of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 5, 2015, in Hampton, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," and COREY R. SWEETENBURG, a/k/a "Co," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempt and Conspiracy to Commit Murder in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Twelve of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

27

**JA139**

## COUNT FOURTEEN
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about August 1, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," and GIOVANNI DOUGLAS, a/k/a "Gio," and "Twin," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit murder, in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

28

**JA140**

## COUNT FIFTEEN
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 1, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," and GIOVANNI DOUGLAS, a/k/a "Gio," and "Twin," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Fourteen of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

29

**JA141**

**COUNT SIXTEEN**
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about November 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON,  a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.C., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

    (In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

30

**JA142**

## COUNT SEVENTEEN
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Sixteen of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

31

**JA143**

## COUNT EIGHTEEN
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.    On or about November 6, 2015, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.C., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

32

**JA144**

## COUNT NINETEEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Eighteen of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

33

**JA145**

## COUNT TWENTY
### (Tampering with Witness)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, to on or about November 23, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MELISSA TAYBRON, SADE TAYBRON and PHYLISS TAYBRON, the defendants herein, aided and abetted by one another and others known and unknown, did knowingly intimidate, threaten, corruptly persuade, and engage in misleading conduct toward D.C. by threatening D.C. and his family, over the telephone and social media, and driving him to a legal proceeding, to influence, delay and prevent the testimony of D.C. and cause D.C. to recant D.C.'s original statement implicating RYAN TAYBRON and ERIC NIXON and to prevent his truthful testimony in a federal grand jury, relating to the commission of federal offenses, namely Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5) and Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c).

(All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2).

34

**JA146**

## COUNT TWENTY-ONE
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about January 2, 2017, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder A.M., in violation of Virginia Code Ann. §§ 18.2-32 ,18.2-26 and 18.2-18.


    (In violation of Title 18, United States Code, Sections 1959(a)(5) and 2).

35

**JA147**

## COUNT TWENTY-TWO
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 2, 2017, in Newport News, Virginia, within the Eastern District of

Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young

Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and

unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in

furtherance of a crime of violence for which they may be prosecuted in a court of the United States,

that is, Attempted Murder in Aid of Racketeering Activity, in violation of United States Code,

Section 1959(a)(5), as set forth in Court Twenty-One of this Superseding Indictment, which is re-

alleged and incorporated herein.


(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

36

**JA148**

**COUNT TWENTY-THREE**
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 through 3 of Count Two of this Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.    On or about February 26, 2017, in Newport News, Virginia, within the Eastern District of Virginia, ERIC NIXON,  a/k/a "Young Nix" and "Lil Nix," the defendant herein, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.P., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

37

**JA149**

## COUNT TWENTY-FOUR
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 26, 2017, in Newport News, Virginia, within the Eastern District of Virginia, ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendant herein, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Twenty-Three of this Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)).

38

**JA150**

## COUNT TWENTY-FIVE
### (Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine-Base)

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2015, the exact date being unknown to the Grand Jury, to on or about the date of July 30, 2017, in the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," DESHAUN RICHARDSON, a/k/a "Day Day," ANTHONY ACKLIN, a/k/a "Von," and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and others persons known and unknown to the Grand Jury to commit the following offenses against the United States:

a.      To knowingly and intentionally distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D); and

b.      To knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine-base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and

c.      To unlawfully and knowingly use a residence at 404 Greenbrier Drive, Hampton, Virginia, for the purpose of possessing with intent to distribute and distributing marijuana, a Schedule I controlled substance, and cocaine base, commonly called "crack," a Schedule II controlled substance, and using marijuana, in violation of Title 21, United States Code, Section 856(a)(1).

39

**JA151**

## WAYS, MANNER AND MEANS OF THE CONSPIRACY

The primary purpose of the conspiracy was to make money through the possession and distribution of cocaine and marijuana in the cities of Hampton and Newport News, Virginia, within the Eastern District of Virginia. The ways, manner and means by which the defendants and co-conspirators carried out the purposes of the conspiracy include but are not limited to the following:

1.    It was part of the conspiracy that defendant RYAN TAYBRON, a/k/a "22" and "Ryan Savage," DESHAUN RICHARDSON, a/k/a "Day Day," ANTHONY ACKLIN, a/k/a "Von," and unindicted co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles which the defendants and co-conspirators assumed and carried out included, among others, organizer, manager, distributor, packager, supplier, middleman, and facilitator.

(In violation of Title 21, United States Code, Section 846.)

40

**JA152**

### COUNT TWENTY-SIX
#### (Maintaining Drug-Involved Premises)

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2016, the exact date being unknown to the Grand Jury, to in or about May 2017, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON a/k/a "22" and "Ryan Savage," ANTHONY ACKLIN, a/k/a "Von," and MELISSA TAYBRON, the defendants herein, did unlawfully and knowingly use a residence at 404 Greenbrier Drive for the purpose of using, possessing with intent to distribute and distributing marijuana, a Schedule I controlled substance, and cocaine base, commonly called "crack," a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1).)

41

**JA153**

## COUNT TWENTY-SEVEN
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2016, the exact date being unknown to the grand jury, to in or about May, 2017, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ANTHONY ACKLIN, a/k/a "Von," the defendants herein, did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely: Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana and Cocaine Base, commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 846, as set forth in Count Twenty-Five of this Superseding Indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

42

**JA154**

## COUNT TWENTY-EIGHT
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

At some point from June 2017, to no later than July 2017, the exact dates being unknown to the Grand Jury, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely: Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana and Cocaine Base, commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 846, as set forth in Count Twenty-Four of this Superseding Indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

43

**JA155**

### COUNT TWENTY-NINE
### (False Statement During Firearm Purchase)

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2017, in Hampton, within the Eastern District of Virginia, ERIC

NIXON, the defendant herein, aided and abetted by others known and unknown, in connection

with the acquisition of a Glock 23 .40 caliber semi-automatic pistol from Superior Pawn and Gun,

a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

knowingly made a false and fictitious statement and representation to such dealer, which statement

was intended and likely to deceive such dealer as to a fact material to the lawfulness of such sale

of said firearm to an individual under Chapter 44 of Title 18, in that the defendant caused another

individual, S.M., to execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and

Explosives Form 4473, Firearms Transaction Record, to the effect that S.M. was the actual

transferee/buyer of the firearm listed on the Form 4473, when, in truth and in fact, as the defendant

and S.M. then knew, S.M. was not the actual transferee/buyer of the firearm.


(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.)

44

**JA156**

## NOTICE OF SPECIAL FINDINGS

    a.    The allegations of Counts 1 – 29 of this Superseding Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

    b.    As to Counts Two and Three of this Superseding Indictment, defendant XAVIER GREENE a/k/a "BJ":

    (1)    was more than 18 years old at the time of the offense.   (Title 18, United States Code, Section 3591(a));

    (2)    intentionally killed Dwayne Parker a/k/a "D. Wade."   (Title 18, United States Code, Section 3591(a)(2)(A));

    (3)    intentionally inflicted serious bodily injury that resulted in the death of Dwayne Parker a/k/a "D. Wade."   (Title 18, United States Code, Section 3591(a)(2)(B));

    (4)    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Dwayne Parker a/k/a "D. Wade" died as a direct result of the act.   (Title 18, United States Code, Section 3591(a)(2)(C));

    (5)    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Dwayne Parker a/k/a "D. Wade" died as a result of the act.   (Title 18, United States Code, Section 3591(a)(2)(D));

    (6)    during the commission of the offenses in Counts Two and Three, or in escaping apprehension for the violation of the offenses in Counts Two and Three, knowingly created a

45

**JA157**

grave risk of death to one or more persons in addition to the victims of the offense.   (Title 18,

United States Code, Section 3592(c)(5));

(7)    committed the offenses in Counts Two and Three after substantial planning and

premeditation to cause the death of a person.   (Title 18, United States Code, Section

3592(c)(9)); and

(8)    intentionally killed or attempted to kill more than one person in the course of a

single criminal episode.   (Title 18, United States Code, Section 3592(c)(16)).

c.    As to Counts Six, Seven, Eight and Nine of this Superseding Indictment,

defendants MARTIN L. HUNT a/k/a "O.G. Martin," XAVIER GREENE a/k/a "BJ," COREY R.

SWEETENBURG a/k/a "Co," and DESHAUN RICHARDSON a/k/a "Day Day":

(1)    were more than 18 years old at the time of the offense.   (Title 18, United States

Code, Section 3591(a));

(2)    intentionally killed Domingo Davis a/k/a "Mingo" and Jada Richardson.   (Title

18, United States Code, Section 3591(a)(2)(A));

(3)    intentionally inflicted serious bodily injury that resulted in the death of Domingo

Davis a/k/a "Mingo" and Jada Richardson.   (Title 18, United States Code, Section

3591(a)(2)(B));

(4)    intentionally participated in an act, contemplating that the life of a person would

be taken or intending that lethal force would be used in connection with a person, other than one

of the participants in the offense, and Domingo Davis a/k/a "Mingo" and Jada Richardson died

as a direct result of the act.   (Title 18, United States Code, Section 3591(a)(2)(C));

(5)    intentionally and specifically engaged in an act of violence, knowing that the act

created a grave risk of death to a person, other than one of the participants in the offense, such

46

**JA158**

that participation in the act constituted a reckless disregard for human life and Domingo Davis a/k/a "Mingo" and Jada Richardson died as a result of the act. (Title 18, United States Code, Section 3591(a)(2)(D));

(6)    during the commission of the offenses in Counts Six, Seven, Eight and Nine, or in escaping apprehension for the violation of the offenses in Counts Six, Seven, Eight and Nine, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense.  (Title 18, United States Code, Section 3592(c)(5));

(7)    committed the offenses in Counts Six, Seven, Eight and Nine after substantial planning and premeditation to cause the death of a person.  (Title 18, United States Code, Section 3592(c)(9));

(8)    intentionally killed or attempted to kill more than one person in the course of a single criminal episode.  (Title 18, United States Code, Section 3592(c)(16)).


(Pursuant to Title 18, United States Code, Sections 3591 and 3592).

47

**JA159**

## FORFEITURE ALLEGATION AS TO COUNT ONE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference herein as though fully set forth for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of any defendant's conviction under Count One of this Indictment.

2. The defendants, MARTIN L. HUNT, a/k/a "O.G. Martin,"   DESHAUN RICHARDSON, a/k/a "Day Day," COREY R. SWEETENBURG, a/k/a "Co," XAVIER GREENE, a/k/a, "BJ", RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix":

    a. Have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

    b. Have interests in, securities of, claims against, and properties and contractual rights affording a source of influence over any enterprise established, operated, controlled, conducted, and participated in the conduct of in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

    c. Have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code,

48

**JA160**

Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

(In accordance with Title 18, United States Code, Section 1963.)

49

**JA161**

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendants, if convicted of the any of the violations alleged in this Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2. The defendants, if convicted of the any of the violations alleged in Counts 20, and 25-26 of this Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation.

3. The defendants, if convicted of the any of the violations alleged in Counts 25-26 of this Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

4. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

5. The assets subject to forfeiture include, but are not limited to:

   a. Real property and improvements located at 404 Greenbriar Drive, Hampton, Virginia.

(In accordance with Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

50

**JA162**

Sealed Pursuant to the
E-Government Act of 2002

*United States v. Martin L. Hunt, et al.*
Criminal No. 4:17cr52

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

TRACY DOHERTY-MCCORMICK
ACTING UNITED STATES ATTORNEY

By:  Howard J. Zlotnick
     Howard J. Zlotnick
     Managing Assistant United States Attorney
     Fountain Plaza Three
     721 Lakefront Commons, Suite 300
     Newport News, VA 23606
     757/591-4000

By:  _____
     Amy E. Cross
     Special Assistant United States Attorney
     Fountain Plaza Three
     721 Lakefront Commons, Suite 300
     Newport News, VA 23606
     757/591-4000

By:  _____
     Brian J. Samuels
     Assistant United States Attorney
     Fountain Plaza Three
     721 Lakefront Commons, Suite 300
     Newport News, VA 23606
     757/591-4000

51

**JA163**

Case 4:17-cr-00052-MSD-RJK   Document 141   Filed 05/17/18   Page 1 of 1 PageID# 557

**INITIAL APPEARANCE MINUTES:**

| | | |
|---|---|---|
| Time set: | 2:30 pm | |
| Start Time: | 2:32 pm | |
| End Time: | 2:35 pm | |

| | |
|---|---|
| Date: | 5/17/18 |
| Presiding Judge: | Douglas E. Miller, USMJ |
| Courtroom Deputy: | Vioque Henshand |
| Reporter: | FTR |
| U.S. Attorney: | Amy Moss |
| Defense Counsel: | |
| ( ) Retained ( ) Court appointed ( ) AFPD | |
| Interpreter: | |

Split Time   (  )

Case Number: 4:17cr52

USA v. Giovanni Douglas

( X ) Deft. Present ( X ) custody (  ) not in custody
( X ) Initial Appearance ( X ) Indictment (  ) Probation Violation Petition (  ) Supervised Release Petition
　　(  ) Criminal Information (  ) Rule 5 arrest (  ) Rule 32 arrest (  ) Criminal Complaint
( X ) Deft. advised of rights, charges and right to counsel
( ✓ ) Counsel desired (  ) Defendant to retain: _____
(  ) Defendant's motion to substitute counsel
(  ) Order to substitute counsel executed and filed in open court
( ✓ ) Financial Affidavit filed in open Court
( ✓ ) Court ( ✓ ) Directed  (  ) Denied  appointment of counsel
(  ) Court directed defendant to reimburse govt. at rate of $_____ per month. Payments to begin and
　　continue each month thereafter until paid in full.
(  ) Defendant waived (  ) Removal (  ) Preliminary hearing (In this District only)
(  ) Defendant executed Waiver of Removal Hearing (  ) Waiver of Identity Hearing (In this District only)
(  ) Waiver of Detention Hearing (In this District only)
(  ) Commitment to Another District entered and filed in open court
(  ) (  ) Preliminary (  ) Removal Hearing set for _____ at _____ before
　　_____ U.S. Magistrate Judge in _____.
(  ) Preliminary Hearing　　　　　(  ) Held (  ) Waived. (  ) Defendant stipulated to probable cause
(  ) Court finds probable cause (  ) Defendant held for Grand Jury (  ) Defendant remanded to custody of
　　U.S. Marshal for removal to charging district
( ✓ ) Government motion for Detention
(  ) Government motion to withdraw motion for detention and set bond (  ) Granted　　(  ) Denied
( ✓ ) Detention Hearing scheduled for _5/22/18_ at _2:30 pm_ before _DEM-Mag Two_.
(  ) Detention Hearing (  ) Held (  ) Waived in _____.
( ✓ ) Temporary Detention Order entered and filed (  ) Detention Ordered Pending Trial
(  ) Bond set at $ _____
(  ) Special Conditions of Release: **(See Page 2)**
( ✓ ) Deft. remanded to custody of  U. S. Marshal
( ✓ ) Warrant returned executed and filed in open court
(  ) Defendant is directed to appear on _____ at _____ for
　　(  ) Arraignment (  ) SRVH (  ) PVH (  ) Bench
　　Trial
　　(  ) Norfolk (  ) Newport News
(  ) _____
(  ) _____

**JA164**

FILED
IN OPEN COURT

MAY 2 9 2018

CLERK U.S. DISTRICT COURT
Newport News

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

UNITED STATES OF AMERICA      )
                               )
          v.               )      Criminal No. 4:17cr52
                               )
GIOVANNI DOUGLAS,          )
          Defendant     )

ORDER

Upon the motion of the defendant, GIOVANNI DOUGLAS, by and through counsel, and with the agreement of the government, by and through its counsel, it is hereby,

I. Discovery and Inspection

ORDERED pursuant to FED. R. CRIM. P. 16(a), that no later than seven calendar days before trial, unless for good cause shown:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing:  any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to

**JA165**

interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is further ORDERED that

5. The government shall disclose to the defendant no later than ten business days before trial, a written summary of testimony the government intends to use under Rules 702, 703, or 705, FEDERAL RULES OF EVIDENCE, at trial, unless the expert testimony is to be offered in response to a previously-noticed expert of a defendant, in which case the disclosure pursuant to

2

**JA166**

this paragraph must be provided not later than five business days prior to trial.  This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.  In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED pursuant to FED. R. CRIM. P. 16(b), that upon government compliance with the foregoing,

6.  The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7.  The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8.  The defendant shall disclose to the government no later than ten business days before trial, a written summary of testimony the defendant intends to use under Rules 702, 703, and 705, FEDERAL RULES OF EVIDENCE, as evidence at trial unless the expert testimony is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial.  This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.  In an appropriate case, and for good cause shown, either party may

3

**JA167**

move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

## II.  FEDERAL RULE OF EVIDENCE 404(b)

It is further ORDERED that, no later than seven calendar days before trial, the government shall provide notice to the defendant, in accordance with FED. R. EVID. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

## III.  Brady Material

It is further ORDERED that the government shall comply with its obligations to produce promptly exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

## IV.  Jencks/Giglio Materials

It is further ORDERED that, no later than five calendar days before trial, the government shall produce to the defendant the Jencks Act and Giglio materials for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said Jencks Act and Giglio materials to his client, but may not provide his client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all Jencks Act, Giglio materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

4

**JA168**

It is further ORDERED pursuant to FED. R. CRIM. P. 26.2, that no later than five calendar days prior to trial, the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

### V.  Notice of Alibi

It is further ORDERED pursuant to FED. R. CRIM. P. 12.1 that, no later than 20 calendar days before trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi, and further that the defendant and the government shall comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

### VI.  Stipulations

It is further ORDERED that the parties shall file proposed stipulations with the Court no later than three business days before trial.  Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

_____
United States Magistrate Judge

Date:  _May 29, 2018_
Newport News, Virginia

We ask for this:                              G. Zachary Terwilliger
                                              United States Attorney

_____       By:  _____
Counsel for Defendant                         Special Assistant United States Attorney

5

**JA169**

This Letter is for the Sentencing Judge Case of Geovanni Douglas.

Dear, Your Honor

I Am writing to let you know About the Conflict of Interest Between ME And My Attorney (Anthony M. Gantous). I would like for him to be pulled off of my Case, I feel as though he is trying to force Me into to taking A plea to Avoid preparing for trial AS I Requested. I have A couple Motions I would Like you to go over that he has not yet drafted and I have Asked A long time Ago for him to prepare then. He does not let Me see the evidence and has not Spoken to the defense witnesses in My Case As I Requested. He told ME that they will Strike my witnesses with perjury And we have yet to go to trial to establish credibility. I feel As though My Life is in the wrong hands and would like to Request A New Attorney At LAW untill I Am Able to hire my own consel. I want A Alibi Defense. He MAY be A good LAwyer, Just Not the one for Me.

Sincerely,
Geovanni Douglas

CLERK US DISTRICT COURT

5018 NOV 19 D 5:25

RECEIAED

Motion of INeffective Counsel-

I feel AS though My Lawyer is not working to the Best of My Interest.

Ex. Failing to put in Motions

Conflict of Interest.

Motion to Dismiss Indictment due to InsufFicient evidence

Motion to Dismiss All Counts Against DeFendant

Motion for Judgement of Aqquittal

Motion to Dismiss Due to Prosecutorial Misconduct

Notion to Dismiss Due to vindictive/selective Prosecution

Motion to Correct the spelling of My NAME on INdictment

Motion to Dismiss Custodial Statements

Motion to Supress coerced statements and Anticipated testimony

Motion to strike surplasage

German Darfuf 10/31/18

SHELIA ANN HILL
NOTARY PUBLIC
REG. #7788883
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2022

Shulia Ann Hill   October 31, 2018

**JA171**



Geovanni Douglas
WTRJ
2402 Godwin Blvd.
Suffolk, VA 23434

RICHMOND VA 230

15 NOV 2018 PM 5 L

Clerk, U.S. District Court
2400 West Ave, Ste 100
Newport News, VA 23607

U.S. MARSHAL
INSPECTED

23607-432800

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2013

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:17cr52 |
| | ) | |
| GEOVANNI DOUGLAS | ) | |

### UNOPPOSED MOTION TO WITHDRAW AS COUNSEL

COMES NOW defendant's counsel, Anthony M. Gantous, and hereby moves this Court for leave to withdraw as defendant's counsel in the above captioned case.  In support of this motion, counsel submits the below memorandum.

### Law and Argument

On April 26, 2018, the defendant was indicted on one count of Attempted Murder in Aid of Racketeering Activity in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Count 14), and one count of Possession and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 15).  The trial of this matter is currently scheduled for October 15, 2019.

On May 21, 2018, counsel was appointed.  Since that time, counsel has: (1) conducted seven (7) in-person meetings with the defendant; (2) had several phone conferences with the defendant; (3) reviewed voluminous discovery (that was produced on two separate hard drives); (4) spent two separate days reviewing *Jencks* material that was only available for inspection at the U.S. Attorney's Office in Newport News; (5) reviewed federal statutes and case law to determine whether any meritorious motions should be filed; (6) investigated an alibi defense; and (7) obtained and reviewed a proposed plea agreement and statement of facts with the defendant.

Despite the above, the defendant has filed a motion seeking the appointment of a new attorney based on claims that counsel has an unspecified conflict of interest, that counsel is forcing a plea and refusing to file several motions, and that counsel is not adequately preparing the case for trial. *See,* Motion to Appoint New Counsel, Doc. No. 218. As such, the relationship of trust and confidence between counsel and the defendant, which is essential for the continued effective assistance of counsel, has broken down. Moreover, there is an obvious communication breakdown that would prevent an adequate defense going forward.

There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: 1) the timeliness of the motion; 2) the Court must engage in and "adequate inquiry" into the defendant's complaint; and 3) whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense. *See, United States v. Mullen,* 32 F.3d 891, 895 (4th Cir. 1994).

In *Mullen,* the court discussed the considerations involved in ruling on motions to withdraw and contrasted that case with cases involving defendants who attempted to manipulate or abuse the right to counsel, stating as follows:

> Most such cases involve a motion for substitution made shortly before or during trial, multiple substitutions, or both…The government has not pointed us to any case where an appellate court upheld a trial court's denial of a defendant's timely request for his or her first substitution and appointment of counsel.

*Mullen*, 32 F.3d at 897-98. In a footnoted reference, the *Mullen* court cited examples of cases where a defendant attempted to manipulate or abuse the right to counsel, none of which apply here. *Id.* at FN3.

This motion is timely as the trial of this matter is over 10 months away, and there have been no previous requests for new counsel made by this defendant. Moreover, counsel has spoken to one of the Assistant United States Attorneys assigned to this case, Amy E. Cross, and

2

**JA174**

she does not oppose this motion.  Counsel has also determined that this motion is appropriate under Rule 1.16 of the Virginia Rules of Professional Conduct.  As such, counsel respectfully requests for this Honorable Court to grant this motion allowing him to withdraw from this case as counsel of record, and that new counsel be appointed for the defendant.

Respectfully Submitted,

By:    /s/_____
Anthony M. Gantous
Virginia State Bar No. 78186
AMG Law, PLC
381 Edwin Drive, Suite 202
Virginia Beach, VA 23462
Tel:    (757) 227-6963
Fax:    (757) 352-2220
Email: anthony@amglawva.com
Attorney for Defendant,
Geovanni Douglas

3

**JA175**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Amy E. Cross, Esq.
Assistant U.S. Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Phone No. (757) 591-4000
Fax No. (757) 591-0866
Email: Amy.Cross@usdoj.gov


/s/_____
Anthony M. Gantous
Virginia State Bar No. 78186
AMG Law, PLC
381 Edwin Drive, Suite 202
Virginia Beach, VA 23462
Tel:    (757) 227-6963
Fax:    (757) 352-2220
Email: anthony@amglawva.com
Attorney for Defendant,
Geovanni Douglas

**JA176**

SHELIA ANN HILL
NOTARY PUBLIC
REG. #7788863
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2022

Shelia ann, Hill
2/12/19

Dear,
    Judge Davis

This letter arises from a series of attempts
on my behalf to set a motion hearing pertaining
to the following issues. (1) Motion to Dismiss
Due to my speedy trial acts violation and a
violation to my constitutional rights to a
speedy trial. (2) Motion to correct the Defect to my
name on the indictment. (3) Recieving a copy
of the withdrawal motion filed by my prior
lawyer mr. Gantous. I Geovanni Douglas feel
as though I am being framed by the government.
I sent numerous motions to the clerks office
to be stored under this name or the following
case number. I also sent two different letters
to you pertaining to the issues stated. This case
is set for trial in october in The united states
District Court For The Eastern District of
Virginia, Newport News Division. Case Number
#4:17cr52 or 4:17-cr-00052-MSD-RJK or
case name, United States V. Martin L. Hunt, et al.
My name on the indictment is spelled (Giovanni
Douglas) when my real name is spelled (Geovanni
Douglas) and has no connection to this case
depriving the government Jurisdiction over me. I
would like to                        hearing, for these
are pre-trial motions, and can only be filed
before trial and as the day approaches I believe
a date should be                   not dragged along to
buy the government time to reset the clock
Somehow. I have went through my lawyer and I
believe such a choice is in my hands and will like
to proceed pro se             . Thank you

**JA177**

SHELIA ANN HILL
NOTARY PUBLIC
REG. #7788863
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2022

Sincerely,
[illegible]

RECEIVED
2019 FEB 21 A 11:51
CLERK US DISTRICT COURT
NEWPORT NEWS, VIRGINIA

RECEIVED
2019 FEB 22 A 9:00
CLERK US DISTRICT COURT
NORFOLK, VIRGINIA

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF VIRGINIA
 2                   NEWPORT NEWS DIVISION

 3

 4  UNITED STATES OF AMERICA,      )
                                   )
 5           Plaintiff,            )
                                   )
 6  v.                             )     Criminal Action No.:
                                   )          4:17cr52
 7  GEOVANNI DOUGLAS,              )
                                   )
 8           Defendants.           )

 9

10               TRANSCRIPT OF PROCEEDINGS

11

12                    Norfolk, Virginia
                       April 3, 2019

13

14  BEFORE:     THE HONORABLE ROBERT J. KRASK
                United States Magistrate Judge
15

16

17  Appearances:

18        OFFICE OF THE UNITED STATES ATTORNEY
                 By: AMY E. CROSS
19                  Counsel for the United States

20        LAW OFFICE OF HARRY D. HARMON
                 By: Harry D. Harmon
21                  Counsel for Defendant

22

23        The Defendant appearing in person.

24

25
```

**JA179**

1                    P R O C E E D I N G S

2

3          (Commenced at 3:05 p.m. as follows:)

4

5          COURTROOM DEPUTY CLERK:  In Case No. 4:17cr52, the

6   United States of America v. Geovanni Douglas.

7          Ms. Cross, is the government ready to proceed?

8          MS. CROSS:  The government is ready to proceed.  Good

9   afternoon, Your Honor.

10         THE COURT:  Good afternoon.

11         COURTROOM DEPUTY CLERK:  Mr. Harmon, is the defendant

12  ready to proceed?

13         MR. HARMON:  Defense is ready to proceed.  Good

14  afternoon, Your Honor.

15         THE COURT:  Good afternoon, Mr. Harmon.  You may both

16  be seated.

17         Mr. Harmon, if you'll come to the podium, I'll start

18  with you.

19         MR. HARMON:  Your Honor, it's my understanding after

20  talking to my client that he wants to file various motions.  I

21  think his letters construed that he wanted to file them himself,

22  but I spoke to him after receiving a copy of the letter and

23  that's not his intention; he wants me to file the motions.

24  So -- motion or motions.  So that's where we are with this

25  hearing right now.  So it should be brief, because that's what

3

1  he intended, but the letter didn't state that it actually stated

2  that he wanted to file a motion himself, which have been

3  interpreted as he wanted to proceed *pro se* in this matter,

4  himself.  I went to see him in the jail and to clarify what he

5  was writing in the letter and he says oh, no, no, I don't want

6  to relieve you as my counsel, I just want these motions filed.

7  I said, okay, we're on the same page then.

8          So it's just, he has one of several motions, one in

9  particular that's really important that he wants filed, and

10  that's all I told him.  I don't have a problem of doing that,

11  and I'm in the process of trying to get information to properly

12  prepare the motion so it can be filed.

13          THE COURT:  All right.  Before I speak to you further,

14  why don't you speak with your client?  He's raising his hand.  I

15  think he perhaps wants to address a matter and he needs to speak

16  to you first before we...

17          MR. HARMON:  Okay.

18          (Counsel and defendant conferred.)

19          MR. HARMON:  Your Honor, I understand that my client

20  had relatives file motions -- they were motions that he prepared

21  himself, obviously -- with the court.  These motions I'm unaware

22  of because I didn't -- I haven't seen the NEF that indicated

23  motions were filed on my client's behalf by my client.  So right

24  now I'm kind of surprised that motions were filed, if any.  I

25  don't know.  But my client indicated to me that he would like to

Paul L. McManus, RMR, FCRR Official Court Reporter

**JA181**

4

1  have the motion heard today.  I know that that's not practical

2  at this point because the government's has to have an

3  opportunity to reply to the motions first in writing before, you

4  know, argument on motions before the Court.  So that's where we

5  are right now --

6          THE COURT:  All right.  Let me --

7          MR. HARMON:  -- with motions.

8          THE COURT:  -- address the matter with you first, Mr.

9  Harmon.

10         So obviously we're here in the matter of United States

11 v. Geovanni Douglas.  The case is currently set for trial before

12 Chief Judge Davis on October 15th, 2019 at 10:00 a.m. in Newport

13 News.  Is that your understanding?

14         MR. HARMON:  That's my understanding, Your Honor.

15         MS. CROSS:  That is correct, Your Honor.

16         THE COURT:  And it's further my understanding -- I

17 have a copy of the docket sheet here -- and it reflects that the

18 Chief Judge entered a scheduling order in this matter on

19 February 22nd, 2019, and that scheduling order provides that any

20 defense motions shall be filed, the docket note says on

21 May 10th, I assume they could be filed earlier, but on or before

22 May 10th, 2019.  It specifies time for the government to respond

23 to those motions and a time for defense reply briefs, all in

24 advance of trial so that the court may take them up in the

25 appropriate order.

5

1        With respect to this question of whether or not Mr.

2   Douglas has filed motions with the Court, let me first note for

3   the record that because he's represented by an attorney, Mr.

4   Douglas does not have authority or permission to file motions

5   with the court.  They have to come through his attorney who

6   represents him.  So that's the first point.

7        I understand Judge Davis docketed -- or directed that

8   the letter that was sent to the Court -- let me get my hands on

9   that.  Just a moment.

10        Just so the record is clear about what the Court has

11   and what was filed, there was a letter that was received by the

12   Clerk of Court and filed on February 21st, 2019.  The letter

13   purports to be signed by Mr. Douglas, and it was signed

14   apparently in front of a notary public on February 12th, 2019.

15   That letter was filed.  The Court -- the docket does not reflect

16   that any additional motions, with one exception, were filed by

17   this defendant.  Specifically there was a motion to appoint new

18   counsel back in November.  November 19th, 2018.  That is ECF

19   No. 218.  That was filed by Mr. Douglas.  Then there was a

20   subsequent motion filed by his attorney who was then

21   representing him, Mr. Gantous, on November 27th, 2018 requesting

22   permission to withdraw.  That motion was granted by Judge Davis

23   and new counsel was appointed.  Mr. Harmon.  The motion was

24   granted November 28th, Mr. Harmon was appointed on

25   November 28th, and the docket sheet does not reflect, other than

**JA183**

1  those two letters that we've just discussed, that I just

2  discussed, were filed with the Court as motions in this case.

3        It may be -- and I don't know -- and again, Mr.

4  Douglas wants to speak with you, Mr. Harmon -- it may be that

5  such documents were sent to the Court and perhaps they were sent

6  back subject to and filed by an attorney of record in the case.

7  I don't know.  I don't want to speculate.

8        Ms. Cross, are you aware of any other motions being

9  filed by or in Mr. Douglas's name independent of anything filed

10  by Mr. Harmon?

11        MS. CROSS:  No, Your Honor, just the ones the Court

12  has referenced.

13        THE COURT:  Mr. Harmon, are you aware of any such

14  motions?

15        MR. HARMON:  No, Your Honor.  And even I point out

16  further, even notices that were subject to deficiencies and

17  return, I haven't seen a NEF that showed that, you know.  So I

18  really am kind of surprised that --

19        THE COURT:  Well, let me just --

20        MR. HARMON:  -- motions were filed.

21        THE COURT:  -- address it.

22        So my view of it is there are motions that Mr. Douglas

23  wants filed.  The Court has a scheduling order which specifies

24  that you still have time to file those motions.  There's no harm

25  or prejudice to anybody.  You and Mr. Douglas can consult with

7

```
1  one another and file the appropriate motions through you that
2  you deem and want filed and addressed by the Court, and the
3  Court will still address those motions.  All I have is the --
4  today, in front of me -- is this letter that was filed on
5  February 21st that I indicated was signed in front of a notary
6  public on February 12th.
7              MR. HARMON:  That letter --
8              THE COURT:  I'm sorry?
9              MR. HARMON:  I think that is a letter I received.
10             THE COURT:  If you don't have a copy I have an extra
11 here.  I'll give it to you.
12             MR. HARMON:  I am sure that's the letter I received.
13 I received a letter.
14             THE COURT:  I'll ask the court security officer to
15 hand it to you, Mr. Harmon, just to make sure.
16             MR. HARMON:  Thank you, Your Honor.
17             THE COURT:  Maybe you can show it to Mr. Douglas to
18 make sure he has -- we're all talking about the same document.
19             (Counsel and defendant conferred.)
20             MR. HARMON:  Yes, Your Honor.  That's it.
21             THE COURT:  You keep that.  You can keep that.
22             MR. HARMON:  I have a copy.
23             THE COURT:  You can keep that one.
24             MR. HARMON:  All right.
25             THE COURT:  Now, Mr. Douglas is still raising his
```

```
1   hand.  Mr. Harmon, do you want to speak with him?
2              (Counsel and defendant conferred.)
3              MR. HARMON:  Yeah.  Well, Your Honor, one of the
4   motions -- and like you -- I'm mindful of, you know, we still
5   have time.  My client wants me to indicate that one of the
6   motions will deal with Speedy Trial and violation thereof.  So
7   that's what my client is kind of -- that's what the urgency is
8   about.
9              THE DEFENDANT:  Specifically they have been violated.
10  My rights have been violated.
11             MR. HARMON:  I can explore that and explain that in a
12  motion so that the Court and opposing counsel understand --
13             THE COURT:  Yes.  And --
14             MR. HARMON:  -- our position, defense position in the
15  matter.
16             THE COURT:  For the record, his letter is of record
17  with the Court indicating that Mr. Douglas believes that his
18  Speedy Trial rights under the statute and under the Constitution
19  have been violated.  The government hasn't responded to that
20  yet.  But certainly if you intend to pursue that, Mr. Harmon,
21  then you should file the appropriate motion with the Court, as
22  any other filing that a lawyer would make in this case, a
23  motion, supported by a memorandum of law containing the
24  pertinent facts and discussing the basis for the alleged
25  violations, and the Court will certainly give the government the
```

9

1  opportunity to respond and the Court will take that up in due

2  course with all the other defense motions that may be filed in

3  the case.  And I would anticipate that there will be motions

4  that are filed in the case.

5         So I understand Mr. Douglas has a concern that he

6  wants the Court to address in that regard, and if you and he

7  speak and he wants to pursue that matter, then you know how to

8  pursue it, I assume; is that correct?

9         MR. HARMON:  That's correct, Your Honor.  I know how

10 to pursue that for him.

11        THE COURT:  Very well.

12        MR. HARMON:  On his behalf, I should say.

13        THE COURT:  Yes.  With his letter, there's also a

14 reference to -- I don't know, you have a copy in front of you

15 there?

16        MR. HARMON:  Yes, Your Honor.

17        THE COURT:  There's a reference to an Item No. 3 that

18 talks about -- one of the issues pertains to receiving a copy of

19 the withdrawal motion filed by my prior lawyer, Mr. Gantous.

20        Do you know, has -- I'm not quite sure what the issue

21 is.  I'm guessing that perhaps Mr. Douglas says -- is indicating

22 he wants a copy of that prior motion filed by Mr. Gantous?  Do

23 you know?  Is that correct?

24        MR. HARMON:  I'm not sure, Your Honor.

25        THE COURT:  Why don't you speak to him and find out.

```
 1              MR. HARMON:  Okay.  I didn't see that as a big issue,
 2    but I'll find out again.
 3              (Counsel and defendant conferred.)
 4              THE COURT:  We can solve that problem here today.
 5              So for the record, Mr. Harmon --
 6              THE DEFENDANT:  Can't you all correct my name right
 7    now?
 8              DEPUTY UNITED STATES MARSHAL:  Stand up.
 9              THE COURT:  Mr. Douglas?
10              MR. HARMON:  Hold on.  Stand up when you talk to the
11    Court.  Hold on.
12              As I said, these are all subject to motions, but I
13    understand the name or the indictment --
14              THE COURT:  Let's back up though.  Let's deal with
15    what I just --
16              MR. HARMON:  Oh, okay.
17              THE COURT:  Does he want a copy of Mr. Gantous's
18    motion to withdraw?
19              (Counsel and defendant conferred.)
20              MR. HARMON:  Yes, Your Honor.
21              THE COURT:  I have a copy here, for the record.  I'll
22    ask the court security officer to provide it to Mr. Harmon and
23    you can provide it to your client so we can address that issue.
24              MR. HARMON:  All right.
25              THE COURT:  For the record, that document is ECF
```

1  No. 219.  It was filed on November 27th, 2018.  I've just seen

2  Mr. Harmon hand a copy of Mr. Gantous's motion to withdraw to

3  Mr. Douglas.

4          All right.  So you started to --

5          MR. HARMON:  Just one final --

6          THE COURT:  -- speak about the name issue?

7          MR. HARMON:  Yes, Your Honor.  I understand that the

8  name on the indictment is incorrect.  It's not my client's name.

9  But that is an issue we can take up at any time because -- I

10 mean, that can be corrected.  It's just a clerical error in his

11 name.

12         THE COURT:  All right.  I understand there may be some

13 claim by Mr. Douglas that perhaps that may deprive the Court of

14 jurisdiction over him.  I'll again direct you to speak with him

15 about that matter.  If you think it's appropriate to file a

16 motion with respect to that issue, again, the motion cutoff is

17 May 10th, there's plenty of time to address that.  The letter is

18 of record.  And the law typically provides that motions to

19 correct minor typographical errors and/or misnomers, sometimes

20 they are called, with respect to the name of a defendant or a

21 typographic error concerning a date or something like that, you

22 know, it might say the date really was that allegedly something

23 occurred was 2019 but somebody hit 2012 by mistake when typing

24 the indictment.  The law does contemplate that those types of

25 errors, if they exist -- and I'm not saying that any such error

1  exists here -- but if they do exist, they may be corrected.  The

2  law also provides that indictments cannot be substantially

3  amended in material ways without a Grand Jury doing it, but it

4  allows for the correction of minor typographical errors or a

5  misspelling of a name.  I don't know if there is a misspelling

6  here.  I presume that you -- investigate the matter, and you can

7  speak with the government and get their position.  You might be

8  able to speak with your client and get his position.  There may

9  be documentation that may be able to be obtained to address that

10  issue, and if it's appropriate, I'm sure you can file the

11  appropriate motion with the Court to raise that matter.  Is that

12  correct?

13          (Counsel and defendant conferred.)

14          MR. HARMON:  That's correct, Your Honor.

15          THE COURT:  Very well.

16          I think Mr. Douglas still wants to speak with you one

17  more time.

18          (Counsel and defendant conferred.)

19          MR. HARMON:  Okay, Your Honor.  I can finish talking

20  to my client.

21          THE COURT:  All right.  That's an issue that you all

22  can work your way through.  And it certainly isn't addressed and

23  presented to the Court as appropriate, and the Court will

24  certainly take it up if it is presented and address that matter.

25          Let me just say one other thing then:  And I know you

```
 1  understand this, but I'll say it for the benefit of Mr. Douglas:
 2  So the charge in this case involve a very complex set of facts
 3  and criminal charges for which, in the Court's judgment, it
 4  would be essential to have the assistance of an attorney to
 5  advise and represent a defendant.  And given the seriousness of
 6  the charges and given the complexity of the facts involved and
 7  given the complexity of the legal issues presented by the
 8  charges, it strikes the Court that this is not a case -- that
 9  it's never really a good idea for an individual to try and
10  represent themselves in federal court, but this case
11  particularly it would be a very poor idea to do that.  And what
12  the Court expects is that individuals who are represented by
13  lawyers are going to act through their lawyers.  The lawyer is
14  the representative of the individual.  The lawyer makes the
15  filings, not the individual.  The lawyer is the person who
16  speaks in Court, not the client.  And there's reasons for that.
17  But in many respects, those reasons exist to ensure that a
18  client's rights under the Constitution are fully protected and
19  that the client does not make any mistakes in court that could
20  disadvantage him and harm his case in his attempt to -- or her
21  attempt to defend themselves on the charges.
22         So I state that for the record because I feel very
23  strongly about it.  And I know it's very important, particularly
24  in a case like this where the charges are serious, where the
25  penalties upon conviction are substantial, and I just want
```

1  everyone to know that.  And to the extent that there's any
2  misunderstanding by Mr. Douglas, Mr. Harmon, I hope that you
3  will sit down and discuss these matters with him and discuss
4  with him the fact that, to the extent he wants something filed
5  with the Court, he should not be writing the Court independent
6  of you; that you are the person who is his representative, and
7  you have the Constitutional obligation and the obligation from
8  the Court to defend him fully and appropriately and to file the
9  appropriate motions in the case, motions that are grounded in
10 the facts and the law, and motions that are not frivolous.  A
11 defendant does not have the right to pursue frivolous motions in
12 the court.  They have to provide motions that are well-taken in
13 the facts and the law and that are competent and diligently
14 tendered to the Court and that present real issues for the
15 Court.  So if you will make an extra effort to speak to Mr.
16 Douglas to make sure that he understands that.  I know we're
17 already a little bit farther down the road.  He asked for new
18 appointed counsel, the Court granted him that request, and the
19 Court has confidence in all the attorneys who are on the
20 court-appointed list to handle cases here in federal court.
21 They're very experienced and this isn't their first trip to the
22 rodeo, so to speak.  So if you will make efforts to speak with
23 Mr. Douglas about those matters so that he's fully informed.  I
24 understand perhaps this is his first occasion in federal court,
25 and these things are not necessarily known to him, but if you

1  will make the extra effort to spend that time with him and go

2  over those matters so that he understands how we're going to

3  proceed, I think that would be helpful to the Court.

4       MR. HARMON:  I understand, Your Honor.  And I'm in

5  agreement with the Court.

6       THE COURT:  Very well then.

7       Ms. Cross, in the government's estimation, is there

8  anything further we need do here today?

9       (Counsel and defendant conferred.)

10      MS. CROSS:  Not today, Your Honor.

11      THE COURT:  Mr. Harmon?

12      (Counsel and defendant conferred.)

13      MR. HARMON:  No, Your Honor.

14      THE DEFENDANT:  Can I ask one more thing?

15      (Counsel and defendant conferred.)

16      MR. HARMON:  Okay.

17      THE DEFENDANT:  Excuse me.  I wanted the Court to know

18  I'm looking at this as a Speedy Trial, saying stuff about my

19  trial rights being violated as far as me addressing the issue.

20      (Counsel and defendant conferred.)

21      MR. HARMON:  Well --

22      THE DEFENDANT:  Do you know what I'm saying?  Because

23  that's the only way that I can fight it on appeal later on.

24      MR. HARMON:  I think we already made a record that

25  that's an issue.

```
1              THE COURT:  Yes.

2              MR. HARMON:  We're going to file a motion.

3              THE COURT:  The record is clear.  What I'm going to do

4  is deny the letter motion without prejudice to renewal.  But the

5  record is clear that Mr. Douglas has filed something with the

6  Court contending that his rights under the Speedy Trial Act and

7  under the Sixth Amendment to the Constitution have been

8  violated.  That is of record in this case.  I'm going to deny --

9  technically his letter isn't a motion, and the government hasn't

10 had an opportunity to respond to it, so it's not fully joined,

11 but to the extent I construe it as a motion with respect to any

12 of the matters addressed in the letter, I'm going to issue an

13 order denying it without prejudice subject to the filing of

14 motions by the defense in this case on or before and consistent

15 with the scheduling order entered by the Chief Judge.

16             MR. HARMON:  Okay.

17             THE COURT:  Do you understand?

18             (Counsel and defendant conferred.)

19             MR. HARMON:  I understand, Your Honor.  Thank you.

20             THE COURT:  Very well.  Because the matter is not

21 fully joined here today.  The government hasn't -- you

22 haven't -- no formal motion has been filed.  You are still

23 representing Mr. Douglas at this time, I'll direct you to file

24 whatever motions you deem appropriate on or before the deadline

25 and the Court will address them after the government has had an
```

**JA194**

1  opportunity to respond in writing to those motions, you've had

2  an opportunity to reply to the government's opposition, and then

3  we'll take them up in due course and address whatever matters

4  you bring to the Court's attention.

5           MR. HARMON:  Okay, Your Honor.

6           THE COURT:  Then the Court will be in recess.

7  Defendant is remanded to the custody of the United States

8  Marshal.

9           (Whereupon, proceedings concluded at 3:30 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

```
1                        CERTIFICATION

2

3          I certify that the foregoing is a true, complete and

4    correct transcript of the proceedings held in the above-entitled

5    matter.

6

7          _____

8               Paul L. McManus, RMR, FCRR

9                    _____

10                        Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Paul L. McManus, RMR, FCRR Official Court Reporter

**JA196**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

UNITED STATES OF AMERICA

v.                                                                  Action No. 4:17cr52-9

GIOVANNI DOUGLAS,

                  Defendant.

### O R D E R

The Court held a hearing on April 3, 2019, to address defendant Giovanni Douglas' letter

filed February 21, 2019.  ECF No. 230.  Amy Cross, Esq., represented the government and Harry

Harmon, Esq., represented the defendant.  Paul McManus was the court reporter.

Although the letter indicates that the defendant would like to raise the issues outlined

therein *pro se*, Mr. Harmon represented that he had spoken to the defendant, and the defendant

now requests that Mr. Harmon file motions raising the issues addressed in his letter.  The Court

advised the defendant that, while he is represented by counsel, he is not to submit any motions on

his behalf.

To the extent the letter filed by the defendant is construed as a motion, the motion is

**DENIED WITHOUT PREJUDICE**.  Mr. Harmon represented that he will file the appropriate

motions in accordance with the scheduling order entered February 22, 2019.

The Clerk is directed to send a copy of this Order to all counsel of record.

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 3, 2019

**JA197**

Case 4:17-cr-00052 MSD RJK

IN the United States District Court
For the Eastern District of Virginia
Newport News Division

United States of America  }
V.                        }
Giovanni Douglas          } Criminal No. 4:17cr52

        This is A Pro Se Motion to
Proceed Pro Se

SHELIA ANN HILL
NOTARY PUBLIC
REG. #7788883
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2022

        Law and Arguement
See United States V. Mullen, 32 F.3d 891, 895 (4th cir. 1994) at 319
I the defendant have, on multiple occasions
asked my Attorney at Law Mr. Harry Harmon to
File numerous motions that under review and
to the best of my knowledge have merit. Mr.
Harmon has went out his way to pick up
motions which were sent to my childs mother as
precaution. He traveled to retrieve this motion
which he could have Filed before my scheduled
hearing on April 3, 2019 but was not and resulted in
my deadline for the following motion to be set
earlier than I believe it should be, with no answer
to the following prior motions hearing concerning the
Speedy trial violations. My Lawyer has still failed
to begin these motions and I believe is going to
ask for an extention of the deadline which will
harm me in the long run and help the government buy
time to correct an issue that should of been solved
on April 3, 2019. He has failed to provide a trial
defense or shown me legal work involving this case.
He comes to me to speak about personal issues. I
believe that he is helping the government Fix
their mistakes which is depriving me of a fair trial
and causing a conflict of interest. I do not want him
on my case any longer and want to proceed pro se. Giovanni Douglas
                                April 18, 2019

**JA198**

Dear,                                        Date: April 29, 2019
    Fernando Galindo, Clerk

I Geovanni Douglas need your professional assistance
in filing these motions. I am between a rock
and a hard place and believe that I am being
mistreated by the government and my constitutional
rights are being violated and I am scared
that my life can be illegally taken away from me.
I am 23 years old and have a daughter that
I am trying to make it home to in the
next three years, who will then be nine. Plz
look in your heart and find some sympathy for
me, I have been suffering from anxiety and
mood swings since this case and I have
a date set for these motions to be in by, which
is May 10, 2019 and I have to do it myself
and have no professional help because I cannot
afford it. My lawyer told me to do it myself
and I need you to plz plz plz make sure
that each motion is stamped as recieved and
filed and placed on the docket in connection
to case: 4:17-cr-00052-MSD-RJK. You are my
only hope to a fair trial and I pray to god
that you can help me.

                    Thank you and have a
                    blessed Day!" Sincerely,
                        Geovanni Douglas

**JA199**

Geovanni Degale #510223
Western Tidewater Regional Jail
2402 Godwin Blvd.
Suffolk, Va 23434

Fernando Galindo/Clerk
united States District court for the eastern
District of Virginia
Attn: criminal Division
600 Granby Street
Norfolk Va, 23510

23510-190199

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | ) |                          |
|                              | ) |                          |
| v.                           | ) | CRIMINAL NO. 4:17cr52    |
|                              | ) |                          |
| MARTIN L. HUNT, et al,       | ) |                          |
|                              | ) |                          |
| Defendant.                   | ) |                          |

### DEFENDANT MARTIN L. HUNT'S MOTION TO DISMISS

COMES NOW the Defendant, Martin L. Hunt, and moves the Court pursuant to

*Sesssions v. Dimaya*, 138 S. Ct. 1204 (2018),  and related authority to dismiss counts 5, 7, 9, and

13 of the Superseding Indictment.

A memorandum in support of this motion is being simultaneously filed.

Respectfully submitted,

MARTIN L. HUNT

By:  _____/s/_____
Lawrence H. Woodward, Jr.
Virginia State Bar No. 21756
Attorney for Defendant Mitchell
317 30th Street
Virginia Beach, VA 23451
Telephone Number: 757-671-6047
Facsimile Number: 757-671-6004
Email Address: lwoodward@srgslaw.com

Emily M. Munn
Virginia State Bar No. 46390
Attorney for Defendant Mitchell
Bischoff Martingayle, PC
208 E. Plume Street, Suite 247
Norfolk, VA 23510
Telephone Number: 757-440-3546
Facsimile Number: 757-440-3546
Email Address:
emily@bischoffmartingayle.com

1

**JA201**

**CERTIFICATE OF SERVICE**

I hereby certify on May 10, 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to the following along with all other counsel of record:

> Amy E. Cross, Esq.
> Brian Samuels, Esq.
> Howard Zlotnick, Esq.
> Attorneys for the United States
> United States Attorney's Office
> 101 West Main Street, Suite 8000
> Norfolk, VA 23510
> Telephone Number: 757-441-6331
> Facsimile Number: 757-441-6689
> amy.cross@usdoj.gov
>
> brian.samuels@usdoj.gov
>
> hzlotnick@usdoj.gov


> _____/s/_____
>
> Emily M. Munn
> Virginia State Bar No. 46390
> Attorney for Martin L. Hunt
> Bischoff Martingayle, PC
> 208 E. Plume Street, Suite 247
> Norfolk, VA 23510
> Telephone Number: 757-440-3546
> Facsimile Number: 757-440-3546
> Email Address:
> emily@bischoffmartingayle.com

2

**JA202**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:17cr52 |
| | ) | |
| MARTIN L. HUNT, et al, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MARTIN L. HUNT'S
MOTION TO DISMISS**

Defendant Martin L. Hunt was charged by Superseding Indictment in Count One with being a member or associate of the "36th Street Bang Squad," "36," "Three-Six," "and "800" (hereafter "36th Street"), a criminal enterprise, in violation of Title 18, United States Code, Section 1962(d). The substantive counts of the indictment pertain to VICAR murders, attempted murders, assaults with deadly weapons, robberies, drug offenses, and using, possessing and discharging firearms under Title 18, United States code, Section 924(c), in relation to the various predicate offenses charged as crimes of violence or drug trafficking crimes.

On or about October 12, 2018, the United States provided notice to Defendant, co-defendants, and the Court that it would not seek the death penalty. Defendant has entered a plea of not guilty and requested trial by jury, which is set to begin before this Court on October 15, 2019.

**ARGUMENT**

I.     **The residual clause of Section 924(c)(3)(B) is unconstitutionally vague and the predicate offenses charged as crimes of violence in this case are not categorically crimes of violence under the force clause of Section 924(c)(3)(A).**

1

**JA203**

A predicate "crime of violence" for a § 924(c) offense is a felony that "(A) has as **an element** the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that **by its nature**, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3) (emphasis added). This term encompasses two options, commonly called the elements or "force clause," and the "residual clause." "Physical force" is defined as "violent force," meaning "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 113, 140 (2010). It involves "exertion of great physical force or strength" and "extreme physical force." *Id.* at 141. When such a degree of force against the victim is not an element of the offense, then the offense is not a crime of violence. *United States v. Montes-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (construing "crime of violence" in Sentencing Guidelines, U.S.S.G. § 4B1.2).

The indictment as charged as to Defendant contains multiple separate counts charged under § 924(c). Counts 7 and 9 charge Defendant with use of a firearm during a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c)(1), 924(j) and 2. *See United States v. Robinson*, 275 F.3d 371, 278, 279 (4th Cir. 2001) (stating that "the conduct elements of a § 924(j) violation are (1) the use of a firearm to cause the death of a person and (2) the commission of a § 924(c) violation" and reiterating that violation of § 924(c) is a "necessary conduct element of a § 924(j) violation). These counts each specify that the predicate federal crime of violence was either the racketeering conspiracy charged in Count One or the related VICAR murder, relying on the Virginia state murder statute.

In Counts 5, 11, 13, 15, 17, 19, 22, 24, 27, and 28, various defendants are charged with violations of 18 U.S.C. § 924(c) based on different possible predicate crimes of violence:

2

**JA204**

racketeering conspiracy, VICAR attempted murder, VICAR assault or attempt to assault with a dangerous weapon, conspiracy to possess with intent to distribute marijuana or narcotics.[1] Defendant is specifically charged with Counts 5 and 13.

### A.    The residual clause of § 924(c)(3)(B), like the residual clause of § 16(b), is unconstitutionally vague.

After the commencement of this case, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court held that the residual clause defining "crime of violence" under 18 U.S.C. § 16(b) is void for vagueness in violation of due process. Because the residual clause defining "crime of violence" under 18 U.S.C. § 924(c)(3)(B) is identical to § 16(b) and operates in precisely the same way, with the same categorical approach and ordinary case inquiry, § 924(c)(3)(B) is also unconstitutionally void for vagueness.

In *Dimaya*, the Supreme Court held that § 16(b)'s definition of "crime of violence" is unconstitutionally vague in light of its reasoning in *Johnson,* 135 S. Ct. 2551, which invalidated the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) (requiring that an offense "otherwise involve[s] conduct that presents a serious potential risk of physical injury to another"). The *Dimaya* Court found that "a straightforward application of *Johnson*" effectively "resolve[d]" the case. *Dimaya*, 138 S. Ct. at 1213, 1223. In *Johnson,* the Court singled out two features of ACCA's residual clause that "conspire[d] to make it unconstitutionally vague." 135 S. Ct at 2557.

First, in order to determine the risk posed by the statute, the ACCA residual clause "require[d] a court to [apply the categorical approach] and picture the kind of conduct that the

---

[1] Whether the government's practice of listing multiple different predicate crimes of violence constitutes a duplicity problem has not yet been addressed by the parties and is an issue which defendants may seek to raise in supplemental briefing. See, *In re: Gomez*, 830 F.3d 1225 (11th Cir. 2016).

3

**JA205**

crime involves 'in the ordinary case'" rather than looking at the "real-world" facts in the individual case at hand to determine the risk of injury. *Johnson*, 135 S. Ct. at 2557 (citation omitted). The clause left "grave uncertainty" about how to estimate the risk posed by a crime by asking judges "to imagine how *the idealized ordinary case* of the crime" occurs. *Id.* at 2557-58 (emphasis added). To illustrate its point, the Court asked rhetorically, "how does one go about deciding what the 'ordinary case' of a crime involves? A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?" *Id.* at 2257-58 (internal citation omitted). None of these methods offer any "reliable way" of determining how a crime is ordinarily committed. *Id.* at 2558. Hence, the Supreme Court found that the process of identifying the "ordinary case" creates "grave uncertainty about how to estimate the risk posed by a crime." *Id.* at 2257.

Second, compounding that uncertainty, the ACCA's residual clause layered an imprecise "serious potential risk" threshold on top of the requisite "ordinary case" inquiry. The combination of "indeterminacy" created by the ordinary case inquiry and an ill-defined risk threshold resulted in "more unpredictability and arbitrariness than Due Process tolerates." *Id.* at 2558.

The *Dimaya* Court found that § 16(b) suffers from those same two flaws. Like the ACCA's residual clause, § 16(b) requires the court to identify a crime's "ordinary case" in order to measure the crime's risk, but "[n]othing in § 16(b) helps courts to perform that task." *Dimaya*, 138 S. Ct. at 1215. And the Court found that § 16(b)'s "substantial risk" threshold is no more determinate that the ACCA's "serious potential risk" threshold. *Id.* The same "[t]wo features" that "conspire[d] to make" the ACCA's residual clause unconstitutionally vague –

4

**JA206**

"the ordinary case requirement and an ill-defined risk threshold" – also conspire to make §
16(b) unconstitutionally void.  *Id.* at 1216, 1223 (citing *Johnson*, 135 S. Ct. at 2557).

Because § 924(c)(3)(B) is identical to § 16(b) – including requiring the same categorical
ordinary case approach and risk threshold – *Dimaya* dictates that § 924(c)(3)(B) is also
unconstitutionally vague.  *In re Hubbard*, 825 F.3d 225, 230 n.3 (4th Cir 2016) ("[T]he language
of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent
respecting one as controlling analysis of the other.").  Indeed, shortly after the Supreme Court
issued its decision in *Dimaya*, the Tenth Circuit, in *United States v. Salas*, 889 F.3d 681 (10th
Cir. 2018) found exactly that and struck § 924(c)(3)(B) as unconstitutionally vague.  The
Seventh Circuit did the same before *Dimaya*.  *See United States v. Cardena,* 842 F.3d 959, 996
(7th Cir. 2015) (§ 924(c)(3)(B) is unconstitutionally vague because it "is the same residual clause
contained in [§16(b)]").[2]  Following *Dimaya*, the Fourth Circuit directed further briefing on this
issue in at least two pending cases and is expected to join its sister circuits soon. *United States v.
Simms*, No. 15-4640, is scheduled for *en banc* argument in September 2018; and supplemental
briefing was directed immediately after *Dimaya* in the RICO case, *United States v. Mathis*, No.
16-4633.

**B.  The categorical approach must be used to determine whether the predicate
offenses here qualify as crimes of violence under the force clause of § 924(c).**

The court in *Dimaya* held that § 16(b), which is identical to the residual clause of §
924(c), calls for a court to identify a crime's "ordinary case" in order to measure the crime's

---

[2] Likewise, several district courts, post-*Dimaya,* have already held that § 924(c)(3)(B) is
unconstitutionally vague.  *See United States v. Meza,* 2018 WL 2048899 (D. Mont. May 2,
2018); Order*, United States v. Morrison*, Case No. BLG-SPW-04-CR-126 (D. Mont. May 7,
2018); Order, *United States v. Johnson*, Case No. BLG-SPW-11-CR-140 (D. Mont. May 7,
2018); Order, *Toussaint v. United States*, Case No. 12-CR-00407-CW-1 (N.D. Cal. May 11,
2018); Order, *Evey v. United States*, Case No. SVW-97-CR-00468 (C. D. Cal. May 10, 2018).

risk but "offers no reliable way" to discern what the ordinary version of any offense entails. *Id.* at __ (slip op. at 9), citing *Johnson*, at __ (slip op. at 5), 135 S. Ct. 2551 (2015). Further, § 16(b)'s "substantial risk" threshold was deemed no more determinate than the ACCA's "serious potential risk" standard. The same two features that made the residual clauses of both the ACCA and § 16(b) unconstitutionally vague also exist in § 924(c)(3)(B). Moreover, the "substantial risk" standard in § 924(c)(3)(B) is identical to the standard struck down in *Dimaya*.

The Fourth Circuit has previously held that the categorial approach applies to a determination of whether an offense qualifies as a crime of violence under both the force clause and the residual clause of § 924(c). *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) ("[i]n determining whether an offense is a crime of violence under either clause, we utilize the categorical approach"); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). The Fourth Circuit's use of the categorical approach is consistent with the approach taken in ten other circuits.[3]

Given that the residual clause can no longer be relied on, for the predicate offenses of racketeering conspiracy, VICAR murder under VA Code § 18.2-32, VICAR attempted murder under VA Code § 18-18.2-26, and VICAR assault with a dangerous weapon under VA Code §§ 18.2-53 and 18.2-282 as charged throughout this indictment to form a basis for crimes of violence for purposes of § 924(c), the offense must categorically include an element that requires

---

[3] *See United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017); *Hill*, 832 F.3d at 139 (2d Cir. 2016); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Rafidi*, 829 F.3d 437, 444-45 (6th Cir. 2016); *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017); *Prickett*, 839 F.3d at 698; *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018); *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009); *United States v. McGuire*, 706 F.3d 1333, 1336-37 (11th Cir. 2013); *United States v. Kennedy*, 133 F.3d 53, 56-57 (D.C. Cir. 1998).

**JA208**

"the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(c)(3)(A).

It is well-settled that this Court should apply the "categorical approach" to determine if crimes, including state crimes, constitute crimes of violence under the force clause of the ACCA or § 924(c). *Taylor v. United States*, 495 U.S. 192, 208 (1990) (the categorical approach requires an examination of the "statutory definition of the predicate offense, rather than to the particular underlying facts"); *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017) (Under the force clause of § 924(c)(3), "we apply the elements-based categorical approach articulated by the Supreme Court"); *United States v. White*, 571 F.3d 365 (4th Cir. 2009) (under the ACCA, "we are obliged to utilize a categorical approach … relying solely on its essential elements, rather than on the particular underlying facts"). The court in *Dimaya* noted that § 16(b)'s text "demands a categorical approach."

The categorical approach separates an analysis of the defendants' conduct from the elements of the underlying predicate offense. Our decisions have consistently understood language in the residual clauses of both ACCA and § 16 to refer to 'the statute of conviction not to the facts of each defendant's conduct.'" *Dimaya* at __ (slip op. at 14), *citing Taylor v. United States*, 495 U.S. 575, 601 (1990); and *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004). Notably, Congress specifically chose not to draft § 924(c)(3) to require a fact-based approach. In *Dimaya* the court observed that "[i]f Congress had wanted judges to look into a felon's actual conduct, "it presumably would have said so; other statutes, in other contexts speak in just that way.'" *Id.* at __ (slip op. at 14-15), *citing Descamps v. United States,* 570 U.S. 254, 267-268 (2013).

The Fourth Circuit has consistently applied the categorical approach in their post-*Johnson* analysis of violent felonies under the ACCA, 18 U.S.C. § 924(e). *See, United States v.*

**JA209**

*Middleton*, 883 F.3d 485, 492-493 (4th Cir. 2018) ([t]o determine whether South Carolina involuntary manslaughter falls within the ACCA's definition of a violent felony, we apply the categorical approach"); *United States v. Torres-Miguel*, 701 F.3d 165, 168-169 (4th Cir. 2012); *United States v. Baxter*, 642 F.3d 475, 476 (4th Cir. 2011); *United States v. White*, 571 at 368-370 ("[i]n assessing whether an offense constitutes an ACCA violent felony, we are obliged to utilize a categorical approach, under which the offense is analyzed generically – that is, by relying solely on its essential elements, rather than on the particular underlying facts"). Under the traditional categorical approach, this Court is "bound by the interpretation of [the] offense articulated by that state's courts." *See United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017).

The categorical approach can at times seem counterintuitive because it requires courts to review the "most innocent conduct" that the law criminalizes, rather than the specific facts on which the defendant was convicted. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S. Ct. 815, 166 L. Ed. 2d 683 (2007); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008). In conducting such an analysis, courts must look exclusively to the elements of the offense rather than the conduct underlying the particular conviction.[4] *United States v. Barcenas-Yanez*, 826 F.3d 752 (4th Cir. 2016). In undertaking the categorical approach, the Fourth Circuit has, at times, conducted an in-depth analysis of state law, but in the instant case, the elements of

---

[4] It is unknown at this time if the government will contend that any of the state crimes of violence at issue here are divisible crimes, such that the court should consider a modified categorical approach. A statute is indivisible when the jury need not agree on anything past the fact that the statute was violated. *United States v. Fuertes*, 805 F.3d at 498.

Mere use of the disjunctive "or" in the definition of a crime does not automatically render it divisible. Only when the law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute, does a statute have alternative elements rather than simply alternative means, does the court find that a statute is divisible.

the predicate state law offenses were provided by the Court in its instructions to the jury. After determining the minimum conduct needed to commit an offense, we compare the elements of the offense to the ACCA's definition of violent felony. *United States v. Doctor*, 842 F.3d 306, 309 (4th Cir. 2016). If the offense "sweeps more broadly" than the ACCA's definition, the offense does not qualify as an ACCA predicate. *Descamps v. United States*, 570 U.S. 254 (2013).

The force clause of § 924(c), which is all that remains, requires that the elements of the offense categorically include an element that requires "the use, attempted use, or threatened use of *physical force* against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). "Physical force" is a term of art that is defined as "violent force," meaning "strong physical force" that is capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (*Johnson 2010*). It involves "exertion of great physical force or strength" and extreme physical force." *Id.* at 141. When such a degree of force against a victim is not required to sustain a conviction, then the offense is not a crime of violence. *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017); *Torres-Miguel*, 701 F.3d at 168-169 (construing "crime of violence" in U.S.S.G. § 4B1.2 and noting that a "crime may result in death or serious injury without involving use of physical force").

### C. The crimes of violence charged as predicates for the § 924(c) violations in this case are not categorically crimes of violence.

Whether or not the RICO offenses - racketeering conspiracy, VICAR murder, VICAR attempted murder, and VICAR assault with a dangerous weapon - are "crime[s] of violence" under § 924(c)'s force clause, turns on whether the inchoate crime of RICO conspiracy, or the underlying state crimes charged as predicate offenses in aid of racketeering, is determined applying the categorical, or ordinary case, approach. *See, United States v. Prickett*, 839 F.3d 697,

698 (8th Cir. 2016). In conducting the analysis, the court must consider the least punished behavior.

### 1. Racketeering conspiracy is not a crime of violence under the force clause.

The force clause provides that an offense is a crime of violence where it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(c)(3)(A). It is well established that the court must apply the "categorical approach." *Taylor v. United States*, 495 U.S. 575 (1990); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018). Under the categorical approach, courts must look "only to the statutory definitions of the offenses, and not the particular facts underlying those convictions" to determine whether the conduct criminalized by the statute qualifies as a crime of violence. *Taylor*, 495 U.S. at 600. The approach looks only to the statutory definition of the relevant state crime, including the "most innocent conduct" to determine if the state crime constitutes a "crime of violence." *Torres-Miguel*, 701 F.3d at 167; citing *Diaz-Ibarra*, 522 F.3d at 348. The predicate crime is not categorically a crime of violence if some conduct punishable under the statute would constitute a crime of violence, but some conduct would not. *Descamps v. United States*, 570 U.S. 254 (2013).

To prove a substantive RICO offense, the government must prove "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997). A "pattern of racketeering activity" requires "at least two acts of 'racketeering activity,'" which includes "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . .," among other offenses. See 18 U.S.C. § 1961(1)(A)-(B), (5). However, to prove a RICO conspiracy under § 1962(d), the government must only prove that a conspirator

10

**JA212**

intended to "further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense." See *Salinas*, 522 U.S. at 65. In *Salinas*, the Supreme Court made clear that "[t]here is no requirement of some overt act or specific act" in a RICO conspiracy case, and further that a defendant need not commit the underlying predicate acts of the substantive offense. *Id.* at 63-65. Indeed, the Court explained that: it suffices that [the defendant] adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion. One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues. *Id.* at 65 (*citing Callanan v. United States*, 364 U.S. 587, 594 (1961)).

Racketeering conspiracy is not a crime of violence under the force clause because it does not have as an element the use, attempted use, or threatened use of physical force. Rather, the RICO conspiracy statute only requires a showing that the defendant agreed to violate the RICO statute, regardless of whether the defendant or any other conspirator actually committed an overt act in furtherance of the conspiracy. Before considering whether the inchoate offense of conspiracy was a crime of violence under the residual clause, the Court in *White* applied the categorical approach to the force clause of 18 U.S.C. § 924(e)(2)(B)(i), and quickly concluded that conspiracy does not have as an element the "use, attempted use, or threatened use of physical force against the person of another." *White*, 571 F.3d 365 (4th Cir. 2009). The force clause of the ACCA, § 924(e)(2)((B)(i), with respect to force against persons is identical to the force clause of § 924(c)(3)(A).

The Fourth Circuit recently considered whether conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), qualified as a crime of violence under

11

**JA213**

U.S.S.G. §2K2.1 and concluded that "§ 1959(a)(5) is not categorically a crime of violence because conspiracy under that provision is, in fact, broader than generic conspiracy, and precedent directs that we consider the inchoate crime of conspiracy and its object independently." *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018). In reaching its conclusion, the Fourth Circuit applied the categorical approach, and concluded that because a VICAR conspiracy to murder does not require an overt act, it was not categorically a crime of violence. *Id.* at 308-309. While *McCollum* was decided under the Sentencing Guidelines, §2K2.1, application note 1, directs that the definition of "crime of violence" in §4B1.2 will apply. The definition of crime of violence in U.S.S.G. §4B1.2 is identical to the definition in the ACCA, having the same force clause and unconstitutionally vague residual clause as § 924(c)(3).[5]

Based on the same reasoning, courts have held that a conspiracy to commit Hobbs Act robbery is not a crime of violence. *United States v. Melvin*, 621 Fed. Appx. 226 (4th Cir. 2015) (on remand in light of *Johnson*, holding conspiracy to commit robbery is no longer a crime of violence under the ACCA) ; *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011) (holding that conspiracy to commit aggravated robbery is not a violent crime because the state "could obtain a conviction without proving beyond a reasonable doubt that the defendant committed the crime that was the conspiracy's object"); *United States v. King*, 979 F.2d 801, 802-03 (10th Cir. 1992) (holding that "the elements of the felonious object of the conspiracy are not subsumed within the elements of the conspiracy charge itself. Therefore, if a conspiracy to commit armed

---

[5] While there are differences between the residual clauses of the ACCA and § 924(c); the very small difference between the two force clauses is that crime of violence under § 924(c)(3) "(A) has an element the use, attempted use, or threatened use of physical force against the person **or property** of another," whereas the ACCA does not include force against property (emphasis added).

robbery is to be deemed a 'violent felony' . . . it must be on the basis of the elements of the conspiracy charge, not the underlying offense."); *United States v. Edmundson,* 153 F. Supp. 3d 857, 861 (D. Md. 2015) (guilty plea to conspiracy to commit Hobbs Act robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another, " and therefore does not fall within the § 924(c) force clause).[6]

The same rationale applies to the racketeering conspiracy charged in Count One. Indeed, the Court specifically instructed the jury that the government was "not required to prove any of the overt acts listed in the Second Superseding Indictment." Instruction No. 47, p. 1. Following *Dimaya*, the racketeering conspiracy, which was alleged and found as a predicate for all of the § 924(c) offenses, is not a crime of violence.

> **2.  Murder and attempted murder under the Virginia Code are not crimes of violence under the force clause.**

Counts 3, 7, and 9 charge racketeering conspiracy and the related VICAR murder as the § 924(c) predicate. Counts 9, 16, 19, 23, 25 28 and 30 charge racketeering conspiracy and VICAR attempted murder as possible § 924(c) predicates. Accordingly, the Court's instructions regarding the elements of murder and attempted murder under VA Code §§ 18.2-32 and 18.2-26 dictate the result.

With respect to murder under the common law of Virginia, the Court properly instructed the jury:

> (1) ACTS INVOLVING MURDER, CHARGEABLE UNDER VA. CODE §§ 18.2-32, 18.2-26, AND 18.2-22, AND THE COMMON LAW OF VIRGINIA. ACTS INVOLVING MURDER **INCLUDE ALL INCHOATE FORMS OF THAT OFFENSE, INCLUDING CONSPIRACY TO COMMIT MURDER, ATTEMPTED MURDER,** AS WELL AS SUBSTANTIVE MURDER.

---

[6] Following *Dimaya*, in a number of Hobbs Act conspiracy cases the Supreme Court vacated the convictions, and remanded for consideration in light of *Dimaya*. *See, Davis v. United States*, No. 16-8997; *Ecourse-Westbrook v. United States*, No. 17-6368; and *Enix v. United States*, No. 17-6340.

**JA215**

VA. CODE ANN. § 18.2-32 DEFINES MURDER TO INCLUDE BOTH FIRST-DEGREE AND SECOND-DEGREE MURDER. MURDER IN THE FIRST DEGREE IS MURDER **BY POISON, BY LYING IN WAIT, IMPRISONMENT, STARVING**, OR ANY WILLFUL, DELIBERATE, PREMEDITATED AND MALICIOUS KILLING OF A HUMAN BEING, OR ANY MURDER DONE IN THE COMMISSION OF, OR ATTEMPT TO COMMIT, ROBBERY OR **ABDUCTION**.

MURDER IN THE SECOND DEGREE IS THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AND WITHOUT PREMEDITATION AND DELIBERATION. IN ORDER FOR THE KILLING TO AMOUNT TO MURDER IN THE SECOND DEGREE, ALTHOUGH IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE WILLFULNESS, DELIBERATION, AND PREMEDITATION, IT IS INCUMBENT UPON THE GOVERNMENT TO PROVE THAT THE DEFENDANT ACTED WITH MALICE.

A PRINCIPAL IN THE FIRST DEGREE IS THE PERSON WHO ACTUALLY COMMITS THE CRIME. A PRINCIPAL IN THE SECOND DEGREE IS THE PERSON WHO IS PRESENT, AIDING AND ABETTING, BY HELPING IN SOME WAY THE COMMISSION OF THE CRIME. PRESENCE AND CONSENT ARE NOT SUFFICIENT TO CONSTITUTE AIDING AND ABETTING. IT MUST BE SHOWN THAT THE DEFENDANT INTENDED HIS WORDS, GESTURES, SIGNALS, OR ACTIONS TO IN SOME WAY ENCOURAGE, ADVISE, OR URGE, OR IN SOME WAY HELP THE PERSON COMMITTING THE CRIME TO COMMIT IT.

A PRINCIPAL IN THE SECOND DEGREE IS LIABLE FOR THE SAME PUNISHMENT AS THE PERSON WHO ACTUALLY COMMITTED THE CRIME.

Instruction No. 74, p. 4-6, in part (emphasis added); see also Instruction No. 80, p. 1-4.

With respect to attempted murder the Court instructed the jury as follows:

VA. CODE ANN. § 18.2-26 DEFINES ATTEMPT FOR NON-CAPITAL FELONIES, INCLUDING FIRST-DEGREE AND SECOND-DEGREE MURDER. "ATTEMPT" IS DEFINED UNDER VIRGINIA LAW AS A PERPETRATOR INTENDING TO COMMIT A CRIME AND TAKING A DIRECT ACT TOWARDS THE COMMISSION OF THAT CRIME. THE INTENT REQUIRED TO PROVE AN ATTEMPTED CRIME IS THE SPECIFIC INTENT IN THE PERSON'S MIND TO COMMIT THE PARTICULAR CRIME FOR WHICH THE ATTEMPT IS CHARGED. IN DETERMINING WHETHER THE INTENT HAS BEEN PROVED YOU MAY CONSIDER THE CONDUCT OF THE PERSON INVOLVED AND ALL THE CIRCUMSTANCES REVEALED BY THE EVIDENCE. **THE DIRECT ACT REQUIRED** TO BE PROVED IN AN ATTEMPTED CRIME IS AN ACT WHICH SHOWS A PRESENT INTENTION TO COMMIT THE CRIME. THE ACT NEED NOT BE THE LAST ACT PRIOR TO THE ACTUAL COMMISSION OF THE CRIME, BUT IT **MUST BE MORE**

14

**JA216**

**THAN MERE PREPARATION**. **IT IS NOT A DEFENSE TO ATTEMPTED MURDER THAT A PERPETRATOR VOLUNTARILY WITHDREW** BEFORE ACTUALLY COMMITTING THE MURDER OR THAT SOME OTHER PERSON OR THING PREVENTED THE MURDER FROM BEING COMMITTED.

Instruction No. 52, p. 6-7; No. 80, p 5 (emphasis added).

With respect to conspiracy, the Court's instructions to the jury in support of the

racketeering conspiracy charged in Count One included:

**VA. CODE ANN. § 18.2-22** DEFINES CONSPIRACY TO COMMIT A FELONY AS ONE PERSON CONSPIRING, CONFEDERATING, OR COMBINING WITH ANOTHER TO COMMIT A FELONY. IF YOU FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A MEMBER OF A CONSPIRACY, HE IS RESPONSIBLE FOR THE ACTS OF OTHER MEMBERS OF THAT CONSPIRACY THAT ARE COMMITTED IN FURTHERANCE OF THE CONSPIRACY, EVEN IF THOSE ACTS ARE COMMITTED WITHOUT HIS DIRECT KNOWLEDGE.

Instruction No. 52, p. 7. Although the jury was extensively instructed under federal law

regarding the broad reaches of conspiracy liability, they were not further instructed regarding

conspiracy under the common law of Virginia.

Murder under the common law of Virginia does not require the use of any force, as the

offense can be committed by omission. Nor does attempted murder under Virginia law require

the use of any force. On this reasoning, the Fourth Circuit has held that willfully threatening a

crime that would result in death or great bodily injury was not categorically a crime of violence.

*United States v. Torres-Migues*, 701 F.3d 165 (4th Cir. 2012); *citing United States v. Cruz-Rodriguez*, 625 F.3d 274 (5th Cir. 2010) (noting that the crime can be committed by threatening

to poison another, which involves no use or threatened use of force). Similarly, the Fourth

Circuit recently held that involuntary manslaughter under South Carolina law "sweeps more

broadly than the physical force required under the ACCA's force clause." *United States v.*

*Middleton*, 883 F.3d 485, 489 (4th Cir. 2018). In considering whether attempted arson was a

15

**JA217**

crime of violence, the Fourth Circuit recently held it was not, because the North Carolina statute of attempt applied when the crime was not completed. *United States v. Lee*, 658 Fed. Appx. 185, 187 (4th Cir. 2016). Where the elements of the offense "sweep more broadly" than the force clause, the offense is not a crime of violence.

The inquiry is not how was the crime committed; or, how is the crime generally committed; or even, did injury result. Murder and attempted murder in Virginia are not categorically crimes of violence because under Virginia law the offenses can be committed without physical force capable of causing pain or injury to another? *Johnson v. United States*, 559 U.S. 133 (2010). Neither Virginia murder or Virginia attempted murder are crimes of violence under the force clause of § 924(c).

### 3. Assault with a dangerous weapon under the Virginia Code is not a crime of violence under the force clause.

Counts 9, 16, 19, 28 and 30, charge three alternate § 924(c) predicate offenses: the inchoate crime of racketeering conspiracy, and VICAR attempted murder, neither of which is a crime of violence under § 924(c)'s force clause; and VICAR assault with a dangerous weapon. With respect to assault with a dangerous weapon under Virginia law, the Court properly instructed the jury:

> ASSAULT WITH A DANGEROUS WEAPON, IN VIOLATION OF VA. CODE ANN. §§ 18.2-53 AND 18.2-282. SECTION 18.2-53 PROVIDES THAT IT IS A FELONY IF ANY PERSON, IN THE COMMISSION OF, OR ATTEMPT TO COMMIT, A FELONY, UNLAWFULLY SHOOTS, STABS, CUTS, OR WOUNDS ANOTHER PERSON. SECTION 18.2-282 PROVIDES THAT IT IS UNLAWFUL FOR ANY PERSON TO HOLD OR BRANDISH ANY FIREARM OR **ANY AIR OR GAS OPERATED WEAPON OR ANY OBJECT SIMILAR IN APPEARANCE, WHETHER CAPABLE OF BEING FIRED OR NOT**, IN SUCH MANNER AS TO REASONABLY INDUCE FEAR IN THE MIND OF ANOTHER OR HOLD A FIREARM OR **ANY AIR OR GAS OPERATED WEAPON IN A PUBLIC PLACE IN SUCH A MANNER AS TO REASONABLY INDUCE FEAR IN THE MIND OF ANOTHER** OF BEING SHOT OR INJURED.

16

**JA218**

Instruction No. 80, p. 5-6 (emphasis added).

Clearly holding an unloaded replica of a firearm in a manner which could induce fear, as unfounded as it may be, in the mind of another; would not qualify as a crime of violence under § 924(c)(3)(A). Yet such conduct could be prosecuted under the elements of Virginia Code § 18.2-282.

Although counterintuitive at times, the categorical approach to the force clause will require that many offenses traditionally thought of as crimes of violence are no longer predicate offenses for § 924(c) violations. For example, sex trafficking, in violation of 18 U.S.C. § 1591, which can be committed by fraud or coercion, is not categorically a crime of violence under the force clause. *Fuertes*, 805 F. 3d at 499. Several circuits have held that kidnapping, in violation of 18 U.S.C. § 1201, is not a crime of violence. *See United States v. Jenkins*, 849 F.3d 390, 393, (7th Cir. 2017); *United States v. Zamora*, 222 F.3d 756, 764-65 (10th Cir. 2000); *United States v. Williams*, 110 F.3d 50, 52-53 (9th Cir. 1997); and *United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir. 1994) (*en banc*). The Fourth Circuit has embraced the categorical approach to determine whether state robbery offenses can constitute crimes of violence under the force clause of the ACCA. *See, United States v. Winston*, 850 F.3d 677 (4th Cir. 2017) (Virginia robbery is not); *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016) (South Carolina robbery qualifies); *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) (North Carolina robbery does not). Similarly, assault offenses may, or may not, qualify as crimes of violence under the force clause. *United States v. Covington*, 880 F.3d 129 (4th Cir. 2018) (West Virginia unlawful wounding qualifies); *United States v. Thompson*, 874 F.3d 412, (4th Cir. 2017), *cert. denied* 200 L. Ed. 2d 325 (2018); (North Carolina assault inflicting serious bodily injury is a crime of violence); *but cf.*, *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017) (counsel was ineffective for not

17

**JA219**

realizing that assault and battery of a police officer can be accomplished with a lesser degree of physical force and is not a crime of violence).

After *Dimaya*, the path is clear; each offense relied on by the government as a predicate to a § 924(c) violation must be examined under the categorical approach to determine whether the least punished conduct qualifies as a crime of violence under the force clause of § 924(c)(3)(A).

<u>**Conclusion**</u>

In the interest of justice and for good cause shown, Defendant requests that this Court dismiss counts of the indictment as charged.

Respectfully submitted,

MARTIN L. HUNT

By: _____/s/_____
Lawrence H. Woodward, Jr.
Virginia State Bar No. 21756
Attorney for Defendant Mitchell
317 30th Street
Virginia Beach, VA 23451
Telephone Number: 757-671-6047
Facsimile Number: 757-671-6004
Email Address: lwoodward@srgslaw.com

Emily M. Munn
Virginia State Bar No. 46390
Attorney for Defendant Mitchell
Bischoff Martingayle, PC
208 E. Plume Street, Suite 247
Norfolk, VA 23510
Telephone Number: 757-440-3546
Facsimile Number: 757-440-3546
Email Address:
emily@bischoffmartingayle.com

18

**JA220**

**CERTIFICATE OF SERVICE**

I hereby certify on May 10, 2019, I will electronically file the foregoing with the Clerk of

the Court using the CM/ECF system, which will then send an electronic notification (NEF) of

such filing to the following along with all other counsel of record:

   Amy E. Cross, Esq.
   Brian Samuels, Esq.
   Howard Zlotnick, Esq.
   Attorneys for the United States
   United States Attorney's Office
   101 West Main Street, Suite 8000
   Norfolk, VA 23510
   Telephone Number: 757-441-6331
   Facsimile Number: 757-441-6689
   amy.cross@usdoj.gov

   brian.samuels@usdoj.gov

   hzlotnick@usdoj.gov


        _____/s/_____
        Emily M. Munn
        Virginia State Bar No. 46390
        Attorney for Martin L. Hunt
        Bischoff Martingayle, PC
        208 E. Plume Street, Suite 247
        Norfolk, VA 23510
        Telephone Number: 757-440-3546
        Facsimile Number: 757-440-3546
        Email Address:
        emily@bischoffmartingayle.com

**JA221**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:17cr52 |
| | ) | |
| MARTIN L. HUNT, et al, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MARTIN L. HUNT'S MOTION TO EXCLUDE

COMES NOW the Defendant, Martin L. Hunt, and moves the Court to exclude bullets and shell casings and related testimony.

A memorandum in support of this motion is being simultaneously filed.

Respectfully submitted,

MARTIN L. HUNT

By: _____/s/_____
Lawrence H. Woodward, Jr.
Virginia State Bar No. 21756
Attorney for Defendant Mitchell
317 30th Street
Virginia Beach, VA 23451
Telephone Number: 757-671-6047
Facsimile Number: 757-671-6004
Email Address: lwoodward@srgslaw.com

Emily M. Munn
Virginia State Bar No. 46390
Attorney for Defendant Mitchell
Bischoff Martingayle, PC
208 E. Plume Street, Suite 247
Norfolk, VA 23510
Telephone Number: 757-440-3546
Facsimile Number: 757-440-3546
Email Address:
emily@bischoffmartingayle.com

1

**JA222**

**CERTIFICATE OF SERVICE**

I hereby certify on May 10, 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to the following along with all other counsel of record:

> Amy E. Cross, Esq.
> Brian Samuels, Esq.
> Howard Zlotnick, Esq.
> Attorneys for the United States
> United States Attorney's Office
> 101 West Main Street, Suite 8000
> Norfolk, VA 23510
> Telephone Number: 757-441-6331
> Facsimile Number: 757-441-6689
> amy.cross@usdoj.gov
>
> brian.samuels@usdoj.gov
>
> hzlotnick@usdoj.gov


> _____/s/_____
> Emily M. Munn
> Virginia State Bar No. 46390
> Attorney for Martin L. Hunt
> Bischoff Martingayle, PC
> 208 E. Plume Street, Suite 247
> Norfolk, VA 23510
> Telephone Number: 757-440-3546
> Facsimile Number: 757-440-3546
> Email Address:
> emily@bischoffmartingayle.com

2

**JA223**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:17cr52 |
| | ) | |
| MARTIN L. HUNT, et al, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT MARTIN L. HUNT'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE BULLETS AND SHELL CASINGS

### LAW AND ARGUMENT

Based on documents provided in discovery, the defendant expects examiners from the Virginia Department of Forensic Science (DFS) to testify that the toolmarks on bullets and shell casings that were recovered from various crime scenes were fired from the same gun. The defendant asks that this evidence be excluded and contends that bullet-to-bullet matches and cartridge casing-to-cartridge casing matches are unreliable and scientifically invalid. The defense requests that a pretrial hearing be conducted to enable this Court to make a determination of the admissibility of the proposed testimony from the Government's firearm and toolmark "expert."

### I.    Requirements for Expert Testimony under Daubert, Kumho and Federal Rule of Evidence 702

Testimony emanating from depth and scope of specialized knowledge is very impressive to a jury. *Ake v. Oklahoma*, 470 U.S. 68 (1985). Therefore, when a party moves to introduce scientific, technical, or specialized expertise this Court is obligated under Federal Rules of

1

**JA224**

Evidence 104(a) and 702 to act as a gatekeeper to ensure that the evidence is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceutical*, 509 U.S. 579, (1993); *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

In *Daubert,* the Supreme Court laid out five non-exhaustive factors for a court to consider in determining whether the evidence a party seeks to introduce is reliable. First whether the Forensic theory or technique can be and has been tested; second whether the theory or technique has been subjected to peer review and publication; third whether the techniques has a known or potential rate of error; fourth whether there exists any standards controlling the techniques operation; fifth whether the technique is generally accepted by the scientific community. *Daubert,* 509 U.S. at 593. These factors should assist the district courts in determining "whether the reasoning or methodology underlying the testimony is...valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Id* at 592-93. However, the *Daubert* Court did not "presume to set out a definitive checklist or test," noting that "[m]any factors" might bear on the *Rule 702* inquiry. *Daubert,* 509 U.S. at 593.

*Kumho Tire Co.* tire clarified and expanded Daubert. It made clear that federal judges have a significant gatekeeping responsibility to evaluate the reliability of all proffered expertise under Rule 702, not just proffers of scientific evidence, and that this judgment must be made concerning the "task at hand" instead of globally in regard to the average dependability of a broadly defined area of expertise. *Kumho Tire,* 526 U.S. 141 at 153-154.

In 2000, Rule 702 of the Federal Rules of Evidence was amended in response to *Daubert* and "the many cases applying [it], including *Kumho Tire* . . . ." *Advisory Committee*

**JA225**

*Notes relating to the 2000 Amendments to Rule 702*. Rule 702 was further amended in 2011, and currently reads as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Besides Rule 702, this Court must also evaluate whether the probative value of an expert's testimony is substantially outweighed by the risk of unfair prejudice, confusion or undue consumption of time.  Fed. R. Evid. 403.

The federal rules are structured to ensure that only the most accurate information is being presented to and processed by the triers of fact.  The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible by a preponderance of the evidence and that the basis for the proffered expert opinion is reliable.  *Daubert*, 509 U.S. at 592. n. 10.  "Since *Daubert*…parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet."  *Weisgram v. Marley Co*. 528 U.S. 440, 455; 120 S.Ct 1011, 1021; 145 L.Eed.2d 958 (2000).

## II.     Toolmark Identification

Firearms identification is a discipline of forensic science which has as its primary concern a determination if a bullet, cartridge, case or other ammunition component was fired by a particular firearm. *Association of Firearm and Tool Mark Examiners, Glossary 80 (1980).*  In toolmark identification, the primary objective is to relate one physical object with another by

3

**JA226**

determining if a toolmark was made by a particular implement.  *T.M. Van Dijk, Took, in 3 Encyclopedia of Forensic Science 1216* (Jay Siegel et al., eds 2000).  A toolmark is a mark "generated when a hard object (tool) comes into contact with a relatively softer object," such as the marks that result "when the internal parts of a firearm make contact with the brass and lead that comprise the ammunition".  *U.S v. Mouzone*, 696 F. Supp 2d 536, (District of Maryland, 2009), citing *NRC Forensic Science Report* at 150.  The theory is that when a shot is fired from a particular firearm the various components of the ammunition come into contact with the firearm at very high pressure and the individual marking on the firearm are transferred to the ammunition.  The ammunition is composed primarily of the bullet and the cartridge case.  *Id.*  At the base of firearms identification is the theory that, based on correspondence among toolmarks, a firearms examiner can discern matches among bullets, cartridge casing and their weapon of origin by using a comparison microscope to *compare ammunition test -fired from a recovered gun* with spent ammunition from a crime scene. See *Mouzone* at 558 (emphasis added); see also *United States v. Otero, 849 F. Supp. 2d 425 (D.N.J. 2012)*:

Firearms examiners must make two assumptions in order to identify tool marks on bullets and cartridge casings as having been produced by a particular firearm.  First, firearm examiners must assume that the unique toolmarks produced by a particular gun are "unique" to that gun and could not have been made by any other gun in the world.  Second, firearm examiners must assume that the unique tool marks "reproduce"; that is, they are present on every bullet and cartridge casing fired from the same gun at different times.

### III.    The defendant moves to exclude evidence that the shell casings and bullets match because it is not reliable

**JA227**

Case law and the Federal Rules of Evidence require that expert testimony be based on reliable principles and methods. There have been several scholarly articles, a National Research Council scientific report and a number of United States District Court cases that have examined the reliability of toolmark identification and have found flaws that make forensic ballistic identification unreliable.

In February 2009, the NRC Forensic Science Committee released a report that addressed ballistic evidence and firearm and toolmark identification. *Nat'l Acad. Sci., Strengthening Forensic Science in the United States: A Path Forward* (2010) (hereinafter NRC FS Report). It is widely accepted that this report is the product of a distinguished cross section of the scientific community on all levels in the composition of the Committee itself, as well as the reviewers and presenters who provided their insight. (*NRC FS Report* at ix.) The product of the Forensic Science Committee's years of investigation is a report that lends support to the defendant's motion to exclude this testimony. In sum, the committee agreed that the field of firearms comparison has yet to establish the "capacity to consistently and with a high degree of certainty support conclusions about individualization." *NRC FS Report* at 3-2; 5-21. The Supreme Court previously cited the 2009 NRC Forensic Science Report as persuasive authority for the point that "serious deficiencies have been found in the forensic evidence used in criminal trials." *Melendez Diaz v. Massachusetts*, 557 U.S. 305,319, 321 (2009) and cited the report's discussion of "problems of subjectivity, bias, and unreliability of common forensic tests such as…toolmark and firearms analysis.".

For many decades ballistics testimony was accepted almost without question in most federal courts in the United States. *See, e.g., United States v. Hicks,* 389 F.3d 514, 526 (5th Cir.

2004); *United States v. Monteiro,* 407 F. Supp. 2d 351 (D. Mass. 2006*); United States v. Foster,* 300 F. Supp. 2d 375, 377 n.1 (D. Md. 2004). But, as stated in *Monterio*, "storm clouds are gathering" on this practice as it was subjected to new scrutiny in light of *Daubert* and *Kumho Tire* and the subsequent amendment to Rule 702 of the Federal Rules of Evidence, which gave to the courts a more significant gatekeeper role with respect to the admissibility of scientific and technical evidence than courts previously had played. 407 F. Supp 2d at 364.

Several District Courts have reviewed toolmark identification practices since Rule 702 was amended. While these cases do not supply precedent for this Court, the analysis found in these opinions regarding the reliability of toolmark identification practices is very detailed and helpful. In several cases comparing a test bullet or cartridge fired from a **firearm of known origin** (unlike this case when the examiner did not have the gun) to another bullet or cartridge of unknown origin, an expert could testify. However, the testimony was limited in one respect or another because the Court found that the toolmark identification did not have sufficient rigor to be received as science and the Court was extremely critical of the evidence. *See United States v. Monteiro,* 407 F. Supp. 2d 351, 355 (D. Mass. 2006*)* (Saris, J.); *United States v. Green,* 405 F. Supp. 2d 104, 120-22 (D. Mass. 2005) (Gertner, J.); *United States v. Diaz,* No. 05-167, 2007 U.S. Dist. LEXIS 13152, at 35-36 (N.D. Cal. Feb. 12, 2007) (Alsup, J.); *United States v. Taylor,* No. CR 07-1244, 2009 U.S. Dist. LEXIS 100318, 2009 WL 3347485 (D.N.M. Oct. 9, 2009(Johnson, J*); United States v. Glynn,* 578 F. Supp. 2d 567 (S.D.N.Y. 2008)(Rakoff, J) . The defendant was able to locate only one case where there was also not a gun retrieved and there was just a match of casings found at two crime scenes and in that case the judge restricted the

6

**JA229**

degree of certainty in which the expert could give his opinion. *United States v. Mouzon/ Willock, 696 F.Supp 2d 536, (D. Md. 201)0 aff'd* 687 F.3d 207 (4th Cir. 2012);

**A .    The process the expert used in formulating opinion is not reliable**

A review of these cases and scholarly reports and articles reveals the unreliability in toolmark identifications.  All of the cases have identified the following issues:

*1.  Process is too subjective to be reliable*

The NRC FS report concluded that a firearm examiner's conclusion of a match "remains a subjective decision based on unarticulated standards and no statistical foundation for estimation of error rates." *NRC Forensic Science Report at 5-20.*  Ballistics comparisons are generally made pursuant to the "AFTE Theory" -- a theory of toolmark identification adopted by the Association of Firearms and Toolmark Examiners (the "AFTE"), an international organization for firearms and toolmark examiners.  The AFTE "theory of identification" states that "an examiner may offer an opinion that a specific tool or firearm was the source of a specific set of toolmarks or a bullet striation pattern when "sufficient agreement" exists in the pattern of two sets of marks, and that "sufficient agreement" is achieved "when it exceeds the best agreement demonstrated between tool marks known to have been produced by different tools and is consistent with the agreement demonstrated by toolmarks known to have been produced the same tool."" *NRC Forensic Science Report* at 5-21.  "Exceeds the best agreement" and "consistent with" are not further defined.    Therefore, this standard requires the examiner to think back to the best matching striations from bullets he or she know came from different guns.  The best matching non-match is not a uniform concept but based on what the individual examiner recalls from his or her recollection.  In firearm toolmark comparisons, exact matches are rare. The examiner has

7

**JA230**

to exercise his judgment as to which marks are unique to the weapon in question, and which are not. *Green* at 107-108; see also *Glynn,* 578 F. Supp. 2d at 573*; Otero,* 849 F. Supp. 2d at 431.

The AFTE acknowledges that "the interpretation of individualization/identification is subjective in nature, founded on scientific principles and based on the examiners training and experience." *Monteiro*, 407 F.Supp. 2d at 363 (quoting *AFTE Theory* at 86). "The conclusion is not based on any quantitative standard for how many striations or marks need to line up." *Id*. at 364; See also *Glynn* at 572, *Green,* 405 F.Supp. 2d at 114.

The subjective evaluation leaves substantial latitude in reaching conclusions. *Mouzone* at 561. For example, unlike a fingerprint examiner who must make a subjective judgment as to whether the agreement between two pieces of evidence is sufficient to constitute a match, and may not declare a match unless a pre-specified number of "points" of similarity exist between the two samples, there are not similar standards or protocols in ballistics analysis

Toolmark examiners may disagree with each other if they are applying different criteria for concluding that a match exists. And the same toolmark examiner might even reach a different conclusion in a particular case over time by applying different mind's eye identification criteria to the same evidence. *Mouzone*, 696 F.Supp 2d at 551-554. In *Glynn*, when the examiner was asked to define what constitutes "sufficient agreement" between two pieces of ballistic evidence to declare a match, the expert admitted that the assessment is subjective, in that "it is an opinion of mine and whether or not someone else would agree with it is up to that individual." *Glynn,* 578 F.Supp.2d at 570-71.

The NRC FC report also observed that under AFTE standards that the accuracy of examiners' assessments is highly dependent on their skill and training. *NRC FS Report* at 5-20.

**JA231**

The Report further stated that "a fundamental problem with toolmark and firearms analysis is the lack of a precisely defined process. . . and concluded that, "[e]ven with more training and experience using new techniques, the decision of the toolmark examiner remains a subjective decision based on unarticulated standards and no statistical foundation for estimation of error rates." *Id*. at 5-20.

### 2. *Difficult to distinguish between Class, Subclass and Individual Characteristics*

The toolmarks made on a bullet or cartridge casing include marks imposed by all weapons of the make and model that fired the ammunition (class characteristics) marks common only to a subset of that make and model (subclass characteristics) and marks unique to the weapon that fired the ammunition (individual characteristics). *Mouzone* at 558; see also *Green* at 107. Central to the assertion that firearms examiners can determine whether the markings on a bullet or cartridge casing match a particular gun is the claim that they can reliably distinguish "individual" marking, both from subclass markings that will be transferred to bullets and cartridge casings fired from any firearm in the same lots of weapons, and from random variations in marking that may be found on bullets and cartridge casings fired from the same gun.

While the NRC committee agreed that class characteristics are helpful in narrowing the pool of tools that may have left a distinctive mark, they opined that the field of firearms comparison has yet to establish the "capacity to consistently and with a high degree of certainty support conclusions about individualization." NRC FS Report at 3-2; 5-2.1. Even if the marks on all of the casings are the *same*, this does not necessarily mean they came from the same *gun.* Similar marks could reflect class or subclass characteristics, which would define large numbers of guns manufactured by a given company. Just because the marks on the casings are *different*

9

**JA232**

does not mean that they came from *different guns.* Repeated firings from the same weapon, particularly over a long period of time, could produce different marks as a result of wear or simply by accident. *Green* at 107.

Several studies also show how difficult it is to reliably identify ballistics evidence coming from the same gun. See e.g. Gene Rivera, *Subclass Characteristics and Smith & Wesson SW40VE Sigma Pistols,* 39(3) AFTE J. 247 (2007) ("if the currently accepted standard for identification is rooted in the AFTE Theory of identification…then this statement may need to be reconsidered.  In light of the marks produced on these two Smith and Wesson pistols…it is hard to imagine any better agreement between these two different tools."); Jerry Miller*, Criteria for Identification of Toolmarks Part II:  Single Land Impressions Comparisons*, 32(2) AFTE J. 116 (2000).  ("a number of bullets fired from different weapons will actually have more matching striae than bullets fired from the same weapon."); Joseph J. Masson, *Confidence Level Variations in Firearms Identification through Computerized Technology*, 29 Ass'n Firearms & Tool Mark Examiner J. 42, 42-44 (1997).  (When viewed on a side-by-side comparison screen, "there were numerous two-dimensional similarities," and even under a comparison microscope "these similarities are still present and it is difficult to eliminate comparisons even though we know they are from different firearms." Id at 42.)

In addition, production methods have been increasing and have become more automated and standardized making gun barrels more uniform.  See *Glynn*, 578 F.Supp 2d at 572. As the manufacturing process continues to improve, the shared subclass characteristics of large numbers of weapons will increase the risk of misidentification.  *Mouzone*, 696 F.Supp 2d at 551-554.

A toolmark can change overtime as the surface of an individual tool changes due to use, damage and corrosion. As a result sometimes differences in toolmarks are correctly attributed to changes in the surfaces of a particular tool but at other times such a conclusion is wrong such as when differences in toolmarks exist because the marks were made by different, albeit very similar tools. *Mouzone*, 696 F.Supp 2d at 551-554. Differences in toolmarks made by the same tool may also occur because the "pressure and velocity involved" when the tool and ammunition interact at firing are subject to intrinsic variation from shot to shot.. *Mouzone*, 696 F.Supp 2d at 551-554.

### 3. *Testing not done to assess error rate and reliability*.

Without objective, strict criteria for determining whether toolmark identifications are correct in a given case, it is impossible to calculate an error rate for the discipline of firearm toolmark identifications. *Mouzone*, 696 F.Supp 2d at 551-554. Sufficient studies have not been done to understand the reliability and repeatability of these methods." *NRC FS Report* at 5-21. "A key task for...the analyst applying a scientific method to conduct a particular analysis, is to identify as many sources of error as possible, to control or to eliminate as many as possible and to estimate the magnitude of remaining errors so that conclusions drawn from the study are valid. *NRC FS Report* at 4-5. The "estimation of relevant error rates" is one of the "key components of the mission of forensic science" but this key component is missing from the field of firearms analysis which as yet has established "no statistical foundation for estimation of error rates. NRC Forensic Science Report at 4-9 and 5-20.

The only widely used proficiency tests for firearm toolmark examiners, the Collaborative Testing Services (CTS) tests, cannot provide an accurate error rate because the tests are declared,

11

**JA234**

as opposed to blind, thereby introducing the potential for bias and the proficiency test problems are simpler than the "real firearm toolmark identifications encountered in actual cases. *Mouzone*, 696 F.Supp. 2d at 551-554.

Toolmark matching methods have not been subjected to peer review by anyone outside law enforcement. Scrutiny by the scientific community is limited because access to firearm toolmark publications is not largely accessible. *Mouzone*, 696 F.Supp 2d at 551-554.

Dr. Adina Schwartz, a Professor at John Jay College of Criminal Justice and a defense expert in many cases asserts that toolmark examiners have "not developed the requisite statistical empirical foundations" to substantiate the claim that they are "able to single out a particular firearm or other tool as the source of an evidence toolmark, to the exclusion of all other tools in the world." Adina Schwartz, *A Systemic Challenge to the Reliability and Admissibility of Firearms and Toolmark Identification*, [*15] 6 Colum. Sci. & Tech. L. Rev. 2, 31-32 (2004-05). In that same article, Dr. Schwartz argues that "rigorous proficiency testing has yet to occur," noting that proficiency testing of particular examiners cannot be generalized to the field of firearms and toolmark examination as a whole in light of the subjectivity involved and the lack of "specific, articulable criteria for determining when the resemblances between toolmarks are so great that they must have come from the same tool." *Id*. at 61. Dr. Schwartz concludes that "all firearms and toolmark identifications should be excluded until the development of firm statistical empirical foundations for identifications and a rigorous regime of blind proficiency testing." *Id*. at 104.

In *Diaz* the court noted that the peer-reviewed literature and the three experts who testified conceded that it is not possible to calculate an absolute error rate for firearms

12

**JA235**

identification. This is partly because the standards and criteria for traditional pattern matching are subjective. Ultimately, with actual casework, the best that could be offered is the opinion of other experts on an examiner's conclusions. One would never get a "real" answer based only on other experts' opinions.  *Diaz, U.S. Dist. Lexis 13152 at 23.*

### 4.  *Subjective methodology employed by firearms examiners heighten the risk of contextual bias*

Firearm examiners are often given contextual information about the case and the evidence before they perform their examinations.  *Green* at 107.  Bias can affect the identifications because examiners work closely with law enforcement; prosecution bias can affect the examiner's conclusions.  Bias can also play a role if peer review of the original examiners work is performed only when identifications are reached. *Mouzone*, 696 F.Supp. 2d at 551-554

Pro-prosecution bias might affect the reliability of firearms examinations because the field consists entirely of individuals who work for law enforcement agencies.  *Green*, 405 F.Supp 2d at 109 n.7. As stated by the Supreme Court in *Melendez-Diaz,* "(a)ccording to a recent study conducted under the auspices of the National Academy of Sciences, "[t]he majority of [laboratories producing forensic evidence] are administered by law enforcement agencies, such as police departments, where the laboratory administrator reports to the head of the agency." *National Research Council of the National Academies, Strengthening Forensic Science in the United States: A Path Forward 183* (2009) (hereinafter National Academy Report). And "[b]ecause forensic scientists often are driven in their work by a need to answer a particular question related to the issues of a particular case, they sometimes face pressure to sacrifice appropriate methodology for the sake of expediency." *Id.*, at 23–24. A forensic analyst

13

**JA236**

responding to a request from a law enforcement official may feel pressure--or have an incentive--to alter the evidence in a manner favorable to the prosecution." *Melendez-Diaz, 557 U.S. at 326.*

**IV    The defendant requests a pretrial hearing on admissibility of the shell casings**

What has been provided to the defense at this juncture is only information that lab reports are intended to be introduced.  The defense speculates that at some point between now and the trial date, the United States will advise that it intends to produce expert witness testimony to connect ballistic evidence with guns known and unknown.  There are multiple issues with this prospective expert witness.

For example, it is not known if the expert has scientific, technical, or other specialized knowledge, if the testimony is based on sufficient facts or data, or if the expert has reliably applied the principles and methods to the facts of the case.  The defense does not know the types of toolmarks upon which the conclusion were based; the particular lands or grooves on the various bullets on which the identifications were based; the extent of the resemblances and differences between the toolmarks found on the various bullets and casings; whether and how the toolmarks were differentiated by class, subclass and individual characteristics and what criteria the examiner relied upon in determining whether the resemblances were sufficient to support his or her conclusions. Such documentation is absent here. The lack of proper documentation denies the Sixth amendment right for the defendant to confront the witnesses against him by effectively preventing any meaningful cross-examination.

The defense also asks for a pretrial hearing for this Court to determine if the expert's testimony passes the requirements to be admitted under the standards set forth in *Daubert, Kuhmo Tire*, and Rule 702 of the Federal Rules of Evidence.

14

**JA237**

MARTIN L. HUNT

Respectfully submitted,

By: _____/s/_____

    Lawrence H. Woodward, Jr.
    Virginia State Bar No. 21756
    Attorney for Defendant Hunt
    317 30th Street
    Virginia Beach, VA 23451
    Telephone Number: 757-671-6047
    Facsimile Number: 757-671-6004
    Email Address: lwoodward@srgslaw.com

    Emily M. Munn
    Virginia State Bar No. 46390
    Attorney for Defendant Hunt
    Bischoff Martingayle, PC
    208 E. Plume Street, Suite 247
    Norfolk, VA 23510
    Telephone Number: 757-440-3546
    Facsimile Number: 757-440-3546
    Email Address:
    emily@bischoffmartingayle.com

## CERTIFICATE OF SERVICE

I hereby certify on May 10, 2019, I will electronically file the foregoing with the Clerk of

the Court using the CM/ECF system, which will then send an electronic notification (NEF) of

such filing to the following along with all other counsel of record:

    Amy E. Cross, Esq.
    Brian Samuels, Esq.
    Howard Zlotnick, Esq.
    Attorneys for the United States
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510
    Telephone Number: 757-441-6331
    Facsimile Number: 757-441-6689
    amy.cross@usdoj.gov

**JA238**

brian.samuels@usdoj.gov

hzlotnick@usdoj.gov

_____/s/_____

Emily M. Munn
Virginia State Bar No. 46390
Attorney for Martin L. Hunt
Bischoff Martingayle, PC
208 E. Plume Street, Suite 247
Norfolk, VA 23510
Telephone Number: 757-440-3546
Facsimile Number: 757-440-3546
Email Address:
emily@bischoffmartingayle.com

16

**JA239**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                              Criminal No. 4:17cr52

ERIC NIXON,
      Defendant.

## **DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT MARTIN HUNT 'S MOTION TO DISMISS**

Defendant Eric Nixon, by and through undersigned counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Local Rule 12 of the Local Rules of the Eastern District of Virginia, moves the Court to adopt the Motion and Memorandum in Support of Co-Defendant Martin Hunt's Motion to Dismiss, previously filed by counsel for the co-defendant as ECF Docs. 248 and 249, as this motion relates to similar counts against defendant Eric Nixon in counts 17, 19, 22, and 24 in the Superseding Indictment.

WHEREFORE, Defendant Eric Nixon moves the Court to **DISMISS** counts 17, 19, 22, and 24 and adopts the Memorandum in Support filed by co-defendant Martin Hunt in ECF no. 249 in support of this motion.

Respectfully submitted,

Eric Nixon

By:_____/s/_____
Nicholas R. Hobbs, Esq.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant

**JA240**

Hobbs & Harrison
21- B East Queens Way
Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com

CERTIFICATE OF SERVICE

     I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to the following :  Amy Cross, Assistant United States Attorney, Fountain Plaza Three Suite 300, 721 Lakefront Commons, Newport News, Virginia 23606.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
Hobbs & Harrison
21- B East Queens Way
Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com

**JA242**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                    Criminal No. 4:17cr52

ERIC NIXON,
      Defendant.

## **DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT MARTIN HUNT 'S MOTION TO EXCLUDE**

      Defendant Eric Nixon, by and through undersigned counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Local Rule 12 of the Local Rules of the Eastern District of Virginia, moves the Court to adopt the Motion and Memorandum in Support of Co-Defendant Martin Hunt's Motion to Exclude previously filed by counsel for the co-defendant as ECF Docs. 250 and 251.

      WHEREFORE, Defendant Eric Nixon moves the Court to **Exclude bullets and shell casings** and adopts the Memorandum in Support filed by co-defendant Martin Hunt in ECF no. 251 in support of this motion.

Respectfully submitted,

Eric Nixon

By:_____/s/_____
Nicholas R. Hobbs, Esq.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
Hobbs & Harrison
21- B East Queens Way

**JA243**

USCA4 Appeal: 21-4231    Doc: 79-1    Filed: 02/15/2023    Pg: 378 of 590

Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to the following : Amy Cross, Assistant United States Attorney, Fountain Plaza Three Suite 300, 721 Lakefront Commons, Newport News, Virginia 23606.


By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
Hobbs & Harrison
21- B East Queens Way
Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com

**JA245**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Newport News Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 4:17cr52** |
| | ) | |
| **RAYMOND PALMER,** | ) | |
| **Defendant.** | ) | |

## MOTION TO ADOPT CO-DEFENDANT MARTIN HUNT'S
## MOTION TO DISMISS

Defendant Raymond Palmer, by and through undersigned counsel, pursuant to

Rule 12 of the Federal Rules of Criminal Procedure and Local Rule 12 of the Local Rules

of the Eastern District of Virginia, moves the Court to adopt the Motion and

Memorandum in Support of Co-Defendant Martin Hunt's Motion to Dismiss, previously

filed by counsel for the co-defendant as ECF Docs. 248 and 249.

WHEREFORE, Defendant Raymond Palmer moves the Court to dismiss count 11

and adopts the Memorandum in Support by Co-Defendant Martin Hunt in ECF Doc. 249

in support of this motion.

Respectfully submitted,

RAYMOND PALMER

_____/s/_____
Jamison P. Rasberry, Esquire
Virginia State Bar No.: 77223
Counsel for Defendant
Rasberry Law, P.C.
1023 Laskin Road, Suite 101
Virginia Beach, VA 23451

Page 1 of 2

**JA246**

Telephone:     (757) 301-1821
E-mail:         jrasberry@gmail.com


### **CERTIFICATE OF SERVICE**


I certify that on this _10th_ day of May 2019, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification to all

counsel of record.


_____/s/_____
Jamison P. Rasberry, Esquire
VSB# 77223
Counsel for Defendant
Rasberry Law, P.C.
1023 Laskin Road, Suite 101
Virginia Beach, VA 23451
Telephone:     (757) 301-1821
E-mail:         jrasberry@gmail.com

**JA247**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Newport News Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 4:17cr52** |
| | ) | |
| **RAYMOND PALMER,** | ) | |
| **Defendant.** | ) | |

**MOTION TO ADOPT CO-DEFENDANT MARTIN HUNT'S
MOTION TO EXCLUDE**

Defendant Raymond Palmer, by and through undersigned counsel, pursuant to

Rule 12 of the Federal Rules of Criminal Procedure and Local Rule 12 of the Local Rules

of the Eastern District of Virginia, moves the Court to adopt the Motion and

Memorandum in Support of Co-Defendant Martin Hunt's Motion to Exclude, previously

filed by counsel for the co-defendant as ECF Docs. 250 and 251.

WHEREFORE, Defendant Raymond Palmer moves the Court to exclude bullets

and shell casings and related testimony.

Respectfully submitted,

RAYMOND PALMER

_____/s/_____
Jamison P. Rasberry, Esquire
Virginia State Bar No.: 77223
Counsel for Defendant
Rasberry Law, P.C.
1023 Laskin Road, Suite 101
Virginia Beach, VA 23451
Telephone:    (757) 301-1821
E-mail:       jrasberry@gmail.com

**JA248**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this _10th_ day of May 2019, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a notification to all

counsel of record.


_____/s/_____
Jamison P. Rasberry, Esquire
VSB# 77223
Counsel for Defendant
Rasberry Law, P.C.
1023 Laskin Road, Suite 101
Virginia Beach, VA 23451
Telephone:    (757) 301-1821
E-mail:        jrasberry@gmail.com

**JA249**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:17cr52-9 |
| | ) | |
| GIOVANNI DOUGLAS | ) | |

## DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT MARTIN HUNT'S MOTION TO DISMISS

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion and Memorandum in Support of co-defendant Martin Hunt's Motion to Dismiss, previously filed by counsel for the co-defendant as ECF Document Nos. 248 and 249, as this motion relates to similar counts against defendant Giovanni Douglas in counts 14 and 15 in the Superseding Indictment.

WHEREFORE, Defendant Giovanni Douglas moves the Court to dismiss counts 14 and 15 and adopts in support of this motion the Motion and Memorandum in Support filed by co-defendant Martin Hunt as ECF Document Nos. 248 and 249.

Respectfully Submitted,

GIOVANNI DOUGLAS

By:/s/  Harry Dennis Harmon, Jr.
          Of Counsel

**JA250**

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

**JA251**

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov


                   By:<u>/s/   Harry Dennis Harmon, Jr.        </u>
                    Harry Dennis Harmon, Jr., Esquire
                    Virginia State Bar No. 32395
                    Attorney for Giovanni Douglas
                    5900 E. Virginia Beach Blvd., Suite 208
                    Norfolk, Virginia 23510-2487
                    Telephone No: (757) 623-2353
                    Facsimile No: (757) 623-2354
                    E-Mail: harryharmonjr@gmail.com

**JA252**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

UNITED STATES OF AMERICA          )
                                  )
                                  )
v.                                )   Criminal No. 4:17cr52-9
                                  )
                                  )
GIOVANNI DOUGLAS                  )

<u>DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT
MARTIN HUNT'S MOTION TO EXCLUDE</u>

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion and Memorandum in Support of co-defendant Martin Hunt's Motion to Exclude, previously filed by counsel for the co-defendant as ECF Document Nos. 250 and 251.

WHEREFORE, Defendant Giovanni Douglas moves the Court to exclude the bullets and shell casings and adopts in support of this motion the Motion and Memorandum in Support filed by co-defendant Martin Hunt as ECF Document Nos. 250 and 251.

Respectfully Submitted,

GIOVANNI DOUGLAS

By:<u>/s/  Harry Dennis Harmon, Jr.  </u>
            Of Counsel

1

**JA253**

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

2

**JA254**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov


By: /s/   Harry Dennis Harmon, Jr.
     Harry Dennis Harmon, Jr., Esquire
     Virginia State Bar No. 32395
     Attorney for Giovanni Douglas
     5900 E. Virginia Beach Blvd., Suite 208
     Norfolk, Virginia 23510-2487
     Telephone No: (757) 623-2353
     Facsimile No: (757) 623-2354
     E-Mail: harryharmonjr@gmail.com

3

**JA255**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 4:17cr52-9 |
| | ) | |
| | ) | |
| GIOVANNI DOUGLAS | ) | |

### DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT DESHAUN RICHARDSON'S MOTION TO SEVER

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion and Memorandum in Support of co-defendant Deshaun Richardson's Motion to Sever, previously filed by counsel for the co-defendant as ECF Document Nos. 267 and 269.

WHEREFORE, Defendant Giovanni Douglas moves the Court to grant the Motion to Sever and adopts in support of this motion the Motion and Memorandum in Support filed by co-defendant Deshaun Richardson as ECF Document Nos. 267 and 269.

Respectfully Submitted,

GIOVANNI DOUGLAS

By: /s/  Harry Dennis Harmon, Jr.
Of Counsel

1

**JA256**

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

**JA257**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov



By: <u>/s/   Harry Dennis Harmon, Jr.</u>
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

3

**JA258**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 4:17cr52-9 |
| | ) | |
| | ) | |
| GIOVANNI DOUGLAS | ) | |

<u>DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT
DESHAUN RICHARDSON'S MOTION IN LIMINE TO BAR SYMBOLS</u>

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion and Memorandum in Support of co-defendant Deshaun Richardson's Motion in Limine to Bar Symbols, previously filed by counsel for the co-defendant as ECF Document Nos. 260 and 261.

WHEREFORE, Defendant Giovanni Douglas moves the Court to grant the Motion in Limine to Bar Symbols and adopts in support of this motion the Motion and Memorandum in Support filed by co-defendant Deshaun Richardson as ECF Document Nos. 260 and 261.

Respectfully Submitted,

GIOVANNI DOUGLAS

By: <u>/s/  Harry Dennis Harmon, Jr.   </u>
Of Counsel

1

**JA259**

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

2

**JA260**

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov


                             By:<u>/s/   Harry Dennis Harmon, Jr.</u>
                                Harry Dennis Harmon, Jr., Esquire
                                Virginia State Bar No. 32395
                                Attorney for Giovanni Douglas
                                5900 E. Virginia Beach Blvd., Suite 208
                                Norfolk, Virginia 23510-2487
                                Telephone No: (757) 623-2353
                                Facsimile No: (757) 623-2354
                                E-Mail: harryharmonjr@gmail.com

**JA261**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)


UNITED STATES OF AMERICA            )
                                    )
                                    )
v.                                  )   Criminal No. 4:17cr52-9
                                    )
                                    )
GIOVANNI DOUGLAS                    )


<u>DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT XAVIER GREENE'S
MOTION TO COMPEL DISCLOSURE OF STATEMENTS MADE BY
CO-DEFENDANTS WHICH INCRIMINATE DEFENDANT</u>

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion of co-defendant Xavier Greene's Motion to Compel Disclosure of Statements Made by Co-Defendant, which Incriminate Defendant, previously filed by counsel for the co-defendant as ECF Document No. 273.

WHEREFORE, Defendant Giovanni Douglas moves the Court to grant the Motion to Compel Disclosure of Statements Made by Co-Defendant, which Incriminate Defendant and adopts in support of this motion the Motion filed by co-defendant Xavier Greene as ECF Document Nos. 273.

1

**JA262**

Respectfully Submitted,

GIOVANNI DOUGLAS

By: /s/  Harry Dennis Harmon, Jr.
         Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov

By:<u>/s/   Harry Dennis Harmon, Jr.         </u>
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

**JA264**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

UNITED STATES OF AMERICA        )
                                )
                                )
v.                              )   Criminal No. 4:17cr52-9
                                )
                                )
GIOVANNI DOUGLAS                )

<u>DEFENDANT'S MOTION TO ADOPT CO-DEFENDANT</u>
<u>DESHAUN RICHARDSON'S AND XAVIER GREENE'S MOTION</u>
<u>FOR ADDITIONAL PEREMPTORY STRIKES</u>

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure and Rule 12 of the Local Rules of the Eastern District of Virginia to adopt the Motion of co-defendant Deshaun Richardson's and Xavier Greene's Motions for Additional Peremptory Strikes, previously filed by counsel for the co-defendants as ECF Document Nos. 256 and 272.

WHEREFORE, Defendant Giovanni Douglas moves the Court to grant the Motions for Additional Peremptory Strikes and adopts in support of this motion the Motions filed by co-defendants Deshaun Richardson and Xavier Greene as ECF Document Nos. 256 and 272.

Respectfully Submitted,

GIOVANNI DOUGLAS

By: <u>/s/  Harry Dennis Harmon, Jr.</u>
        Of Counsel

1

**JA265**

```
Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com
```

**JA266**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov


By:<u>/s/   Harry Dennis Harmon, Jr.        </u>
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

3

**JA267**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

UNITED STATES OF AMERICA          )
                                  )
                                  )
v.                                )    Criminal No. 4:17cr52-9
                                  )
                                  )
GIOVANNI DOUGLAS                  )

<u>DEFENDANT'S MOTION FOR EARLY *JENCKS*</u>
<u>MATERIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

COMES NOW the defendant, Giovanni Douglas, by and through counsel, and moves this Honorable Court for the entry of an Order requiring disclosure of *Jencks* material under the *Jencks* Act, 18 U.S.C. Section 3500(c).  In addition, the defendant moves under Rule 12(i) of the Federal Rules of Criminal Procedure for the disclosure of early *Jencks* material to defense counsel prior to any suppression hearing or other pretrial evidentiary hearing.

The defendant respectfully moves this Court to request the identification and assurance of production of those witness interviews and communications which, though not directly within the statutory definition of a "statement," may otherwise be needed by the defendant for impeachment or as exculpatory evidence.  More specifically the defendant requests the following:

1. That the Court order preservation of any communication from any government witness to a government agent, whether a state or

<div align="center">**JA268**</div>

federal investigatory agent of the attorney, which communication
is not considered by the government to fall within the ambit of
"*Jencks* Material" pursuant to 18 U.S.C. Section 3500, including,
but not limited to, the government's and defendant's version of
the offense portion of any witnesses' pre-sentence report, the
witnesses' responses on any polygraph examination, and
communications made by electronic recording, and other types of
mechanical or electronic means. The defendant does not limit his
request to, but specifically requests, communications between
informants and/or "cooperating individuals" to any such agent or
attorney.

2. That the Court order the preservation and availability of
notes, memoranda and/or reports of interviews by any government
agent, whether Federal, state or local, with any witness,
including, but not limited to, informants, or "cooperating
individuals," for the purpose of permitting a knowledgeable
proffer at the appropriate time and/or for the Court to examine
such materials.

<u>Memorandum of law</u>

*Jencks* Act material should be furnished to the defense so as
to enable the defense sufficient time to utilize this material in
a meaningful manner before trial. *United States v. Holmes*, 722
F.2d 37(4th Cir. 1983).

**JA269**

The defendant's request under paragraph 1, *supra*, is buttress by the proposition in *Dennis v. United States*, 384 U.S. 855, 873 (1966), that the prosecution should not have "exclusive access to a storehouse of relevant fact." Communications between government agents and government witnesses which are not protected from early disclosure by the "*Jencks* Act", 18 U.S.C. section 3500, may be exculpatory or impeaching in nature, and should be produced by the government under the due process principles announced by the United States Supreme Court in *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 105 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963).

In addition, courts have held that material in probation file relating to the credibility of a key witness should be disclosed to the defense. See *United States v. Strifer*, 851 F.2d 1197 (9th Cir. 1988).

The *Jencks* Act, 18 U.S.C. Section 3500(c), provides that the Court make accommodation, upon request by defendant's counsel, so that counsel be provided adequate time to make meaningful use of *Jencks* material. That section states:

> "Whenever any statement is delivered to a defendant pursuant to this section, the Court in it discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use at trial."

**JA270**

If the witness's statements are voluminous, the government may agree to, and the Court may order, early disclosure in order to avoid undue delay during trial. In *United States v. Holmes*, *supra*, the Fourth Circuit approved early disclosure in such cases.

The defendant moves the Court for an order preserving for later review of all written statements, notes, reports or memoranda of communications between government witnesses and government agents for the purpose of a late proffer by the defense or a later request that this Court review such information *in camera* for purposes of disclosure, if necessary.

The defendant moves the Court equally important relief under paragraph 2, *supra*, requiring the government not to destroy notes, reports or memoranda of interviews between government agents and witnesses which *arguably* constitute *Jencks* Act material, so that such materials can be subject to disclosure upon the defendant's application at a later time, such as at the trial in this matter. As noted in *United States v. Harris*, 543 F.2d 1247, 1250 (9th Cir. 1976), the notes taken by federal investigative agents and interviews with prospective government witnesses may constitute discoverable materials under 18 U.S.C. Section 3500. The notes should not be destroyed prior to timely determination by this Court on the question of whether the notes constitute *Jencks* Act material to be disclosed at appropriate

**JA271**

times in this proceeding. *See generally,* United *States v. Bryant*, 439 F.2d 642 (1971); Comment, *Judicial Response to Governmental Loss or Destruction of Evidence*, 39 U.Chi.L.Rev. 542 (1972).

In *United States v. Harrison*, 524 F.2d 421, (D.C. Cir. 1975), the court held that: (1) it is the Court's decision, not the government's, to decide whether the rough interview notes taken by agents of the FBI in interviewing eyewitnesses are discoverable and what constitutes a producible government agent. The Court held further that the rough handwritten notes taken by government agents while interviewing witnesses are potentially discoverable materials and are required to be preserved and produced even if the notes were discoverable under the *Jencks* Act. Finally the Court held the FBI's practice of destroying the notes after the preparation of the witness interview report was not justified on the grounds that preservation of the notes would impose an intolerable burden on the FBI. *See also*, *United States v. Maynard*, 476 F.2d 1170, 1176-78 (D.C. Cir. 1973); *United States v. Bundy*, 472 F.2d 1266, 1267 (D.C. Cir. 1972).

In the *United States v. Terrell*, 474 F.2d 872, 877 (2nd Cir. 1973), the Second Circuit Court of Appeals held the *Jencks* Act imposed no duty on law enforcement officers to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith. The purpose of the instant

**JA272**

motion is to place the government on notice that any destruction of its agents' rough notes cannot be in good faith from this time forward.  The importance of *Terrell* is that such rough notes are producible, except when they are destroyed in good faith.  The defendant submits that no destruction can be in good faith after the defendant's request for the preservation of such rough notes.

Such notes may also constitute *Brady* material and the determination of whether the notes are of such value should be left, at the very least, to this Court's discretion, rather than that of a government agent.

It is not suggested by paragraph 1 or 2 that this Court, at this time, peruse voluminous government files to ascertain which information may or may not constitute *Jencks* or *Brady* material. Rather, the defendant request that only communications, interview notes and memoranda, whether or not considered by the government as *Jencks* Act or *Brady* material, be preserved.  Only then will the defendant be afforded the opportunity to make specific requests for information regarding said communications or notes, reports and memoranda, as the defense becomes familiar with the testimony of government witnesses during the proceedings in this matter.  For example, the testimony of a government witness may not clarify an issue or detail important to the defense.  The original communication or notes, report and memoranda of an interview between that witness and the government may resolve

**JA273**

that issue or detail.  This matter may concern a detail in a communication or note, report and memoranda that a government agent never recorded in a final written report of the interview. If the communication or note, report and memoranda, of that interview is still available, it may be of significant importance to the truth-seeking function of this proceeding to produce such communication or note, report and memoranda.

Respectfully Submitted,

GIOVANNI DOUGLAS


By:/s/  Harry Dennis Harmon, Jr.
           Of Counsel


Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

**JA274**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov

By: /s/  Harry Dennis Harmon, Jr.
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

**JA275**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )   Criminal No. 4:17cr52-9
                              )
                              )
GIOVANNI DOUGLAS              )


DEFENDANT'S MOTION TO DISMISS DUE TO DEFECT IN
SUPERSEDING INDICTMENT

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court to dismiss Counts Fourteen and Fifteen due to a defect in the Superseding Indictment.

The defendant was charged in a Superseding Indictment, under the incorrect name "Giovanni Douglas". The Superseding Indictment alleged the defendant under the incorrect name "Giovanni Douglas" was associated with the "36th Street Bang Squad," an alleged criminal enterprise, in violation of Title 18, United States Code § 1962(d). The defendant was specifically charged under the incorrect name, "Giovanni Douglas," in Counts Fourteen and Fifteen of the Superseding Indictment. Count Fourteen charged the defendant with Attempted Murder in Aid of Racketeering Activity,

1

**JA276**

in violation 18 U.S.C. §§ 1959(a)(5) and 2. Count Fifteen of the Superseding Indictment charged the defendant with Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

The defendant is cognizant of the law and acknowledges that matters of form that do not alter an essential element to the prejudice of the defendant may be corrected by amendment. *United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir. 1990). The defendant, however, objects to the defect in the spelling of his name in the Superseding Indictment and does not waive his right to challenged this defect.

WHEREFORE, defendant Giovanni Douglas moves the Court to dismiss Counts Fourteen and Fifteen due to a defect in the Superseding Indictment.

Respectfully Submitted,

GIOVANNI DOUGLAS

By: /s/   Harry Dennis Harmon, Jr.
                Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

JA277

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion and Memorandum with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov

By: <u>/s/   Harry Dennis Harmon, Jr.</u>
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

**JA278**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)


UNITED STATES OF AMERICA        )
                                )
                                )
v.                              )   Criminal No. 4:17cr52-9
                                )
                                )
GIOVANNI DOUGLAS                )


<u>DEFENDANT'S MOTION TO DISMISS DUE TO VIOLATION OF SPEEDY TRIAL
ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

COMES NOW the defendant, Giovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to the Sixth Amendment to the United States Constitution and the Speedy Trial Act 18 U.S.C. 3161 and 3162 to dismiss counts 14 and 15 of the Superseding Indictment.

The defendant was charged in a Superseding Indictment, which alleged his association with the "36th Street Bang Squad," an alleged criminal enterprise, in violation of Title 18, United States Code § 1962(d). The defendant was charged, along with co-defendant Xavier Greene, in Counts Fourteen and Fifteen of the Superseding Indictment. Count Fourteen charged the defendant with Attempted Murder in Aid of Racketeering Activity, in violation 18 U.S.C. §§ 1959(a)(5) and 2. Count Fifteen of the Superseding

1

**JA279**

Indictment charged the defendant with Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

The Speedy Trial Act provides in 18 U.S.C. 3161 3162(c)(1) that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent."

Subsection (7)(A) states that "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, [is permissible] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this

2

**JA280**

paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Under subsection (B)(i) and (ii), the judge shall consider the following factors, among others, in determining whether to grant a continuance under subparagraph (7)(A) of this paragraph: Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; or 2. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

The United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, (1972) held that the court should utilized a balancing test, which considered the length of the delay of the trial, the reason or reasons for the delay of the trial, the defendant's assertion of his speedy trial right and the prejudice to the defendant caused by the delay of the trial in ascertaining whether a defendant's right to a speedy trial have been violated.

3

**JA281**

In the case at bar, the defendant was transferred in connection with the above criminal charges from the custody of Buckingham Correctional Center to the custody of Western Tidewater Regional Jail on March 2, 2018. A redacted copy of the Superseding Indictment was filed on April 26, 2018, three-days after the 30-day deadline set forth in 18 U.S.C. 3161 (b). *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440 (4th Cir. 2008).

Due to the complexity of the case the District Court scheduled the trial in this matter for October 15, 2019, approximately nineteen (19) months after the filing of the Superseding Indictment. This very long delay has presumptively prejudiced the defendant's ability to prepare his defense. *Doggett v. United States*, 505 U.S. 647 (1992). For example, the longer the delay in the trial, the greater the harm done to the defendant's alibi defense due to the lost of his witnesses and his witnesses' inability to remember the specific details concerning the events of the alleged crimes, which in the defendant's case will be four (4) years and two (2) months, when this case precedes to trial.

WHEREFORE, defendant Giovanni Douglas moves the Court pursuant to the Sixth Amendment to the United States Constitution

and the Speedy Trial Act 18 U.S.C. 3161 and 3162 to dismiss
counts 14 and 15 of the Superseding Indictment.

Respectfully Submitted,

GIOVANNI DOUGLAS

By:/s/  Harry Dennis Harmon, Jr.
        Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Giovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

5

**JA283**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th of May 2019, I will electronically file the foregoing Motion and Memorandum with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov

By: <u>/s/   Harry Dennis Harmon, Jr.        </u>
    Harry Dennis Harmon, Jr., Esquire
    Virginia State Bar No. 32395
    Attorney for Giovanni Douglas
    5900 E. Virginia Beach Blvd., Suite 208
    Norfolk, Virginia 23510-2487
    Telephone No: (757) 623-2353
    Facsimile No: (757) 623-2354
    E-Mail: harryharmonjr@gmail.com

**JA284**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 4:17cr52 |
| | ) |
| MARTIN L. HUNT, | ) |
| a/k/a "O.G. Martin," | ) |
| | ) |
| XAVIER GREENE, | ) |
| a/k/a "BJ," | ) |
| | ) |
| DESHAUN RICHARDSON, | ) |
| a/k/a "Day Day," | ) |
| | ) |
| RYAN TAYBRON, | ) |
| a/k/a "22" and "Ryan Savage," | ) |
| | ) |
| ERIC NIXON, | ) |
| a/k/a "Young Nix" and "Lil Nix," | ) |
| | ) |
| GIOVANNI DOUGLAS, | ) |
| a/k/a "Gio" and "Twin," | ) |
| | ) |
| RAYMOND PALMER, | ) |
| a/k/a "Ray Dog," | ) |
| | ) |
| ANTHONY ACKLIN, | ) |
| a/k/a "Von," | ) |
| | ) |
| MELISSA TAYBRON, | ) |
| | ) |
| SADE TAYBRON, | ) |
| | ) |
| and | ) |
| | ) |
| PHYLISS TAYBRON, | ) |
| | ) |
| Defendants. | ) |

CONSOLIDATED RESPONSE OF THE UNITED STATES
TO DEFENDANTS' PRETRIAL MOTIONS

The United States of America, by it attorneys, G. Zachary Terwilliger, United States

1

**JA285**

Attorney for the Eastern District of Virginia, and undersigned counsel, respectfully submits this consolidated response to the below-listed motions. The consolidated response begins with a procedural background section. To the extent factual discussion is required in response to a motion, that factual discussion is contained in the specific motion response section. Unless otherwise specified herein, references to a defense "Motion" are to the particular motion to which the responsive section is addressed.

In total, defendants have filed over thirty pleadings containing motions and/or accompanying memorandum of law (in some cases consolidated into one pleading). A number of these motions seek to join or adopt motions filed by other defendants or seek the same relief (such as dismissal, exclusion of evidence or severance). For purposes of review and to avoid needless repetition, the United States has grouped its responses to these various motions based on the type of relief sought. For the reasons stated herein, the United States respectfully submits that the defendants' motions should be denied. This consolidated response provides answers to the following motions:

| | TITLE | PAGE |
|------|-------|------|
| I. | RESPONSE TO MOTION TO DISMISS<br>ECF 248, 249, 252, 262, 264, 274, 275 | 7 |
| II. | RESPONSE TO MOTION TO EXCLUDE<br>ECF 250, 251, 253, 263, 268, 271, 276 | 31 |
| III. | RESPONSE TO MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES<br>ECF 256, 257, 272, 280 | 59 |
| IV. | RESPONSE TO MOTION FOR USE OF JURY QUESTIONNAIRE<br>ECF 258, 259 | 61 |
| V. | RESPONSE TO MOTION IN LIMINE TO BAR SYMBOLS<br>EFC 260, 261, 278 | 66 |

**JA286**

VI.    RESPONSE TO PRECLUDE TESTIMONY OR OTHER          70
       EVIDENCE OF INCARCERATION
       ECF 265, 266

VII.   RESPONSE TO MOTION TO SEVER                      72
       ECF 267, 269, 277, 282, 284, 286, 290, 291

VIII.  RESPONSE TO MOTION FOR JENCKS MATERIAL AND       81
       BRADY / GIGLIO MATERIAL
       ECF 270, 281

IX.    RESPONSE TO DEFENDANT XAVIER GREENE'S            84
       MOTION FOR DISCLOSURE OF CO-DEFENDANTS'
       STATEMENTS INCRIMINATING DEFENDANT
       ECF 273, 279

X.     RESPONSE TO MOTION TO DISMISS DEFECT             88
       IN SUPERSEIDNG INDICTMENT
       ECF 283

XI.    RESPONSE TO MOTION FOR SPEEDY TRIAL              90
       ECF 285

**JA287**

PROCEDURAL BACKGROUND

On April 26, 2018, a federal grand jury returned a twenty-nine count superseding indictment (also referred to herein as "the indictment") against twelve individuals, in connection with a racketeering conspiracy and other substantive crimes involving firearms, violence, drug trafficking and witness tampering. ECF 90.   The charged case concerns the activities of the members and associates of 36th Street Bang Squad, a violent street gang that operated in the Peninsula area of the Eastern District of Virginia and elsewhere from in or about at least 2015 until at least mid-2017.

The superseding indictment charges various of the defendants with the following counts: Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Murder in Aid of Racketeering ("VICAR Murder"), in violation of 18 U.S.C. §§ 1951(a)(1) and 2 (Counts 2, 6, 8); Using, Carrying, and Discharging a Firearm During and in Relation to, and Possession and Discharging of a Firearm in Furtherance of, a Crime of Violence Resulting in Murder, in violation of 18 U.S.C. §§ 924(j)(1) and 2 (Counts 3, 7, 9);   Attempted Murder in Aid of Racketeering Activity ("VICAR Attempted Murder"), in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Counts 4, 14, 16, 18, 21, 23); Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2 (Counts 5, 11, 13, 15, 17, 18, 22, 24); Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) and 2 (Count 12); Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity (VICAR Attempted Assault with a Dangerous Weapon), in violation of 18 U.S.C. §§ 1959(a)(6) and 2 (Count 10); Tampering with Witness, in violation of 18 U.S.C. §§ 1512(b)(1) and 2; Conspiracy to Distribute and Possess with Intent to Distribute Marijuana and Cocaine Base, in violation of 21 U.S.C. § 846 (Count 25); Maintaining Drug Involved Premise, in violation of 21

4

**JA288**

U.S.C. § 856(a)(1) (Count 26); Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 27, 28); and False Statement During Firearm Purchase, in violation of 18 U.S.C. §§ 922(a)(6) and 2 (Count 29).   Additionally, the superseding indictment contained a Notice of Special Findings that set forth certain threshold intent and statutory aggravating factors, as found in 18 U.S.C. §§ 3591, 3592.

Following the appointment of counsel, counsel for the defendants entered into joint discovery orders with the United States.   *See e.g.,* ECF 161, 163, 165, 167, 169, 172, 174, 176, 187.   The United States undertook to provide discovery to all counsel for the defendants.   The discovery first production was provided in June 2017 to counsel for the initial group of four defendants in the indictment, consisting of records from Facebook, incident reports, jail and 911 calls, video and written interviews as well as case reports.   After the return of the superseding indictment, those defendants that were facing death eligible charges were provided with individualized mitigation background records in May and June of 2018.

On June 19, 2018, all counsel received a discovery production consisting of a searchable electronic database consisting of over 1,200 pages that consisted of, among other records, homicide case materials for the Dwayne Parker and Domingo Davis / Jada Richardson homicides. A second production of over 4,000 pages consisting of lab report information, search warrants, incident reports, jail calls, facebook documents and other records was produced on August 3, 2018. In October 2018, a third production consisting of over 3,000 pages, including police reports, additional videos, a defense subpoena return from the Department of Forensic Science (over 2,000 pages) and mail covers were produced.   Additional production occurred in March 2019.   The United States also advised counsel that certain jail call and video files would be available for review at the office of the United States Attorney.

5

**JA289**

At arraignments beginning on May 29, 2018, the Court scheduled this case for a status hearing on October 3, 2018, so that the United States could notify the Court and defendants as to whether the United States would seek a sentence of death.   This status hearing was subsequently continued to November 6, 2018.   On October 12, 2018, the United States filed separate notices of its intent not to seek sentences of death against each eligible defendant.   A status hearing being no longer required, a jury trial was scheduled for October 15, 2019.   On February 22, 2019, the time for filing pretrial motions was set by Court Order to May 10, 2019, with responses of the United States due June 7, 2019.   ECF   On May 10, 2019, the defendants filed various pretrial motions to which the United States now responds.[1]

---

[1] Defendant SADE TAYBRON filed a motion to sever past this deadline, to which the United States also responds.   ECF 291, 292.   On June 6, 2019, after the motions deadline, defendant PHYLLIS TAYBRON filed a motion to sever.   ECF 293, 204.   The United States will review and respond as required.

6

**JA290**

I.    <u>RESPONSE TO MOTION TO DISMISS</u>: ECF 248, 249, 252, 262, 264, 274, 275

<div align="center">I<small>NTRODUCTION</small></div>

Defendants move, pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) to dismiss various counts of the superseding indictment that charge violations of Sections 924(c) and/or 924(j). Specifically, in the initial motion to dismiss filed by defendant HUNT (ECF 248, 249), Counts 7 and 9 are challenged, which charge defendants with Use of a Firearm Resulting in Death, in violation of 18 U.S.C. § 924(j). These charges relate to the murders of Jada Richardson and Domingo Davis that occurred on April 6, 2015, for which the predicate crimes of violence include Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (as charged in Count 1 of the superseding indictment); and Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) (as charged in Counts 6 and 8 of the superseding indictment, which references Virginia Code Ann. §§ 18.2-32 and 18.2-18).

Counts 5 and 13 charge the defendants with Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). These charges relate to shootings conducted by the defendants on April 5, 2015 and June 5, 2015, respectively. The predicate crime of violence for Count 5 is Attempted Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (as charged in Count 4 of the superseding indictment, which references Virginia Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18). The predicate crime of violence for Count 13 is Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (as charged in Count 11 of the superseding indictment, which references Virginia Code Ann. §§ 18.2-32, 18.2-26, 18.2-22 and 18.2-18).

Following the filing of defendant HUNT's motion to dismiss, various other defendants

<div align="center">7</div>

<div align="center">**JA291**</div>

filed motions to adopt this motion, as pertains to particular counts.   Specifically, defendant NIXON challenges Counts 17, 19, 22 and 24; defendant RICHARDSON challenges Counts 7 and 9; defendant PALMER challenges Counts 11; defendant GREENE challenges Counts 3, 7, 9 and 15; and defendant DOUGLAS challenges Counts 14 and 15.[2]   As with defendant HUNT's motion, each adjoining motion challenges Section 924(c) or 924(j) counts.

As a group, these motions challenge whether the specified predicate crimes of violence in support of the Section 924(c) or 924(j) charges, to wit: VICAR Murder, VICAR Attempted Murder and VICAR Attempted Assault with a Dangerous Weapon, are proper "crimes of violence"

<u>DISCUSSION</u>

A.   Applicable Law

When considering a defense motion to dismiss an indictment, the district court must accept as true the factual allegations as they are set forth in the indictment.   *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (citing *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)).   The court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial."   *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012).   An indictment "will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to the charge the offense."   *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

Thus, all that is required at this stage is for the indictment to sufficiently plead the elements

---

[2] Defendant DOUGLAS challenges Count 14 along with Count 15.   Count 14 charges DOUGLAS with attempted murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) – thus, not a violation of Section 924(c).   Defendant DOUGLAS advances no arguments why this VICAR Attempted Murder should be dismissed.

of the offenses charged. Motions to challenge the sufficiency of an indictment are limited to the allegations contained in the indictment, not on pretrial discovery that has been produced thus far. *Engle*, 676 F.3d at 415 (4th Cir. 2012). "A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.'" *Id.* (citing *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)); *see also Bergrin*, 650 F.3d at 265 ("A ruling on a motion to dismiss is not . . . a permissible vehicle for addressing the sufficiency of the government's evidence.") (citations omitted); *United States v. DeLaurentis*, 230 F.3d 659, 660-661 (3d Cir. 2000) (same). Indeed, the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *DeLaurentis*, 230 F.3d at 661.

Under 18 U.S.C. § 924(c), it is a federal crime to use or carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence. Section 924(c) defines "crime of violence" as a federal offense that is a felony and—

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). The first clause (A) is often called the "force" or "elements" clause; the second clause (B) is often called "the residual clause" or "the risk of force clause."

"A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm," is guilty of violating § 924(j). Section 924(j) provides

that, "if the killing is a murder (as defined in section 1111)," it shall "be punished by death or by imprisonment for any term of years or for life."    18 U.S.C. § 924(j)(1).

Defendants first contend that the residual clause of Section 924(c)(3)(B) is unconstitutionally vague and, further, that the predicate offenses charged as crimes of violence in this case are not crimes of violence under the force clause.    In *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019)[3] the Fourth Circuit determined that the residual clause was unconstitutionally vague, thus, the United States will not advance arguments to the contrary at this time.    The ultimate determination on the constitutionality of the residual clause of Section 924(c) is currently pending before the Supreme Court in *United States v. Davis*, No. 18-431.    As a decision is expected before the end of the current term, the United States respectfully requests that the Court hold any ruling on this issue until *Davis* is decided.

B.    The Predicate Crimes of Violence

In this case, defendants are charged with multiple Section 924(c) counts and, in the case of HUNT, RICHARDON and GREENE, multiple counts of Section 924(j), as follows:

| Section 924(c) Count | Defendant(s) | Predicate Crime(s) of Violence |
|---|---|---|
| 3 | GREENE | RICO Conspiracy; VICAR Murder: (murder of Dwayne Parker) |
| 5 | HUNT | VICAR Attempted Murder |
| 7 | HUNT, GREENE, RICHARDSON | RICO Conspiracy; VICAR Murder: (murder of Domingo Davis) |
| 9 | HUNT, GREENE, RICHARDSON | RICO Conspiracy; VICAR Murder: (murder of Jada Richardson) |

---

[3] The defendants reference *Simms* as a pending case that has yet to be decided.

| 11 | PALMER | VICAR Attempted Assault with a Dangerous Weapon |
| 13 | HUNT | VICAR Attempt and Conspiracy to Commit Murder |
| 15 | GREENE, DOUGLAS | VICAR Attempted Murder |
| 17 | TAYBRON, NIXON | VICAR Attempted Murder |
| 19 | TAYBRON, NIXON | VICAR Attempted Murder |
| 22 | TAYBRON, NIXON | VICAR Attempted Murder |
| 24 | TAYBRON, NIXON | VICAR Attempted Murder |

Although just the three Section 924(j) counts reference the RICO Conspiracy as a predicate crime of violence (which count contains special sentencing factors relating to the murders of Dwayne Parker, Domingo Davis and Jada Richardson) (ECF 90, p. 14), the United States will submit a special verdict form for each count, requiring the jury to select the applicable predicate offense for each count.

Each Section 924(c) count is sufficient so long as one of the identified predicate offenses charged qualifies as a crime of violence.   The United States submits that as Section 924(c) and 924(j) count includes one predicate offense that undeniably qualifies under the elements clause that the motion should be denied. The United States turns first to the predicate crimes of VICAR Murder, VICAR Attempted Murder and VICAR Attempted Assault with a Dangerous Weapon, and then turns to the RICO Conspiracy charge.

        1.     VICAR Murder

Defendants argue that VICAR Murder, listed as predicate offenses for Counts 3, 7

11

**JA295**

and 9 is not a crime of violence.   In so arguing, defendants reference instructions given to the jury under provisions of the Virginia Code (which appear to be taken from a separate case and a separate pleading) and also claim that murder does not require the use of any force. Defendants offer no case law to support the "patently incredulous" argument that "shooting and killing another person is not a crime that involves the use of force," *United States v. Hicks*, No. 2:96-cr-80335 (VAR), 2018 WL 3207976, at *2 (E.D. Mich. June 29, 2018), and the government is aware of none.

Every court to address the issue (including this one)[4] has held that VICAR Murder is a crime of violence under the elements clause because it has, as an element, the use of force. *See, e.g.*, *United States v. Baires*, 206 F. Supp. 3d 1167, 1180 (E.D. Va. 2016) (VICAR murder and felony murder under § 1111); *United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548 (D. Md. 2016) (VICAR murder); *United States v. Machado-Erazo*, 986 F. Supp 2d 39, 53-54 (D.D.C. 2013) (VICAR murder); *United States v. Russell*, No. 05-cr-401 (ILG), 2018 WL 3213274 (E.D.N.Y. June 29, 2018) (VICAR murder); *United States v. Umaña,* No. 3:08-cr-134 (RJC), 2017 WL 373458, a t *4-6 (W.D.N.C.   Jan.   25,   2017)   (VICAR   murder); *United States v. Mathis,* No. 3:14-cr-16 (GEC), 2016 WL 8285758, a t *4-5 (W.D. Va. Jan. 25, 2016) (VICAR kidnapping and murder); *cf. Hicks*, 2018 WL 3207976, at *2 (murder of a

---

[4] In a memorandum opinion and order in *United States v. Simmons*, et al. (2:16cr130), this Court concluded that VICAR murder and VICAR attempted murder constitute "crimes of violence." ECF 513.   The Court also considered a VICAR Assault with a Dangerous Weapon charge, looking to the elements of Va. Code Ann. § 18.2-282, and concluding this was not a crime of violence.   Although the superseding indictment in this case does contain a predicate crime of violence based on VICAR Attempted Assault with a Dangerous Weapon, that charge in Count 10 references a different state statute – Va. Code Ann. § 18.2-51.

witness under 18 U.S.C. § 1512(a) satisfies elements clause).

Courts have differed on the analytical approach used to analyze VICAR Murder, but defendants cannot prevail on their claim regardless of which approach this Court adopts. The United States contends that the correct approach evaluates VICAR predicates by a generic, federal definition, not by the underlying state statute. *See Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016) ("Section 1959 reaches the generic conduct described therein without concern for the labels a state may use in criminalizing the conduct that qualifies as a VICAR predicate."); *United States v. Le*, 316 F. Supp. 2d 355, 361 & n.13 (E.D. Va. 2004) (same; collecting cases); *see also United States v. Lobo-Lopez*, 206 F. Supp. 3d 1084, 1097 (E.D. Va. 2016), *dismissed*, 697 F. App'x 187 (4th Cir. 2017) (unpublished) ("Importantly, § 1959(a) refers to "murder," but does not define that term; thus, it is appropriate to look to the definition of felony murder set forth in 18 U.S.C. § 1111"); *United States v. Jones,* No. 7:16-cr-30026 (MFU), 2017 WL 3725632, at *5 (W.D. Va. 2017) (looking to federal generic definition); 129 Cong. Rec. 22, 906 (98th Cong. 1st Sess. Aug 4, 1983) ("While Section [1959] proscribes murder, kidnapping, maiming, assault with a dangerous weapon, and assault resulting in serious bodily injury in violation of federal or State law, it is intended to apply to these crimes *in a generic sense*, whether or not a particular State has chosen those precise terms for such crimes.") (emphasis added).

Section 1959 requires proof of five elements: (1) the organization is a RICO enterprise; (2) the enterprise engaged in racketeering activity as defined in RICO; (3) the defendant had a position in that enterprise or was seeking to gain position in the enterprise; (4) the defendant committed the alleged crime of violence in violation of state law; and (5) the defendant's

13

**JA297**

general purpose in doing so was to maintain or increase position in the enterprise. *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). Here, element four—the crime of violence in violation of state law—is murder. Importantly, however, the state law is not itself an element of the crime and it need not be alleged in the indictment; rather, it is sufficient if the jury is instructed on the underlying state crime. *United States v. Carillo*, 229 F.3d 177, 183-84, 186 (2d Cir. 2000).

To determine whether a particular predicate violation incorporated into a federal statute, such as § 1959, falls within the "generic definition" of a particular type of offense, the Supreme Court has examined state and federal statutes existing at the time Congress enacted the federal statute at issue and analogous provisions of the Model Penal Code (MPC) to determine the prevailing definition of the offense at that time. *See, e.g.*, *Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393 (2003); *see also* 129 Cong. Rec. 22, 906 (98th Cong. 1st Sess. Aug 4, 1983); *Cousins*, 198 F. Supp. 3d at 626; *see also United States v. Simmons*; 917 F.3d 312, 317-18 (4th Cir. 2019).

In 1984, when § 1959 was enacted, the principal analogous federal statute was 18 U.S.C. § 1111—the same statute listed within the 18 U.S.C. § 924(j) count. The Senate Report regarding § 1959 indicates that Congress intended § 1959's reference to murder to include violations of 18 U.S.C. § 1111, but also to expand the scope of covered murders to include "generic murder" because, in part, Congress viewed § 1111 as too restrictive. *See* S. Rep. No. 98-225 at 305-06, 311. Thus, the analysis here logically begins with § 1111 as the core definition of murder. For the crime of murder in the first degree (premeditation), the elements of a § 1111 violation are:

1.      The defendant unlawfully killed the victim;

2.      The defendant acted with malice aforethought;

3.      The killing was premeditated; and

4.      The killing occurred within the special maritime or territorial jurisdiction of the United States.

*See, e.g.*, *United States v. Shaw*, 701 F.2d 367, 392-93 (5th Cir. 1983); 8th Circuit Model Crim. Jury Instructions § 6.18.1111A (2003); 5th Circuit Model Crim. Jury Instructions § 2.55 (2001); 10th Circuit Model Crim. Jury Instructions § 2.52 (2006); 11th Circuit Model Crim. Jury Instructions § 45.1 (2003). For the crime of murder in the first degree (felony murder), the elements are:

1.      The defendant unlawfully killed the victim;

2.      The death of the victim occurred as a consequence of, and during the commission of, or attempted commission of, one of the enumerated felonies in the statute (arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed); and

3.      The killing occurred within the special maritime or territorial jurisdiction of the United States.

*See, e.g.*, *United States v. Thomas*, 34 F.3d 44, 48-49 (2d Cir. 1994); *United States v. Chischilly*, 30 F.3d 1144, 1159-60 (9th Cir. 1994); *United States v. Miguel*, 338 F.3d 995, 1005 (9th Cir. 2003); 10th Circuit Model Crim. Jury Instructions § 2.52.1 (2006); 11th Circuit

Model Crim. Jury Instructions § 45.2 (2003).[5]

Generic federal murder, as summarized in § 1111, thus involves the use, attempted use, or threatened use of force and meets the elements clause of § 924(c)(3)(A). Indeed, the Fourth Circuit has held that 18 U.S.C. § 1111(a) and § 1513(a)(1)(B) are categorically crimes of violence. *In re Irby*, 858 F.3d 231, 236-37 (4th Cir. 2017). *Irby* specifically rejected the argument that murder is not categorically a crime of violence because it can occur "without applying direct force." *Id.* at 236 (citing *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014)). As *Irby* put it, "[i]t is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." *Id.* (quoting *United States v. Checora*, 155 F. Supp. 3d 1192, 1197 (D. Utah 2015)). *Irby* also rejected the "illogical result" of holding "a more serious offense (murder) outside the force clause while permitting less-serious offenses (robbery) to remain under the clause." *Id.* at 237. *Irby* is consistent with the overwhelming weight of authority in holding that § 1111, and thus the generic federal definition of murder, meets the elements clause of § 924(c)(3)(A). *See, e.g.*, *United States v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) ("In this case, there is no question that ... second degree murder, if committed by an adult, would be a felony crime of violence."); *United States. v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds*, 673 F.3d 1038 (9th

_____

[5] Section 1111 provides that any other kind of murder, *i.e.*, any other killing of a human being with malice aforethought, is second degree murder. Section 1111, and jurisprudence applying that statute, is also consistent with the MPC's generic definition of murder at the time VICAR was enacted, which included: (1) intentional, knowingly or purposeful murder, (2) murder committed recklessly with extreme indifference to the value of human life and (3) felony murder. MPC § 210.2

**JA300**

Cir. 2011) ("Both first- and second-degree murder constitute crimes of violence"); *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) ("Under [§ 1111], there are three types of murder relevant to this case…. Proof of any of these forms of murder would support the enhanced punishment provided for under 18 U.S.C. § 924(j)(1)); *see also United States. v. Cuong Gia Le,* 206 F. Supp. 3d 1134, 1147 (E.D. Va. 2016) (in VICAR murder context, Va. Code § 18.2–32 involves use or threatened use of force).

The defendants' reliance on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) (ECF 249 at 15), does not assist them for two reasons. First, the Supreme Court expressly rejected the argument, advanced by defendants here, that murder can be accomplished without the use of force, and thus rejected the rationale of *Torres-Miguel*, in *United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014). In *Castleman,* the Court construed *Johnson v. United States*, 559 U.S. 133 (2010), holding  that "the common-law concept of 'force' encompasses  even its indirect application," and "[i]t is  impossible to cause bodily injury without applying force in the common-law sense." *Id.* at 1414–15. Addressing  the poisoning  hypothetical directly,  the Supreme Court held that the "'use of  force'" in *Castleman*'s example is not the   act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id.* at 1415. Relevant here, the Court concluded that "[u]nder *Castleman*'s logic, after all, one could say that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Id.* Accordingly,  *Castleman*  forecloses the Defendants' argument on this point.

17

**JA301**

Second, the Fourth Circuit "has confirmed and reaffirmed in several decisions that the direct versus indirect use of force distinction articulated in *Torres-Miguel* has been abrogated by *Castleman*." *United States v. Covington*, 880 F.3d 129, 134 (4th Cir. 2018); *see also Irby*, 858 F.3d at 238 ("the distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison 'involves no use or threatened use of force,' no longer remains valid in light of *Castleman*'s explicit rejection of such a distinction"); *United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017). Thus, to the extent *Torres-Miguel* remains good law in this Circuit, it does not stand for the proposition advanced by Defendants. The fact remains that a person cannot, in any real world setting, intentionally murder someone without exerting a physical force upon the victim.[6]

---

[6] The most recent touchstone is the Supreme Court's opinion in *Dimaya* itself. Beyond holding that 18 U.S.C. § 16(b) is unconstitutionally vague, *Dimaya* also addressed how courts classify offenses as crimes of violence or violent felonies for purposes of sentencing enhancements, and did so in a way that further undercuts *Torres-Miguel*. The *Dimaya* plurality opinion stated that,   in assessing crimes of violence, "a court must not only identify the conduct . . . but also gauge its potential consequences. Or phrased differently, evaluating the risk of 'physical force' itself entails considering the risk of 'physical injury.'" *Id.* at 1220–21. The Court added that "the force/injury distinction is unlikely to affect a court's analysis of whether a crime qualifies as violent." *Id.* at 1221. The "force/injury distinction" describes the crux of *Torres-Miguel*, and the *Dimaya* plurality's rejection of that distinction is consistent with *Torres-Miguel*'s abrogation. *See Battle   v. United States*, No. 11-cr-110 (ELH), 2018 WL 1992412, at *10 (D. Md. Apr. 26, 2018) (applying *Dimaya*, *Irby*, and *Reid* in rejecting defendant's argument that *Torres-Miguel* remains good law).

18

**JA302**

Defendants' reliance on the underlying state murder statute is incorrect, because "[m]urder under either [RICO or VICAR] ... is not simply a federalized version of the state crime.    Rather, it is a distinct substantive offense that requires proof of its own particular elements." *United States v. Mahdi*, 598 F.3d 883, 890 (D.C. Cir. 2010). Nonetheless, even if this Court examines the underlying state murder statute, it too satisfies the elements/force clause of § 924(c)(3)(A).

The superseding indictment identifies Va. Code Ann § 18.2-32 as the relevant state offense.    That provision provides:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony.

Va. Code Ann § 18.2-32. Section 18.2-32 requires the government to prove that: (1) the defendant killed the victim; (2) the killing was done with malice; and (3) the killing was willful, deliberate, and premeditated.  *See Smith v. Commonwealth*, 808 S.E.2d 848, 852 (Va. App. 2018). As noted above, these elements undeniably involve the use of force, and therefore meet the elements clause of § 924(c)(3)(A).  *See Cuong Gia Le*, 206 F. Supp. 3d at 1147 (Va. Code § 18.2– 32 involves use or threatened use of force); *Osman v. Osman*, 737 S.E.2d 876, 879 (Va. 2013) (Virginia murder is "the unlawful killing of another with malice."). Thus, the Virginia state murder statute also meets the elements clause because it has, as an element, the use of force.[7]

---

[7] In any event, even if there is a meaningful difference between the federal and state definitions of attempt, that discrepancy can be addressed in jury instructions, and the government will

19

**JA303**

2.    VICAR Attempted Murder

As discussed *supra*, every court to address the issue has held that VICAR murder is a crime of violence under the elements clause because it has, as an element, the use of force. *See, e.g.*, *United States v. Baires*, 206 F. Supp. 3d 1167, 1180 (E.D. Va. 2016) (VICAR murder and felony murder   under § 1111); *United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548 (D. Md. 2016) (VICAR  murder); *United States v. Machado-Erazo,* 986 F. Supp 2d 39, 53-54 (D.D.C. 2013) (VICAR murder); *United States v. Russell*, No. 05-cr-401 (ILG), 2018 WL 3213274 (E.D.N.Y. June 29, 2018) (VICAR murder); *United States v. Umaña,* No. 3:08-cr-134 (RJC), 2017 WL 373458, at *4-6 (W.D.N.C. Jan. 25, 2017) (VICAR murder); *United States v. Mathis,* No. 3:14-cr-16 (GEC), 2016 WL 8285758, at *4-5 (W.D. Va. Jan. 25, 2016) (VICAR kidnapping and murder); *cf. Hicks*, 2018 WL 3207976, at *2 (murder of a witness under 18 U.S.C. § 1512(a) satisfies elements clause); *Matthews v. United States*, 2016 WL 6459633 at *3 (E.D. Tenn., 2016) (murder, in violation of 18 U.S.C. § 924(j)(1), is a crime of violence under the force clause).

Accordingly, the analysis of VICAR attempted murder as a crime of violence is straightforward. Section 924(c)(3)(A) includes offenses that have, as an element, the "attempted use … of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). VICAR attempted murder is, by definition, the attempted use of physical force to commit murder. 18 U.S.C. § 1959(a)(5). Logically, therefore, attempted murder must qualify as an attempted use of physical force and must therefore fall under the elements clause

---

agree to instruct on whichever standard is higher.

of § 924(c)(3)(A). No further analysis is necessary. *See United States v. Solorzano*, No. 12-cr-236 (GPC), 2017 WL 2172211, at *7 (S.D. Cal. May 17, 2017).

If the Court analyzes this issue beyond the plain text of § 924(c)(3)(A) and § 1959(a)(5), the Court should apply the federal attempt standard for the reasons stated above. *See United States v. Khalil*, 279 F.3d 358, 369 (6th Cir. 2002) (applying federal law of "attempt" to determine the sufficiency of the evidence of an attempted assault with a dangerous weapon, in violation of Ohio law). This result is mandated by the plain language of the statute and the accompanying legislative intent. Section 1959 provides, in relevant part, that it is a crime for anyone who "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon ... any individual in violation of the laws of any state or the United States, or attempts or conspires so to do." 18 U.S.C. § 1959(a). It is particularly significant that this provision explicitly requires the list of generic crimes to be in violation "of the laws of any state or the United States," but the phrase "or attempts or conspires so to do" comes after, not before, the requirement that the list of generic crimes be "in violation of the laws of any state." Thus, for attempts and conspiracies, the generic, uniform federal attempt standard applies.

The legislative history regarding § 1959 confirms that Congress intended to apply the federal law of attempt under § 1959. In describing the generic offenses incorporated into § 1959, Congress stated that:

> While Section [1959] proscribes murder, kidnapping, maiming, assault with a dangerous weapon, and assault resulting in serious bodily injury in violation of federal or State law, it is intended to apply to these crimes in a generic sense, whether or not a particular State has chosen those precise terms for such crimes.

21

**JA305**

129 Cong. Rec. 22, 906 (98th Cong. 1st Sess. Aug. 4, 1983). Moreover, the Senate Report

regarding § 1959 states that: "Racketeering activity is defined to incorporate the definition set

forth in present Section 1961.    Attempted murder, kidnaping, maiming and assault are also

covered." S. Rep. 98-225 at 307. This passage indicates that attempts to commit the listed

generic offenses are included under § 1959 regardless of whether state law proscribes attempts

to commit the listed generic offenses.   Logically, then, the federal standard should apply.

Under federal law, the crime of attempt is commensurate with the definition appearing

in the MPC, "requiring (1) culpable intent to commit the crime charged and (2) a substantial

step towards the completion of the crime." *United States v. Dozier*, 848 F.3d 180, 186 (4th Cir.

2017). As the Seventh Circuit explained in *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017),

an attempt to commit a crime of violence is necessarily also a crime of violence. This is so for

two reasons. First, to establish that an attempt crime occurred, the government must offer

"proof of intent to commit all elements of the completed crime." *Id.* at 719.   Second, a

defendant need not use   actual force to commit a crime of violence, because § 924(c)(3)(A)

specifies that "attempted force" is sufficient. *Id.* Combining these premises, "[w]hen a

substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt

to commit that offense also is a violent felony." *Id.* The same logic applies here.  Because the

perpetrator of an attempted murder must intend to commit murder itself, it follows that

attempted murder is a crime of violence under § 924(c)(3)(A). *See also United States v. St.

Hubert*, 883 F.3d 1319, 1333 (11th Cir. 2018) ("Like substantive Hobbs Act robbery,

attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) . . . because

that clause expressly includes 'attempted use' of force.").   Under this analysis, it follows

**JA306**

logically that VICAR attempted murder is a crime of violence.

There can be no dispute that the focus of the attempt—VICAR murder—is a crime of violence. *See, e.g.*, *United States v. J.J.*, 704 F.3d 1219, 1222 (9th Cir. 2013) ("In this case, there is no question that ... second degree murder, if committed by an adult, would be a felony crime of violence."); *United States. v. Begay*, 567 F.3d 540, 552 (9th Cir. 2009), *overruled on other grounds*, 673 F.3d 1038 (9th Cir. 2011) ("Both first- and second-degree murder constitute crimes of violence"); *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) ("Under [§ 1111], there are three types of murder relevant to this case.… Proof of any of these forms of murder would support the enhanced punishment provided for under 18 U.S.C. § 924(j)(1).").

And, as the Seventh Circuit explained in *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017), an attempt to commit a crime of violence is necessarily also a crime of violence. This is so for two reasons. First, to establish that an attempt crime occurred, the government must offer "proof of intent to commit all elements of the completed crime." *Id.* at 719. Second, a defendant need not use actual force to commit a crime of violence, because § 924(c)(3)(A) specifies that "attempted force" is sufficient. *Id.* Combining these premises, "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *Id.* The same logic applies here. Because the perpetrator of an attempted murder must intend to commit murder itself, it follows that attempted murder is a crime of violence under § 924(c)(3)(A). *See also United States v. St. Hubert*, 883 F.3d 1319, 1333 (11th Cir. 2018) (attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)); *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016)

**JA307**

(attempted drive-by shooting is a violent felony); *United States v. Mansur*, 375 Fed. Appx. 458, 463–64 (6th Cir. 2010) (attempted robbery is a violent felony); *United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006) (an attempt to commit any crime treated as a violent felony in § 924(e)(2)(B)(ii) is itself a violent felony).   Thus, attempted VICAR murder has, as an element, the use, attempted use, or threatened use of force under the elements clause.

Even if this Court looks only to the Virginia definition of attempted murder, the result would be no different.   *See Cuong Gia Le*, 310 F.Supp.2d at 783 (noting it appears that "§ 1959 incorporates state law with respect to attempts and conspiracies," but finding it unnecessary to decide). Under Virginia law, the government must prove "the intent to commit the crime and the doing of some direct act toward its consummation," short of completion. *Johnson*, 163 S.E.2d at 573. Thus, a defendant who attempts to commit murder must intend to commit murder and, therefore, there must be a use, attempted use, or threatened use of force.

3.    VICAR Attempted Assault with a Dangerous Weapon

Defendants next contend that VICAR Attempted Assault with a Dangerous Weapon is not a crime of violence based on a particular section of the Virginia Code.   Defendants incorrectly reference Virginia Code Sections 18.2-53 and 18.2-282 and inapplicable jury instructions.   (ECF 249 at 16).   Count 10 of the superseding indictment, however, references Virginia Code Section 18.2-51.

Only defendant PALMER is charged with a Section 924(c) count that has as a predicate a VICAR Attempted Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 1959(a)(6).   "At common law, 'assault' had two meanings, one being criminal assault, which is an attempt to commit battery, and the other being tortious assault, which is an act that puts

24

**JA308**

another in reasonable apprehension of immediate bodily harm." *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982). "Furthermore, where the assault is of the first type, i.e., an attempted battery, the victim need not have experienced reasonable apprehension of immediate bodily harm, and the fact that the battery is actually committed does not result in a merger therein of the assault; proof of a battery supports a conviction for assault." *Id.* In 1984, when § 1959 was enacted, the principal analogous federal assault offense was found in 18 U.S.C. § 113. *United States v. LeCompte*, 108 F.3d 948, 952 (8th Cir. 1997). An "assault" within the meaning of § 113 "is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm," *LeCompte*, 108 F.3d at 952, as well as any attempt to intentionally use unlawful force against another person, regardless of whether the victim "experienced reasonable apprehension of immediate bodily harm." *Guilbert*, 692 F.2d at 1343.[8] *See also Cousins*, 198 F. Supp. 3d at 626 (common law definition of assault with a dangerous weapon "requires a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately.")

The VICAR predicate offense, as charged in Count 10, comports with this generic definition. The state statute violated in the course of this crime is listed as Va. Code Ann. § 18.2-51, which provides:

---

[8] The MPC definition is consistent with these cases. *See* MPC § 211.1 Cmt. at 172, 177-78, 188.

25

**JA309**

VA. Code § 18.2-51 Shooting, stabbing, etc., with intent to maim, kill, etc.:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Section 18.2-51 incorporates the attempted battery concept and, accordingly, comports with the the generic federal definition of assault with a dangerous weapon.   Again, defendants do not analyze the correct underlying state statute, but to the extent they would argue that this crime could be committed recklessly, as was an issue in the Fourth Circuit's treatment of a similar North Carolina Statute in *Simmons*, 917 F.3d at 319, the Virginia statute requires an intent beyond recklessness.   In *United States v. James*, 718 F. App'x 201, 204 (4th Cir. 2018) (unpublished), the Fourth Circuit held "We find that Virginia unlawful wounding, by virtue of requiring not only the causation of bodily injury but also the specific intent to maim, disfigure, disable, or kill, necessarily involves the use of violent force or, at minimum, the attempted or threatened use of such force." *Id.* at 202; *see also United States v. Jenkins,* 719 Fed. Appx. 241, 242 (4th Cir. 2018)(unpublished), *cert. denied*, 17-9343, 2018 WL 3009028 (U.S. Oct. 1, 2018) (same). The Fourth Circuit's conclusion relied upon, and is consistent with, Virginia's interpretation of § 18.2-51. *See Com. v. Vaughn,* 557 S.E.2d 220, 222 (Va. 2002) ("Malicious and unlawful wounding requires that the accused has the specific intent to 'maim, disfigure, disable or kill' the victim of the attack.").

The United States first asserts that the generic federal standard applies.   When Section 1959 was enacted, the generic federal assault definition included both the concept of criminal assault (an attempt to commit battery), and the tortious assault (reasonable apprehension of immediate bodily harm). *Guilbert,* 692 F.2d at 1343; *see also Cousins*, 198

26

**JA310**

F. Supp. 3d at 626 (common law definition of assault with a dangerous weapon "requires a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately."). This definition is the same as that contained within § 1959(a)(6). Accordingly, VICAR "Assault with a Dangerous Weapon Resulting in Serious Bodily Injury, as generically defined, requires the use, attempted use, or threatened use of force, and qualifies as a crime of violence under the force clause of § 924(c)(3)(A)." *Id.*

In 1984, when Section 1959 was enacted, the principal analogous federal assault offense was found in 18 U.S.C. § 113(c), which required the government to prove "(1) that the victim was assaulted, (2) with the use of a dangerous weapon, and (3) with the intent to inflict bodily harm." *United States v. LeCompte*, 108 F.3d 948, 952 (8th Cir. 1997).[9] An "assault" within the meaning of § 113 "is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person b against whom the attempt is made in fear of immediate bodily harm," *LeCompte*, 108 F.3d at 952, as well as any attempt to intentionally use unlawful force against another person, regardless of whether the victim "experienced reasonable apprehension of immediate bodily harm." *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982).[9] This definition comports with the common law definition of assault with a dangerous weapon, which "requires a physical act, utilizing a dangerous weapon, that

---

[9] *See also United States v. Watts*, 798 F.3d 650, 653 (7th Cir. 2015); *United States v. Taylor*, 686 F.3d 182, 188-89 (3d Cir. 2012); *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010); *United States v. Herron*, 539 F.3d 881, 886 (8th Cir. 2008); *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 (5th Cir. 1998) (per curium).

signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately." *Cousins*, 198 F. Supp. 3d at 626.

VICAR Attempted Assault with a Dangerous Weapon satisfies all variations of this definition. The defendants intentionally used a dangerous weapon—a firearm—to injure another person, which was a physical act; the use of the firearm was an unlawful use of force; and the firearm used is a dangerous weapon that gave defendants the apparent present ability to inflict injury, putting the victim in fear of immediate bodily harm. Accordingly, this predicate crime of violence has, as an element, the attempted use or threatened use of force and qualifies as a crime of violence under the force clause of §924(c)(3)(A). Additionally, the same arguments related to *attempted* murder are applicable in this context to *attempted* assault with a dangerous weapon.

4.    RICO Conspiracy

Defendants also contend that the RICO Conspiracy charged as a predicate crime of violence relating to the Section 924(j) murders of Dwayne Parker, Domingo Davis and Jada Richardson is not a crime of violence because it does not have as an element the use, attempted use, or threatened used of physical force. But here, the RICO conspiracy for defendants HUNT, GREENE and RICHARDSON qualifies as a crime of violence under the elements clause because Count One includes "Special Sentencing Factors" charging defendants with premeditated murder under state law, Va. Code Ann. §§ 18.2-32 and 18.2-18. (ECF 90 at p. 14). These Special Sentencing Factors are designed to satisfy requirements for increasing statutory maximums, set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In turn, application of *Apprendi* alters the analysis and mandates the conclusion that the charged RICO

conspiracy is a crime of violence under § 924(c)(3)(A).[10]

RICO's penalty provision provides, in relevant part, that upon conviction a defendant "shall be . . . imprisoned not more than 20 years." 18 U.S.C. § 1963(a). Thus, the RICO statutory maximum is twenty years. The statutory maximum increases to life imprisonment only "if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment." *Id.* In this case, the Special Sentencing Factors charge defendants with racketeering activity (specifically, three premeditated murders) that carries a maximum life sentence. And, under *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490; *see also United States v. Nguyen*, 255 F.3d 1335, 1343-44 (11th Cir. 2001).

Moreover, as *Apprendi* held, "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime. *Apprendi,* 530 U.S. at 490. More precisely, the facts are "the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." *Id.* at 494 n. 19. Thus, while the Special Sentencing Factor is not an element of the general RICO conspiracy, it is an element of the RICO conspiracy as charged against defendants HUNT, GREENE and RICHARDSON, because it increases the statutory maximum beyond 20 years. *Nguyen*, 255 F.3d at 1343-44; *cf. United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004) (drug quantity not element for a drug conspiracy unless quantity increases sentence beyond statutory maximum).

---

[10] The United States understands that this Court came to a contrary conclusion in its prior opinion in *Simmons*, based upon a finding that the RICO Conspiracy charge lacked the requirement of a violent overt act.   (2:16cr130, ECF 513 at p. 10-11).

By definition, once the Special Sentencing Factor is an element of the charged crime, it may satisfy § 924(c)(3)(A) so long as the crime proved include the use, attempted use, or threatened use of force as an element. Here, that is precisely what the government will prove at trial, and to make the jury's finding clear on this element, the government will provide a special verdict form requiring them to check whether this Special Sentencing Factor has been proven.

## CONCLUSION

As each of the Section 924(c) or 924(j) counts properly charge predicate crimes that constitute crimes of violence under the force clause, the United States respectfully submits that the defendants' motions to dismiss should be denied.

**JA314**

II.     RESPONSE TO MOTION TO EXCLUDE: ECF 250, 251, 253, 263, 268, 271, 276

INTRODUCTION

In this motion to exclude, the defendants seek to exclude evidence of the examination and findings related to the recovered bullets and cartridge casings from various crime scenes. The government intends to introduce at expert testimony from several forensic scientists in the Firearm and Toolmark Section of the Virginia Department of Forensic Science ("DFS"). The examiners will testify, consistent with the DFS reports and supporting documentation produced to the defense, about the characteristics of bullets and spent shell or cartridge casings found at numerous crime scenes during the investigation of this case and the connections of this evidence between firearms and crime scenes.

In the course of the shootings and murders charged in the superseding indictment, crime scene technicians recovered ballistic evidence.   In certain instances, recovered cartridge casings from one crime scene were determined to forensically match cartridge casings from a subsequent crime scene, such that the same firearm was used.   In one instance, a recovered firearm was matched to cartridge casings from the crime scene of the murders of Domingo Davis and Jada Richardson.   The United States anticipates that firearms and toolmark examiners from the Virginia Department of Forensic Science, who will be appropriately noticed, qualified and designated as experts, will testify as to the scientific field of firearm and toolmark identification, the particular type of examination and analysis employed and the results of the examination.   For example, 9mm casings recovered from the crime scene of the murder of Dwayne Richardson on March 8, 2015, match 9mm casings recovered from the scene of the murders of Domingo Davis and Jada Richardson that occurred on April 6, 2015.

31

**JA315**

This issue has received attention in other recent cases in this district (*see e.g., United States v. Simmons et al*., Criminal No. 2:16cr130) and, as in those other cases, the government is unaware of any court that has excluded toolmark examination expert testimony under *Daubert v. Merrell Dow Pharmas. Inc.*, 509 U.S. 579 (1993), or any other standard. Because there is no scientific or legal basis to exclude the testimony the government intends to offer, and because the proffered expert is fully qualified to offer her opinions, as described below, no *Daubert* hearing is necessary and the Motion should be denied.

The primary thrust of the defendants' motion is that firearms and toolmark examinations are not reliable under the standards of Federal Rule of Evidence 702 as well as *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). This is challenge to the field of evidence, itself, without regard to the individual qualifications of the examiner.

Further, defense claims that only the lab reports have been produced; however, the United States also produced examiner notes and other information pertaining to the examinations. In fact, shortly after the superseding indictment was returned, defendant HUNT caused to be issued Rule 17 subpoenas (without objection from the United States) requesting materials (including "[c]omplete case files for all analysis and interpretations…") from the Virginia Department of Forensic Science that include the lab numbers at issue in the firearms reports. ECF 195, 198. The return on these subpoenas was also provided to the United States and turned over in discovery to counsel for all defendants. Thus, the defendants are in possession of the information they claim to be lacking, including certificates of analysis, and background notes and information pertaining to the exams from examiners as well as chain of custody records. Over 2,000 documents were produced in response to these subpoenas,

which the United States also bate stamped (1-2421) and turned over.

<div align="center">DISCUSSION</div>

A.  Overview of firearms and toolmark forensic examination[11]

Firearm identification has been a forensic discipline since the 1920s.    *See* Hamby, J., "The History of Firearm and Toolmark Identification," AFTE Journal, Vol. 31(3), Summer 1999, pp. 266-84.    Firearms identification is a subset of the broader forensic discipline known as toolmark identification.    Toolmark examiners are trained to examine the marks left by tools on surfaces in an attempt to associate or "match" a toolmark to a particular tool that made the mark. Firearms are a subset of tools that impart marks; unlike most other tools, they primarily impart marks on bullets and cartridge cases.    *See* AFTE.org/resources/swggun-ark, Foundational Overview of Firearm/Toolmark Identification.

A firearm imparts different types of marks on the various components of a cartridge. With respect to bullets, cuts within a gun barrel ("grooves") and raised surfaces ("lands") create corresponding depressed "land impressions" and raised "groove impressions" as bullets travel through a barrel.    The twist imparted on a bullet can be either left or right, depending on the direction of the lands and grooves.    With respect to cartridge casings, contact between the cartridge and the breech create "breech face marks," and the impact of the firing pin on the primer creates a "firing pin impression" on the primer itself.    The working edges of tools, which include components of firearms that contact ammunition, generally consist of some type of hard material,

---

[11]  This overview section, which has been relied upon by the United States in pleadings in other cases addressing this issue, is based primarily on a series of affidavits authored by firearms and toolmark expert Stephen Bunch (formerly the Unit Chief with the FBI Firearms/Toolmark Unit, and now with the Virginia Department of Forensic Science), dated May 29, 2008, July 8, 2008, and June 5, 2009, in connection with *Frye* litigation in the District of Columbia.

<div align="center">33</div>

<div align="center">**JA317**</div>

such as steel, to ensure strength and durability of the tool, while work pieces are generally made of softer materials.   The surfaces of a tool that contact the material contain random, microscopic irregularities that are produced during the tool's manufacture or subsequent wear.   These irregularities, which are formed randomly, can individualize or distinguish one tool from another.   Because these irregularities or individual characteristics are typically imparted onto the work piece, the comparative study of the imparted markings allow the tool to be individually associated or identified as having produced the mark.   The presence, observation, and comparison of these random toolmarks on tools form the hypothetical propositions upon which the discipline of toolmark identification is based.

Firearm and toolmark identification is based upon two testable propositions:

Proposition #1:

Toolmarks imparted to objects by different tools will rarely if ever display agreement sufficient to lead a qualified examiner to conclude the objects were marked by the same tool.   That is, a qualified examiner will rarely if ever commit a false positive error (misidentification).

Proposition #2:

Most manufacturing processes involve the transfer of rapidly changing or random marks onto work pieces such as barrel bores, breech faces, firing pins, screwdriver blades, and the working surfaces of other common tools. This is caused principally by the phenomena of tool wear and chip formation or by electrical/chemical erosion.   Microscopic marks on tools may then continue to change from further wear, corrosion, or abuse.

*See* Bunch et al., "Is a Match Really a Match? A Primer on the Procedures and Validity of Firearm and Toolmark Identification," Forensic Science Communications, Vol. 11(3), July 2009.

Examiners are trained to recognize and evaluate the following characteristics: (1) class characteristics;   (2)   subclass   characteristics;   and   (3)   individual   characteristics.     Class

34

**JA318**

characteristics, such as caliber, number of land and grooves, etc., are predetermined during the manufacturing process.   For a fired bullet, class characteristics include the number of land and groove impressions, the direction of twist of the land and groove impressions, and the width of the land and groove impressions.   For a fired cartridge case, class characteristics are typically limited to the firing pin impression on the primer, which can appear in various shapes, including circular, rectangular, hemispherical, and elliptical shapes, and to the shape of the firing pin aperture and the type of breech face impression, which can be in different shapes and orientations, *e.g.*, arched, circular, parallel, etc.   These are measurable features of a specimen that indicate a restricted group source.   They result from design factors and are determined prior to manufacture.   *See* AFTE Glossary, 6th ed.

Subclass characteristics are more restrictive than class characteristics and are consistent among items manufactured by the same tool in the same approximate state of wear.   *Id.*   These characteristics typically exist within a particular production run in the manufacturing process and occasionally arise from (1) imperfections in a machine tool that persist during the production of multiple firearm components; or (2) extreme hardness differences between the machine tool and the workpieces.   Qualified examiners are trained to distinguish subclass characteristics from individual characteristics because identifications may not be made from subclass characteristics.

Individual characteristics, on the other hand, consist of microscopic, random imperfections in the barrel or firing mechanism created by the manufacturing process, wear, corrosion, or abuse. One set of individual characteristics comprises unintended microscopic features that occur due to the machining process and random chip formation during manufacturing.   Individual characteristics typically fall into two categories: (1) striated marks made by movement of a fired

bullet through a gun's barrel (typically appearing as scratches or striations), and (2) impressed marks that are pressed into a surface. A fired bullet usually has striated marks. A spent cartridge case, on the other hand, can have both impressed and striated marks. Before firing, the process of feeding the cartridge into the chamber can create striated marks. Once the firearm is fired, striated marks also can be imparted to the cartridge case wall (side), and impressed marks are imparted to the cartridge case by the gun's firing pin and breech. With semi-automatic weapons, additional marks can be made as the cartridge case is expelled from the gun. Marks produced by the random imperfections or irregularities of tool surfaces are produced incidental to manufacture and/or caused by use, corrosion, or damage. *See* AFTE Glossary, 6th ed. In general, the tool working surfaces in a firearm can slowly change over time from wear and may leave different marks on bullets and casings. As microscopic similarities diminish, the likelihood of an inconclusive result increases, but the likelihood of a false positive should remain unchanged.

Since the inception of firearms and toolmark identification as a forensic discipline, firearms examiners have been using a method known as "pattern matching" to determine whether sufficient similarity exists between toolmarks to warrant a conclusion that two bullets or two cartridge cases came from the same firearm. In 1992, AFTE memorialized the Theory of Identification to explain the basis of opinions of common origin in toolmark comparisons:

1.  The theory of identification as it pertains to the comparison of toolmarks enables opinions of common origin to be made when the unique surface contours of two toolmarks are in "sufficient agreement."

2.  This "sufficient agreement" is related to the significant duplication of random toolmarks as evidenced by the correspondence of a pattern or combination of patterns of surface contours. Significance is determined by the comparative examination of two or more sets of surface contour patterns comprised of individual peaks, ridges and furrows. Specifically, the relative height or depth, width, curvature and spatial relationship of the

36

**JA320**

individual peaks, ridges and furrows within one set of surface contours are defined and compared to the corresponding features in the second set of surface contours. Agreement is significant when *the agreement in individual characteristics* exceeds the best agreement demonstrated between toolmarks known to have been produced by different tools and is consistent with agreement demonstrated by toolmarks known to have been produced by the same tool. The statement that "sufficient agreement" exists between two toolmarks means that the agreement *of individual characteristics* is of a quantity and quality that the likelihood another tool could have made the mark is so remote as to be considered a practical impossibility.

3.  Currently the interpretation of individualization/identification is subjective in nature, founded on scientific principles and based on the examiner's training and experience.

Committee for the Advancement of the Science of Firearm & Toolmark Identification, "Theory of Identification as it Relates to Toolmarks: Revised," AFTE Journal, Vol. 43(4), Fall 2011, p. 287; *see also* AFTE Criteria for Identification Committee: Theory of Identification, Range of Striae Comparison Reports and Modified Glossary Terms—An AFTE Criteria for Identification Committee Report, AFTE Journal, Vol. 24(3), 1992, pp. 336-40; and AFTE Glossary 6th Edition at 136.

The discipline of firearm and toolmark identification follows a recognized examination methodology involving two phases of analysis. The first phase focuses on an objective evaluation of the existing class characteristics. If they are similar, the examination moves to the second phase involving the comparative microscopic evaluation of individual characteristics that culminates in an opinion of sufficient agreement, which is subjective. The levels of analysis firearm and toolmark examiners follow to determine a common source are outlined as follows:

1.  Evaluation (Objective): The initial examination phase evaluates evidence to determine if the observed class characteristics are the same between two specimens (two unknown specimens, or an unknown and a known specimen). If the specimens are suitable for examination and the class characteristics are the same, then it is possible that the toolmarks were

**JA321**

produced utilizing the same tool (such as a firearm). If they are different, then the two specimens can be eliminated as having been produced by the same tool.

2. Comparison (Subjective—Pattern Matching): If the class characteristics are consistent between two specimens, then a comparative examination is performed utilizing a comparison microscope. The methodology utilized in the examination process is pattern matching. This comparison is conducted to determine: 1) if any marks present are subclass characteristics and/or individual characteristics, and 2) the level of correspondence of any individual characteristics.

3. Conclusion: If sufficient agreement of individual characteristics is observed between two specimens, an identification conclusion is rendered. If all of the discernible class characteristics are the same, but sufficient agreement of the individual characteristics is not observed, an inconclusive result is rendered.[12] In some situations, an elimination conclusion may be rendered based on observed differences in individual characteristics.

4. Verification: A verification process is employed to ensure proper conclusions are rendered. As outlined in a laboratory's quality assurance policy, a mechanism should be in place to determine which cases will require verification. Many laboratories, including DFS, require verification of all identifications.

*See* afte.org/resources/swggun-ark/summary-of-the-examination-method.

Using this methodology for examining toolmarked surfaces, there are four conclusions that examiners reach when conducting an examination: (1) identification, (2) inconclusive, (3) elimination, and (4) unsuitable for comparison. Examiners undergo standardized technical training designed to develop the cognitive skills that allow them to recognize the patterns of individual characteristics necessary to make an identification. However, there is no way to be *absolutely* (100%) certain of any identification without comparing a particular set of marks to

---

[12] The AFTE Glossary (6th Edition) describes three subcategories of inconclusive results: (1) Agreement of all discernible class characteristics and some agreement of individual characteristics, but insufficient for an identification; (2) Agreement of all discernible class characteristics without agreement or disagreement of individual characteristics due to an absence, insufficiency or lack of reproducibility; (3) Agreement of all discernable class characteristics and disagreement of individual characteristics, but insufficient for an elimination.

38

**JA322**

marks created by every firearm produced since the invention of the modern day firearm—an impossible endeavor. Thus, an examiner cannot rule out with absolute certainty the highly unlikely event that two different firearms will produce indistinguishable individual characteristics. To date, such an occurrence, however, remains theoretical.

The field of forensic firearm and toolmark identification continues to undergo testing in the form of (1) technical research; (2) validation studies; and (3) proficiency testing. Validation studies are the most comprehensive way to test and validate firearms and toolmark identification as a reliable forensic science. These tests involve "ground truth," such that it is known with absolute certainty where each of the test components came from. Using the same methods and identification criteria as those in actual casework, qualified examiners have consistently reached correct conclusions with exceptionally low error rates, as described further below. Even where researchers have studied bullets and cartridge cases fired from consecutively manufactured firearms—where the possibility of a false-positive conclusion is at its highest—trained examiners readily have been able to distinguish marks produced by the various firearms.

B. Testimony by Firearm Examiners

Firearms evidence has been admitted in American courts for over a century. Over that time, the manner in which firearms examiners articulate an identification of a cartridge case or bullet to a known exemplar has been refined. Historically, many firearms examiners made identifications in absolute terms to the exclusion of all others. However, as the firearms and toolmark community evolved and embraced language that would not overstate the significance of a firearms identification under the AFTE Theory of Identification, the manner in which the significance of the identification is stated has evolved as well. The United States intends to elicit

39

**JA323**

testimony that is linked to the particular Certificate of Analysis at issue and that will communicate the examiner's conclusions to the jury without overstating or understating the probative nature of the conclusions.

C.   Training and Experience of the Proffered Expert Witnesses

In this case, the United States intends to call as witnesses a number of forensic scientists that specialize in firearms and toolmark examination.   These qualifications of these witnesses in terms of education and training will be provided to counsel for the defendants well in advance of trial, along with the appropriate Rule 702 expert notices.   The United States is aware that a number of these witnesses have testified in the fields of firearms and toolmark identifications and have been recognized as experts in federal court.   *See e.g., United States v. Wainwright*, (4:10cr16); *United States v. Pridgen*, (4:14cr59).

DFS requires its examiners to complete annual proficiency tests administered by Collaborative Testing Services, Inc., a leading forensic laboratory testing agency, in both firearm and toolmark examination.   The examiners who will testify have conducted forensic examinations of thousands of cartridge cases and thousands of bullets and testified as experts in state and federal court.

D.   The DFS laboratory

DFS is an independent state agency created by statute.   Va. Code Ann. § 9.1-1100.   The Director of DFS does not report to any local police department or federal agency.   *Id.* (Director of DFS acts "under the direction and control of the Governor").   The laboratory is accredited by the American Society of Crime Lab Directors Laboratory Accreditation Board and has been since

1989.13   DFS's firearms and toolmarks training and procedures manuals are publicly available.[14]

The laboratory's policy, in line with AFTE guidelines, requires all identifications of matches, and all eliminations of matches based on individual characteristics, to be verified by a second examiner.

E.   Results reported in the DFS Certificates of Analysis in this investigation

The government has produced the various Certificate of Analysis reports from DFS that are at issue and the defense has obtained the examiner notes and other supporting documentation.

F.   Request for Daubert Hearing

The defense argues that expert testimony regarding the toolmark analyses performed on the bullets and shell casings recovered during this investigation should be excluded completely. The government is unaware of, any court that has excluded similar testimony.   Indeed, the cases cited by the defense in support of its argument all *allowed* the challenged expert toolmark testimony.   *See, e.g.*, *United States v. Monteiro*, 407 F. Supp. 2d 351, 364 (D. Mass. 2006) (noting that no federal court has deemed firearm toolmark testimony inadmissible); *see also United States v. Hicks*, 389 F.3d 514, 526 (5th Cir. 2004) ("[w]e have not been pointed to a single case in this or any other circuit suggesting that the methodology … is unreliable").   Every court that has considered a challenge to the admission of expert testimony regarding toolmark examination of firearms, including motions to exclude under *Daubert* that cite the same 2009 NAS Report the defense relies on here, have rejected those challenges and allowed the testimony.   Courts that have

---

[13]   *See* http://www.dfs.virginia.gov/about-dfs/accreditations/.
[14]   *See* http://www.dfs.virginia.gov/wp-content/uploads/2017/09/240-D100-FX-TM-Procedures-Manual.pdf (2017); http://www.dfs.virginia.gov/wp-content/uploads/2016/08/240-D200-FX-TM-Training-Manual.pdf (2016).

41

**JA325**

examined the five factors set out by the Supreme Court in *Daubert* have universally concluded that firearms identifications based on the AFTE Theory of Identification described above should be admitted.

In addition to the blanket request for exclusion, the defense also argues that a *Daubert* hearing is required because (1) there is a "lack of proper documentation" as to the specifics and nature of the examinations undergirding the conclusions of the various reports; and (2) "it is not known if the expert has scientific, technical, or other specialized knowledge, if the testimony is based on sufficient facts or data, or if the expert has reliably applied the principles and methods to the facts of the case." Mot. at 14. But the defense itself subpoenaed and received the DFS casefiles for the examinations at issue, which include precisely the notes, records, photographs, and detailed conclusions the defense claims to need. Those voluminous pages of casefile materials, most of which relate to the challenged toolmark and firearms examinations, along with the description of the proffered expert's credentials and the DFS standard operating procedures cited above are more than sufficient to protect the defendants' Sixth Amendment right to confront adverse witnesses.

Given that the defense already has been or will be provided with the documentation the motion claims to lack; the credentials of the proffered experts; and the unanimity of decisions in this and other circuits allowing such expert testimony, no *Daubert* hearing need be held. *See United States v. Ashburn*, 88 F. Supp. 3d 239, 244-45 (E.D.N.Y. 2015) (Garaufis, J.) (holding that because "[f]indings made in numerous other federal cases provide the court with a well-documented record regarding the proffered testimony and the methodology at issue," no separate *Daubert* hearing was required).

42

**JA326**

1.    Firearms and Toolmark analysis passes the Rule 702 test[15]

In *Daubert*, the Supreme Court provided a non-exhaustive list of factors to consider when evaluating the admissibility of expert testimony under Rule 702, including whether a theory or technique (1) has been or can be tested; (2) has a known or potential rate of error; (3) has been subjected to peer review and publication; (4) has standards controlling the technique's operation; and (5) enjoys acceptance within the relevant scientific community.   *Daubert*, 509 U.S. at 593-94.   Although *Daubert* was limited to scientific evidence, the Supreme Court later clarified that the courts' gatekeeping function applies not just to scientific testimony but to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).   In exercising their gatekeeping function, courts must keep in mind the Supreme Court's admonition that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."   *Daubert*, 509 U.S. at 596.

As discussed in numerous peer-reviewed studies, firearms and toolmark identification satisfies each of the factors enumerated in *Daubert*.   Given the extensive testing, peer-review, low levels of error, and general acceptance throughout the world, every court to address the admissibility of firearms evidence under this standard has ruled in favor of admitting firearms evidence.   *Hicks*, 389 F.3d at 526 (5th Cir. 2004); *United States v. Santiago*, 199 F. Supp. 2d 101, 111 (S.D.N.Y. 2002) ("The Court has not found a single case … that would suggest that the entire field of ballistics identification is unreliable.").

---

[15]  Again, much of the following discussion has been presented by the United States in prior litigation on this issue, in response to the identical defense challenges.

**JA327**

a.   Testing the science of firearms identification

The basic theory of firearms and toolmark identification—that firearms can impart microscopic toolmarks on fired ammunition components, and that those toolmarks can be used to identify a case or bullet to a particular firearm—was first documented over 100 years ago.[16]   Since that time, the profession has been engaged in observation, documentation, and testing of firearms identification related topics.   *Id.*   Much of the research in the field has been published in peer-reviewed journal articles.[17]

With the formation of AFTE in 1969 and the start of the AFTE Journal in 1972, more studies were subjected to peer-review before publication.   In addition to the AFTE Journal, research articles are published in other peer-reviewed journals such as the Journal of Forensic Science, Forensic Science International, and Science and Justice.   The number of peer-reviewed studies testing the principles of firearms and toolmark analysis are voluminous; a 2007 review by Ronald Nichols highlights some of the past research.[18]   Nichols' review illustrates how the profession has studied, characterized, and shared its findings.   An additional summary of

---

[16]  Hamby, J., "The History of Firearm and Toolmark Identification," AFTE Journal, Vol. 32(3), Summer 1999, pp. 266-84.

[17]   An early example is the firearms identification research published by Biasotti in 1959. Biasotti studied bullets fired through Smith and Wesson revolvers.    The author performed statistical analysis after comparing striae between matching and non-matching comparisons. He performed a total of 600 land and 600 groove impression comparisons and used statistical analysis to characterize differences between bullets fired from the same gun versus bullets fired from different guns.    Biasotti, A., "A Statistical Study of the Individual Characteristics of Fired Bullets," Journal of Forensic Sciences, Vol. 4(1), January 1959, pp. 34-50.

[18]  Nichols, R., "Defending the Scientific Foundations of the Firearms and Tool Mark Identification Discipline: Responding to Recent Challenges," Journal of Forensic Sciences, Vol. 52(3), May 2007, pp. 586-94.

44

**JA328**

foundational peer reviewed articles is hosted on AFTE's website.[19]

Various forms of testing have provided objective data to support the fundamental principles of firearms and toolmark identification.   These efforts include studies showing the persistence of markings over thousands of firings (allowing examiners to identify first to last cartridge case/bullets fired from a firearm)[20,21] and studies of subclass characteristics to learn what type of manufacturing methods are likely to cause such markings and to confirm that such characteristics do not interfere with an examiner's ability to distinguish cartridge cases and bullets fired from two firearms despite the presence of subclass characteristics.[22,23,24,25,26,27,28]   Thus, as even the cases relied on in the Motion agree, the theory has been well tested and favors admissibility.

---

[19]  AFTE Website, https://afte.org/resources/swggun-ark/testability-of-the-scientific-principle. The collection is organized by topic: Firearms Identification-Bullets, Firearms Identification-Cartridge Cases, Firearm and Toolmark Identification-Theoretical, Toolmark Identification, Fracture Matching and Emerging Research.

[20]  Gouwe, J. et al., "Comparison of 10,000 Consecutively Fired Cartridge Cases from a Model 22 Glock .40 S&W Caliber Semiautomatic Pistol," AFTE Journal, Vol. 40(1), Winter 2008, pp. 57-63.

[21]  Sartbey, A. et al., "An Investigation into Whether or Not Class and Individual Characteristics of Five Turkish Manufactured Pistols Change During Extensive Firing," J. Forensic Science, Vol. 54(5), Sept. 2009, pp. 1068-72.

[22]  Churchman, J.A., "The Reproduction of Characteristics in Signatures of Cooey Rifles," 1949, RMCP Gazette.

[23]  Skolrood, R.W., "Comparison of Bullets Fired From Consecutively Rifled Cooey .22 Calibre Barrels," Can.Soc.Forensc.Sci. Vol. 8(2), 1975, pp. 49-52.

[24]  Coody, A.C., "Consecutively Manufactured Ruger P-89 Slides," AFTE Journal, Vol. 35(2), Spring 2003, pp. 157-160.

[25]  Matty, W., "Raven .25 Automatic Pistol Breech Face Tool Marks," AFTE Journal, Vol. 16 (3), 1984, pp. 57-60.

[26]  Biasotti, A., "Rifling Methods–A Review and Assessment of the Individual Characteristics Produced," AFTE Journal, Vol. 13(3), 1981, pp. 34-61.

[27]  Rivera, G., "Subclass Characteristics in Smith and Wesson SW40VE Sigma Pistols," AFTE Journal, Vol. 39(3), Summer 2007, pp. 253-58.

[28]  Lightstone, L., "The Potential for and Persistence of Subclass Characteristics on the Breech Faces of SW40VE Smith and Wesson Sigma Pistols," AFTE Journal, Vol. 42(4), Fall 2010, pp. 308-22.

*United States v. Otero*, 849 F. Supp. 2d 425, 433 (D.N.J. 2012) ("The literature in the field of firearms and toolmark identification documents that the theory has been repeatedly tested."); *United States v. Taylor*, 663 F. Supp. 2d 1170, 1175-76 (D.N.M. 2009) (noting that studies "demonstrating that the methods underlying firearms identification can, at least to some degree, be tested and reproduced"); *Monteiro*, 407 F. Supp. 2d at 369 ("[T]he existence of the requirements of peer review and documentation ensure sufficient testability and reproducibility to ensure that the results of the technique are reliable."); *United States v. Diaz*, 2007 WL 485967, at *6 (N.D. Cal. Feb. 12, 2007) (holding that "the theory of firearms identification, though based on examiners' subjective assessment of individual characteristics, has been and can be tested").

b.  Known or potential error rate

The firearms and toolmark profession has been proactive about testing examiner performance with a variety of test designs and samples.  These studies are often called "validation" studies or "black box" studies and consist of examiners being given a series of samples known to the researchers.  The examiners then perform comparisons and report their findings, and the test provider reports on the examiners' performance, *i.e.*, an error rate.

Several validation studies have used "consecutively manufactured" samples, meaning firearms that have been produced one directly after the other, on the same production line, using the same tools.  Such samples are most likely to have subclass characteristics (or toolmarks with little change or variation from one machined part to the next) and thus have the greatest likelihood of producing a false identification.  Despite these "worst-case scenario" samples, peer-reviewed research consistently has shown a low error rate.  Although the import of these worst-case-scenario validation studies was lost on the authors of the 2009 NAS Report, courts have

46

**JA330**

appreciated the significance of the studies on the reliability inquiry under Rule 702.  *See Otero*,

849 F. Supp. 2d at 432 ("Some of these 'validation studies' seek to validate the theory that one can

individualize tools, even when comparing marks made by tools of the greatest possible similarity,

such as those involved in the consecutive manufacture of various firearms of the same make.")

(citing Coody, "Consecutively Manufactured Ruger P-89 Slides," ATFE Journal, Vol. 35(2),

Spring 2003, at 157; Brundage, "The Identification of Consecutively Rifled Gun Barrels," AFTE

Journal, Vol. 30(3), Summer 1998, at 438).

The following is a non-comprehensive list of validation studies and the accompanying rate

of false positive results—*i.e.*, an instance where an examiner made an affirmative "match" that

was incorrect:

| STUDY | ERROR RATE |
|-------|------------|
| Brundage (1998) | 0%[29] |
| Bunch & Murphy (2003) | 0%[30] |
| De France (2003) | 0%[31] |
| Smith (2005) | 0%[32] |
| Orench (2005) | 0%[33] |
| Hamby (2009) | 0%[34] |

---

[29]  Brundage, D.J., "The identification of consecutively rifled gun barrels," AFTE Journal, Vol. 30(3), 1998, pp. 438-44.

[30]  Bunch and Murphy, "A comprehensive validity study for the forensic examination of cartridge cases," AFTE Journal, Vol. 35(2), 2003, pp. 200-03.

[31]  DeFrance and Van Arsdale, "Validation study of electrochemical rifling," AFTE Journal, Vol. 35(1), 2003, pp. 35-7.

[32]  Smith, E., "Cartridge case and bullet comparison validation study with firearms submitted in casework," AFTE Journal, Vol. 37(2), 2005, pp. 130-5.

[33]  Orench, J., "A validation study of fracture matching metal specimens failed in tension," AFTE Journal, Vol. 37(2), Spring 2005, pp. 142-49.

[34]  Hamby et al., "The identification of bullets fired from 10 consecutively rifled 9mm Ruger pistol barrels: a research project involving 507 participants from 20 countries," AFTE Journal, Vol. 41(2), 2009, pp. 99-110.

| | |
|---|---|
| Lyons (2009) | 1.2%[35] |
| Mayland (2012) | 1.6%[36] |
| Fadul (2013) | 0.064% Phase 1 |
| | .18% Phase 2[37] |
| Fadul (2013) | .7%[38] |
| Baldwin (2014) | 1.01%[39] |
| Stroman (2014) | 0%[40] |
| Smith (2016) | 0% (Bullets) |
| | .144% (Cases)[41] |

The district court in *Otero* discussed why it is most probative to focus on false positives

when considering error rates:

> The Court further finds that the error rate for false positives, as
> reported by the Grzybowski article, is pertinent to its assessment of
> the expert testimony in this case, as the proffered testimony would
> make such a positive identification of the guns recovered from
> Defendants as the origin of the bullet and shells recovered from the
> crime scene.   Indeed, for the purposes of utilizing toolmark
> identification in legal proceedings, the critical validation analysis
> has to be the extent to which false positives occur.

---

[35] Lyons, D.J., "The identification of consecutively manufactured extractors," AFTE Journal, Vol. 41(3), Summer 2009, pp. 246-56.

[36] Mayland B., Tucker, C., "Validation of Obturation Marks in Consecutively Reamed Chambers," AFTE Journal, Vol. 44(2), Spring 2012, pp. 167-69.   One examiner reported three false identifications, and the remaining 63 examiners reported no false identifications (overall error rate of 1.6%).

[37] Fadul et al., "An empirical study to improve the scientific foundation of forensic firearm and tool mark identification utilizing 10 consecutively manufactured slides," AFTE Journal, Vol. 45(4), 2013, pp. 376-93.

[38] Fadul et al., "An empirical study to improve the scientific foundation of forensic firearm and tool mark identification utilizing consecutively manufactured Glock EBIS barrels with the same EBIS pattern," National Institute of Justice Grant #2010-DN-BX-K269, December 2013.

[39] Baldwin et al., "A study of false-positive and false-negative error rates in cartridge case comparisons," AMES Laboratory, USDOE, Technical Report #IS-5207 (2014).

[40] Stroman, A., "Empirically determined frequency of error in cartridge case examinations using a declared double blind format," AFTE Journal, Vol. 46(2), 2014, pp. 157-75.

[41] Smith et al., "A Validation Study of The Bullet and Cartridge Case Comparisons Using Samples Representative of Actual Casework," Journal of Forensic Sciences, Vol. 61(4), 2016, pp. 939-46.

48

**JA332**

849 F. Supp. 2d at 433 (citing Grzybowski et al., "Firearm/Toolmark Identification: Passing the Reliability Test Under Federal and State Evidentiary Standards," AFTE Journal, Vol. 35(2), Spring 2003).   The above list of validation studies indicates that the firearms discipline continues to conduct studies to research the number of false positive identifications, sometimes under worst-case-scenario circumstances, and that trained examiners continue to demonstrate that the rate of error for the field is quite low.   *United States v. Ashburn*, 88 F. Supp. 3d 239, 246 (E.D.N.Y. 2015) ("The court finds that due to the subjective nature of the inquiry, a definitive error rate is impossible to calculate, but also finds that the error rate, to the extent it can be measured, appears to be low, weighing in favor of admission of the expert testimony."); *Otero*, 849 F. Supp. 2d at 434 ("information derived from … proficiency testing is indicative of a low error rate,"); *Taylor*, 663 F. Supp. 2d at 1177 (concluding that the error rate is "quite low"); *Diaz*, 2007 WL 485967, at *8 (concluding that due to the subjective nature of the methodology, "it is not possible to calculate an absolute error rate for firearms identification," but that "the government has provided enough data to show that the error rates among trained firearms examiners are sufficiently low to counsel in favor of admitting the evidence").

Finally, the accuracy of individual casework is enhanced through technical review of case notes and through standard operating procedures that typically require all identifications to be documented and then subjected to confirmation by a second examiner, as they were here. Because firearms evidence is non-consumptive by nature, the internal laboratory quality assurance programs are further enhanced by the fact that the defense has the opportunity for additional review through independent testing if there is any reason to suspect that an error has occurred.   If the defense in this case would like to have the evidence examined by a qualified forensic toolmark

49

**JA333**

examiner, the government will work with defense counsel on a protocol for doing so.

The defense has pointed to nothing in the case at hand indicating any kind of error.   In the cases in which defendant's counsel cross-examined Ms. Redleaf, her qualifications were not challenged nor were the manner or method of testing.    To the government's knowledge, the defense has not secured its own qualified forensic toolmark examiner, but it is of course free to do so.

   c.   Peer review

Studies testing the foundational research of firearms and toolmark identification, and examiners' ability to reliably match a cartridge case or bullet to a particular firearm, have been published in peer-reviewed scientific journals, including the AFTE Journal,[42] the Journal of Forensic Science, Science and Justice, and Forensic Science International.   Nearly all of the articles cited herein are from peer-reviewed scientific journals.   Courts have repeatedly held that the methodology used by the field has been subjected to peer-review.   *Ashburn*, 88 F. Supp. 3d at 246 ("The court finds that the AFTE methodology has been published and subject to peer review, weighing in favor of admission …."); *Diaz*, 2007 WL 485967, at *8 ("The fact that the articles submitted to the AFTE Journal are subject to peer review weighs strongly in favor of admission."); *Otero*, 849 F. Supp. 2d at 433 (noting AFTE Journal's formal process for the submission of articles); *Taylor*, 633 F. Supp. 2d at 1176 (finding the peer review factor "clearly weighs in favor of admissibility.").[43]

---

[42]  The AFTE Journal and peer-review process is discussed in Denio, Dominic J., "The History of the AFTE Journal, the Peer Review Process and Daubert Issues," AFTE Journal, Vol. 34(2), Spring 2002, pp. 210-14.
[43]  The *Taylor* court, in a separate order, also granted the government's motion to exclude the testimony of Adina Schwartz, Ph.D., as a proffered expert on the reliability of firearms

50

**JA334**

d.  Maintenance of standards and controls

Standards and controls for the firearms and toolmark profession are published and maintained in several foundational sources.   AFTE has published the following standards for professional guidance and use:

>•AFTE Training manual: 166-page document outlining all steps a new trainee should undertake prior to starting casework.

>•AFTE Technical Procedures Manual: 116-page document providing technical procedures for typical examinations that may occur in firearms and toolmark identification laboratories.

>•AFTE Glossary: 244-page document providing the profession with standardized terminology and definitions.

>•AFTE Theory of Identification[44]: First published in 1992, the Theory of Identification distills the essence of firearms identification into several paragraphs.   The Theory of Identification describes the basis for an identification as well as the current limitations of the profession.   The theory has undergone revisions and remains the agreed upon standard for identification by the firearm and toolmark profession.

DFS maintains its own Procedures Manual, which is based on the AFTE Procedures Manual and other sources.   *See* http://www.dfs.virginia.gov/wp-content/uploads/2017/09/240-D100-FX-TM-Procedures-Manual.pdf.   Accordingly, the field maintains, and continues to develop, standards controlling the technique's operation.   *See Otero*, 849 F. Supp. 2d at 435 ("In sum, the Court

_____

identification.   *United States v. Taylor*, Case No. 2:07cr1244, Docket No. 566 (Mem. Op. and Order Granting U.S. Mot. to Exclude Expert Testimony of Adina Schwartz, Sept. 30, 2009). The court noted that Dr. Schwartz, whose academic work the defense relies on in the Motion, had never fired a gun.   *Id.* at 5-6.   Citing "serious criticisms, not just of Dr. Schwartz's conclusions, but of the integrity of her scholarship," the court found that Dr. Schwartz's academic opinion about the purported unreliability of firearms identification was itself not sufficiently reliable under Rule 702, *Daubert*, and *Kunho.*   *Id.* at 12-13.
[44]  Committee for the Advancement of the Science of Firearm & Toolmark Identification, "Theory of Identification as it Relates to Toolmarks: Revised," AFTE Journal, Vol. 43(4), Fall 2011, p. 287.

**JA335**

concludes that the maintenance of industry-compliant standards by the [New Jersey State Police] for conducting a firearms and toolmark identification examination, and the adherence to those standards and procedures by [the examiner], further support the reliability and therefore admissibility of the expert testimony.").

The maintenance of standards and controls is the *Daubert* factor some courts have found lacking, even though all of them have gone on to admit the challenged testimony. *Monteiro*, 407 F. Supp. 2d at 371-72; *United States v. Green*, 405 F. Supp. 2d 104, 114 (D. Mass. 2005); *United States v. Glynn*, 578 F. Supp. 2d 567, 572 (S.D.N.Y. 2008). Importantly, nothing in hundreds of peer-reviewed journal articles to date has invalidated the foundational premise that a trained examiner can reliably identify a cartridge case/bullet to a particular gun. In other words, even though a degree of subjectivity is embedded in the methodology—as it is in other forensic disciplines—current research provides objective empirical support for this work. And, as noted above, the government does not intend to elicit a statement from Ms. Moynihan that her conclusions are to a "reasonable degree of scientific certainty" or to any precise statistical certainty.

e.  General acceptance

Numerous courts have held that the AFTE theory of firearms and toolmark identification methodology is widely accepted. *Ashburn*, 88 F. Supp. 3d at 247; *Otero*, 849 F. Supp. 2d at 435; *Taylor*, 663 F. Supp. 2d at 1178; *see also Jones v. United States*, 27 A.3d 1130, 1137 (D.C. Ct. App. 2011) (holding that toolmark comparison matching "remains widely accepted" in the "relevant scientific community"). The defense has not pointed to any case holding that the AFTE theory is not generally accepted.

52

**JA336**

### 2. 2009 NAS Report

Regarding the 2009 NAS Report, the District of Columbia Court of Appeals noted that, "even after considering it, we are still unpersuaded that pattern matching is no longer generally accepted." *Jones*, 27 A.3d at 1137 n.7.   Soon after, in *Thomas v. United States*, the same court held:

> In challenging the general acceptance of firearms and toolmark identification, [appellant] relies primarily on [the 2009 NAS Report] – a broad-based report, commissioned by Congress, examining a variety of forensic disciplines, not just firearms and toolmark identification.   [Appellant] relies on language in the report, which challenges the lack of statistics, "lack of sufficient studies," and "lack of a precisely defined process" as evidence that firearms and toolmark identification[s] are no longer generally accepted or, in fact, not "science" at all.   [Appellant], however, confuses a single scientific report, which reaches no definitive conclusion and which includes no independent examination of the challenged methodology, with general discord in the scientific community. We therefore reject [appellant's] reliance on the [2009] NAS Report.
>
> Expert testimony of firearms and toolmark examiners has been admissible in this court for decades – in fact, only a decade shy of a century.   Beyond the criticisms and suggestions for more research raised in the [2009] NAS Report, [appellant] has presented nothing showing that the expert testimony of firearms examiners is not "based on a scientifically sound methodology, as determined by members of the relevant scientific community."

Case Nos. 09-CF-1572, 09-CF-1584, 09-CF-1585, Mem. Op. & Judgment, at 4-5, *available at* https://afte.org/uploads/documents/swggun-usvthomas.pdf.

After issuance of the 2009 NAS Report, state and federal courts continued to admit firearms and toolmark evidence under *Daubert* and Rule 702.   *Ashburn*, 88 F. Supp. 3d at 247 (holding that firearms and toolmark identification is a proper subject of expert testimony under Rule 702 and *Daubert* after considering the 2009 NAS Report); *United States v. Casey*, 928 F. Supp. 2d 398,

400 (D. Puerto Rico 2013) (same); *Ohio v. Langlois*, 2 N.E.3d 936, 950 (Ohio Ct. App. 2013) (firearms and toolmark identification satisfies the test for reliability under Rule 702); *Otero*, 849 F. Supp. 2d at 438 (essential foundations for the admission of expert testimony under Rule 702 established by the government); *United States v. Willock*, 696 F. Supp. 2d 536, 568 (D. Md. 2010); *Taylor*, 663 F. Supp. 2d at 1180 ("The evidence before the Court indicates that when a bullet is fired from a gun, the gun will impart to the bullet a set of markings that is, at least to some degree unique to that gun.   The evidence further indicates that an experienced firearms examiner can make observations of those markings, using a method that has been peer-reviewed, that allow him, in some cases, to form an opinion that a particular bullet was or was not fired from a particular gun.   The court therefore concludes that the firearms identification testimony is admissible under Rule 702 and *Daubert*."); *State v. Lee*, 2017 WL 1494012, at *10 (La. Ct. App. Apr. 26, 2017) ("[E]ven after publication of the NAS Report, courts have addressed, in detail, the reliability of [firearms and toolmark identification] testimony and ruled it admissible, although to varying degrees of specificity."); *Spears v. Ryan*, 2016 WL 6699681, at *5 (D. Ariz., Nov. 15, 2016) ("[T]he NAS Report would have had no effect on the admissibility of the toolmarks evidence in this case."); *Napier v. Commonwealth*, 2014 WL 3973113, at *9 (Ky. Ct. App., Aug. 15, 2014) (noting that it was not the purpose of the 2009 NAS Report to opine on the long-established admissibility of toolmark and firearms testimony in criminal prosecutions and that there was no error in taking judicial notice of scientific reliability of ballistic analysis under *Daubert*); *United States v. Sebbern*, 2012 WL 5989813, at *8 (E.D.N.Y. Nov. 30, 2012) (no need for a *Daubert* hearing before admitting ballistics evidence); *United States v. Cerna*, 2010 WL 3448528, at *5 (N.D. Cal. Sept. 1, 2010) (the NAS report "does not necessitate exclusion of expert [ballistics]

**JA338**

testimony.").

Considering that firearms examiners have for decades proven their ability to distinguish toolmarks fired by guns manufactured next to one another on the assembly line, the proposed testimony is conservative.

> 3. Cases in which a toolmark examiner's testimony was further limited are readily
>    distinguishable

None of the cases relied on in the defendants' motion excluded the challenged expert testimony, and most of the cited cases allowed testimony about the strength of the examiner's conclusion in some variation of the formulation "to a reasonable degree of certainty in the ballistics field." *See Otero*, 849 F. Supp. 2d at 429; *Taylor*, 663 F. Supp. 2d at 1179; *Monteiro*, 407 F. Supp. 2d at 355; *Diaz*, 2007 WL 485967, at *1. In several distinguishable cases, though, the court placed further limitations on the expert's testimony. *See Glynn*, 578 F. Supp. 2d at 575 (limiting degree to which certainty could be expressed to "more likely than not"); *Green*, 405 F. Supp. 2d at 108-09 (expert "may only describe and explain the ways in which the earlier casings are similar to the shell casings test-fired from the … pistol found a year later"); *Willock*, 696 F. Supp. 2d at 546 (imposing a complete restriction on the characterization of certainty).

*Green* and *Willock*, however, involved forensic examination shortcomings not present here. In *Green*, the Boston Police Department forensic examiner had performed his work five years prior and had not taken notes, photographs, or measurements, or followed protocols for toolmark examination generally; he also was not certified by AFTE or any other organization. 405 F. Supp. 2d at 108-09. In *Willock*, the testifying examiner's conclusions relied on an examination conducted by a different examiner, "whose qualifications, proficiency and adherence to proper methods are unknown." 696 F. Supp. 2d at 546, 573-74. That fact led the court to

"depart[] from recent cases in which firearm and toolmark examiners have been permitted to state their opinions to 'a reasonable degree of certainty in the ballistics field.'" *Id.* (quoting *Diaz*, 2007 WL 485967, at *4).45   The problems outlined in *Green* and *Willock* are not present here, where the government's proffered expert is an AFTE-certified firearms and toolmark examiner working in a certified and independent state laboratory who performed or verified each of the examinations herself, followed DFS and AFTE protocols, and documented her examinations with the requisite notes and diagrams.

Additionally, *Willock* is not the only reported case in this circuit in which casings were matched to each other without a gun.   *See* Mot. at 6-7.   In *United States v. Foster*, 300 F. Supp. 2d 375, 376 (D. Md. 2004), Judge Blake rejected a Rule 702/*Daubert* challenge to expert toolmark testimony matching spent cartridge casings where no known weapon was recovered.   Noting that "[i]n the years since *Daubert*, numerous cases have confirmed the reliability of ballistics identification," the court held that the "science of ballistics" was generally reliable, "even where there is no 'known' weapon recovered," and declined to impose any restriction on the expert's testimony.   *Id.* at 376 & n.1.

Judge Rakoff's opinion in *Glynn* is an outlier.   Several courts have explicitly rejected its limitation on the degree of certainty with which the expert's opinion could be given to "more likely

---

45 During the trial in *Willock*, appealed *sub nom. United States v. Mouzone*, the examiner testified that the casings at issue were "fired from the same firearm," and also stated that "the chances of that happening in a random fashion on two different surfaces, there comes a point where it's a practical impossibility…. That's when I'm convinced that these two [cartridge cases] were marked by the same surface."   687 F.3d 207, 216 (4th Cir. 2012) (alteration in original). The Fourth Circuit held that any violation of the district court's order restricting the scope of the expert's testimony was harmless and affirmed the verdict.   *Id.* at 216-17.   The *Mouzone* court did not address the merits of the district court's *Daubert* ruling.

than not."   As numerous courts have held, that formulation inappropriately understates the degree of certainty with which qualified firearms and toolmark examiners reach their conclusions.   In *Casey*, the court credited a sworn statement that "greatly undermine[d] the portions of the 2008 NAS report" on which *Glynn* relied and declined to impose a similar limitation on the expert's testimony.   928 F. Supp. 2d at 399-400.   The court in *Ashburn* likewise rejected the limitation imposed in *Glynn*, stating that it "is correct that an experienced ballistics expert is qualified to say more than 'it is more likely than not' that there is a match."   88 F. Supp. 2d at 249 n.4; *see also, e.g.*, *United States v. Johnson*, Case No. 14-CR-412, 2015 WL 5012949, at *5 (N.D. Cal. Aug. 24, 2015) ("This Court will not require [the firearms expert] to qualify her expert opinion with the rigid disclaimer that the match is 'more likely than not," as such a specific restriction seems arbitrary.   However, should [the firearms expert] testify at trial that the items matched with 'absolute certainty,' or to some other arbitrary degree of statistical certainty, the Court will take the necessary steps to strike such improper testimony immediately."); *Cerna*, 2010 WL 3448528, at *5 (N.D. Cal. Sept. 1, 2010) (noting that the standard in *Glynn*, where the expert was only permitted to state that a bullet or casing "more likely than not" came from a particular firearm, "is not appropriate as it suggests that the expert is no more than 51% sure that there was a 'match.'").

4. The defense already has the additional documentation it seeks, and nothing prevents the defense from conducting an appropriate cross-examination

The defense argues that it has only received "information that lab reports are intended to be introduced."  Mot. at 14.  That is not correct.  The defense has in its possession hundreds of pages of casefile materials related to the individual Certificate of Analysis reports that were initially produced.  Those casefile materials document, among other things, the types of toolmarks identified; the particular lands and grooves, and inclination of lands and grooves, found on the

57

**JA341**

examined bullets; and the examiner's notes regarding each examined item that support the matches at issue.   That documentation, which is required by DFS policy to be created and maintained as part of the examination process, ensures among other things that the defense has what it needs to conduct an appropriate cross-examination of the expert.

Finally, given the extensive discussion in the caselaw of the forensic technique of toolmark examination; the *Daubert* factors as they apply to the discipline; the cited NAS report; nothing in the Motion merits the Court expending time and resources on a full *Daubert* hearing.   *See Ashburn*, 88 F. Supp. 2d at 244-45.

### CONCLUSION

For the reasons stated above, the motion to exclude should be denied.

**JA342**

III.    RESPONSE TO MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES
        ECF 256, 257, 272, 280

INTRODUCTION

Defendants RICHARDSON, GREENE and DOUGLAS request additional peremptory challenges beyond the ten (10) provided under Federal Rule of Criminal Procedure 24(b)(2). The United States recognizes that the Court has discretion under Rule 24(b) to award additional peremptory challenges in cases involving multiple defendants, to be exercised separately or jointly. Fed. R. Crim. P. 24(b).   At this time, however, the United States submits that the awarding of additional challenges is premature and unwarranted.

DISCUSSION

Defendant RICHARDSON claims that additional challenges are warranted given "the nature of this case and the issues involved" (ECF 257 at p. 2).   The defendants have not established, however, that they will be prejudiced by being limited to ten peremptory challenges, rather than an unspecified increased number of challenges requested.   *See United States v. Meredith*, 824 F.2d 1418, 1423 (4th Cir. 1987) (upholding district court decision not to award seven defendants additional peremptory challenges where defense counsel failed to explain adequate necessity of additional challenges).   No diverging strategic interests have been identified by the defendants that would compel additional challenges and, at this juncture, it is not fully known how many defendants will proceed to trial.   *See e.g., United States v. Lecco*, 2007 WL 894567 (S.D. W.Va. 2007) (noting that defendants had diverging interests and awarding additional challenges).   Absent this identification, a determination of how many defendants will proceed to trial and recognizing that the granting of additional challenges will only prolong the voir dire process, the United States opposes the defendant's request for additional peremptory

59

**JA343**

challenges without more information.

<div align="center">C<small>ONCLUSION</small></div>

For the foregoing reasons, the defendants' motion should be denied.

<div align="center">**JA344**</div>

IV.   <u>RESPONSE TO MOTION FOR USE OF JURY QUESTIONNAIRE</u>
      ECF 258, 259

<center>INTRODUCTION</center>

Defendant RICHARDSON requests that the Court make use of a proposed Juror Questionnaire.   As grounds for this request, the defendant cites concerns over media coverage and potential juror concern over the subject matter of the trial involving guns and gang-related violence.   ECF 259 at p. 1.   The United States opposes this request.

<center>DISCUSSION</center>

The United States recognizes that the Court has "broad discretion" on how to conduct the voir dire in this case, to include the determination of whether to use a jury questionnaire. *Kasi v. Angelone*, 300 F.3d 487, 509 (4th Cir. 2002); *United States v. Phibbs*, 999 F.2d 1053, 1071-72 (6th Cir. 1993) (concluding that "the district court did not abuse its discretion" by electing not to utilize a "written questionnaire created by defendants," noting that while the questionnaire "might have aided defendants in identifying sympathetic jurors, it was not needed to compose a fair-minded jury"); Robert E. Larsen, Navigating the Federal Trial § 5:40 (2017 ed.) ("The decision to use a written jury questionnaire rests in the sound discretion of the trial judge.").

The government submits, however, there is no need for a jury questionnaire in this case, and that using one could have unintended negative consequences.   As explained in more detail below, the benefits of adding a substantive questionnaire to the usual thorough in-court voir dire process used in this Court—if any—are negligible, and any such benefits are more than outweighed by countervailing interests of juror privacy.

The government is not at this time taking a position on any of the specific questions listed in the proposed questionnaire.   Those are more appropriately taken up in the context of voir dire

<center>61</center>

<center>**JA345**</center>

generally than in litigation over whether a pre-voir dire jury questionnaire ought to be used at all. To be clear, though, the government would object to many of the proposed questions or the way in which they are phrased   The vetting of specific proposed voir dire questions from all parties should be dealt with through the typical process.

A.  The District Court has broad discretion in conducting voir dire.

"The essential function of voir dire" is "to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel." *United States v. Brown*, 799 F.2d 134, 135 (4th Cir. 1986) (internal quotations omitted).  The district court has broad discretion in conducting voir dire, *see, e.g.*, *Ristaino v. Ross*, 424 U.S. 589, 594-95 (1976), and particularly broad discretion in deciding which specific questions may be asked, *see, e.g.*, *Mu'Min v. Virginia*, 500 U.S. 415, 430 (1991).  So long as the court conducts an adequate examination of potential jurors, it may deny defense counsel the ability to individually examine potential jurors.  *United States v. Bailey*, 112 F.3d 758, 769 (4th Cir. 1997).  The court's discretion extends to the method used to perform voir dire; there is no requirement that a questionnaire be used.  *See, e.g.*, *United States v. Rivera*, 292 F. Supp. 2d 823, 826 n.3 (E.D. Va. 2003) (Ellis, J.) (holding that because the standard court-led voir dire procedure "provides an adequate means of ensuring the selection of an impartial jury in this case … defendants' pre-trial motion to permit the use of a juror questionnaire and counsel-conducted sequestered voir dire was properly denied").

B.  Nothing about this case suggests that the standard court-led voir dire would be ineffective.

While substantive juror voir dire questionnaires are sometimes used in capital cases— where the stakes for the defendant are as high as can be, and where voir dire requires answers to

difficult questions regarding whether jurors would *ever* vote to impose the death penalty—this case, while it does allege a substantial amount of gang violence, is facially similar to numerous other RICO and gang violence cases tried in this Court in which substantive juror questionnaires were not sent before the standard court-led voir dire.  *See, e.g.*, *United States v. Simmons et al.*, 2:16cr130 (Nine Trey); *United States v. Pridgen et al.*, 4:14cr59 (Thug Relations); *United States v. Brown et al.*, 4:13cr96 (P-Stone Bloods); *United States v. Fuller et al.*, 4:13cr72 (Thug Relations); *United States v. Davis et al.*, 2:10cr36 (Bounty Hunter Bloods); *United States v. Cousins et al.*, 4:10cr47 (Dump Squad).   Nothing about this case is so unique that it requires a voir dire proceeding different than that used in other similar cases in this Court.

The Court has substantial experience conducting thorough and fair voir dire proceedings and jury selections.   The defense does not dispute that.   The argument, instead, is that the use of a juror questionnaire will streamline in-court voir dire and protect the privacy of potentiall jurors. In fact, however, the questionnaire will likely have the opposite effect, as it inquiries into many areas of prospective jurors lives and would, if anything, likely lengthen the voir dire process.

Moreover, the use of a questionnaire as a substitute for in-court voir dire rejects a basic premise of American law, which presupposes that in-court statements made under oath, where the declarant's demeanor can be observed and his answers subjected to further questioning, is the optimal way to test the truth.   *Cf., e.g.*, *California v. Green*, 399 U.S. 149, 158 (1970).   In any event, the proposition is not measurable by any objective criterion.   It is also in tension with the longstanding presumption that jurors are able to act impartially, heed jury instructions, and render a fair verdict based on the evidence.   *See, e.g.*, *Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961) (holding that there is no requirement jurors be totally ignorant of the facts and issues involved,

**JA347**

and that preconceived notions regarding guilt or innocence are insufficient "to rebut the presumption of a prospective juror's impartiality"); *see also Poynter v. Ratcliff*, 874 F.2d 219, 221-22 (4th Cir. 1989).

A West Virginia district court rejected a nearly identical argument in *United States v. Montes*, in which the defense requested a juror questionnaire because "social and privacy concerns relating to [certain] sensitive questions will likely result in jurors being less forthcoming in the conventional, open air voir dire process." Crim. Case No. 5:12cr29, 2013 WL 1347284, at *3 (N.D. W.Va. Apr. 3, 2013). As the court explained, "careful crafting of voir dire questions, as well as affording potential jurors the opportunity to answer more sensitive questions privately with only the Court, the parties, and counsel present, provides the same level of privacy as a questionnaire, and adequately addresses the defendants' concerns." *Id.* The court held, in denying the motion, that "not only can any concern regarding candor of potential jurors be adequately addressed in a traditional voir dire process, but also that the use of a written questionnaire may actually impair this Court and the parties' ability to assess potential jurors' fitness to serve on the jury in this case." *Id.*

The same is true here. The standard voir dire process used in this Court—in which prospective jurors identified by juror number answer the Court's questions, and then speak privately with the Court, parties, and counsel regarding any follow-up issues or questions of a sensitive nature—is more than adequate to select a fair and impartial jury. It also avoids the logistical and privacy-related complications introduced by a substantive and very extensive questionnaire.

<u>CONCLUSION</u>

The defense has shown no compelling reason to vary from the standard jury selection practice of this Court.   Counsel for defendants can be provided with the opportunity to propose questions to be asked to the entire panel of prospective jurors and can submit follow-up questions if individual voir dire is conducted by the Court. Fed. R. Crim. P. 24(a).   Accordingly, this motion should be denied.

65

**JA349**

V.    RESPONSE TO MOTION IN LIMINE TO BAR SYMBOLS: ECF 260, 261, 278

INTRODUCTION

Defendant RICHARDSON requests that the Court bar "persons wearing or displaying symbols, insignia, tokens and the like implying support for the victim(s) or the prosecution be barred from the courtroom and from the courthouse." ECF 260. In support of this motion, the defendant argues that "the central event in the case involves the shooting deaths of two teenagers … on or about April 6, 2015." ECF 261.  Defendant contends that the victims' family, friends and supporters may plan to wear symbols or tokens to express support for the victims or condemnation of the defendants and argues that such plans would deprive the defendant of due process as an intrusion upon his confrontation rights and right to an impartial jury. *Id.*

The United States concurs that no state action should jeopardize the defendants' right to a fair trial and will instruct witnesses not to wear symbols or tokens which could inflame the jury. However, as this motion moves into spectator conduct, not controlled by the United States, it submits that this motion is both premature and overbroad.

DISCUSSION

The Supreme Court has recognized that constitutional safeguards relating to the integrity of the criminal process begins at arrest and culminates during a trial.  *Rideau v. Louisiana*, 373 U.S. 723, 727 (1963).   These constitutional safeguards include a fair trial free from "influence or domination by either a hostile or friendly mob." *Cox v. Louisiana*, 379 U.S. 559, 562 (1965). "Central to the right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, is the principle that 'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment,

**JA350**

continued custody or other circumstances not adduced as proof at trial." *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986), citing *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978).

State actions that infringe upon the defendant's right to a fair trial can and should be limited by the court. Historically state actions found to deny a defendant the right to a fair trial have included compelling a defendant to wear identifiable prison clothing before the jury, see *Estelle v. Williams*, 425 U.S. 501 (1976), and having numerous uniformed law enforcement officers in the row of spectator's seats immediately behind the defendant at trial, see *Flynn,* 475 U.S. at 571 (1986), but see *Hill v. Ozmint*, 339 F.3d 187, 197-98 (4th Cir. 2003)(presence of witness-officers in courtroom did not unacceptably threaten defendant's right to fair trial).

While the Supreme Court, through *Flynn* and *Williams*, has limited state actions which could impact the fair trial rights of a defendant, it has not expressly extended these limitations to spectator conduct. *Carey v. Maladin*, 549 U.S. 70, 75 (2006). The Supreme Court recognized a split among circuits as to the application of the *Flynn-Williams* standard to spectator-conduct claims. However, the Court ultimately found that buttons displaying the victim's image worn by the victim's family during trial did not deny the defendant of his right to a fair trial. *Mauladin,* 549 U.S. at 72. Other courts throughout the country, including the Fourth Circuit, have held the same. See *Billings v. Polk*, 441 F.3d 238, 247(it is not objectively unreasonable "to conclude that the jury's exposure to a T-shirt or button that could, but need not necessarily, be construed as conveying a message about the matter before the jury simply does not rise to the level of a constitutional violation in the way that it does when the court forces the defendant to appear before the jury in prison garb, allows the trial to be influenced or dominated by a mob, or allows the prosecution's key witnesses to have extensive interaction with the jury"); *see also United States v.*

**JA351**

*Farmer*, 583 F.3d 131 (2d Cir. 2009)(family members wearing t-shirts bearing victim's photograph were not inherently prejudicial as to pose an unacceptable threat to defendant's right to fair trial); *People v. Nelson*, 27 N.Y.3d 261 (2016)(victim's family wearing t-shirts did not infringe upon defendant's right to fair trial); *State v. Davidson*, 509 S.W.3d 156 (Tenn. 2016)(extended *Flynn-Williams* rule, but found that court-imposed rules prevented small memorial buttons, worn only by immediate family while not testifying, did not infringe upon defendant's right to fair trial); *State v. Iromuanya*, 282 Neb. 798 (Neb. 2011)(buttons with victim's photograph worn by spectators did not create an unacceptable threat to defendant's right to fair trial); *State v. Lord*, 161 Wn2d 276 (Wash. 2007)(buttons with victim's photograph were silent display of affiliation but not guilt or innocence of accused, thus not inherently prejudicial to defendant's trial rights).[46]

Ultimately, it is within the discretion of the trial court to determine whether the presence of persons with memorial shirts or buttons is so prejudicial as to be prohibited prior to the trial. The United States will instruct family member and friend witnesses not to wear memorial clothing or buttons while testifying to allow the jury to focus on the evidence provided by the witnesses while on the stand. However, at this juncture, the Court need not decide to restrict all memorial clothing or buttons from outside and inside the courthouse.   The Court may exercise its discretion to ensure that those attending the trial may express their grief silently without impeding the defendant's right to a fair trial.

---

[46] To the contrary, a district court in the Western District of Virginia extended the *Flynn* factors to spectators and established general rules in advance of trial to reduce the risk of "any inherent or actual prejudice that might result from the use of tokens or insignia during the trial." The Court prohibited spectators and participants from wearing or displaying any item that is clearly issue specific, including relating to the death penalty. The Court declined to extend the prohibition to tokens or insignia that did not fall into case specific or specific issue categories. *United States v. Bodkins*, 2005 U.S. Dist. LEXIS 8747, 7-8 (WDVa 2005).

<u>CONCLUSION</u>

Because the trial court has the discretion and authority to ensure there is a balance to the spectators' ability to express grief and the defendant's right to fair trial, a bright line prohibition at this time is unnecessary.   Accordingly, this motion should be denied to that extent.

**JA353**

VI.     RESPONSE TO PRECLUDE TESTIMONY OR OTHER EVIDENCE OF
        INCARCERATION: ECF 265, 266

### INTRODUCTION

Defendant RICHARDSON seeks to exclude evidence his prior conviction and incarceration for assault on a police officer which resulted in his imprisonment from June 3, 2015 through February 4, 2016.   The United States does not seek to introduce evidence of this incarceration or this conviction.   However, the United States reserves the right to admit his pre-trial incarceration as the setting for admissions made by him to other inmates with whom he was incarcerated while awaiting trial.

### DISCUSSION

The United States may seek to admit statements made to other witnesses, by the defendant, while incarcerated.   Under Fed. R. Evid. 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. [T]he mere fact that evidence will damage the defendant's case is not enough –the evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (citing, *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006). Evidence is unfairly prejudicial and excludable under Rule 403, "when there is a genuine risk the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).   Evidence of a defendant's criminal history and incarceration can carry that type of unfair prejudice. *United States v. Hall*, 993 F3d 1540, 1993WL 1900906 at 5 (4th Cir. 1993). Further,

**JA354**

there are cases where defendant's incarceration is relevant and not unfairly prejudicial. *United States v. Obi*, 239 F3d 662, 667-668 (4th Cir. 2001) (finding evidence of defendant's incarceration not so prejudicial as to constitute an abuse of discretion to admit the evidence where it showed a link to defendant's co-conspirator).

Evidence a defendant made admissions to another inmate regarding the criminal conduct while the inmates were incarcerated together provides background so that the jury can understand the circumstances of the admissions. It is relevant under Fed R. Evid. 402. *United States v. Herring*, 2018 WL.4656402 (N.D. Iowa 2018) (incarceration to extent tied to alleged admissions defendant made to another inmate or telephone calls made while incarcerated). Such statements are relevant and not unfairly prejudicial. This is especially true if the jury learns only that the defendant was incarcerated for some period of time in connection with the instant charge. *United States v. Obi*, 239 F3d 662, 668 (4th Cir. 2001).

## CONCLUSION

If the United States offers such statements it will be necessary to prove the defendant's detention because such detention is inextricably intertwined with any evidence of the defendant's communication with another inmate while incarcerated pending trial. The jail setting of the statements are needed to corroborate their content. For instance, if a jailhouse confession or statement were offered, the United States would seek to prove that the parties to the conversation were incarcerated together at the time of the statement. To the extent the defendant's motion seeks to prohibit this evidence, it should be denied.

71

**JA355**

VII.   <u>RESPONSE TO MOTION TO SEVER</u>: ECF 267, 269, 277, 282, 284, 286

<div align="center">INTRODUCTION</div>

Defendants RICHARDSON, GREENE, DOUGLAS and SADIE TAYBRON seek a severance of their trial. The superseding indictment set forth the following charges relevant to these defendants:

> Racketeering Conspiracy in violation of Title 18, United States Code § 1962(d) (Count 1),
> RICHARSON and GREENE (Count 1);
>
> Murder in Aid of Racketeering in violation of Title 18, United States Code § 1959,
> RICHARDSON (Counts 6 and 8); GREENE (Counts 2, 6, and 8);
>
> Murder with a Firearm in violation of Title 18, United States Code § 924(j),
> RICHARDSON (Counts 7 and 9); GREENE (Counts 3, 7 and 9);
>
> Attempted Murder in Aid of Racketeering in violation of Title 18, United States Code § 1959(a)(5),
> GREENE and DOUGLAS (Count 14);
>
> Discharge of a Firearm in Furtherance of a Crime of Violence in violation of Title 18, United States Code § 924(c),
> GREENE and DOUGLAS (Count 15);
>
> Conspiracy to Distribute Marijuana and Cocaine Base in violation of Title 21, United States Code § 846,
> RICHARSON (Count 25);
>
> Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code § 924(c),
> RICHARDSON (Count 28); and
>
> Witness Tampering in violation of Title 18, United States Code, § 1512(b)(1),
> SADE TAYBRON (Count 20).

The superseding indictment charged RICHARDSON and GREENE with participating in the affairs of a RICO conspiracy, as well as the double murder of Domingo Davis and Jada Richardson and associated charges. Additionally, it charges GREENE with the retaliatory murder

<div align="center">72</div>

<div align="center">**JA356**</div>

of Parker and a separate attempted murder with a firearm.   RICHARDSON is also charged with drug conspiracy and possession of a firearm in furtherance of drug trafficking.

DOUGLAS is charged with the attempted murder of rival gang members at the Solo Market to maintain his position in the Thirty Six Street Bang Squad enterprise. SADE TAYBRON's charge relates to her actions in threatening R.C., the victim of two attempted murder incidents on November 17, 2015, committed by her brother and co-defendants RYAN TAYBRON and ERIC NIXON. The attempted murders were committed in Newport News and Hampton. The two shootings were part of the racketeering activity alleged in the racketeering conspiracy as overt acts in ¶ 9 ss-xx, and charged as substantive counts against RYAN TAYBRON and ERIC NIXON in Counts 16- 20.

Each aforementioned defendant seek severance of their trials from their co-defendants. Additionally, SADE TAYBRON claims improper joinder of her charges with the other allegations in the superseding indictment.   Specifically, all contend they are entitled to separate trials because in a joint trial with their co-defendants there is a potential for prejudicial spillover as evidence will be presented to the jury that would not be admitted against a defendant if he or she were tried separately.

These arguments lack merit under Rules 8 and 14 of the Federal Rules of Criminal Procedure.   The evidence in this case will not be so complex or confusing that the jury will be unable to make individual determinations as to the applicability of evidence to each defendant.

### DISCUSSION

In determining a motion to sever, the court engages in a two- step process.   The first step is to determine if under Rule 8 of the F.R.C.P., the defendants were properly joined.   If proper

**JA357**

joinder, the court then determines under Rule 14 if such joinder is unfairly prejudicial. *United States v. Adoma*, 2017 WL 220132 (W.D.N.C. 2017).   Defendants RICHARDSON, GREENE and DOUGLAS do not contest joinder however, defendant SADE TAYBRON claims improper joinder.

   A.  SADE TAYBRON's charge is logically related and properly joined under Rule 8.

   Under Rule 8(a), for the sake of efficiency there is broad joinder of offenses.   *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). The *Cardwell* court requires that joined offenses have a "logical relationship to one another." *Id*. at 433 F.3d 385.   The Fourth Circuit has found a logical relationship between similar counts and then found joinder appropriate. *United States v. Mouzone*, 667 F.3d 207, 219 (4th Cir. 2012) (affirming joinder of cocaine distribution and RICO conspiracy charges and denial of motion to sever).   "Moreover, joinder is the rule rather than the exception, because the prospect of duplicating witness testimony, impaneling additional jurors and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008).

   Under Fed R. Crim. P. 8(b), proper joinder for trial of defendants exists if individual defendants are alleged to have participated in the "same series of acts or transactions constituting the offense or offenses."   There is a preference in the federal system for joint trials of defendants who are indicted together.   *Zafiro v. United States*, 506 U.S. 534, 537 (1993).   Moreover, joinder of defendants "is highly favored, in conspiracy cases over and above the general disposition supporting joinder for efficiency and judicial economy." *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012).   The rule expressly states that joined defendants "may be charged in one or more counts together or separately" and that "defendants need not be charged in each count." Fed

**JA358**

R. Crim. P. 8(b).

The Fourth Circuit has upheld the joinder of charges temporally and logically related to a RICO conspiracy.   The Court also upheld the joinder of obstruction charges with other substantive charges where they are part of the same "series or transactions" as the other counts. *United States v. Carmichael*, 685 F.2d 903, 905 (4th Cir. 1982) (vote buying and obstructing justice).   In *United States v. Simmons*, 2017 WL 6388956 (E.D. Va. 2017), this Court rejected a claim that witness tampering should be not be joined with testimony "to be given in this case," because it was "part of the same series of acts or transactions as the remaining counts in this case." *Simmons*, 2017 WL 6388956 at \*5; *see also United States v. Mouzone*, 687 F.3d 207, 219 (4th Cir. 2012)(rejecting argument that drug charge bore no relationship to RICO charge holding proper joinder because it was a predicate act of the conspiracy).

In the instant case, the superseding indictment properly joined the witness tampering charge against SADE TAYBRON in the larger indictment against her co-defendants.   There exists a logical and temporal relationship between the evidence of the two attempted murders of R.C. described in the RICO conspiracy and Counts 16-20, and the witness tampering charge.   To explain the background of the tampering charge, this evidence is admissible even in a severed trial. The failure to charge the defendant in the RICO conspiracy does not alter the intrinsic relationship and admissibility of the uncharged activity related to the actions of RYAN TAYBRON and ERIC NIXON against R.C. as the background for SADE TAYBRON's charged obstructive conduct.

One of the purposes of the RICO conspiracy was "witness intimidation" by members and associates. ECF 90, pp. 4-7.   The witness tampering further relates to the RICO conspiracy because federal investigators were investigating the two shootings of R.C. as part of the instant

**JA359**

case.   The state cases dismissed as a result of SADE TAYBRON's conduct constituted holding charges for the later federal prosecution.   Initially federal task force officers interviewed R.C. in contemplation of federal charges before the obstructive conduct by SADE TAYBRON. Therefore, the witness tampering charge logically relates to and was properly joined with the other allegations in the superseding indictment.

      B.    The Court should deny severance.

Defendants RICHARDSON, GREENE, DOUGLAS and SADE TAYRBON seek severance asserting the evidence at a joint trial will include evidence of events in which they are not specifically charged.   These include other murders, shootings, witness tampering and drug dealing.   RICHARDSON argues that he does not face the separate Parker murder charge and other shootings described in the superseding indictment.   GREENE claims that despite facing three murder charges, the superseding indictment alleges additional criminal episodes beyond those alleged against him.   Likewise, DOUGLAS and SADE TAYBRON argue there is more evidence against the other defendants than against each of them, because the superseding indictment only charges one criminal episode against each of them. Each claim they will suffer prejudicial spillover in a joint trial with the other defendants.   These arguments lack merit.

Under Rule 14, even where joinder is proper, the court weighs prejudice against judicial economy and the preference for joint trials. "Generally, individuals indicted together should be tried together." *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001).   A defendant is not entitled to severance merely because separate trials would more likely result in an acquittal, or because the evidence against one defendant is not as strong as that against the other or more inflammatory. *United States v. Rivera*, 412 F.3d 562, 571 (4th Cir. 2005); *United States v. Porter*,

**JA360**

412 F.3d 562, 571 (4th Cir. 2005).   The defendant must instead show prejudice.   Such prejudice

may be shown where there is a serious risk that a joint trial would compromise a specific trial right

of one of the defendants or prevent the jury from making a reliable judgment about guilt or

innocence. *Zafiro v. United States*, 506 U.S. 534 (1993).

The presumption of joint trial is particularly applicable in conspiracy cases. *See, e.g.*, *Zafiro*

*v. United States*, 506 U.S. 534, 537-38 (1993); *United States v. Akinkoye*, 1845 F.3d 192, 197 (4th

Cir. 1999)("Generally, we adhere to the rule that defendants charged with participation in the same

conspiracy are to be jointly tried').   This presumption comports with Fed. R. Crim. P. 8(b) which

provides for joint trials if defendants are "alleged to have participated in ... the same series of acts

or transactions constituting an offense or offenses."   Recently, in *United States v. Chavez*, 894

F.3d 593, 605 (4th Cir. 2018), the court upheld a denial of the defendant's motion for severance on

the grounds "the trial included evidence of violent racketeering activity the he was directly

involved in" and recognized that "in cases like this one, where a primary focus of the trial was the

interwoven relationships among defendants, separate trials would be repetitive, requiring

witnesses to provide the same testimony many times." *Id.* at 605.   The *Chavez* court cited with

approval *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (Prejudice unlikely where

each defendant charged with involvement in at least one murder and court gave limiting

instructions).

Thus, motions to sever are granted only where the dominant public interest in joint trials is

outweighed by substantial prejudice, arising from case specific problems, which will result in a

manifestly unfair trial. *See Zafiro*, 506 U.S. at 537; *see also United States v. Hayden*, 85 F.3d 153,

160 (4th Cir. 1996) (claims of potential prejudice generally are addressed through limiting

instructions rather than severance).   Thus, when defendants are properly joined under Fed R. Crim. P. 8(b), as in this case, severance under Fed. R. Crim. P. 14 is justified "only where there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.   The party moving for severance must establish "actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)(citations and internal quotations omitted).   Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief, if any, to the district court's sound discretion. *Zafiro*, 506 U.S. at 538.

All four defendants fail to meet the heavy burden of justifying severance. *See United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007)("Without a strong showing of prejudice, severance is not justified on the mere disparity of evidence adduced against individual defendants).   In similar situations, the Fourth Circuit has upheld the denial of severance where the defendant is required to defend "against a body of evidence that included separate murders not attributable to all defendants." *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012): *United States v. Chavez*, 894 F3d 593, 605 (4th Cir. 2018).   All of the criminal acts including the murders charged against Richardson and Greene arise from their association in the Thirty Six Street Bang Squad enterprise charged in Count 1 and described as overt acts.

RICHARDSON and GREENE are charged in the overarching RICO conspiracy.   This conspiracy includes acts of murder, robbery, witness intimidation and drug dealing as charged types of racketeering activity.   The expressly described "purposes and objectives" of the enterprise include intimidation, violence, and threats of violence to include murder, attempted

murder, assault, robbery and narcotics distribution. ECF 90.  These same crimes are detailed in the "means and methods" of the enterprise. *Id*. at p. 5.  The multiple acts charged against both RICHARDSON and GREENE in separate counts involve the type of activity described in these portions of the superseding indictment.  The motives for the murders and the shootings described in the superseding indictment are interrelated to actions taken against rival gangs.  The other criminal activity charged against GREENE, in addition to the charges shared with RICHARDSON and other co-defendants, are not substantially more inflammatory than the double murder in which Richardson participated. See *United States v. Rivera*, 412 F.3d 562, 571 (4th Cir. 2005)(holding not an abuse of discretion to deny severance where evidence of a co-defendant planned violent jailbreak because evidence was not substantially more inflammatory than the evidence properly admitted against the defendant).  Additionally, all defendants in this case including SADIE TAYBRON are either members or associates of the RICO conspiracy.

Regarding DOUGLAS, as an essential element of the Attempted Murder in Aid of Racketeering charge in Count 14, the United States must prove his association with the same 36SBS enterprise charged in Count 1 (same as RICHARDSON and GREENE) and the overt acts listed "dd- gg."  The motive for this shooting is the same motive as the other acts of violence in this case; namely the animus toward rival gangs.  This enterprise evidence is admissible even if DOUGLAS' trial were to be severed.  Such enterprise evidence including his relationship with members and associates of the enterprise, the rivalry with other local gangs and how that rivalry drove the violence including this shooting, is intrinsic to the proof of this incident.

Likewise, the proof against defendant SADE TAYBRON will also include proof of her association with members of the 36SBS enterprise including her mother, her brother, RYAN

**JA363**

TAYBRON, and ERIC NIXON.   Such enterprise evidence would also come into play at a severed trial.   Finally, severing these trials would cause a heavy burden on witnesses and the court because of the duplicative nature of the evidence.

The court's jury instructions also provide adequate protection against potential prejudice. *United States v. Chavez*, 894 F3d 593, 605 (4th Cir. 2018)(holding that limiting instructions lessened risk of unfair prejudice in case where trial included evidence of violent racketeering activity defendant was not directly involved); *Dinkins*, 691 F3d at 367. The evidence in this case is not so complicated as to prevent the jury from separating the evidence and properly applying it against those against whom it is offered. The instructions will direct the jurors to compartmentalize and not consider the evidence against one defendant when deciding upon the guilt of or innocence of another defendant, to separately consider each defendant and examine the difference between counts.

CONCLUSION

For the foregoing reasons, the motions to sever should be denied.

80

**JA364**

VIII.   RESPONSE TO MOTION FOR EARLY JENCKS MATERIAL AND BRADY / GIGLIO
        MATERIAL ECF 270, 281

INTRODUCTION

Defendants GREENE and DOUGLAS request the early production of *Jencks* material as well as materials pursuant to *Brady/Giglio*.    In support thereof, defendants claim that these materials are required in order to ensure a fair trial.    The defendant also requests that the Court order the preservation of any notes and communications and other documentation that may not fall within the definition of "statement," within the Jencks Act.    *See* 18 U.S.C. § 3500.

As an initial matter, the United States has produced extensive discovery in this case to date. As in most cases of this magnitude, the United States does intend to provide the early disclosure of *Jencks* materials; however, as is charged in the superseding indictment, witness security is a pressing concern that warrants caution in disclosure.    The United States will begin producing *Jencks* materials approximately two months prior to the scheduled trial date.

DISCUSSION

A.  Jencks Materials

The Jencks Act, 18 U.S.C. § 3500, provides that the government is required to produce 18 U.S.C. § 3500(e) statements of government witnesses only after each of such witnesses have testified on direct examination.    Rule 16(a)(2) of the Federal Rules of Criminal Procedure recognizes that the timing under 18 U.S.C. § 3500 is controlling, and excludes discovery of *Jencks* material prior to trial.    Case law aligns with these provisions.    *See United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994).    The Supreme Court, in *Palermo v. United States*, 360 U.S. 343, 349 (1959), recognized that the statutory procedure for the production of a statement of a government witness to the defense after the witness has testified on direct examination is the exclusive

81

**JA365**

procedure for production of such a statement.

With respect to the request for interview notes and memoranda of government counsel and/or agents, the defendant is not entitled to such materials.  "In adopting the Jencks Act, Congress intended to provide a defendant only a limited intrusion into government files to permit the defendant to obtain statements for impeachment purposes and to shift from the government to the district court the duty of determining whether a document is to be produced." *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996) (citing *Palermo v. United States*, 360 U.S. 343, 349-50 (1959)). While a statement need not have been written or signed by the witness, if the statement is not the actual words of the witness, it must in some way have been adopted or approved by the witness to qualify as *Jencks* material. Thus, when a government agent interviews a witness and takes contemporaneous notes of the witness's responses, the notes do not become the witness's statement--despite the agent's best efforts to be accurate--if the agent "does not read back, or the witness does not read, what the [agent] has written." *Goldberg v. United States,* 425 U.S. 94, 110-11, n.19 (1976).   And a government's agent's interview notes that "merely select portions, albeit accurately, from a lengthy oral recital" do not satisfy the Jencks Act's requirement of a "substantially verbatim recital." *Palermo*, 360 U.S. at 352.

As set out in the above cases, then, the Court does not have the authority to order the United States to produce Jencks Act statements any earlier than the government has consented to. Additionally, the defendant has not made an adequate showing to require that the government produce interview notes.  If the witness has not expressly adopted the notes, they are not statements for the purposes of the Jencks Act.  *Roseboro*, 87 F.3d at 646.  Accordingly, the defendant's motion for the early production of *Jencks* material and any disclosure of notes and

memoranda should be denied.

    B.  *Brady/Giglio* Materials

    The United States is well aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including the duty to provide impeachment and mitigation information. *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994).  The United States has complied and intends to continue to comply fully with those disclosure obligations.   The defendants do not contend that the United States has failed to do so. To this end, as referenced by the defendants, the United States has produced extensive discovery and disclosure to the defendants.   The defendants generally claim that additional information is required, but do not make any specific requests for information or identify that which is lacking.

    Furthermore, as referenced, the United States and the defendants have entered into agreed upon discovery orders. These orders require the government to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976), and set forth that any impeachment materials under *Giglio* for the government's witnesses must be provided ten calendar days prior to trial.   The defendants have offered no justification for setting aside these agreed upon deadlines.

<div align="center">CONCLUSION</div>

    To the extent the defendants' motion requests materials that are already covered by the Discovery Orders, the United States submits their Motion should be denied as moot.   To the extent that the defendants' Motion requests production of information that exceeds the scope of *Brady* or any other rule of disclosure, and the timing agreed to in the Discovery Orders, the United States respectfully requests that the Court deny the motion.

<div align="center">**JA367**</div>

IX.    RESPONSE TO DEFENDANT XAVIER GREENE'S MOTION FOR DISCLOSURE
       OF CO-DEFENDANTS' STATEMENTS INCRIMINATING DEFENDANT
       ECF 273, 279

### INTRODUCTION

Relying on *Bruton v. United* States, 391 U.S. 123 (1968) and its progeny, including *Crawford v. Washington*, 541 U.S. 36 (2004), defendant GREENE moves to compel the United States to disclose any statements or confessions by any co-defendant that are incriminatory and that the government intends to offer at trial.   The defendant will receive any such statements when *Jencks* materials are produced.

### DISCUSSION

The rule of *Bruton v. United States* 391 U.S.123 (1968) bars the admission of a non-testifying co-defendant's confession naming the defendant as a participant in the crime.   Even if the moving defendant's name is redacted, severance is required "if … it is clear that a particular defendant is implicated." *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999).   On the other hand, severance is not required, unless there are "facially incriminating statements," not merely statements which only become incriminating when linked to other evidence. *Richardson v. Marsh*, 481 U.S. 200, 208 (1987). That is, *Bruton* requires redacting only "[s]pecific testimony that the defendant helped me commit the crime," not statements that become incriminating "when linked with evidence introduced later at the trial. *Richardson v. Marsh*, 481 U.S. 200, 208 (1987); *see also Gray v. Maryland*, 523 U.S. 185, 195 (1998) (noting that "statements that become incriminating inferentially" are "outside the scope of Bruton's rule"). Accordingly, a "*Bruton* problem exists only to the extent that codefendant's statement in question, on its face implicates the defendant." *United States v. Locklear*, 24 F.3d 641, 646, (4th Cir. 1994). Finally,

84

**JA368**

even where a statement is redacted such that a co-defendant's name is replaced by a symbol or neutral pronoun, it is only admissible provided it is not facially incriminatory. *United States v. Smallwood*, 307 F.Supp. 2d 784, 789 (E.D. Va. 2004).   The United States is well aware of the impact of the *Bruton* rule and will not introduce statements in violation of it.   The defendant will receive *Jencks* material well in advance of trial to be able to determine what statements are at issue and whether they need to seek exclusion of such statements.

Any statements that the United States would seek to introduce would be the variety of nontestimonial statements or co-conspirator statements.   The *Bruton* rule does not apply to such statements.   *See United States v. Dargan*, 738 F.3d 643, 650-51 (4th Cir. 2013); *United States v. Shores*, 33 F.3d 438, 442-44 (4th Cir. 1994).   This case charges a large-scale racketeering conspiracy whose members are not limited to those proceeding to trial, nor limited to those charged in the Superseding Indictment.   At trial the United States will prove the existence and operation of the racketeering conspiracy, and will also introduce statements made by co-conspirators in furtherance of the conspiracy.   Some of the statements were made by defendants, while others were made by members and associates of the 36th Street Bang Squad enterprise.

The United States' witnesses will testify about the overt acts and substantive counts described in the superseding indictment. These witnesses will testify to statements properly offered as co-conspirator statements in furtherance of the conspiracy including statements to update other 36SBS members on recent activities, induce their further participation in the conspiracy, allow members to take steps to coordinate their efforts against rivals, allow members to avoid law enforcement detection, and to enhance their status in the organization. There will also be non-hearsay statements of party opponents.

**JA369**

Fed. R. Evid. 801(d)(2) provides that statements offered against an opposing party made by that party's co-conspirator during and in furtherance of the conspiracy, are not hearsay.  Fed. R. Evd. 801(d)(2)(E).  The United States must prove by a preponderance of the evidence, however, that a statement is a co-conspirator declaration in order for the statement to be admissible under Rule 801(d)(2)(E).  *Bourjaily v. United States*, 483 U.S. 171, 176 (1987); *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006). To admit a co-conspirator statement under Fed R. Evid 801(d) (2)(E) the United States must show that (1) a conspiracy existed, (2) the declarant and the defendant were members of the conspiracy and (3) the statement was made in the course of and in furtherance of the conspiracy. *Bourjaily,* 483 U.S. 175-76.; *United States v. Graham*, 711 F.3d 445, 453 (4th Cir.2013).

The responsibility for admitting co-conspirator statements rests solely with the trial judge. *Bourjaily*, 483 U.S. 175-76; *United States v. Stroupe*, 538 F.2d 1063, 1065 (4th Cir. 1976); Fed. R. Evid. 104(a), (trial judge alone determines preliminary questions concerning admissibility of evidence). The trial court may admit co-conspirator declarations "subject to connection," that is conditionally pending a later showing by the prosecution to the Court's satisfaction that the requirements of Fed. R. Evid. 801(d)(2)(E) have been met. *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) ("[W]e allow a trial court to conditionally admit a co-conspirator's statements subject to the subsequent satisfaction of the requirements for admission.")   Thus, the Court at trial will serve as the gatekeeper for any such statements.

<div align="center">CONCLUSION</div>

Because the United States will not introduce statements in violation of *Bruton*, the defendant will be provided with early *Jencks* materials and the Court serves as the appropriate

<div align="center">86</div>

<div align="center">**JA370**</div>

arbiter of any co-conspirator or other nontestimonial statements, the defendant's motion should

be denied.

**JA371**

X.    <u>RESPONSE TO MOTION TO DISMISS DEFECT IN SUPERSEDNG INDICTMENT</u>:
ECF   283

<div align="center">INTRODUCTION</div>

Defendant DOUGLAS claims that the charges against him in Counts 14 and 15 should be dismissed because his first name is misspelled.    The defendant does not contend that he is not the correct individual named in the indictment.    The United States recognizes that though indictments may not be substantively "amended" to create substantive changes, typographical and other clerical errors may be corrected.   *United States v. Lake*, 965 F.2d 265 (6th Cir. 1993); *see also Ex parte Bain*, 121 U.S. 1 (1887) (finding that amendments of substance must be sent back to the grand jury).

<div align="center">DISCUSSION</div>

"An amendment of form of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burden and is not otherwise prejudiced." *Williams v. United States*, 179 F.2d 656, 659 (5th Cir. 1950), aff'd, 341 U.S. 97 (1951); *see also United States v. Denny*, 165 F.2d 668, 669 (7th Cir. 1947) (permitting district attorney to change name of indictment that had been spelled incorrectly and ruling that stenographic mistake involving no change of identity is one of form rather than substance).   Such permitted changes include corrections in the spelling of the defendant's name, the name of an involved employer, and the type of document the defendant was accused of falsely amending.   *See United States v. Kegler*, 724 F.2d 190, 194 (D.C. Cir. 1983).

Any amendment to the spelling of the defendant's first name would not affect the substance of the charges or usurp the "perogative of the grand jury."   *Kegler*, 724 F.2d at 193 (finding that courts may permit minor clerical errors or misnomers that are matters of form").   Furthermore,

<div align="center">88</div>

<div align="center">**JA372**</div>

there is no prejudice to the defendant in an amendment - the evidence had not changed and it is clear that the defendant is alleged to have done the relevant transactions such that there is no surprise. *See United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976) ("a finding of prejudcie to the defendant must be present before an amendment [of an indictment] will be held impermissible.") The defendant, in his motion, claims that he will suffer prejudice, but not relating to surprise or lack of evidence.   Accordingly, the United States submits that any such error can be cured by amendment.

<u>C</u>ONCLUSION

As the error of which the defendant complains is one of form rather than substance, the United States submits that dismissal is inappropriate.   Should the Court determine; however, that a substantive amendment would result, the United States respectfully requests that the Court defer a ruling on this motion until the United States may return to the grand jury to cure this error.

89

**JA373**

XI.    <u>RESPONSE TO MOTION FOR SPEEDY TRIAL</u>: ECF 285

<center>INTRODUCTION</center>

Defendant DOUGLAS requests that the Court dismiss Counts 14 and 15 for violations of the Speedy Trial Act.   *See* 18 U.S.C. § 3161 et seq.   DOUGLAS was first named as a defendant in the superseding indictment, returned on April 26, 2018.   As DOUGLAS was in state custody, a writ was issued for him and he appeared for an initial appearance on May 17, 2018.   ECF 108, 141.   DOUGLAS waived his right to a detention hearing on May 22, 2018.   ECF 152.   At his arraignment on May 29, 2018, he waived, in open court, his right to a speedy trial under the Speedy Trial Act.   ECF 164.   Due to the potential capital nature of the case at that time, it was set for a status hearing on October 3, 2018.   The defendant also entered into an agreed discovery order with the United States, which requires him to provide notice of any alibi defense twenty calendar days before trial.   ECF 165.   To date, the defendant has provided no notice of any alibi.

<center>DISCUSSION</center>

DOUGLAS claims that the delay between the return of the superseding indictment on April 26, 2018 and the scheduled trial date of October 15, 2019 has "presumptively prejudiced the defendant's ability to prepare his defense."   DOUGLAS specifically references an alibi defense; however, this has not been noticed to the United States, despite the return of the superseding indictment being returned over a year ago and substantial discovery having been produced.

The defendant discusses certain provisions of the Speedy Trial Act in his motion that permit the setting of a trial beyond the seventy-day prescribed period, including findings by the court under Section 3161(h)(7)(A) related to the complexity of the case.   This subsection specifically states that "[a]ny period of delay" may be excluded upon the findings by the court that "the ends of justice served by taking such action outweigh the best interest of the public and the

<center>90</center>

<center>**JA374**</center>

defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). Such findings were made at the arraignment on May 29, 2018, with the defendant's agreement.

Moreover, the defendant is joined with numerous other co-defendants. The Speedy Trial Act also excludes delay for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the trial has not run and not motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *see United States v. Jarrell,* 147 F.3d 315, 316 (4th Cir.), *cert. denied,* 525. U.S. 954 (1998) (additional time properly excluded on facts of case); *United States v. Sarno*, 24 F.3d 618, 622 (4th Cir. 1994).

The defendant has identified no violation of the Speedy Trial Act given the findings by the court on the record and his own waiver. The defendant provides no authority for the proposition that his waiver in open court can be set aside at his convenience. He merely claims that he will be presumptively prejudiced, without setting forth any specific grounds of prejudice.

With regard to the defendant's Sixth Amendment claim, "[t]o establish a violation of the Sixth Amendment right to a speedy trial, a defendant must show [beyond the triggering of the Amendment's protections] . . . that on balance, four separate factors weigh in his favor: whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for the delay, whether in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995).

Applying these factors, the delay between May 2018 and October 2019 does not establish a violation. The time between May 2018 and November 2018 was attributable to the capital review process, whereby certain death eligible co-defendants made presentations to the United States Attorney's Office and the Department of Justice prior to the determination of the Attorney

**JA375**

General that the death penalty would not be sought.   Additionally, once the notice of that decision was provided, all counsel were consulted as to the prospective trial date.   As referenced in responses to other motions, the case involves voluminous discovery and many transactions. Furthermore, the defendant has waited over a year to assert his right to a speedy trial and had initially waived the provisions of the Speedy Trial Act.   *See id.*   at 149-150 (noting that defendant had not timely asserted right to speedy trial and at one point had explicitly declined to assert such right).   Finally, beyond the general assertion of prejudice, the defendant does not identify how the period of delay of approximately one year further erodes witness memories of conduct that occurred in 2015.[47]

<div align="center">C<small>ONCLUSION</small></div>

For these reasons, the Court should deny the defendant's motion.

<div style="margin-left:40%;">

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

</div>

By:            /s/

<div style="margin-left:40%;">

Amy R. Cross
Special Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757/591-4000
Fax: 757/591-0866
Email: Amy.Cross@usdoj.gov

</div>

---

[47] The government does note the curious inconsistency in the defendant's position between first claiming an alibi defense, but then claiming that witnesses will not be able to "remember the specific details concerning the events of the alleged crimes."   Mot. at 4.   Of course, an alibi defense would involve evidence that the defendant was not present for the crimes charged against him – there would be no need for witnesses that testify about this conduct.

<div align="center">**JA376**</div>

By: _____/s/_____
Howard J. Zlotnick
Assistant United States Attorney
United States Attorney's Office
Attorney for the United States of America
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Email: Howard.Zlotnick@usdoj.gov


By: _____/s/_____
Brian J. Samuels
Assistant United States Attorney
United States Attorney's Office
Virginia Bar No. 65898
Attorney for the United States of America
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Tel. (757) 591-4000
Fax: (757) 591-0866
Email: Brian.Samuels@usdoj.gov

CERTIFICATE OF SERVICE
93

**JA377**

I certify that on June 7, 2019 I electronically filed a copy of the foregoing with the Clerk

of the Court using the CM/ECF system who will send notice to the following ECF users:

Lawrence Woodward, Esquire
(Counsel for Martin Hunt)
4525 South Boulevard
Virginia Beach, VA 23452
Phone: (757)671-6000
Email: lwoodward@srgslaw.com

Emily Munn, Esquire
(Counsel for Martin Hunt)
208 East Plume St., Suite 247
Norfolk, VA 23510
Phone: (757)440-3546
Email: emily@bischoffmartingayle.com

Amy L. Austin, Esquire
(Counsel for Xavier Greene)
101 Shockoe Slip, Suite O
Richmond, VA 23452
Phone: (804) 343-1900
Email: amyaustinlawyer@gmail.com

David Good, Esquire
(Counsel for Xavier Greene)
780 Lynnhaven Pkwy., Suite 400
Virginia Beach, VA 23452
Phone: (757) 306-1331
Email: dgood@dgoodlaw.com

Rhonda Qugliana, Esquire
(Counsel for Deshaun Richardson)
416 Park Street
Charlottesville, VA 22902
Phone: (434) 296-1301
Email: rq@stlawva.com

Gregory Klein, Esquire
(Counsel for Deshaun Richardson)
555 E. Main Street, Suite 1300
Norfolk, VA 23510
Phone: (757) 432-2500
Email: greg@krslaw.com

Andrew A. Protogyrou, Esquire
(Counsel for Ryan Taybron)
125 St. Paul's Blvd., Suite 150
Norfolk, VA 23510
Phone: (757) 625-1775
Email:   protogyrou@prlaw.org

Nick Hobbs, Esquire
(Counsel for Eric Nixon)
21 E. Queens Way, Suite B
Hampton, VA 23669
Phone: (757) 335-4241
Email: nhobbs@hobbsharrison.com

Harry Harmon, Esquire
(Counsel for Giovanni Douglas)
5900 East Virginia Beach Blvd., Suite 208
Norfolk, VA 23502-2487
Phone: (757)623-2353
Email: harryharmonjr@gmail.com

Jamison P. Rasberry, Esquire
(Counsel for Raymond Palmer)
1023 Laskin Road, Suite 101
Virginia Beach, VA 23451
Phone: (757) 301-1821
Email: jrasberry@gmail.com

Richard Yarrow, Esquire
(Counsel for Melissa Taybron)
821 West 21st Street, Suite 208
Norfolk, VA 23517

Mary T. Morgan, Esquire
(Counsel for Sade Taybron)
1244 Perimeter Parkway, Suite 441
Virginia Beach, VA 23454

**JA378**

Phone: (757) 337-3963
Email: RichardYarow@gmail.com

Eric Leckie, Esquire
(Counsel for Phyllis Taybron)
2408 Princess Anne Road
Virginia Beach, VA 23456
Phone: (757) 337-2727
Email: erickleckie@invictus-law.com

Phone: (757) 609-2702
Email: mary@golightlylaw.com


                    /s/
_____
Brian J. Samuels
Assistant United States Attorney
Attorney for the Government
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Ph: (757)-591-4000
Fax: (757)-591-0866
Email: brian.samuels@usdoj.gov

**JA379**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

```
FILED
IN OPEN COURT

JUN 1 2 2019

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 4:17cr52** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **MARTIN L. HUNT,** | ) | **18 U.S.C. § 1962(d)** |
| a/k/a "O.G. Martin," | ) | **Racketeering Conspiracy** |
| (Counts 1, 4-9, 12, 13, 30-33) | ) | **(Count 1)** |
| | ) | |
| **XAVIER GREENE,** | ) | **18 U.S.C. §§ 1959(a)(1) and 2** |
| a/k/a "BJ," | ) | **Murder in Aid of Racketeering Activity** |
| (Counts 1-3,6-9, 14, 15) | ) | **(Counts 2, 6, 8)** |
| | ) | |
| **DESHAUN RICHARDSON,** | ) | **18 U.S.C. §§ 924(c)(1) and (j) and 2** |
| a/k/a "Day Day," | ) | **Use of a Firearm Resulting in Death** |
| (Counts 1, 6-9, 25, 28) | ) | **(Counts 3, 7, 9)** |
| | ) | |
| **RYAN TAYBRON,** | ) | **18 U.S.C. §§ 1959(a)(5) and 2** |
| a/k/a "22" and "Ryan Savage," | ) | **Attempted Murder in Aid of Racketeering** |
| (Counts 1, 16-19, 21, 22, 25-28) | ) | **Activity** |
| | ) | **(Counts 4, 14, 16, 18, 21, 23, 30, 32, 34)** |
| **ERIC NIXON,** | ) | |
| a/k/a "Young Nix" and "Lil Nix," | ) | **18 U.S.C. §§ 924(c)(1)(A) and 2** |
| (Counts 1, 16-19, 21-24, 29) | ) | **Possession and Discharge of a Firearm** |
| | ) | **in Furtherance of a Crime of Violence** |
| **GEOVANNI DOUGLAS,** | ) | **(Counts 5, 11, 13, 15, 17, 19, 22, 24, 31** |
| a/k/a "Geo" and "Twin," | ) | **33, 35)** |
| (Counts 1, 14, 15, 34, 35) | ) | |
| | ) | **18 U.S.C. §§ 1959(a)(5) and 2** |
| **RAYMOND PALMER,** | ) | **Attempt and Conspiracy to Commit** |
| a/k/a "Ray Dog," | ) | **Murder in Aid of Racketeering Activity** |
| (Counts 1, 10, 11) | ) | **(Count 12)** |
| | ) | |
| **ANTHONY ACKLIN,** | ) | **18 U.S.C. §§ 1959(a)(6) and 2** |
| a/k/a "Von," | ) | **Attempted Assault with a Dangerous** |
| (Counts 25 – 27) | ) | **Weapon in Aid of Racketeering Activity** |
| | ) | **(Count 10)** |
| | ) | |
| | ) | **18 U.S.C. §§ 1512(b)(1) and 2** |
| | ) | **Tampering with Witness** |
| | ) | **(Count 20)** |

**JA380**

MELISSA TAYBRON,     )  21 U.S.C. § 846
(Counts 20, 26)       )  **Conspiracy to Distribute and Possess with**
                       )  **Intent to Distribute Marijuana and Cocaine**
SADE TAYBRON,       )  **Base**
(Count 20)            )  **(Count 25)**
                       )
and                  )  21 U.S.C. § 856(a)(1)
                       )  **Maintaining Drug Involved Premise**
PHYLISS TAYBRON,     )  **(Count 26)**
(Count 20)            )
                       )  18 U.S.C. § 924(c)(1)(A)
      Defendants    )  **Possession of Firearm in Furtherance of**
                       )  **Drug Trafficking**
                       )  **(Counts 27, 28)**
                       )
                       )  18 U.S.C. §§ 922(a)(6) and 2
                       )  **False Statement During Firearm Purchase**
                       )  **(Count 29)**
                       )
                       )  18 U.S.C. §§ 924(d), 981(a)(1)(C),
                       )  1963(a), 21 U.S.C. § 853
                       )  **Criminal Forfeiture**

## SECOND SUPERSEDING INDICTMENT

June 2019 Term - at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### (Racketeering Conspiracy)

### The Enterprise

1.      The defendants, MARTIN L. HUNT, a/k/a "O.G. Martin," DESHAUN RICHARDSON, a/k/a "Day Day," XAVIER GREENE, a/k/a, "BJ," RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix," and GEOVANNI DOUGLAS, a/k/a "Geo" and "Twin," and others known and unknown to the Grand Jury, were members and associates of a neighborhood gang that was known alternatively as "36th Street Bang Squad," "36," "Three-Six," and "800" (hereinafter "36[th] Street

2

Bang Squad.") This was a criminal organization whose members and associates, including the Blick'Em Boys, another local street gang, engaged in acts of violence including murder, threats of murder, attempted murder, robbery, witness intimidation, and narcotics distribution. 36th Street Bang Squad operated principally in a geographic area in the southern portion of Newport News, Virginia from Wickham to Madison Avenues, between 35th and 36th Street. Its territory also covered the area around 28th Street and Roanoke Avenue in the same general location as its principal location. Finally, the organization claimed 35th Street as it extended into Hampton, Virginia, changing to Shell Road.

2.    Members of the 36th Street Bang Squad signified their membership in various ways. Members bore tattoos such as "36," or "800." 36th Street Bang Squad members displayed distinctive hand signs. When entering a business or gathering of people, 36th Street Bang Squad members and associates would yell slogans such as "36," "800," "800 Block," "Bang Squad," and others.

3.    36th Street Bang Squad and its associates clashed with other gangs including Walker Village Murder Gang (hereinafter WVMG). 36th Street Bang Squad and its associates engaged in acts of retaliation, intimidation, and violence toward rival gangs. Some members of 36th Street Bang Squad claimed to be aligned with the "Bloods" gang.

4.    36th Street Bang Squad, including its leaders, members and associates, constituted an "Enterprise" as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the Enterprise"), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an on-going

3

**JA382**

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

**<u>Purposes and Objectives of the Enterprise</u>**

5.       The purposes of the Enterprise included the following:

       a.       Enriching, preserving, expanding, and protecting the power, territory, and prestige of the Enterprise through the use of intimidation, violence, and threats of violence to include murder, attempted murder, assault, robbery, and narcotics distribution;

       b.       Promoting and enhancing the Enterprise and its members' and  associates' activities;

       c.       Sharing and disseminating information about the Enterprise's plans and activities among members and associates of the Enterprise;

       d.       Keeping potential rival drug dealers and gang members in fear of the Enterprise and in fear of its members and associates through threatened and actual violence;

       e.       Confronting and retaliating against rival gangs through the use of intimidation, violence, threats of violence, and assaults;

       f.       Protecting the Enterprise and its members from detection, apprehension, and prosecution by using witness intimidation to obstruct law enforcement=s investigation of members of the Enterprise;

       g.       Financially supporting members of the Enterprise through the trafficking of marijuana, cocaine, and cocaine base, and through robberies;

       h.       Obtaining firearms for use by members of the Enterprise to facilitate the commission of crimes by other members and associates of the Enterprise; and

       i.       Using intimidation, violence, and threats of violence against known and

4

**JA383**

suspected rival gang members, rival drug dealers, and various individuals.

### Means and Methods of the Enterprise

6.    The means and methods used by the defendants and their associates included, but were not limited to, the following:

a.    Using intimidation, violence, and threats of violence to preserve and protect the Enterprise's territory, criminal activities, prestige, reputation, and position in the community;

b.    Communicating with other members and associates in person, by telephone, and using social media, to plan, discuss, and coordinate criminal activities, and to receive support, encouragement and assistance for such activities;

c.    Promoting a climate of fear through intimidation, violence, and threats of violence to further their criminal activities, which included conspiracy to commit murder, murder, attempted murder, assault, robbery, and narcotics trafficking activities;

d.    Using intimidation, violence, and threats of violence against known and suspected rival gang members and various individuals;

e.    Protecting the Enterprise and its members from detection, apprehension, and prosecution by law enforcement officers by using threats of violence to dissuade potential witnesses from notifying or cooperating with authorities;

f.    Confronting and retaliating against rival gangs through the use of intimidation, violence, threats of violence, and assaults;

g.    Robbing individuals to obtain cash, cell phones, firearms, and drugs for resale and to fund the Enterprise's activities;

h.    Providing resources (such as transportation, firearms and financial support) to facilitate the commission of crimes by other members and associates of the Enterprise;

5

**JA384**

i.    Protecting the territory of the Enterprise in order to allow the Enterprise's members to earn money through the trafficking and sale of marijuana, prescription pills, cocaine, firearms, and stolen property within its territory;

j.    Sharing among the Enterprise supplies of, and storage locations for, firearms on Greenbrier Avenue, Hampton, Virginia; and

k.    Claiming and marking the territory of the Enterprise and proclaiming the members' association with the Enterprise by use of graffiti, slogans, tattoos related to the Enterprise, and boasting about the existence, exploits, and violent acts of the Enterprise in rap songs, rap videos, and on social media websites.

**The Racketeering Conspiracy**

7.    From in or about January, 2015, the exact date being unknown to the Grand Jury, until on or about July 4, 2017, in the Eastern District of Virginia and elsewhere, MARTIN L. HUNT, a/k/a "O.G. Martin," DESHAUN RICHARDSON, a/k/a "Day Day," XAVIER GREENE, a/k/a, "BJ," RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix," and GEOVANNI DOUGLAS, a/k/a "Geo" and "Twin," the defendants herein, Corey R. Sweetenburg and others known and unknown to the Grand Jury, being persons employed by and associated with 36th Street Bang Squad as described in Paragraphs One through Six of this Count, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), namely to conduct and participate, directly and indirectly, in the conduct of the affairs of the 36th Street Bang Squad Enterprise, which was engaged in and the activities of which affected interstate and foreign commerce, through a pattern of racketeering activity, as that term is defined by Title 18, United

6

**JA385**

States Code, Section 1961(1) and (5), which consisted of multiple acts involving:

        a.      Murder, chargeable under Va. Code Ann. §§ 18.2-32, 18.2-26, and 18.2-22, and the common law of Virginia;

        b.      Robbery, chargeable under Va. Code Ann. §§ 18.2-58, 18.2-26, and 18.2-22, and the common law of Virginia;

multiple acts indictable under:

        c.      18 U.S.C § 1512 (Tampering with Witnesses);

and multiple offenses involving:

        d.      Dealing in controlled substances, in violation of 21 U.S.C §§ 846, 841(a)(1) and 856.

        8.      It was further part of the conspiracy that each defendant knowingly agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the Enterprise's affairs.

### Overt Acts

        9.      In furtherance of the conspiracy and to achieve the object and purposes of the conspiracy, the defendants and others known and unknown committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to the following:

        a.      On or about March 8, 2015, Xavier Greene and unindicted co-conspirator Steven Harris conspired and agreed to use firearms to shoot and kill Dwayne Parker because he was an associate of a rival gang.

        b.      On or about March 8, 2015, Greene and Harris shot and killed Dwayne Parker.

        c.      On or about March 8, 2015, following the murder of Parker, Harris and Greene fled to the residence of another member of 36th Street Bang Squad in Newport News, Virginia.

JA386

d.       On or about March 8, 2015, following the murder of Parker, Greene made threats to an individual known to the Grand Jury related to providing authorities information about the Parker murder.

e.       On or about March 15, 2015, in Newport News, in the area of 2130 Wickham Drive, Martin L. Hunt and others discharged a firearm at rival gang member T.W., striking A.J., and P.D.

f.       At various times during the spring of 2015, the exact dates being unknown to the Grand Jury, but no later than April 6, 2015, at the location of 735 36th Street, Newport News, Virginia, Greene, Steven Harris and others met and discussed gang activities.

g.       On or about April 6, 2015, in Newport News, Virginia, Martin L. Hunt and Harris discharged a firearm at members and associates of the Walker Village Murder gang.

h.       On or about April 6, 2015, Hunt, Sweetenburg, Greene, Deshaun Richardson, Harris and others unknown to the Grand Jury, conspired and agreed to use firearms to shoot and kill Domingo Davis and others who were rival gang members.

i.       On or about April 6, 2015, Hunt, Greene, Richardson, and Harris shot and killed Domingo Davis and Jada Richardson.

j.       On or about April 6, 2015, Hunt, Greene, Richardson and Harris ran to Hunt's mother's residence, carrying firearms.

k.       On or about April 6, 2015, Hunt, Greene, Richardson and Harris discussed the murders at Hunt's mother's residence.

l.       On or about April 6, 2015, Hunt provided R.J. with the 9mm Bryco pistol he discharged in the murders of Domingo Davis and Jada Richardson.

m.       On or about April 6, 2015, R.J. disposed of the 9mm Bryco firearm to prevent

8

**JA387**

Hunt from being connected to the murders.

n.    On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Raymond Palmer, J.G., J.A. and S.F. conspired and agreed to use firearms to shoot at the residence of D.D., a rival gang member suspected of previously shooting at J.G.'s residence.

o.    On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Palmer, J.G., J.A. and S.F. drove to the 1100 block of 42nd Street and located D.D.'s residence.

p.    On or about April 27, 2015, in Newport News, Virginia, Sweetenburg, Palmer, and J.G., each carrying firearms, walked to D.D.'s residence and discharged the firearms, striking the residence multiple times.

q.    At various times during 2015, the exact dates being unknown to the Grand Jury, in Newport News, Virginia, at Marshall Courts, Palmer possessed with intent to distribute and distributed quantities of high-grade exotic marijuana.

r.    On or about June 3, 2015, in Newport News, Geovanni Douglas chased J.S., a member of rival gang 44-Newsome Park, and discharged a firearm at J.S, in retaliation for J.S. murdering 36th Street Bang Squad member Kevonne Turner.

s.    On or about June 5, 2015, Ryan Taybron, Hunt, Sweetenburg, J.G., E.E., Q.D., R.J., and R.T. conspired and agreed to use firearms to shoot and kill J.S., a rival gang member, in retaliation for the murder of 36th Street Bang Squad member Kevonne Turner, which occurred on June 3, 2015.

t.    On or about June 5, 2015, Ryan Taybron called S.F. and R.J. to get rides for R.T. to Bridgeport Academy in Hampton, Virginia.

u.  On or about June  5,  2015,  S.F. drove his white sedan  with  R.T., J.G., Sweetenburg, and Hunt to Bridgeport Academy.

9

**JA388**

      v.     On or about June 5, 2015, E.E., Q.D., and R.J. drove to Bridgeport Academy to meet with S.F., J.G., R.T., Hunt, and Sweetenburg.

      w.    On or about June 5, 2015, R.T. ordered S.F. to find J.S. at Bridgeport Academy.

      x.     On or about June 5, 2015, S.F. identified the Hampton City Public School bus on which J.S. was riding for Hunt, Sweetenburg, R.T., J.G., E.E., R.J., and Q.D.

      y.     On or about June 5, 2015, Sweetenburg, Hunt, J.G., S.F., Q.D., R.J., E.E.   and R.T. followed J.S.'s bus from Bridgeport Academy to the Derby Run Apartment complex on Floyd Thompson Drive, Hampton, Virginia.

      z.     On or about June 5, 2015, while carrying firearms, Hunt, Sweetenburg, J.G., E.E., R.T., and R.J. walked through the Derby Run Apartments looking for J.S. to kill him.

      aa.    On or about June 5, 2015, R.J. and E.E., while with R.T. and Q.D., discharged firearms at rival gang members outside the Derby Run Apartments.

      bb.    On or about June 5, 2015, Palmer, Hunt  and S.F.  took J.A.  to  downtown Newport News, Virginia to deliver a firearm to another 36th Street Bang Squad member.

      cc.    On or about July 21, 2015, in Newport News, Virginia, Greene possessed a .45 caliber Taurus firearm.

      dd.    On or about August 1, 2015, in Newport News, Virginia, Greene possessed   a firearm.

      ee.    On or about August 1, 2015, in Newport News, Virginia, after Greene learned that two members of the 36th Street Bang Squad were in a fight at a Solo Mart, located at 4710 Marshall Avenue, Newport News, Virginia, Greene provided Geovanni Douglas with a firearm.

      ff.     On or about August 1, 2015, in Newport News, Virginia, Douglas went to the Solo Mart and discharged Greene's firearm at rival gang members.

gg.    On or about August 4, 2015, members of 36th Street Bang Squad, including Douglas, discussed shooting Greene because he failed to fully support certain gang activities.

hh.    On or about August 4, 2015, members of the 36th Street Bang Squad, including Douglas, banged on the door of an individual known to the Grand Jury in an attempt to take a firearm possessed by Greene or kill him.

ii.    On or about August 7, 2015, Greene and others burglarized Southern Police Equipment, a federally licensed firearm dealer located in Chesterfield, Virginia, to obtain firearms for the 36th Street Bang Squad.

jj.    On or about August 7, 2015, Greene, and four other associates traveled from Chesterfield, Virginia to Newport News, Virginia, carrying 31 stolen firearms.

kk.    On or about August 7, 2015, in Newport News, Virginia, Greene telephonically contacted members of the 36th Street Bang Squad in order to distribute the stolen firearms to arm fellow 36th Street Bang Squad members.

ll.    On or about August 7, 2015, Greene and another individual drove to Ryan Taybron's residence at 404 Greenbrier and delivered a number of firearms to Taybron.

mm.    On or about August 10, 2015, in Hampton, Virginia, Ryan Taybron possessed five stolen firearms from the Southern Police Equipment burglary.

nn.    On or about August 10, 2015, in Newport News, Virginia, at the Economy Suites motel, Greene possessed the Taurus .45 caliber pistol used in the Solo Mart shooting that occurred on August 1, 2015.

oo.    On or about September 1, 2015, in Hampton, Virginia, Ryan Taybron directed Sweetenburg and S.F. to shoot a residence in the 600 block of Live Oak Lane, Newport News,

11

**JA390**

Virginia, because Taybron's girlfriend was involved with a rival gang member.

pp.    On or about September 1, 2015, in Hampton, Virginia, Ryan Taybron gave S.F. a pistol grip shotgun to discharge at the residence in the 600 block of Live Oak Lane, Newport News, Virginia.

qq.    On or about September 1, 2015, in Newport News, Virginia, Sweetenburg and S.F. possessed, carried and discharged firearms at the residence in the 600 block of Live Oak Lane, Newport News, Virginia, upon the direction of Ryan Taybron.

rr.    On or about September 8, 2015, in Newport News, Virginia, at the 700 Block of 35th Street, Geovanni Douglas did possess with intent to sell approximately 7 baggies of cocaine base while armed with a firearm.

ss.    On or about October 15, 2015, in the Eastern District of Virginia, Eric Nixon and an individual communicated using Facebook about doing bodily harm to D.C.

tt.    On or about November 6, 2015, in Newport News, Virginia, Ryan Taybron and Nixon discharged firearms at D.C., wounding him in the abdomen.

uu.    On or about November 6, 2015, in Hampton, Virginia, Ryan Taybron  and Nixon discharged firearms at D.C.

vv.    On or about November 8, 2015, in Hampton, Virginia, Sade Taybron did threaten D.C. to prevent his communicating information related to the commission of the shooting conducted by Ryan Taybron and Eric Nixon.

ww.    On or about November 8, 2015, but no later than November 23, 2015, in Newport News, Virginia, a 36th Street Bang Squad member relayed threats to D.C.

xx.    On or about November 23, 2015, in Hampton, Virginia, Melissa Taybron, Sade Taybron, and Phyllis Taybron did threaten physical force and violence against D.C.

12

**JA391**

yy.     On or about November 25, 2015, in Newport News, Virginia Melissa Taybron and Sade Taybron drove D.C. to a judicial proceeding in Newport News, in order to ensure he recanted his testimony against Ryan Taybron.

zz.     On or about November 26, 2015, in Hampton, Virginia, following a shooting at 404 Greenbrier, Melissa Taybron ordered Ryan Taybron, and others, known and unknown to the Grand Jury, to find shooters to retaliate against those who shot at the residence.

aaa.     At various times from in or about 2015 through in or about May 2017, in Hampton, Virginia, Ryan Taybron possessed with intent to distribute quantities of exotic marijuana and crack cocaine.

bbb.     At various times during June through July 2017, in the area of 34th Street in Newport News, Virginia Ryan Taybron and Deshaun Richardson possessed with intent to distribute and distributed quantities of exotic marijuana.

ccc.     On or about January 2, 2017, in Newport News, Virginia, Ryan Taybron, Eric Nixon, and S.F. conspired and agreed to use firearms to shoot at an associate of a rival gang.

ddd.     On or about January 2, 2017, in Newport News, Virginia, Ryan Taybron and Nixon possessed and discharged firearms at an associate of a rival gang.

eee.     On or about February 9, 2017, in Hampton, Virginia, Nixon obtained a Glock .40 caliber firearm from a straw purchaser whom he caused to purchase it.

fff.     On or about February 15, 2017, in Newport News, Virginia, in Marshall Courts, Raymond Palmer retrieved a firearm that had been abandoned by another 36th Street Bang Squad member during the member's flight from police.

ggg.     On or about February 26, 2017, in Newport News, Virginia, at an apartment complex on Aqueduct Drive, Nixon attempted to murder D.P. with a Glock .40 caliber firearm.

13

**JA392**

hhh.    On or about February 28, 2017, in Hampton, Virginia, at the Days Inn Hotel, Nixon possessed the Glock .40 caliber firearm used in the D.P. shooting.

iii.    At various times, the exact dates being unknown to the Grand Jury, beginning in or about June 2017, and continuing through on or about July 2017, in Newport News, Virginia, Ryan Taybron and Deshaun Richardson distributed quantities of exotic marijuana and cocaine base, commonly called "crack," for profit, while possessing firearms.

## Special Sentencing Factors

jjj. On or about March 8, 2015, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, did commit the willful, deliberate and premeditated killing of Dwayne Parker, a/k/a "D.Wade," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

kkk.    On or about April 6, 2015, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, aided and abetted by one another and others known and unknown, did commit the willful, deliberate and premeditated killing of Domingo Davis, a/k/a "Mingo," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

lll. On or about April 6, 2015, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and    DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, aided and abetted by one another and others known and unknown, did commit the willful, deliberate and premeditated killing of Jada Richardson, in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

(All in violation of Title 18, United States Code, Section 1962(d).)

14

**JA393**

## COUNT TWO
### (Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 through 6 of Count One of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.    At all times relevant to this Second Superseding Indictment, 36th Street Bang Squad, including its leaders, members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.    At all times relevant to this Second Superseding Indictment, 36th Street Bang Squad, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is acts involving

   a.   Murder, chargeable under Va. Code Ann. §§ 18.2-32, 18.2-26, and 18.2-22, and the common law of Virginia;

   b.   Robbery, chargeable under Va. Code Ann. §§ 18.2-58, 18.2-26, and 18.2-22, and the common law of Virginia;

acts indictable under:

   c.   18 U.S.C § 1512 (Tampering with Witnesses);

and offenses involving:

15

**JA394**

       d.     Dealing in controlled substances, in violation of 21 U.S.C §§ 846, 841(a)(1) and 856.

     4.     On or about March 8, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Dwayne Parker, a/k/a "D. Wade," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.

     (In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

16

**COUNT THREE**
**(Use of a Firearm Resulting in Death)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 8, 2015, in Newport News Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," the defendant herein, aided and abetted by others known and unknown, did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Second Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Two of this Second Superseding Indictment, which are incorporated herein, and in the course of said offenses, caused the death of Dwayne Parker, a/k/a "D. Wade," through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendant and others, known and unknown to the Grand Jury, with malice aforethought, did unlawfully kill Dwayne Parker, a/k/a "D. Wade," by shooting him.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)

17

**JA396**

## COUNT FOUR
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.    Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.    On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit the murder of rival gang members associated with the Walker Village Murder Gang, in violation of Virginia Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

18

**JA397**

## COUNT FIVE
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, and unindicted co-conspirator Steven Harris, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is: Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Court Four of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

19

**JA398**

## COUNT SIX
### (Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, and Cory R. Sweetenburg, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Domingo Davis, a/k/a "Mingo," in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

20

**JA399**

## COUNT SEVEN
### (Use of a Firearm Resulting in Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, that is Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Second Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Six of this Second Superseding Indictment, which are incorporated herein, and in the course of said offenses, caused the death of Domingo Davis, a/k/a "Mingo," through the use of a firearm, and the killing constituted murder, as defined in Title 18 United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Domingo Davis, a/k/a "Mingo," by shooting him with a firearm.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)

21

**JA400**

## COUNT EIGHT
### (Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jada Richardson, in violation of Va. Code Ann. §§ 18.2-32 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

22

**JA401**

## COUNT NINE
### (Use of a Firearm Resulting in Death)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," XAVIER GREENE, a/k/a "BJ," and DESHAUN RICHARDSON, a/k/a " Day Day," the defendants herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Second Superseding Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Eight of this Second Superseding Indictment, which are incorporated herein, and in the course of said offenses, caused the death of Jada Richardson, through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendants, with malice aforethought, did unlawfully kill Jada Richardson, by shooting her with a firearm.


(In violation of Title 18, United States Code, Sections 924(c)(1) and (j) and 2.)

**JA402**

## COUNT TEN
**(Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.        Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.        On or about April 27, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RAYMOND PALMER, a/k/a "Ray Dog," the defendant herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to assault with a dangerous weapon D.D., in violation of Va. Code Ann. §§ 18.2-51, 18.2- 26 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(6) and 2.)

24

**JA403**

## COUNT ELEVEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 27, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RAYMOND PALMER, a/k/a "Ray Dog," the defendant herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(6), as set forth in Count Ten of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

25

JA404

## COUNT TWELVE
**(Attempt and Conspiracy to Commit Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about June 5, 2015, in Hampton, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, and Corey R. Sweetenburg, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did unlawfully and knowingly attempt to murder J.S., a/k/a "D'Rose," and combine, conspire, confederate, and agree with one another and others known and unknown to murder J.S., a/k/a "D'Rose," in violation of Va. Code Ann. §§ 18.2- 32, 18.2-26, 18.2-22 and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

26

**JA405**

**COUNT THIRTEEN**
**(Possession of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 5, 2015, in Hampton, Virginia, within the Eastern District of Virginia,

MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, and Corey R. Sweetenburg, aided

and abetted by one another and others known and unknown, did unlawfully and knowingly possess

a firearm, namely a handgun, in furtherance of a crime of violence for which they may be

prosecuted in a court of the United States, that is, Attempt and Conspiracy to Commit Murder in

Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in

Count Twelve of this Second Superseding Indictment, which is re- alleged and incorporated herein.


(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

27

**JA406**

## COUNT FOURTEEN
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about August 1, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," and GEOVANNI DOUGLAS, a/k/a "Geo," and "Twin," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit murder, in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

28

**JA407**

## COUNT FIFTEEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 1, 2015, in Newport News, Virginia, within the Eastern District of Virginia, XAVIER GREENE, a/k/a "BJ," and GEOVANNI DOUGLAS, a/k/a "Geo," and "Twin," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Fourteen of this Second Superseding Indictment, which is re- alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

29

**JA408**

**COUNT SIXTEEN**
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about November 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.C., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

30

**JA409**

## COUNT SEVENTEEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Sixteen of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

31

**JA410**

## COUNT EIGHTEEN
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.     On or about November 6, 2015, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.C., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

32

**JA411**

## COUNT NINETEEN
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Eighteen of this Second Superseding Indictment, which is re- alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

33

**JA412**

**COUNT TWENTY**
**(Tampering with Witness)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 6, 2015, to on or about November 23, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MELISSA TAYBRON, SADE TAYBRON and PHYLISS TAYBRON, the defendants herein, aided and abetted by one another and others known and unknown, did knowingly intimidate, threaten, corruptly persuade, and engage in misleading conduct toward D.C. by threatening D.C. and his family, over the telephone and social media, and driving him to a legal proceeding, to influence, delay and prevent the testimony of D.C. and cause D.C. to recant D.C.'s original statement implicating RYAN TAYBRON and ERIC NIXON and to prevent his truthful testimony in a federal grand jury, relating to the commission of federal offenses, namely Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5) and Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c).

(All in violation of Title 18, United States Code, Sections 1512(b)(1) and 2).

34

**JA413**

## COUNT TWENTY-ONE
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.     On or about January 2, 2017, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder A.M., in violation of Virginia Code Ann. §§ 18.2-32 ,18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2).

35

**JA414**

## COUNT TWENTY-TWO
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 2, 2017, in Newport News, Virginia, within the Eastern District of

Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ERIC NIXON, a/k/a "Young

Nix" and "Lil Nix," the defendants herein, aided and abetted by one another and others known and

unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in

furtherance of a crime of violence for which they may be prosecuted in a court of the United States,

that is, Attempted Murder in Aid of Racketeering Activity, in violation of United States Code,

Section 1959(a)(5), as set forth in Court Twenty-One of this Second Superseding Indictment,

which is re- alleged and incorporated herein.


(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

36

**JA415**

**COUNT TWENTY-THREE**
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about February 26, 2017, in Newport News, Virginia, within the Eastern District of Virginia, ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendant herein, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder D.P., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

37

**JA416**

## COUNT TWENTY-FOUR
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 26, 2017, in Newport News, Virginia, within the Eastern District of Virginia, ERIC NIXON, a/k/a "Young Nix" and "Lil Nix," the defendant herein, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Twenty-Three of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)).

38

JA417

**COUNT TWENTY-FIVE**
**(Conspiracy to Distribute and Possess with Intent to**
**Distribute Marijuana and Cocaine-Base)**

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2015, the exact date being unknown to the Grand Jury, to on or about the date of July 30, 2017, in the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," DESHAUN RICHARDSON, a/k/a "Day Day," ANTHONY ACKLIN, a/k/a "Von," and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other and others persons known and unknown to the Grand Jury to commit the following offenses against the United States:

a.      To knowingly and intentionally distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D); and

b.      To knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine-base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); and

c.      To unlawfully and knowingly use a residence at 404 Greenbrier Drive, Hampton, Virginia, for the purpose of possessing with intent to distribute and distributing marijuana, a Schedule I controlled substance, and cocaine base, commonly called "crack," a Schedule II controlled substance, and using marijuana, in violation of Title 21, United States Code, Section 856(a)(1).

**JA418**

<u>**WAYS, MANNER AND MEANS OF THE CONSPIRACY**</u>

The primary purpose of the conspiracy was to make money through the possession and distribution of cocaine and marijuana in the cities of Hampton and Newport News, Virginia, within the Eastern District of Virginia. The ways, manner and means by which the defendants and co-conspirators carried out the purposes of the conspiracy include but are not limited to the following:

1.    It was part of the conspiracy that defendant RYAN TAYBRON, a/k/a "22" and "Ryan Savage," DESHAUN RICHARDSON, a/k/a "Day Day," ANTHONY ACKLIN, a/k/a "Von," and unindicted co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles which the defendants and co-conspirators assumed and carried out included, among others, organizer, manager, distributor, packager, supplier, middleman, and facilitator.

(In violation of Title 21, United States Code, Section 846.)

**JA419**

**COUNT TWENTY-SIX**
**(Maintaining Drug-Involved Premises)**

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2016, the exact date being unknown to the Grand Jury,

to in or about May 2017, in Hampton, Virginia, within the Eastern District of Virginia, RYAN

TAYBRON a/k/a "22" and "Ryan Savage," ANTHONY ACKLIN, a/k/a "Von," and MELISSA

TAYBRON, the defendants herein, did unlawfully and knowingly use a residence at 404

Greenbrier Drive for the purpose of using, possessing with intent to distribute and distributing

marijuana, a Schedule I controlled substance, and cocaine base, commonly called "crack," a

Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 856(a)(1).)

41

**JA420**

### COUNT TWENTY-SEVEN
**(Possession of Firearm in Furtherance of a Drug Trafficking Crime)**

THE GRAND JURY FURTHER CHARGES THAT:

At some point between in or about 2016, the exact date being unknown to the grand jury, to in or about May, 2017, in Hampton, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and ANTHONY ACKLIN, a/k/a "Von," the defendants herein, did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely: Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana and Cocaine Base, commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 846, as set forth in Count Twenty-Five of this Second Superseding Indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

42

**JA421**

## COUNT TWENTY-EIGHT
### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

At some point from June 2017, to no later than July 2017, the exact dates being unknown to the Grand Jury, in Newport News, Virginia, within the Eastern District of Virginia, RYAN TAYBRON, a/k/a "22" and "Ryan Savage," and DESHAUN RICHARDSON, a/k/a "Day Day," the defendants herein, did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely: Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana and Cocaine Base, commonly known as "crack" cocaine, in violation of Title 21, United States Code, Section 846, as set forth in Count Twenty-Four of this Second Superseding Indictment, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

43

**JA422**

### COUNT TWENTY-NINE
**(False Statement During Firearm Purchase)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 5, 2017, in Hampton, within the Eastern District of Virginia, ERIC NIXON, the defendant herein, aided and abetted by others known and unknown, in connection with the acquisition of a Glock 23 .40 caliber semi-automatic pistol from Superior Pawn and Gun, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious statement and representation to such dealer, which statement was intended and likely to deceive such dealer as to a fact material to the lawfulness of such sale of said firearm to an individual under Chapter 44 of Title 18, in that the defendant caused another individual, S.M., to execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that S.M. was the actual transferee/buyer of the firearm listed on the Form 4473, when, in truth and in fact, as the defendant and S.M. then knew, S.M. was not the actual transferee/buyer of the firearm.

(In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.)

44

**JA423**

**COUNT THIRTY**
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.  On or about March 15, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder A.J., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

JA424

## COUNT THIRTY-ONE
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 15, 2015, in Newport News, Virginia, within the Eastern District of

Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by

others known and unknown, did unlawfully and knowingly possess and discharge a firearm,

namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court

of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title

18, United States Code, Section 1959(a)(5), as set forth in Count Thirty of this Second Superseding

Indictment, which is re-alleged and incorporated herein.


(In violation of Title 18, United States Code, Section 924(c)(1)(A) and 2).

46

**JA425**

## COUNT THIRTY-TWO
### (Attempted Murder in Aid of Racketeering Activity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.      On or about March 15, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by others known and unknown, aided and abetted by one another, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder P.D., in violation of Va. Code Ann. §§ 18.2-32, 18.2-26 and 18.2-18.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

47

**JA426**

## COUNT THIRTY-THREE
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 15, 2015, in Newport News, Virginia, within the Eastern District of Virginia, MARTIN L. HUNT, a/k/a "O.G. Martin," the defendant herein, aided and abetted by others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Thirty-Two of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A) and 2).

48

**JA427**

### COUNT THIRTY-FOUR
**(Attempted Murder in Aid of Racketeering Activity)**

THE GRAND JURY FURTHER CHARGES THAT:

1.  Paragraphs 1 through 3 of Count Two of this Second Superseding Indictment are re-alleged and incorporated as if fully set out herein.

2.  On or about June 3, 2015, in Newport News, Virginia, within the Eastern District of Virginia, GEOVANNI DOUGLAS, a/k/a "Geo" and "Twin," the defendant herein, aided and abetted by others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in 36th Street Bang Squad, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit the murder of rival gang member, J.S., associated with the Walker Village Murder Gang, in violation of Virginia Code Ann. §§ 18.2-32, 18.2-26, and 18.2-18.


(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

49

**JA428**

## COUNT THIRTY-FIVE
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 3, 2015, in Newport News, Virginia, within the Eastern District of Virginia, GEOVANNI DOUGLAS, a/k/a "Geo" and "Twin," the defendant herein, aided and abetted by others known and unknown, did unlawfully and knowingly possess and discharge a firearm, namely a handgun, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is: Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Court Thirty-Four of this Second Superseding Indictment, which is re-alleged and incorporated herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

**JA429**

## FORFEITURE AS TO COUNT ONE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.    The allegations contained in Count One of this Second Superseding Indictment are hereby re-alleged and incorporated by reference herein as though fully set forth for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of any defendant's conviction under Count One of this Indictment.

2.    The defendants, MARTIN L. HUNT, a/k/a "O.G. Martin,"  DESHAUN RICHARDSON, a/k/a "Day Day," XAVIER GREENE, a/k/a, "BJ", RAYMOND PALMER, a/k/a "Ray Dog," RYAN TAYBRON, a/k/a "22" and "Ryan Savage," ERIC NIXON, a/k/a "Young Nix" and "Lil' Nix," and GEOVANNI DOUGLAS, a/k/a "Geo" and "Twin":

a.    Have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

b.    Have interests in, securities of, claims against, and properties and contractual rights affording a source of influence over any enterprise established, operated, controlled, conducted, and participated in the conduct of in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c.    Have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code,

51

**JA430**

Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.    If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

(In accordance with Title 18, United States Code, Section 1963.)

JA431

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendants, if convicted of the any of the violations alleged in this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2.      The defendants, if convicted of the any of the violations alleged in Counts 20, and 25-26 of this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation.

3.      The defendants, if convicted of the any of the violations alleged in Counts 25-26 of this Second Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

4.      If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

JA432

5.    The assets subject to forfeiture include, but are not limited to:

    a.  Real property and improvements located at 404 Greenbriar Drive, Hampton,

    Virginia.


(In accordance with Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

**JA433**

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

*United States v. Martin L. Hunt, et al.*
Criminal No. 4:17cr52

A TRUE BILL:

_____

FOREPERSON

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:   _____
      Howard J. Zlotnick
      Managing Assistant United States Attorney
      Fountain Plaza Three
      721 Lakefront Commons, Suite 300
      Newport News, VA 23606
      757/591-4000

By:   _____
      Amy E. Cross
      Special Assistant United States Attorney
      Fountain Plaza Three
      721 Lakefront Commons, Suite 300
      Newport News, VA 23606
      757/591-4000

By:   _____
      Brian J. Samuels
      Assistant United States Attorney
      Fountain Plaza Three
      721 Lakefront Commons, Suite 300
      Newport News, VA 23606
      757/591-4000

JA434

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)


UNITED STATES OF AMERICA        )
                                )
                                )
v.                              )   Criminal No. 4:17cr52-9
                                )
                                )
GEOVANNI DOUGLAS                )


RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS DUE TO VIOLATION OF SPEEDY TRIAL ACT AND
MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the defendant, Geovanni Douglas, by and through undersigned counsel, and responds with additional case law and authority in support of and in answer to the government's response to the defendant's motion to dismiss counts 1, 14, 15, 34 and 35 of the Superseding Indictment pursuant to the Sixth Amendment to the United States Constitution and the Speedy Trial Act 18 U.S.C. 3161 and 3162:

*Zedner v. United States*, 547 U.S. 489 (2006). (Because a defendant may not prospectively waive the application of the Act, petitioner's waiver "for all time" was ineffective.);

*United States v. Hall*, 551 F.3d, 357, 272 (4th Cir. 2009) (citing *Barker v. Wingo* factors);

*Vermont v. Brillon*, 556 U.S. 81, 90 (2009). (Deliberate

1

**JA435**

delay to hamper the defense weighs heavily against the prosecution, while delay cause by the defense weighs against the defendant.);

*United States v. Rodriquez-Amaya*, 521 F.3rd 437, 440 (4th Cir. 2008). (The Speedy Trial Act provides that any information or indictment charging an individual with the commission of an offense shall be filed within thirty-days from the date on which such individual was arrested or served with a summons in connection with such charges.);

*United States v. Battis*, 589 F.3d 673, 679 (3rd Cir. 2009). (When an arrest on state charges are followed by a federal indictment, the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date);

*United State v. Henry*, 538 F.3d 300 (4TH Cir. 2008) (Failure of district court to provide an "ends-of-justice" reason in granting a continuance violated defendant's speedy trial rights.); and

Federal Rule of Criminal Procedure 48(b) (3). Dismissal. The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (3) bringing a defendant to trial.

WHEREFORE, defendant Geovanni Douglas again moves the Court pursuant to the Sixth Amendment to the United States Constitution and the Speedy Trial Act 18 U.S.C. 3161 and 3162 to dismiss counts 1, 14, 15, 34 and 35 of the Superseding Indictment.

Respectfully Submitted,

GEOVANNI DOUGLAS

By: /s/  Harry Dennis Harmon, Jr.
Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Geovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

3

**JA437**

CERTIFICATE OF SERVICE

    I hereby certify that on the 20th of June 2019, I will electronically file the foregoing Motion and Memorandum with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov



                By: /s/   Harry Dennis Harmon, Jr.
                  Harry Dennis Harmon, Jr., Esquire
                  Virginia State Bar No. 32395
                  Attorney for Geovanni Douglas
                  5900 E. Virginia Beach Blvd., Suite 208
                  Norfolk, Virginia 23510-2487
                  Telephone No: (757) 623-2353
                  Facsimile No: (757) 623-2354
                  E-Mail: harryharmonjr@gmail.com

**JA438**

Case 4:17-cr-00052-MSD-RJK   Document 324   Filed 06/27/19   Page 1 of 1 PageID# 1438

Eastern District Of Virginia – U.S. District Court

## ARRAIGNMENT/DETENTION MINUTES:

| | | | |
|---|---|---|---|
| Time Set: | 02:00 p.m. | Date: | June 27, 2019 |
| Started: | 2:56 pm | Presiding Judge: | Robert J. Krask |
| Ended: | 3:03 pm | Courtroom Deputy: | L. Woodcock |
| | | Court Reporter: | FTR |
| Split Time: | | U.S. Attorney: | Amy Cross |
| Hearing Held: | ( ) Norfolk (X) Newport News | Defense Counsel: | Harry Harmon |
| Case Number: | 4:17cr52 | ( ) Retained (X) Court appointed ( ) AFPD | |
| Defendant: | Geovanni Douglas | Interpreter: | |

**INITIAL APPEARANCE:**
( ) Indictment
( ) Supervised Release
( ) Probation
( ) Pretrial Violation

**COUNSEL:**

( ) Court explained right to counsel
( ) Counsel waived
( ) Counsel desired.
( ) Affidavit executed and filed in open court
( ) Court directed appointment of counsel
( ) Defendant ordered to pay $_____
    beginning _____ and each month thereafter
    until paid in full

**ARRAIGNMENT:** 2nd SS indictment
( ) Defendant formally arraigned
(X) Defendant waived formal arraignment
( ) Defendant entered plea of guilty
(X) Defendant entered plea of not guilty
(X) Jury demanded
( ) Jury Waived
( ) Jury waiver executed and filed
( ) Preliminary motions deadline 7-8-19
( ) Response motions deadline _____
(x) TRIAL ( ) SRVH ( ) PVH set on 10-15-19 @ 10:00 (MSD) ( ) Norfolk (X) Newport News

**DETENTION:**
( ) Detention Hearing ( )Held ( ) Waived
( ) Government motion for detention:
( ) Granted( )Denied ( )Motion to Withdraw
( ) Detention Ordered (X) Remanded
( ) Bond set _____
( ) Special Conditions of Release
( ) Defendant continued on previous bond
( ) Additional Conditions of Release
( ) Defendant failed to appear
( ) Government motion for warrant -Granted

**ORDERS:**
( ) Agreed Discovery/Protective Order Entered

**PRELIMINARY HEARING:**
( ) Preliminary Hearing ( ) Held ( ) Waived
( ) Defendant stipulated to probable cause
( ) Court finds probable cause
( ) Defendant held for Grand Jury
**SPEEDY TRIAL:** Def. objects to S.T. - Noted for record
(X) By agreement of all parties, due to the
complexity of the case and/or in the
interest of justice, pursuant to 18 USC
3161(h), speedy trial is waived

**APPEARANCE AT PRELIMINARY HEARING:**
(X) Court inquired as to whether defendant wishes appear
    at preliminary hearing.
( ) Waiver of Appearance executed
( ) Arraignment: _____

( ) SRV/Probation Hearing:_____
( ) _____
( ) _____
( ) _____

**SPEEDY TRIAL:**
( ) The defendant requested time to file pretrial motions. The court granted this motion under 18 U.S.C. 3161(h)(7) and Bloate v. U.S., 2010 WL 757660 (U.S.) and finds that the ends of justice are served by granting this request which outweighs the best interest of the public and the defendant in a speedy trial and the time period from the arraignment to the motions deadline of _____ is excluded under the Speedy Trial Act.

Ct. Grants Def. until 7-8-19 to file motions related to new charges.

**JA439**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Norfolk Division

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO.: 4:17cr52-1

MARTIN L. HUNT, et al.

### DEFENDANT, MARTIN L. HUNT'S, MOTION and
### MEMORANDUM TO INCLUDE COUNTS 30 - 33

COMES NOW the Defendant, Martin L. Hunt, by counsel, and moves the Court to include Counts 30 -33 of the Second Superseding Indictment in the previously filed Motion to Exclude Bullets and Shell Casing (DCK #250).

**FACTS:**

On May 10, 2019, the Defendant. Martin L. Hunt, filed a motion to exclude bullets and shell casings with supporting memorandum. (DCK #250 - 251) On June 12, 2019, a second superseding indictment was filed which charged Mr. Hunt with two new counts of Attempted Murder in Aid of Racketeering (Counts 30 and 32) and two new counts of Possession and Discharge of a Firearm in Furtherance of a Crime of Violence (Counts 31 and 33). These four offenses arise out of a shooting incident which occurred in the city of Newport News on March 15, 2015.

Additionally, these allegations were added as overt acts to the charged racketeering conspiracy (Count 1). Counsel has received discovery which indicates that shell casings

**JA440**

were recovered from the crime scene which relates to counts 30-33. Defense counsel understands that the United States intends to offer expert testimony from a firearm and tool-mark examiner to say the shell casings from the March 15, 2015 incident where fired from the same gun that was used in other crimes that are part of the indictment including the murders of Jada Richardson and Domingo Davis. (Counts 6 and 8).

The defense requests that the previously filed motion and memorandum related to the exclusion of shell casings and bullets be applied to counts 30 - 33.

Counsel understands that the United States does not object to this request.

Respectfully submitted,

MARTIN L. HUNT

_____ / s /
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar No.: 21756
Attorney for the Defendant
   Martin L. Hunt
Ruloff, Swain, Haddad, Morecock,
   Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email Address: lwoodward@srgslaw.com

_____ / s /
Emily Meyers Munn, Esquire
Virginia State Bar No.: 46390
Attorney for the Defendant
   Martin L. Hunt
Bischoff Martingayle, PC (Norfolk)

Page 2 of 7

**JA441**

208 E. Plume Street Suite 247
Norfolk, VA 23510
757-440-3546
Fax: 757-965-4304
Email: emaily@bischoffmartingayle.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of July 2019, I served a true copy of the foregoing via the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record, including:

Amy E. Cross
Unites States Attorney Office (Newport News-NA)
721 Lakefront Commons Suite 300
Newport News, VA 23606
757-591-4026
Email: amy.cross@usdoj.gov

Brian James Samuels
United States Attorney Office
Fountain Plaza Three
721 Lakefront Commons Suite 300
Newport News, VA 23606
757-591-4032
Email: brian.samuels@usdoj.gov

Howard J. Zlotnick
United States Attorney Office
721 Lakefront Commons Suite 300
Newport News, VA 23606
757-591-4031
Email: howard.zlotnick@usdoj.gov

Jon M. Babineau
VSB#
Attorney for the Defendant
Corey R. Sweetenburg
Riddick Babineau PC
109 East Main Street Suite 413
Norfolk, VA 23510

Page 3 of 7

JA442

757-622-8631
Fax: 757-226-0621
Email: jon@babineaulaw.com

Adam Michael Carroll
VSB#
Attorney for the Defendant
Corey R. Sweetenburg
Wolcott Rivers Gates P.C.
Convergence Center IV
200 Bendix Road Suite 300
Virginia Beach, VA 23452
757-497-6633
Fax: 757-497-7267
Email: acarroll@wolriv.com

Amy Leigh Austin
VSB#
Attorney for the Defendant
Xavier Greene
The Law Office of Amy L. Austin
101 Shockoe Slip Suite O
Richmond, VA 23219
804-343-1900
Fax: 804-393-1901
Email: amyaustinlawyer@gmail.com

David Michael Good
VSB#
Attorney for the Defendant
Xavier Greene
David Michael Good PC
780 Lynnhaven Parkway Suite 400
Virginia Beach, VA 23452
757-306-1331
Fax: 888-306-2608
Email: dgood@dgoodlaw.com

Rhonda Quagliana
Bar#
Attorney for the Defendant
Deshaun Richardson

Page 4 of 7

**JA443**

St. John Bowling Lawrence & Quagliana LLP
416 Park Street
Charlottesville, VA 22902
Telephone No.: 434-296-7138
Fax No.: 434-296-1301
Email: rq@stlawva.com

Gregory William Klein
VSB#
Attorney for the Defendant
Deshaun Richardson
Klein, Rowell & Shall, PLLC
3500 Virginia Beach Blvd., Suite 110
Virginia Beach, VA 23452
Telephone No.:757-432-2500
Fax No.: 757-432-2100
Email: greg@krslaw.com

Andrew A. Protogyrou
VSB#
Attorney for the Defendant
Ryan Taybron
Protogyrou & Rigney PLC
125 St. Paul's Blvd., #150
Norfolk, VA 23510
757-625-1775
Fax: 757-625-1887
Email: protogyrou@prlaw.org

Nicholas Ryan Hobbs
VSB#
Attorney for the Defendant
Eric Nixon
Hobbs & Harrison, PLLC
21-B East Queens Way
Hampton, VA 23669
757-335-4241
Fax: 757-335-4240
Email: nhobbs@hobbsharrison.com

Harry D. Harmon, Jr.
VSB#

Page 5 of 7

**JA444**

Attorney for the Defendant
Giovanni Douglas
Attorney and Counselor at Law
5900 East Virginia Beach Blvd., #208
Norfolk, VA 23502
757-6223-2353
Fax: 757-623-2354
Email: harryharmonjr@gmail.com

Jamison Page Rasberry
VSB#
Attorney for the Defendant
Raymond Palmer
Rasberry Law, PC
1023 Laskin Road Suite 101
Virginia Bach, VA 23451
757-301-1821
Email: jrasberry@gmail.com

Richard Scott Yarrow
VSB# 37807
Attorney for the Defendant
Melissa Taybron
Richard S. Yarrow LLC
821 West 21st Street Suite 208
Norfolk, VA 23517
757-337-3963
Fax: 757-686-0180
Email: RichardYarrow@gmail.com

Mary Teresa Morgan
VSB#
Attorney for the Defendant
Sade Taybron
Golightly, Mulligan, & Morgan, PLC
1244 Perimeter Parkway Suite 441
Virginia Beach, VA 23454
757-609-2702
Fax: 757-301-9625
Email: mary@golightlylaw.com

JA445

Eric Leckie
VSB#
Attorney for the Defendant
Phyliss Taybron
Invictus Law
2408 Princess Anne Road
Virginia Beach, VA 23456
757-337-2727
Fax: 757-474-1671
Email: ericleckie@invictus-law.com

_____ / s / _____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar No.: 21756
Attorney for the Defendant
  Martin L. Hunt
Ruloff, Swain, Haddad, Morecock,
  Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone Number: (757) 671-6000
Facsimile Number: (757) 671-6004
Email Address: lwoodward@srgslaw.com

_____ / s / _____
Emily Meyers Munn, Esquire
Virginia State Bar No.: 46390
Attorney for the Defendant
  Martin L. Hunt
Bischoff Martingayle, PC (Norfolk)
208 E. Plume Street Suite 247
Norfolk, VA 23510
757-440-3546
Fax: 757-965-4304
Email: emaily@bischoffmartingayle.com

JA446

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)


UNITED STATES OF AMERICA     )
    )
    )
v.     )   Criminal No. 4:17cr52-9
    )
    )
GEOVANNI DOUGLAS     )


<u>DEFENDANT'S SECOND MOTION TO DISMISS DUE TO VIOLATION OF
SPEEDY TRIAL ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

COMES NOW the defendant, Geovanni Douglas, by and through undersigned counsel, and moves this Honorable Court pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act 18 U.S.C. 3161 and 3162, AND Rule 48(b) of the Federal Rules of Criminal Procedure, to dismiss counts 1, 14, 15, 34 and 35 of the Second Superseding Indictment.

On April 26, 2018, the defendant was charged in a Superseding Indictment, which alleged his association with the "36th Street Bang Squad," an alleged criminal enterprise, in violation of Title 18, United States Code § 1962(d). The defendant was charged, along with co-defendant Xavier Greene, in Counts Fourteen and Fifteen of the Superseding Indictment. Count Fourteen charged the defendant with Attempted Murder in Aid of

1

**JA447**

Racketeering Activity, in violation 18 U.S.C. §§ 1959(a)(5) and 2. Count Fifteen of the Superseding Indictment charged the defendant with Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

On June 12, 2019, the government filed a Second Superseding Indictment charging the defendant and others, in addition to the above charges stated in the Superseding Indictment, in Count One with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), in Count 34 with Attempted Murder in the Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) and 2, and in Count 35 with Possession and Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2. (ECF No. 296).

The trial of this matter is currently scheduled for October 15, 2019.

<u>Law and Argument</u>

The defendant makes a continuing objection to the delay of his trial. The first violation of the defendant's speedy trial right occurred on March 24, 2018. As previously stated the trial in this matter has been scheduled for October 15, 2019, approximately 19-months after the date of the defendant's arrest in connection with the above stated charges.

2

**JA448**

The Speedy Trial Act of 2006, provides that "[i]n any case in which a plea of not guilty is entered, the trial of the defendant charged in an information or indictment with the commission of an offense shall commence with seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer or the court in which the charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent." 18 U.S.C. § 3161(c)(1). The government's position is that on the day of the defendant's first arraignment for the first superseding indictment in connection with the above captioned case that the defendant's waiver of the application of the Speedy Trial Act was valid. See, *Zedner v. United States*, 126 S.Ct. (1976), 164 L.Ed.2d 749, 547 U.S. 489 (2006), where the court found the waiver null and void, further stating "the court rejects the district court's reliance on 3162(a)(2), which provides that a defendant whose trial does not begin on time is deemed to have waived the right to move for dismissal if that motion is not filed prior to trial or entry of a guilty plea. The section makes no mention of prospective waivers, and there is no reason to think that Congress wanted to treat prospective and

3

**JA449**

retrospective waivers similarly. Allowing prospective waivers would seriously undermine the Act because, in many cases, the prosecution, defense, and court would all like to opt out, to the detriment of the public interest." The court also stated that "because defendants may be content to remain on pretrial release, and indeed may welcome delay, it is unsurprising that Congress refrained from empowering defendants to make prospective waivers of the Act's application." See, S. Rep. No. 96-212, at 29 (Because of the Act's emphasis on that societal right, that are not his or hers alone to relinquish"). The defendant, nor his previous attorney, Anthony M. Gantous, was present at the status hearing to object to the prejudicial delay, and the notice of the trial date was electronically mailed later to the defendant's former attorney, leaving insufficient time for the defendant to object. The government has states on numerous occasions that this is a complex case, but it is the defendant's position that the government has not specified, which exclusions apply, as set forth in Subsection (h) of 18 U.S.C. 3161. In *Zedner*, the court stated "conspicuously 3161 (a) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing the defendants to opt out of the Act, the Act demands that the

4

**JA450**

defense continuance request fit within one of the specific exclusions set out in Subsection (h). Subsection (h)(8), which permits end-of-justice continuances, was plainly meant to cover many of these request." "Also, stating . . . if a defendant could simply waived the application of the Act whenever he or she wanted more time, no defendant would ever need to put such considerations before the court under the rubric of an ends-of-justice exclusion." The court is plainly stating that the defendant could not have waived his rights under the Act and that the government cannot use the null and void waiver made to exclude any days tolling the clock. The burden to bring a defendant to trial is solely the responsibility of the government. An ends-of-justice continuance should not be allowed because of government's lack of deliberate prosecution. It is the defendant's position that the government had more than sufficient time from 2015, which is a more than a year after the commission of the alleged offenses in the indictment, to prepare its case. The defendant had not contributed to the delay, is innocent and the government lacks evidence to prove otherwise. *See, Zedner,* "When a district court makes no finding on the record to support a § 3161(h)(8) continuance, harmless error review is not appropriate." The government's delay is obviously prejudicial. The Fourth Circuit commented that it agreed with *Doggett*, where

the Supreme Court suggested in *dicta* that a delay over one year
is presumptively prejudicial. 505 U.S. at 652 n.1, 112 S.Ct at
2690 – 91 n.1 (Dealing with a delay of eight and one half years).
"To promote compliance with its requirements, the Act contains
enforcement and sanction provisions. If a trial does not begin on
time, the defendant may move, before the start of trial or the
entry of a guilty plea, to dismiss the charges, and if a
meritorious and timely motion to dismiss is filed, the district
court must dismiss the indictment or charges, though it may
choose whether to dismiss with or without prejudice. In making
that choice the court must take into account, among other things,
"the seriousness of the offense; the facts and circumstances of
the case, which led to the dismissal; and the impact of a re-
prosecution on the administration of justice. 3162(a)(2)."
*Zedner v. United States*, 126 S.Ct. (1976), 164 L.Ed.2d 749, 547
U.S. 489 (2006).

The defendant objects to the trial date set in this matter
on the grounds that his Speedy Trial Rights have been violated.
On April 3, 2019, the defendant informed the court that his
Speedy Trial rights were violated and asserted that the court did
not have jurisdiction over the defendant. The court set deadlines
for defense motions and the government's response, respectively
for May 10, 2019 and June 7, 2019. The defendant and government

timely filed their respective motions and responses. On June 12, 2019, the government filed a second superseding indictment. The government threatened the defense of its intention to do so as early as October 2018, when it offered a plea agreement in this matter, which the defendant rejected. The defendant believes the government had more than sufficient time to file the second superseding and purposely delayed the same to circumvent the Speedy Trial Act, which caused an unnecessary delay in hearing regarding the pending motions and bringing the defendants to trial, and which constitute a miscarriage of justice and an abuse of discretion by the court. "The filing of a superseding indictment does not restart this period." *United States v. Rojas-Contreras*, 474 U.S. 23, 236 (1985). (Which addressed the 70-day time period to bring the defendant to trial, and further stated that "In light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment. Frequently, a superseding indictment is used to drop charges or parties or, as here, to make a minor correction, leaving the charges and the evidence necessary to defend against them unaffected. These kind of changes should not create a need for further preparation time, indeed, in some instances, superseding indictments of this type, the court's holding today

7

**JA453**

permit the defendant to be brought o trial without unnecessary delay. In *United States v. Morales*, (E.D. Tex,, 2019), the court stated "on the other hand, the government may not toll the speedy trial clock merely by filing superseding indictments."

Pursuant to 18 U.S.C. § 3173, no provision of this chapter shall be interpreted as a bar to any claim of denial of Speedy Trial as required by the Amendment Sixth of the United States Constitution. In *Barker v. Wingo*, the Supreme Court established a four-part balancing test that examined factors that determine whether a defendant's Sixth Amendment Right to a speedy trial has been violated. The court looked at 1. The length of the delay; 2. The reason for the delay; 3. The defendant's assertion of his right to a speedy trial; and 4. The prejudice to the defendant caused by the delay. None of these factors is either a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial. Rather they are related factors and must be considered together with such other circumstances as may be relevant." With respect to the second *Barker* factor, "the reasons for a trial delay should be characterized as either valid, improper, or neutral." *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009). Deliberate delay to hamper the defense weighs heavily against the prosecution, while "delay caused by the

defense weighs against the defendant." *Vermont v. Brillon*, 566 U.S. 81, 90 (2009).

The delay in this case is violation of the defendant's right under the Sixth Amendment to the United States Constitution, his constitutional right to a speedy trial under the Speedy Trial Act and Rule 48(b)of the Federal Rule of Criminal Procedure, and warrants a dismissal. *See, United States v. West* (E.D. Va., 2018).

WHEREFORE, the defendant Geovanni Douglas moves the Court pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act 18 U.S.C. 3161 and 3162, and Rule 48(b) of the Federal Rules of Criminal Procedure, to dismiss counts 1, 14, 15, 34 and 35 of the Second Superseding Indictment and bar any further prosecution.

Respectfully Submitted,

GEOVANNI DOUGLAS

By: /s/  Harry Dennis Harmon, Jr.
                Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Geovanni Douglas
5900 E. Virginia Beach Blvd., Suite 208
Norfolk, Virginia 23510-2487
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harryharmonjr@gmail.com

9

**JA455**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th of July 2019, I will electronically file the foregoing Motion and Memorandum with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Amy Cross
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606-3324
Telephone No: (757) 591-4000
Facsimile No: (757) 591-0866
E-Mail Address: amy.cross@usdoj.gov



By: <u>/s/   Harry Dennis Harmon, Jr.        </u>
     Harry Dennis Harmon, Jr., Esquire
     Virginia State Bar No. 32395
     Attorney for Geovanni Douglas
     5900 E. Virginia Beach Blvd., Suite 208
     Norfolk, Virginia 23510-2487
     Telephone No: (757) 623-2353
     Facsimile No: (757) 623-2354
     E-Mail: harryharmonjr@gmail.com

10

**JA456**